## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## (MIDDLE DIVISION)

| | |
|---|---|
| **CAROL GUY, as representative of the ESTATE of STEVEN MULLINS,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:21-cv-00264-SGC** |
| | ) |
| **JEFFERSON DUNN, et al.** | )          **OPPOSED** |
| | ) |
| **Defendants.** | ) |

_____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT
_____

Robert F. Northcutt
C. Richard Hill
James N. Walter, Jr.
W. Jackson Britton

**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
Phone: (334) 241-8000
Fax: (334) 323-8888
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
jackson.britton@chlaw.com


*Attorneys for Defendants Gwendolyn Givens, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Antoine Price, Neketris Estelle, Tanya Ary, Cynthia Caver and LaTonya Scott*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................... i

INTRODUCTION............................................................................................1

ARGUMENT ...................................................................................................2

   I.     PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING THAT
FAILS TO COMPLY WITH RULES 8(a)(2) AND 10(b). --------------------- 2

   II.    PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED
PURSUANT TO RULE 12(b)(6). ------------------------------------------------- 5

    A.    All Of Plaintiff's Fourteenth Amendment Claims Are Due To Be
Dismissed..................................................................................................5

    B.    Qualified Immunity Bars Plaintiff's Claims Against Defendants.......5

    C.    Defendants Cannot Be Held Vicariously Liable Or Liable As
Supervisors...............................................................................................8

    D.    Plaintiff's Failure To Protect Claim And State-Created Danger
Claim Are Due To Be Dismissed..................................................................11

    E.    Plaintiff's Medical Care Claim Is Due To Be Dismissed....................12

    F.    Plaintiff's Retaliation Claim Is Due To Be Dismissed. .......................12

    G.    Plaintiff's Conspiracy Claim Is Due To Be Dismissed. ......................13

    H.    Plaintiff's Failure To Intervene Claim Is Due To Be Dismissed. .......13

    I.    Plaintiff's Wrongful Death Claim Is Due To Be Dismissed. ..............14

CONCLUSION...............................................................................................15

CERTIFICATE OF SERVICE ........................................................................17

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendants Gwendolyn Givens ("Givens"), Anthony Brooks ("Brooks"), Gary Malone ("Malone"), Kevin White ("White"), Carla Graham ("Graham"), Angelina Gordy ("Gordy"), William Ragsdale ("Ragsdale"), Antoine Price ("Price"), Neketris Estelle ("Estelle"), Tanya Ary ("Ary"), Cynthia Caver ("Caver") and LaTonya Scott ("Scott") (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement.

## INTRODUCTION

This action arises from alleged altercations between Plaintiff's son, Steven Mullins ("Mullins") and his cellmate at St. Clair Correctional Facility ("St. Clair") in which Mullins was stabbed and killed. (Doc. 1 at ¶¶ 6-8, 75-76). Plaintiff's 50-page Complaint (Doc. 1) is a classic example of a shotgun pleading that violates Federal Rules of Civil Procedure 8(a)(2) and 10(b). As shown in Section I herein, Plaintiff's Complaint names 20 defendants and contains well over 200 paragraphs of factual allegations, and each count of the Complaint incorporates by reference every preceding paragraph. (Doc. 1 at ¶¶ 42-273, 275, 281, 289, 296, 302, 307, 311). In addition, all seven counts assert multiple claims against all 20 defendants without specifying which of the defendants are responsible for which acts or omissions

giving rise to that particular count. Plaintiff's Complaint should be dismissed or

Plaintiff should be required to replead her claims in compliance with Rules 8(a)(2)

and 10(b). Further, Plaintiff's Complaint should be dismissed pursuant to Federal

Rule of Civil Procedure 12(b)(6) for the additional reasons detailed in Section II

herein, including that Plaintiff's Complaint fails to state cognizable claims and

Defendants are entitled to qualified immunity and state agent immunity.

## ARGUMENT

### I.  PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING THAT FAILS TO COMPLY WITH RULES 8(a)(2) AND 10(b).

Plaintiff's Complaint is a shotgun pleading that fails to comply with federal

pleading standards. As the Eleventh Circuit recently stated in *Barmapov v. Amuial*,

986 F.3d 1321, 1324 (11th Cir. 2021):

> A shotgun pleading…violates either Federal Rule of Civil
> Procedure 8(a)(2) or Rule 10(b), or both. The self-evident
> purpose of these rules is to require the pleader to present
> his claims discretely and succinctly, so that his adversary
> can discern what he is claiming and frame a responsive
> pleading. These rules were also written for the benefit of
> the court, which must be able to determine which facts
> support which claims, whether the plaintiff has stated any
> claims upon which relief can be granted, and whether
> evidence introduced at trial is relevant.

