FILED
2021 Apr-20 AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CAROL GUY, as representative of the estate of STEVEN MULLINS,** ]<br>]<br>Plaintiff, ]<br>]<br>v. ]<br>]<br>**JEFFERSON DUNN, et al.,** ]<br>]<br>Defendants. ] | Case No.: 4:21-cv-00264-ACA |

## **ORDER**

This case arises out of the death of Steven Mullins while he was an inmate in the care of the Alabama Department of Corrections. (Doc. 1). Plaintiff Carol Guy, as a representative of Mr. Mullin's estate, brought this action against several named defendants. Ms. Guy alleges violations of Mr. Mullin's constitutional rights and alleges that the defendants in this case are responsible for Mr. Mullin's death under Alabama state law. (*Id.*).

This case is before the court on Defendants Gwedolyn Given, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Angelina Gordy, William Ragsdale, Antoine Price, Neketris Estelle, Tanya Ary, Cynthia Caver, and Latonya Scott's motion to dismiss or for a more definite statement. (Doc. 31). For the reasons below, the court **GRANTS** Defendants' motion for a more definite

statement (doc. 31) and **ORDERS** Plaintiff to replead the complaint in conformity with the Federal Rules of Civil Procedure and the pleading standards of the Eleventh Circuit. Further, the court **DENIES** Ms. Guy's unopposed motion for an extension of time as moot. (Doc. 35).

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types of categories." *Weiland*, 792 F.3d at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third is one that does "not separate[e] into a different count each cause of action or claim for relief."

*Id.* And the fourth is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). "Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of [Rule 8(a)(2) and 10(b)].'" *Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021). Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary . . . discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997).

The complaint here is a shotgun pleading of the first and fourth type. Each count incorporates by reference every preceding paragraph. (Doc. 1 at ¶¶ 275, 281, 289, 296, 302, 307, 311). This makes it "exceedingly difficult, if not impossible, to know which allegations to pertain to [which] count." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014).

Further, several counts assert multiple claims against all defendants "without specifying which of the defendants are responsible for which acts or omissions" giving rise to that particular claim. (Doc. 1 at 45–50). This makes it impossible for

the defendants to determine which of the factual allegations are applicable to him or her and whether his or her individual conduct forms the basis of the claim.

Accordingly, the court **GRANTS** Defendants' motion for a more definite statement (doc. 31) and **DENIES** Ms. Guy's unopposed motion for an extension of time as moot (doc. 35). **On or before April 30, 2021,** Ms. Guy **SHALL** replead her complaint in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320.

The amended complaint should contain a <u>separate count</u> for <u>each claim</u> against <u>one defendant</u>, and the factual basis for that claim only. For instance, each count must allege facts showing how one specific defendant's acts or omissions give rise to the claim, and where applicable to certain § 1983 claims, facts showing how that specific defendant had requisite knowledge of underlying information sufficient to state a claim.

Defendants **SHALL** respond to Ms. Guy's amended complaint within the time prescribed by Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this April 19, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE