IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CAROL GUY, as representative of the ESTATE OF STEVEN MULLINS, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON DUNN, *et al.*, <br><br> Defendants. | Case No. 4:21-CV-00264-ACA |

## ADOC OFFICIALS' MOTION TO STRIKE OR, ALTERNATIVELY, MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Jefferson Dunn ("Commissioner Dunn"), Grantt Culliver ("Culliver"), Charles Daniels[1] ("Daniels"), Jeffery Williams ("Williams"), Edward Ellington ("Ellington"), Christy Vincent, ("Vincent"), and Karla Jones ("Jones," and, collectively with Commissioner Dunn, Culliver, Daniels, Williams, Ellington, and Vincent the "ADOC Officials") hereby submit this Motion to Strike or, Alternatively, Motion to Dismiss the First Amended Complaint (Doc. 40). As grounds for and in support of this Motion, the ADOC Officials state as follows:

---

[1] Daniels agreed to waive service pursuant to Rule 4 of the Federal Rules of Civil Procedure. Undersigned counsel understands that counsel for Plaintiff will be filing Daniels's waiver of service form in the near future. The filing on the Court's docket indicating that Daniels was served via certified mail is incorrect. (Doc. 37). The individual purporting to sign for delivery of service via certified mail lacked authorization to sign on Daniels's behalf.

1.      Plaintiff's Amended Complaint seeks to hold seven (7) current and former ADOC Officials personally and individually liable for injuries and the subsequent death of Plaintiff's decedent, Steven Mullins ("Mullins") allegedly resulting from the criminal acts of other inmates at St. Clair Correctional Facility ("St. Clair").  Additionally, Plaintiff attempts to assert claims for denial of medical care following the alleged attack.  Plaintiff does not allege that any of the ADOC Officials were present during the alleged attack at St. Clair.  Plaintiff seeks to hold these public servants personally liable based solely on their positions as supervisors within the Alabama Department of Corrections ("ADOC").  As discussed below and in greater detail in the contemporaneous memorandum, Plaintiff fails to state a claim against any ADOC Official.

2.      **Plaintiff's Amended Complaint remains an impermissible shotgun pleading.**  This Court granted Defendants Gwedolyn Given, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Angelina Gordy, William Ragsdale, Antoine Price, Neketris Estelle, Tanya Ary, Cynthis Carver, and Latonya Scott's motion to dismiss or for a more definite statement (Doc. 31), finding Plaintiff's Complaint to be "a shotgun pleading" and ordering Plaintiff to replead her Complaint.  (Doc 36 at 3, citing Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015)).  Plaintiff made minimal effort to comply with the Court's Order, adding redundant claims against some ADOC Officials, but all of the claims against the

ADOC Officials continue to include claims against multiple parties. Plaintiff impermissibly lumps seventeen (17) of the twenty (20) ADOC employees named in this action, including the ADOC Officials, into one group. In so doing, Plaintiff attempts to gloss over, ignore, and obfuscate the great distance between the ADOC Officials and the underlying events serving as the purported basis for the claims asserted. Nevertheless, Plaintiff asserts five (5) claims and most of the factual allegations against the group, rather than including specific allegations against specific ADOC Officials. Plaintiff failed to follow the Court's order to provide "a <u>separate count</u> for <u>each claim</u> against <u>one defendant</u>, and the factual basis for that claim only." (Doc. 36 at 4). Plaintiff's Amended Complaint fails to give the ADOC Officials "adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland</u>, 792 F.3d at 1323. Plaintiff's general and conclusory allegations fail to put the ADOC Officials on notice of the claims against them.

3. **Plaintiff's Amended Complaint represents an impermissible attempt to avoid Eleventh Amendment and state-law immunity.** Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities. <u>Ex parte Moulton</u>, 116 So. 3d 1119, 1140 (Ala. 2013). Plaintiff attempts to avoid Eleventh Amendment

and state sovereign immunity by couching her claims against the ADOC Officials as individual-capacity claims.  However, Alabama law provides a mechanism for Plaintiff to seek redress of her damages claims barred by sovereign immunity.  The Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant.'"  Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)).  Therefore, to the extent Plaintiff seeks damages for injuries Mullins sustained while in ADOC's custody, the Alabama Board of Adjustments exists to adjudicate those claims.