The Eleventh Circuit has "identified four rough types or categories of shotgun

pleadings." *Id.* (internal citation omitted). The first category of shotgun pleading:

> is a complaint containing multiple counts where each
> count adopts the allegations of all preceding counts,

causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.

*Id.* at 1324-1325. Also, pertinent here is the fourth category:

And the final type of shotgun pleading is a complaint that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1325. This Court and the Eleventh Circuit have repeatedly and vehemently condemned shotgun pleadings. *Est. of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). Within the past month, Judge Annemarie Carney Axon granted a Motion to Strike a similar shotgun complaint filed by the same Plaintiff's counsel in *Lakeisha Ezell v. Jefferson Dunn, et al.,* Case No. 4:20-cv-02058-ACA (Feb. 25, 2021).[1] A copy of that Order is attached as Exhibit A. The Complaint in this case contains the same shotgun pleading deficiencies.

Plaintiff's Complaint is a textbook example of the first category of shotgun pleadings because it contains multiple counts that adopts the allegations of all preceding counts. The Complaint consists of over 40 pages and over 200 paragraphs of factual allegations before alleging seven conclusory claims in its final five pages. None of the seven counts setting forth those claims contain factual allegations;

---

[1] Counsel for Defendants filed a Motion for More Definite Statement in the instant case, rather than a Motion to Strike as filed in the *Ezell* case, in accordance with Judge Tjoflat's recent guidance in *Barmapov*, 986 F.3d at 1329-1330 (Tjoflat, J. concurring).

instead each count begins "Plaintiff incorporates each paragraph of this Complaint as if fully restated here." (Doc. 1 at ¶¶ 275, 281, 289, 296, 302, 307, 311). Plaintiff's Complaint provides no indication which of the hundreds of fact allegations pertain to which count. Plaintiff's Complaint should be dismissed for that reason. *See Rice v. Seterus, Inc.,* 2018 WL 4052180 (N.D. Ala. Aug. 24, 2018).

Plaintiff's Complaint is also the fourth type of impermissible shotgun pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Plaintiff's Complaint repeatedly refers to large groups of defendants as either Defendants, Defendant Facility Supervisors or Defendant Administrative Supervisors with each designation consisting of multiple defendants. There are 20 defendants in this case, and it is impossible for them all to be responsible for each of the seven claims alleged. And, even if it were possible, specific defendants are unable to discern which of the hundreds of factual allegations are asserted against him or her. Plaintiff's Complaint should be dismissed, or Plaintiff should be required to replead all of the claims in this action if she wishes to proceed. *Cincinnati Ins. Co. v. Samsung SDI Co. Ltd.,* 2018 WL 392 8995 at *3 (N.D. Ala. Aug. 16, 2018).

## II. PLAINTIFF'S COMPLAINT IS DUE TO BE DISMISSED PURSUANT TO RULE 12(b)(6).[2]

### A. All Of Plaintiff's Fourteenth Amendment Claims Are Due To Be Dismissed.

In Counts II and III of the Complaint (Doc. 1 ¶¶ 281-301), Plaintiff includes claims for violations of constitutional rights pursuant to the Fourteenth Amendment. These claims are due to be dismissed as the Fourteenth Amendment has no application to Plaintiff. Rather, only the Eighth Amendment applies to claims regarding conditions of confinement for those convicted of crimes and housed in prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

### B. Qualified Immunity Bars Plaintiff's Claims Against Defendants.

Plaintiff sues the Defendants in their individual capacities. (Doc. 1 ¶ 14). A public official seeking the protection of qualified immunity "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (cleaned up). A government employee acts within his discretionary authority when he is "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman v.*

---

[2] In addition to the arguments set forth below, Defendants adopt and incorporate herein all grounds and arguments for dismissal of the Complaint asserted by other defendants.

*Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Here, Plaintiff's Complaint alleges duties of the Defendants as DOC employees. (Doc. 1 ¶¶ 26-32, 37-39, 41).