    4.    **Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against any ADOC Official based on the alleged attack at St. Clair.**  Plaintiff fails to allege that any ADOC Official directly participated in the unconstitutional conduct or that a causal connection exists between their conduct and the violation.  Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).  Further, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogation in part on other grounds recognized by Stallworth v. Wilkins, 802 F. App'x 435 (11th Cir. 2020).  Plaintiff fails to allege facts that satisfy this standard.

    5.    Furthermore, the Amended Complaint fails to allege that the ADOC Officials knew of any specific risk of harm to Plaintiff, and instead seeks to rely on

allegations of generalized violence. A plaintiff must show "'more than a generalized awareness of risk' to make out a deliberate-indifference claim." Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019). "To establish deliberate indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'" Id. (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1320 (11th Cir. 2005)). Plaintiff fails to plausible plead allegations sufficient to meet this high standard.

6. **Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against any ADOC Official based on denial of medical care.** Plaintiff fails to make allegations sufficient to meet both the subjective prong of the deliberate indifference standard. See Hoffer v. Secretary, Florida Dept. Corr., 973 F.3d 1263, 1270 (11th Cir. 2020). Specifically, to meet the subjective prong requires Plaintiff to "demonstrate that the [ADOC Officials] '(1) had subjective knowledge of a risk of a serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence.'" Id. (quoting Harper v. Lawrence Cty., 592 F.3d 127, 1234 (11th Cir. 2010)). Plaintiff fails to allege any facts that the ADOC Officials held any knowledge of Mullins' serious medical need.

7. **Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against any Jones for failure to intervene.** Plaintiff fails to make allegations sufficient to state a claim against Jones for failure to intervene. In order to establish a claim against

Jones for failure to intervene, the Plaintiff must plausible allege that at the time of the alleged violation, Jones "was in a position to intervene but failed to do so." Ledlow v. Givens, 500 Fed. App'x 910, 914 (11th Cir. 2012) (citing Hadley v. Gutierrez, 562 F.3d 1324, 1330-31 (11th Cir. 2008). Plaintiff fails to meet this burden.

8. **Qualified immunity protects the ADOC Officials form individual liability.** Even if Plaintiff could allege an underlying constitutional violation against the ADOC Officials, qualified immunity would protect them from liability in this action. "Qualified immunity offers 'complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known.'" Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)). Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on the ADOC Officials.

9. **State-agent immunity bars Plaintiff's state-law claim.** Plaintiff's state-law wrongful death claim fails because state-agent immunity protects the ADOC Officials. Under Alabama law, state-agent immunity protects an employee of a state government agency *against all civil liability* in the official's personal capacity arising from state law claims. Ex parte Butts, 775 So. 2d 173, 177 (Ala.

2000). Specifically, a state official receives immunity from all personal civil liability when the claim against the official arises from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to … making administrative adjudications…, allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel…." Id. at 177-78. State-agent immunity bars Plaintiff's state-law claim against the ADOC Officials.

10. **Plaintiff fails to state a state-law claim.** Even if state-agent immunity did not protect the ADOC Officials, the Amended Compliant fails to plausible allege a claim for wrongful death under Alabama law.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that the Court strike Plaintiff's Amended Complaint, or, in the alternative, dismiss all claims asserted against them by Plaintiff.

Dated: May 14, 2021.

                                          */s/ William R. Lunsford*
                                          William R. Lunsford
                                          *Attorney for ADOC Officials*

William R. Lunsford
Stephen Rogers
Kenneth S. Steely
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119

blunsford@maynardcooper.com
srogers@maynardcooper.com
ksteely@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 14th day of May, 2021:

Ruth M. Brown
Megan Peirce
**LOEVY & LOEVY**
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
E: ruth@loevy.com
E: megan@loevy.com


Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue
Suite 250
Birmingham, AL 35205
E: anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert F. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
W. Jackson Britton
**CAPELL & HOWARD, P.C.**
150 S. Perry Street
P.O. Box 2069
Montgomery, AL 36102
T: (334) 241-8000
E: rick.hill@chlaw.com
E: jimmy.walter@chlaw.com
E: jackson.britton@chlaw.com

*Attorneys for Carla Graham, Gary Malone, Kevin White, Anthony Brooks, Angelia Gordy, William Ragsdale, Antoine Price, Neketris Estelle, Tanya Ary, Cynthia Caver, LaTonya Scott, and Gwendolyn Givens*



*/s/ William R. Lunsford*
Of Counsel