Once discretionary authority is established, a court is "obliged to grant qualified immunity to a law enforcement officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). Thus, to survive a motion to dismiss, Plaintiff must present a plausible claim that a constitutional violation occurred and that these Defendants' conduct clearly violated established law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint fails to present a plausible claim that a constitutional violation occurred or that these Defendants' conduct clearly violated established law. Plaintiff alleges that a prior class-action lawsuit, a DOJ investigation and an Equal Justice Initiative report put these Defendants on notice that their conduct clearly violated established law. (Doc. 1 ¶¶ 148-157). However, even assuming that the Plaintiff had alleged facts which could support a violation of constitutional rights, the alleged lawsuit, investigation, and report are not binding precedent that

would have put these Defendants on notice that their conduct clearly violated established law.[3]

Here, Plaintiff has alleged no clearly established law or existing precedent that would have provided these Defendants with "fair warning" that his or her conduct as correctional officers at Donaldson or St. Clair deprived Mullins of a constitutional right. "While multiple cases in this Circuit have put prison officials on notice that they have a duty to protect inmates from violence at the hands of other inmates, each of those cases has required that the prison officials in question have more than a generalized idea that the plaintiff could be subjected to violence." *Marbury v. Estes*, 2017 WL 2060346, at *8 (N.D. Ala. May 1, 2017). The Eleventh Circuit held at the approximate time of the inmate-on-inmate attack at issue here that "the evidence [the plaintiff] has presented regarding a general risk of inmate-on-inmate violence [at St. Clair] does not rise to the level necessary to show deliberate indifference to a substantial risk of serious harm required by our caselaw." *Marbury v. Warden*, 936 F.3d 1227, 1235 (11th Cir. 2019).

The plaintiff in *Marbury* was attacked by a fellow prisoner at St. Clair after making multiple requests to be transferred to a different dormitory or put in

---

[3] "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). The Court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

protective lock-up. He sent letters to the warden and made several in-person transfer requests to a prison officer before being stabbed and assaulted by another inmate. Based on those facts—which provide far more notice of a risk of harm to the inmate than Mullins' alleged statements concerning threats and abuse from his cellmate (Doc. 1 ¶¶ 64, 65, 67-72)—the Eleventh Circuit affirmed the district court's order granting the St. Clair's warden's and officer's motions for summary judgment based on qualified immunity. *Id.* at 1232-38.[4]

Accordingly, Plaintiff cannot present a plausible claim that a constitutional violation occurred and that these Defendants' conduct clearly violated established law when both this Court and the Eleventh Circuit held otherwise with respect to an inmate-on-inmate assault at St. Clair based upon facts that were similar to those alleged in Plaintiff's Complaint here.

## C. Defendants Cannot Be Held Vicariously Liable Or Liable As Supervisors.

Defendants Givens, Brooks, Malone, White, Graham, Gordy, Ragsdale, Estelle, Price and Scott are alleged to be liable based on the activities of subordinate employees. These Defendants cannot be held vicariously liable for the alleged wrongdoing of a subordinate employee because Plaintiff brings his claims pursuant

---

[4] In the year prior to the incidents at issue in the present case, Magistrate Judge England's Report and Recommendation in the *Marbury* case recommended that the motion for summary judgment be granted, and Judge Kallon entered a Memorandum Opinion adopting and accepting that recommendation. *See Marbury v. Estes*, 2017 WL 2021071 (N.D. Ala. May 12, 2017).

to 42 U.S.C. § 1983. Supervising officials cannot be held liable for the unconstitutional acts of subordinates under a theory of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Instead, the Eleventh Circuit previously stated that a plaintiff may only pursue supervisor liability when he personally participates in the alleged violation or there is a causal connection between the defendant's alleged action and the alleged deprivation. *Id*. Here, Plaintiff's Complaint falls well below the pleading standard imposed by Rule 12 and *Hartley*. For example, Plaintiff merely alleges that these supervisory Defendants are somehow responsible for Plaintiff's alleged constitutional violations but does not allege any specific conduct these Defendants participated in that resulted in the alleged constitutional violation.

Plaintiff's Complaint also fails to allege sufficient facts to support the claim for Eighth Amendment supervisor liability. In order to succeed on his claims against these Defendants, Plaintiff must prove the Defendants acted "with deliberate indifference, [and] exposed [the Plaintiff] to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843. The standard for deliberate indifference is akin to criminal negligence such that a plaintiff must prove all of the following: (1) the defendant knew of and disregarded "an excessive risk to inmate health or safety;" (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed;]" and (3) the

defendant "must also draw that inference." *Id*. at 837. Further, the condition must be "extreme" such that there is a "strong likelihood of injury, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference." *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 767 (11th Cir. 2016). Therefore, Plaintiff must show significantly more than mere civil recklessness or negligence.

In addition to establishing an Eighth Amendment duty to act, the Plaintiff must prove a "necessary causal link" between the defendant's conduct and harm to the inmate. *See Rodriguez*, 508 F.3d at 622. To resolve whether the necessary causal link is established, the court must individually analyze the prison official's "duties, discretion, and means." *Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982). The alleged duty must be within the defendant's "power, authority, or means." *Id.*

Finally, the *Farmer* Court identified the following three methods for a prison official to avoid Eighth Amendment liability: (1) the prison official "did not know of the underlying facts indicating a sufficiently substantial danger and that they were unaware of that danger[;]" (2) the prison official "knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent[;]" or (3) if the prison official "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844-45. The standard for deliberate indifference equates to criminal recklessness. *Id.* at 839-40. Nothing in Plaintiff's Complaint can be read to rise to the level of recklessness, obduracy or

wantonness on the part of these Defendants. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).

**D.    Plaintiff's Failure To Protect Claim And State-Created Danger Claim Are Due To Be Dismissed.**

Plaintiff's allegations regarding the failure to protect claim in Count I (Doc. 1 ¶¶ 275-280) and state-created danger claim in Count II (Id. ¶¶ 281-288) are lumped together. Plaintiff generally alleges that certain Defendants disregarded Mullins' reports that his cellmate was threatening and abusing him, and that defendants knew or and consciously disregarded the risk that Mullins would be seriously harmed.

As previously discussed, in *Marbury*, an inmate at St. Clair complained of an assault by another inmate. 936 F.3d at 1231. Before the assault, the *Marbury* plaintiff told the corrections staff that he had witnessed fifteen stabbings over a six-year period and that there was a specific threat made against him. In addition, he had lodged numerous requests for transfer and protective custody. *Id.* at 1233. The Eleventh Circuit found that these allegations were insufficient to establish deliberate indifference. The Court determined that the evidence did not indicate that the inmates at St. Clair were "'exposed to something even approaching the constant threat of violence.'" *Id.* at 1235 (quoting *Harrison v. Culliver*, 746 F.3d 1288, 1299-1300 (11th Cir. 2014)). The *Marbury* plaintiff's evidence of communications of threats against him by other inmates was much more compelling and detailed than Plaintiff's allegations here that he advised some Defendants that his cellmate was

threatening and abusing him. Therefore, the allegations of Plaintiff's Complaint are insufficient to state a failure to protect claim or state-created danger claim against any Defendants.

### E.    Plaintiff's Medical Care Claim Is Due To Be Dismissed.

Plaintiff's allegations in Count III of the Complaint (Doc. 1 ¶¶ 289-295) on the issue of denial of medical care are quite simply non-existent.  All defendants are lumped together with no allegations of specific actions levied against any of them. In fact, no allegations as to any specific Defendant's deliberate indifference to Andrews's medical needs, or any Defendants' authority to act with respect to such medical needs, can be found in the Complaint. Where there is no alleged authority to act, a plaintiff cannot maintain a deliberate indifference claim. *See Welch v. City of Hartselle*, 423 F. Supp. 3d 1277, 1283-84 (N.D. Ala. 2019).

### F.    Plaintiff's Retaliation Claim Is Due To Be Dismissed.

Plaintiff alleges in Count IV that Defendants subjected Mullins to exposure to his enemies to retaliate against him for reporting a sexual assault in violation of his First, Eighth and Fourteenth Amendment rights.  Plaintiff alleges emotional pain and suffering as damages for this claim.  (Doc. 1 ¶ 301). Yet, these damages alone do

not support this claim.[5] *Al-Amin v. Smith,* 637 F.3d 1192, 1195 (11th Cir. 2011).

Therefore, Plaintiff's retaliation claim in Count IV must be dismissed

### G.    Plaintiff's Conspiracy Claim Is Due To Be Dismissed.

Plaintiff's civil conspiracy claim alleged in Count V must be dismissed.  To maintain such a claim, Plaintiff must show an underlying constitutional violation and the Defendants reached an agreement to violate his rights.  *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).  As shown above, Plaintiff has not pled a cognizable denial of constitutional rights by these Defendants; nor has Plaintiff alleged that any agreement existed to violate those rights.[6]

### H.    Plaintiff's Failure To Intervene Claim Is Due To Be Dismissed.

Plaintiff alleges in Count VI that Defendants failed to intervene to prevent the violation of Mullins' constitutional rights. (Doc. 1 ¶¶ 307-310). To be liable under a failure to intervene theory, a defendant official must have observed the violation and be in a position to intervene at the time of the violation; therefore, the violation must take place in the official's presence. *See Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998). No such allegations exist in Plaintiff's Complaint other than with respect

---

[5] The Prison Litigation Reform Act, 42 U.S.C. § 1997(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[6] Even if Plaintiff had properly alleged a claim for civil conspiracy, the claim would nonetheless be barred by the intracorporate conspiracy doctrine. *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010).

to Defendant Caver; therefore, Plaintiff's failure to intervene claim in Count VI must otherwise be dismissed.

## I.    Plaintiff's Wrongful Death Claim Is Due To Be Dismissed.

In Count VII of the Complaint, Plaintiff asserts state law claims for wrongful death under § 6-5-410 of the Alabama Code. (Doc. 1 ¶¶ 311-316). These claims are due to be dismissed because Plaintiff fails to plead specific facts to abrogate the Defendants' state-agent immunity.

Under Alabama's state-agent immunity doctrine, an employee of a state agency is immune from personal civil liability when the claim against him arises from a function entitling him to immunity. *Ex parte Cranman,* 792 So.2d 392, 405 (Ala. 2000).[7] The allegations of the Complaint demonstrate that the Defendants were performing a function entitling them to state-agent immunity. Plaintiff's Complaint alleges the Defendants were either supervising personnel, formulating plans or policies, or exercising judgment in the management or administration of the confinements of prisoners. (Doc. 1 ¶¶ 42-86); *Ex parte Ala. Dept. of Corrs.*, 201 So. 3d 1170, 1180-81 (Ala. 2016). Accordingly, the burden shifts to Plaintiff to allege facts showing that the Defendants acted "willfully, maliciously, fraudulently, in bad

---

[7]  Defendants are likewise entitled to immunity from Plaintiff's state law wrongful death claim pursuant to Alabama Code § 6-5-338.

faith or beyond his or her authority." *Ex parte Est. of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006).

Plaintiff's mere recitation of the applicable elements and standard fails to demonstrate the Defendants' conduct is outside the scope of state-agent immunity. *Ex parte Gilland*, 274 So. 3d 976, 985 n.3 (Ala. 2018); *see also Shook v. Dun*, 2020 WL 1492841, at *7 (M.D. Ala. Mar. 25, 2020). Moreover, Plaintiff's failure to plead specific facts fails to demonstrate the Defendants' conduct is outside the scope of immunity. *Ex parte Wilcox Cnty. Bd. of Educ.*, 279 So. 3d 1135, 1146 (Ala. 2018). Plaintiff merely alleges the Defendants breached a duty which is not sufficient to abrogate state-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003). Plaintiff's bare recitation of the exception for State agent immunity does not satisfy the requisite pleading requirements. *See Ex parte Wilcox Cnty. Bd. of Educ.*, 285 So. 3d 765, 779 (Ala. 2019).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Plaintiff should be required to replead her claims in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b).

Respectfully submitted this the 12th day of April, 2021.

/s/ James N. Walter, Jr.
ROBERT F. NORTHCUTT (ASB-9358-T79R)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)
W. JACKSON BRITTON (ASB-8252-K46Y)

*Attorneys for Defendants Gwendolyn*
*Givens, Anthony Brooks, Gary Malone,*
*Kevin White, Carla Graham, Angelia Gordy,*
*William Ragsdale, Antoine Price, Neketris*
*Estelle, Tanya Ary, Cynthia Caver and*
*LaTonya Scott*

**CAPELL & HOWARD, P.C.**
150 S. Perry Street (36104)
PO Box 2069
Montgomery, AL  36102-2069
Phone (334) 241-8000
Email: bob.northcutt@chlaw.com
        rick.hill@chlaw.com
        jimmy.walter@chlaw.com
        jackson.britton@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Ruth M. Brown
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
DAGNEY JOHNSON LAW GROUP
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
anil@dagneylaw.com

William R. Lunsford
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

/s/ James N. Walter, Jr.
Of Counsel