FILED
2023 Oct-13 PM 05:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| **CAROL GUY, as representative of the Estate of Steven Mullins, deceased,** )  )  )  )<br>**Plaintiff,** )  )<br>**v.** )  )<br>**JEFFERSON DUNN, *et al.*,** )  )<br>**Defendants.** ) | **Case No. 4:21-CV-00264-ACA** |

## THE ADOC OFFICIALS' ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendants Jefferson Dunn ("Dunn"), Grantt Culliver ("Culliver"), Charles Daniels ("Daniels"), Jeffery Williams ("Williams"), Edward Ellington ("Ellington"), Christy Vincent ("Vincent"), and Karla Jones ("Jones," and, collectively with Dunn, Culliver, Daniels, Williams, Ellington, Vincent, and Jones, the "ADOC Officials") hereby submit this Answer and Affirmative Defenses to the First Amended Complaint (Doc. No. 40, the "Amended Complaint") filed by Plaintiff Carol Guy ("Plaintiff"), as representative of the Estate of Steven Mullins, deceased ("Mullins"). The ADOC Officials answer the Amended Complaint as follows:[1]

---

[1] In submitting this Answer, the ADOC Officials endeavored in good faith to comply with Rule 8(b) of the Federal Rules of Civil Procedure. The Amended Complaint contains 67 pages and 368 individually numbered paragraphs containing compound allegations, recitations of unsubstantiated

## INTRODUCTION[2]

1.      In response to Paragraph 1 of the Amended Complaint, the ADOC Officials admit that Mullins was incarcerated at St. Clair Correctional Facility ("St. Clair") at the time of his death.  The ADOC Officials deny all remaining allegations in Paragraph 1 of the Amended Complaint.

2.      The ADOC Officials deny all allegations in Paragraph 2 of the Amended Complaint.

3.      The ADOC Officials deny all allegations in Paragraph 3 of the Amended Complaint.

4.      The ADOC Officials deny all allegations in Paragraph 4 of the Amended Complaint.

5.      The ADOC Officials deny all allegations against them in Paragraph 5 of the Amended Complaint.  The ADOC Officials lack sufficient knowledge and

---

allegations levied in other lawsuits and investigations, and references to extraneous media reports. Plaintiff further alleges in the Amended Complaint an alleged assault that occurred over four (4) years ago but does not allege that any of the ADOC Officials participated in or witnessed the alleged assault.  Furthermore, Plaintiff levies many of the allegations against "Defendants," a group that includes the seven (7) ADOC Officials and thirteen (13) other individual current or former employees of ADOC, without specifying which "Defendants" each allegation refers to. Thus, the ADOC Officials based the responses set forth below upon readily and reasonably available and verifiable information accessible to them at this time.  The ADOC Officials reserve the right to amend and/or supplement this Answer.

[2] The ADOC Officials' Answer uses the section headings from the Amended Complaint as a matter of convenience, and the use of those headings shall not be construed as an admission by the ADOC Officials or a waiver of any objection or denial that the ADOC Officials may have to Plaintiff's allegations.

information to form a belief as to the remaining allegations in Paragraph 5 of the Amended Complaint and, therefore, deny them.

6.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and, therefore, deny them.

7.    The ADOC Officials deny all allegations against them in Paragraph 7 of the Amended Complaint.  The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Amended Complaint and, therefore, deny them.

8.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and, therefore, deny them.

## JURISDICTION AND VENUE

9.    In response to Paragraph 9 of the Amended Complaint, the ADOC Officials admit that Plaintiff purports to assert federal statutory and constitutional claims but deny that they violated Mullins's statutory or constitutional rights in any way whatsoever.

10.    In response to Paragraph 10 of the Amended Complaint, the ADOC Officials admit that the Court possesses subject-matter jurisdiction over Plaintiff's federal claims.  The ADOC Officials deny that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims because qualified

immunity and the ADOC Officials' other defenses render Plaintiff's federal claims subject to dismissal before trial.

11.     In response to Paragraph 11 of the Amended Complaint, the ADOC Officials admit that St. Clair is located in St. Clair County, which lies within this judicial district, and that, upon information and belief, the majority of Defendants reside in this judicial district.  The ADOC Officials admit that venue is proper in this judicial district.

## PARTIES

### Plaintiff

12.     In response to Paragraph 12 of the Amended Complaint, the ADOC Officials admit, upon information and belief, that Plaintiff is the mother of Mullins and the court-appointed representative of his estate.

13.     In response to Paragraph 13 of the Amended Complaint, the ADOC Officials admit that Mullins was incarcerated at St. Clair and was 45 years old at the time of his death.  The ADOC Officials further admit, upon information and belief, that Mullins was stabbed by another St. Clair inmate.  The ADOC Officials deny all remaining allegations in Paragraph 13 of the Amended Complaint.

### Defendants

14.     In response to Paragraph 14 of the Amended Complaint, the ADOC Officials admit that Plaintiff purports to sue the ADOC Officials in their individual

capacities but deny that Plaintiff is entitled to any relief whatsoever against any ADOC Official.

15.    In response to Paragraph 15 of the Amended Complaint, the ADOC Officials admit that they acted at all times under color of law and within the scope of their employment.    The ADOC Officials deny that they engaged in any "misconduct."

16.    In response to Paragraph 16 of the Amended Complaint, the ADOC Officials admit that they are each above the age of majority, and admit, upon information and belief, that the other "Defendants listed below" are above the age of majority.

*Defendant Administrative Supervisors*

17.    In response to Paragraph 17 of the Amended Complaint, the ADOC Officials admit that Dunn served as ADOC's Commissioner from April 1, 2015, until December 31, 2021.    The ADOC Officials further admit that Dunn was ADOC's highest-ranking official during his time as Commissioner and, as such, exercised general management over ADOC.    The ADOC Officials deny all remaining allegations in Paragraph 17 of the Amended Complaint.

18.    In response to Paragraph 18 of the Amended Complaint, the ADOC Officials admit that Culliver served as ADOC's Associate Commissioner for Operations, among other positions, until his retirement on November 30, 2018.    The ADOC Officials further admit that, in that role, Culliver possessed general oversight

for certain aspects of the operation of ADOC facilities.  The ADOC Officials deny all remaining allegations in Paragraph 18 of the Amended Complaint.

19.     In response to Paragraph 19 of the Amended Complaint, the ADOC Officials admit that Daniels previously served as ADOC's Associate Commissioner for Operations, and, in that role, he possessed general oversight for certain aspects of the operation of ADOC facilities.  The ADOC Officials deny all remaining allegations in Paragraph 19 of the Amended Complaint.

20.     In response to Paragraph 20 of the Amended Complaint, the ADOC Officials admit that Williams serves as ADOC's Deputy Commissioner of Governmental Relations.  The ADOC Officials deny all remaining allegations in Paragraph 20 of the Amended Complaint.

21.     In response to Paragraph 21 of the Amended Complaint, the ADOC Officials admit that (1) Ellington served as ADOC's Institutional Coordinator for the Northern Region, a role he assumed in June 2017; (2) St. Clair is located within the Northern Region; and (3) as Institutional Coordinator for the Northern Region, Ellington possessed general oversight for certain aspects of the operation of ADOC facilities.  The ADOC Officials deny all remaining allegations in Paragraph 21 of the Amended Complaint.

22.     In response to Paragraph 22 of the Amended Complaint, the ADOC Officials admit that Vincent served as ADOC's PREA Director.  The ADOC Officials further admit that Vincent's responsibilities included oversight and

compliance with PREA.  The ADOC Officials deny the remaining allegations in Paragraph 22 of the Amended Complaint.

*Defendant Facility Supervisors*

23.    In response to Paragraph 23 of the Amended Complaint, the ADOC Officials admit that Jones served as Warden at St. Clair.  The ADOC Officials further admit that Jones's responsibilities included general oversight of certain day-to-day operations of St. Clair and general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 23 of the Amended Complaint.

24.    In response to Paragraph 24 of the Amended Complaint, the ADOC Officials admit that Givens served as Assistant Warden at St. Clair.  The ADOC Officials further admit that Givens' responsibilities included general oversight of certain day-to-day operations of St. Clair and general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 24 of the Amended Complaint.

25.    In response to Paragraph 25 of the Amended Complaint, the ADOC Officials admit that Brooks served as Assistant Warden at St. Clair.  The ADOC Officials further admit that Brooks' responsibilities included general oversight of certain day-to-day operations of St. Clair and general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 25 of the Amended Complaint.

26.     In response to Paragraph 26 of the Amended Complaint, the ADOC Officials admit that Malone served as a Captain at St. Clair.  The ADOC Officials further admit that Malone's responsibilities included general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     In response to Paragraph 27 of the Amended Complaint, the ADOC Officials admit that White served as a Captain at St. Clair.  The ADOC Officials further admit that White's responsibilities include general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     In response to Paragraph 28 of the Amended Complaint, the ADOC Officials admit that Graham served as a Captain at St. Clair.  The ADOC Officials further admit that Graham's responsibilities included general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29.     In response to Paragraph 29 of the Amended Complaint, the ADOC Officials admit that Estelle served in a classification role at St. Clair.  The ADOC Officials further admit that Estelle's responsibilities generally included various duties relating to the classification of inmates.  The ADOC Officials deny the remaining allegations in Paragraph 29 of the Amended Complaint.

30.    In response to Paragraph 30 of the Amended Complaint, the ADOC Officials admit that Gordy served as Institutional PREA Compliance Manager at St. Clair.  The ADOC Officials further admit that Gordy's responsibilities generally included various duties relating to compliance with PREA.  The ADOC Officials deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31.    In response to Paragraph 31 of the Amended Complaint, the ADOC Officials admit that Ragsdale served as a Lieutenant and, upon information and belief, as backup Institutional PREA Compliance Manager at St. Clair.  The ADOC Officials further admit that Ragsdale's responsibilities included various duties relating to compliance with PREA, as well as general supervision of inmates and subordinate staff.  The ADOC Officials deny the remaining allegations in Paragraph 31 of the Amended Complaint.

32.    In response to Paragraph 32 of the Amended Complaint, the ADOC Officials admit that Price served as a lieutenant at St. Clair.  The ADOC Officials further admit that Price's responsibilities included general supervision of inmates and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 32 of the Amended Complaint.

33.    In response to Paragraph 33 of the Amended Complaint, the ADOC Officials admit that Scott served as a lieutenant at St. Clair.  The ADOC Officials further admit that Scott's responsibilities included general supervision of inmates

and subordinate employees.  The ADOC Officials deny the remaining allegations in Paragraph 33 of the Amended Complaint.

34.     In response to Paragraph 34 of the Amended Complaint, the ADOC Officials admit that, at certain times, Dunn, Ellington, and Vincent possessed certain general supervisory responsibilities over certain ADOC employees, including certain employees at St. Clair.  The ADOC Officials further admit that, at certain times, Jones possessed certain general supervisory responsibilities over certain employees at St. Clair.  The ADOC Officials deny that Culliver, Daniels, or Williams possessed supervisory responsibilities over St. Clair employees at any time relevant to Plaintiff's allegations.  The ADOC Officials admit, upon information and belief, that the other "Defendants" listed in Paragraphs 24-33 of the Amended Complaint may have possessed certain supervisory responsibilities over certain St. Clair employees at certain times relevant to Plaintiff's allegations.  The ADOC Officials deny the remaining allegations in Paragraph 34 of the Amended Complaint.

*Additional Defendants*

35.     In response to Paragraph 35 of the Amended Complaint, the ADOC Officials admit that Ary served as a classification officer at St. Clair.  The ADOC Officials further admit that Ary's responsibilities included various duties relating to classification of inmates at St. Clair.  The ADOC Officials deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36.    In response to Paragraph 36 of the Amended Complaint, the ADOC Officials admit that Wilson served as an officer at St. Clair.  The ADOC Officials further admit that Wilson's responsibilities included general supervision of inmates at St. Clair.  The ADOC Officials deny the remaining allegations in Paragraph 36 of the Amended Complaint.

37.    In response to Paragraph 37 of the Amended Complaint, the ADOC Officials admit that Caver served as a cube officer at St. Clair.  The ADOC Officials further admit that Caver's responsibilities included general supervision of inmates at St. Clair.  The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Amended Complaint and, therefore, deny them.

## DEFENDANTS' FAILURE TO PROTECT MR. MULLINS FROM A KNOWN AND SUBSTANTIAL RISK OF SERIOUS HARM

### Defendants' Failure to Discipline, Monitor, and Separate Mr. Jackson from Vulnerable Prisoners

38.    The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint and, therefore, deny them.

39.    The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint and, therefore, deny them.

40.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint and, therefore, deny them.

41.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint and, therefore, deny them.

42.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint and, therefore, deny them.

43.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint and, therefore, deny them.

44.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint and, therefore, deny them.

45.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint and, therefore, deny them.

46.     To the extent Paragraph 46 contains any allegations against the ADOC Officials, the ADOC Officials deny those allegations.  The ADOC Officials lack

sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Amended Complaint and, therefore, deny them.

47.     The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint and, therefore, deny them.

### The Fatal Stabbing of Mr. Mullins

48.     In response to Paragraph 48 of the Amended Complaint, the ADOC Officials admit that Mullins was incarcerated in ADOC custody.  The ADOC Officials lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Amended Complaint and, therefore, deny them.

49.     In response to Paragraph 49 of the Amended Complaint, the ADOC Officials admit that Mullins was transferred to St. Clair in March 2018.

50.     In response to Paragraph 50 of the Amended Complaint, the ADOC Officials admit that Mullins was placed in restrictive housing at St. Clair in or around July 2018.  The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Amended Complaint and, therefore, deny them.

51.     In response to Paragraph 51 of the Amended Complaint, the ADOC Officials admit that Mullins remained in restrictive housing at St. Clair from approximately July 2018 to approximately February 2019.

52.     In response to Paragraph 52 of the Amended Complaint, the ADOC Officials admit that Mullins was released from restrictive housing at St. Clair in approximately February 2019.  The ADOC Officials deny the remaining allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Jones denies that Mullins faced any substantial risk of serious harm in general population at St. Clair and further denies that she was aware of any substantial risk of serious harm that Mullins faced in general population at St. Clair.  Paragraph 53 of the Amended Complaint contains no allegations against Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, and, therefore, no response is required from these ADOC Officials.  To the extent any response is required from Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, these ADOC Officials deny that Mullins faced a substantial risk of serious harm in general population at St. Clair.

54.     In response to Paragraph 54 of the Amended Complaint, the ADOC Officials admit that Mullins was assigned to Q block.  The ADOC Officials deny the remaining allegations in Paragraph 54 of the Amended Complaint.

55.     In response to Paragraph 55 of the Amended Complaint, the ADOC Officials deny that Mullins and Jackson shared a cell.  The remainder of Paragraph 55 contains no allegations against Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, and, therefore, no response is required from these ADOC Officials.  To the extent any response is required from these ADOC Officials, they lack sufficient

14

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Amended Complaint and, therefore, deny them.  Jones denies that she knew Mullins "was an especially vulnerable prisoner" or that "Jackson had a known history of violence against other prisoners."  Jones lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Amended Complaint and, therefore, denies them.

56.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint and, therefore, deny them.

57.     In response to Paragraph 57 of the Amended Complaint, the ADOC Officials deny the existence of "a complete lack of prisoner discipline at St. Clair." The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Amended Complaint and, therefore, deny them.

58.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint and, therefore, deny them.

59.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint and, therefore, deny them.

60.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint and, therefore, deny them.

61.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint and, therefore, deny them.

62.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint and, therefore, deny them.

63.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Amended Complaint and, therefore, deny them.

64.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint and, therefore, deny them.

65.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint and, therefore, deny them.

66.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint and, therefore, deny them.

67.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint and, therefore, deny them.

68.     Paragraph 68 of the Amended Complaint contains no allegations against Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, and, therefore, no response is required from these ADOC Officials.  To the extent a response is required from these ADOC Officials, they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint and, therefore, deny them.  Jones denies that she received notification of any "threats or abuse" from Mullins.  Jones lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Amended Complaint and, therefore, denies them.

69.     Paragraph 69 of the Amended Complaint contains no allegations against the ADOC Officials, and, therefore, no response is required.  To the extent a response is required, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint and, therefore, deny them.

70.     Paragraph 70 of the Amended Complaint contains no allegations against the ADOC Officials, and, therefore, no response is required.  To the extent a response is required, the ADOC Officials lack sufficient knowledge or information

to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint and, therefore, deny them.

71.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint and, therefore, deny them.

72.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint and, therefore, deny them.

73.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Complaint and, therefore, deny them.

74.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 of the Amended Complaint and, therefore, deny them.

75.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Amended Complaint and, therefore, deny them.

76.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint and, therefore, deny them.

77.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Amended Complaint and, therefore, deny them.

78.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of the Amended Complaint and, therefore, deny them.

79.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint and, therefore, deny them.

80.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint and, therefore, deny them.

81.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 of the Amended Complaint and, therefore, deny them.

82.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 of the Amended Complaint and, therefore, deny them.

83.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of the Amended Complaint and, therefore, deny them.

84.     The ADOC Officials deny the allegations in Paragraph 84 of the Amended Complaint.

## The Security Crisis at St. Clair

85.     The ADOC Officials deny the allegations in Paragraph 85 of the Amended Complaint.

86.     Plaintiff fails to cite a source for the information set forth in Paragraph 86 of the Amended Complaint, making it impossible for the ADOC Officials to verify the truth or accuracy of the information.  Accordingly, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 of the Amended Complaint and, therefore, deny them.

87.     The ADOC Officials deny the allegations in Paragraph 87 of the Amended Complaint.

88.     The ADOC Officials deny the vague and imprecise allegations in Paragraph 88 of the Amended Complaint.

89.     Plaintiff fails to cite a source for the statistics set forth in Paragraph 89 of the Amended Complaint.  However, the ADOC Officials admit that ADOC's Fiscal Year 2010 Annual Report listed 23 assaults at St. Clair.

90.     Plaintiff fails to cite a source for the statistics set forth in Paragraph 90 of the Amended Complaint.  However, the ADOC Officials admit that ADOC's Fiscal Year 2011 Annual Report listed 59 assaults at St. Clair; and ADOC's Fiscal Year 2012 Annual Report listed 78 assaults at St. Clair.  The ADOC Officials lack

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Amended Complaint and, therefore, deny them.

91.    The ADOC Officials deny the vague allegations in Paragraph 91 of the Amended Complaint.

92.    Paragraph 92 of the Amended Complaint contains no factual allegations, and, therefore, no response is required.

93.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 93 of the Amended Complaint and, therefore, deny them.

94.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 94 of the Amended Complaint and, therefore, deny them.

95.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 95 of the Amended Complaint and, therefore, deny them.

96.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified men in Paragraph 96 of the Amended Complaint and, therefore, deny them.

97.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 97 of the Amended Complaint and, therefore, deny them.

98.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 98 of the Amended Complaint and, therefore, deny them.

99.     The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 99 of the Amended Complaint and, therefore, deny them.

100.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and unidentified staff in Paragraph 100 of the Amended Complaint and, therefore, deny them.

101.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates, officers, and staff in Paragraph 101(a)-(e) of the Amended Complaint and, therefore, deny them.

102.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 102 of the Amended Complaint and, therefore, deny them.

103.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 103(a)-(c) of the Amended Complaint and, therefore, deny them.

104.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 104 of the Amended Complaint and, therefore, deny them.

105.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 105(a)-(d) of the Amended Complaint and, therefore, deny them.

106.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 106 of the Amended Complaint and, therefore, deny them.

107.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 107(a)-(f) of the Amended Complaint and, therefore, deny them.

108.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 108 of the Amended Complaint and, therefore, deny them.

109.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 109(a)-(d) of the Amended Complaint and, therefore, deny them.

110.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 110 of the Amended Complaint and, therefore, deny them.

111.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and an unidentified officer in Paragraph 111(a)-(f) of the Amended Complaint and, therefore, deny them.

112.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 112 of the Amended Complaint and, therefore, deny them.

113.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 113 of the Amended Complaint and, therefore, deny them.

114.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 114 of the Amended Complaint and, therefore, deny them.

115.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 115 of the Amended Complaint and, therefore, deny them.

116.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 116(a)-(f) of the Amended Complaint and, therefore, deny them.

117.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 117 of the Amended Complaint and, therefore, deny them.

118.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 118(a)-(d) of the Amended Complaint and, therefore, deny them.

119.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 119 of the Amended Complaint and, therefore, deny them.

120.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 120(a)-(c) of the Amended Complaint and, therefore, deny them.

121.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates, unidentified officers, and an unidentified investigator in Paragraph 121 of the Amended Complaint and, therefore, deny them.

122.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 122 of the Amended Complaint and, therefore, deny them:

123.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 123 of the Amended Complaint and, therefore, deny them.

124.    Jones denies the allegations against her in Paragraph 124 of the Amended Complaint.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining vague allegations regarding unidentified inmates in Paragraph 124 of the Amended Complaint and, therefore, deny them.

125.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 125 of the Amended Complaint and, therefore, deny them.

126.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and an unidentified correctional officer in Paragraph 126(a)-(i) of the Amended Complaint and, therefore, deny them.

127.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 127 of the Amended Complaint and, therefore, deny them.

128.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates and officers in Paragraph 128(a)-(e) of the Amended Complaint and, therefore, deny them.

129.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 129 of the Amended Complaint and, therefore, deny them.

130.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 130(a)-(b) of the Amended Complaint and, therefore, deny them.

131.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 131 of the Amended Complaint and, therefore, deny them.

132.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 132(a)-(b) of the Amended Complaint and, therefore, deny them.

133.　　The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 133 of the Amended Complaint and, therefore, deny them.

134.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 134 of the Amended Complaint and, therefore, deny them.

135.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 135 of the Amended Complaint and, therefore, deny them.

136.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding an unidentified inmate in Paragraph 136 of the Amended Complaint and, therefore, deny them.

137.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 137 of the Amended Complaint and, therefore, deny them.

138.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates in Paragraph 138 of the Amended Complaint and, therefore, deny them.

139.    The ADOC Officials deny the vague allegations in Paragraph 139 of the Amended Complaint.

**Defendants' Failure to Act Despite
Notice of the Substantial Risk of Serious Harm to Mr. Mullins**

140.    The ADOC Officials deny the allegations in Paragraph 140 of the Amended Complaint.

141.    To the extent Paragraph 141 of the Amended Complaint purports to rely on documents, those documents speak for themselves.  The ADOC Officials deny Plaintiff's characterizations of ADOC's publicly available reports.

142.    The ADOC Officials deny the allegations in Paragraph 142 of the Amended Complaint.

143.    In response to Paragraph 143 of the Amended Complaint, the ADOC Officials admit, upon information and belief, that at least one security audit of St. Clair was conducted in 2014.  Plaintiff fails to provide a copy of or citation to the alleged statement by Culliver referenced in Paragraph 143 of the Amended Complaint, and, therefore, Culliver cannot verify the accuracy of Plaintiff's citation. Culliver denies the accuracy of Plaintiff's attribution to him of the statement "no corrective action plan of any kind was developed in response to the audit." Moreover, the ADOC Officials deny that "no corrective action plan of any kind was developed in response to the audit."

144.    In response to Paragraph 144 of the Amended Complaint, the ADOC Officials admit that, in October 2014, the Equal Justice Initiative filed a putative class action lawsuit (the "Cheatham Action") on behalf of a group of St. Clair inmates seeking injunctive relief regarding conditions at St. Clair.  The ADOC Officials deny the remaining allegations in Paragraph 144 of the Amended Complaint.

145.    Paragraph 145 purports to describe or summarize the contents of a document, which speaks for itself.  The ADOC Officials deny the truth and accuracy of the allegations contained in the complaint filed in the Cheatham Action.

146.    In response to Paragraph 146 of the Amended Complaint, the ADOC Officials admit that the complaint in the Cheatham Action named Malone as a defendant and admit that Dunn was substituted as a defendant when he assumed his position as ADOC's Commissioner.  The ADOC Officials deny the truth of the allegations in the complaint in the Cheatham Action, and further deny that allegations in a lawsuit filed in 2014 could serve to put them on notice of any risk of serious harm to Mullins in 2019.  To the extent the allegations in Paragraph 146 of the Amended Complaint relate to "Defendants" other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

147.    The ADOC Officials deny the allegations in Paragraph 147 of the Amended Complaint.

148.    The ADOC Officials deny the vague allegations in Paragraph 148 of the Amended Complaint, which fail to specify any time period to which they apply.

149.    In response to Paragraph 149 of the Amended Complaint, the ADOC Officials admit that, in October 2016, the United States Department of Justice (the "DOJ") opened an investigation into Alabama's prisons for men.  To the extent Paragraph 149 of the Amended Complaint relies on a document, Plaintiff failed to

identify or provide a copy of that document, which speaks for itself. Nevertheless, the ADOC Officials admit that the DOJ's press release announcing the investigation stated that, among other things, the DOJ intended to investigate "whether prisoners are adequately protected from physical harm and sexual abuse at the hands of other prisoners . . . and whether the prisons provide sanitary, secure and safe living conditions." The DOJ's press release also indicated that "[t]he department has not reached any conclusions regarding the allegations in this matter."

150.    In response to Paragraph 150 of the Amended Complaint, the ADOC Officials admit that they received notice of the DOJ investigation. The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 150 of the Amended Complaint and, therefore, deny them.

151.    The ADOC Officials deny the allegations in Paragraph 151 of the Amended Complaint.

152.    In response to Paragraph 152 of the Amended Complaint, the ADOC Officials admit that the parties to the Cheatham Action reached a private settlement agreement in 2017. To the extent Paragraph 152 purports to summarize the contents of a document, that document speaks for itself. The ADOC Officials deny any remaining allegations in Paragraph 152 of the Amended Complaint.

153.    In response to Paragraph 153 of the Amended Complaint, the ADOC Officials admit they were on notice of the Cheatham settlement agreement

but deny that the agreement imposed any obligations on them in their individual capacities. The ADOC Officials deny all remaining allegations against them in Paragraph 153 of the Amended Complaint. To the extent the allegations in Paragraph 153 of the Amended Complaint relate to "Defendants" other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

154.    The ADOC Officials deny the allegations in Paragraph 154 of the Amended Complaint.

155.    To the extent Paragraph 155 of the Amended Complaint purports to rely on a document, Plaintiff failed to identify or provide a copy of the document, which speaks for itself. The ADOC Officials deny the truth and accuracy of the statements in the document referenced in Paragraph 155 of the Amended Complaint. Nevertheless, Dunn, Culliver, Ellington, Vincent, Daniels, and Williams admit that they were aware that EJI believed ADOC failed to comply with certain aspects of the settlement agreement. Dunn, Culliver, Ellington, Vincent, and Daniels deny all remaining allegations in Paragraph 155 of the Amended Complaint. Paragraph 155 of the Amended Complaint contains no allegations against Jones, and, therefore, no response is required from Jones. To the extent a response is required from Jones, she lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 of the Amended Complaint and, therefore, denies them.

156. The ADOC Officials deny the allegations in Paragraph 156 of the Amended Complaint.

157.    To the extent Paragraph 157 of the Amended Complaint purports to rely on a document, Plaintiff failed to identify or provide a copy of the document, which speaks for itself.  The ADOC Officials deny the truth and accuracy of the statements in the document referenced in Paragraph 157 of the Amended Complaint.

158.    To the extent Paragraph 158 of the Amended Complaint purports to rely on a document, Plaintiff failed to identify or provide a copy of the document, which speaks for itself.  The ADOC Officials deny the truth and accuracy of the statements in the document referenced in Paragraph 158 of the Amended Complaint.

159.    To the extent Paragraph 159 of the Amended Complaint purports to rely on a document, Plaintiff failed to identify or provide a copy of the document, which speaks for itself.  The ADOC Officials deny the truth and accuracy of the statements in the document referenced in Paragraph 159 of the Amended Complaint.

160.    To the extent Paragraph 160 of the Amended Complaint purports to rely on a document, Plaintiff failed to identify or provide a copy of the document, which speaks for itself.  The ADOC Officials deny the truth and accuracy of the statements in the document referenced in Paragraph 160 of the Amended Complaint.

161.    In response to Paragraph 161 of the Amended Complaint, the ADOC Officials admit that they became aware of the contents of EJI's September 2018 letter.  The ADOC Officials deny the remaining allegations against them in

Paragraph 161 of the Amended Complaint. To the extent the allegations in Paragraph 161 of the Amended Complaint relate to individuals other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

162. The ADOC Officials deny the allegations in Paragraph 162 of the Amended Complaint.

163. In response to Paragraph 163 of the Amended Complaint, Dunn and Culliver admit they were named in certain lawsuits filed by St. Clair inmates. Dunn admits that he was deposed in the <u>McGregor</u> action in November 2018. Paragraph 163 of the Amended Complaint contains no allegations against Daniels, Williams, Ellington, Vincent, or Jones, and, therefore, no response is required from those ADOC Officials. To the extent the allegations in Paragraph 163 of the Amended Complaint relate to individuals other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

164. The ADOC Officials deny the allegations in Paragraph 164 of the Amended Complaint.

165. In response to Paragraph 165 of the Amended Complaint, the ADOC Officials admit that the DOJ issued letters in April 2019 (the "<u>2019 DOJ Letter</u>") and July 2020 (the "<u>2020 DOJ Letter</u>"), the truth and accuracy of which the ADOC Officials dispute. Notably, the April 2019 DOJ Letter stated: "The

34

Department does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court, and nothing in this Notice Letter ('Notice') should be construed as such.  Accordingly, this Notice is not intended to be admissible evidence and does not create any legal rights or obligations." (2019 DOJ Letter at 1).  The July 2020 DOJ Letter stated: "The Department does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court, and nothing in this Notice should be construed as such. Consequently, this Notice Letter is not intended to be admissible evidence and does not create any legal rights or obligations."  Except as expressly admitted herein, the ADOC Officials deny any remaining allegations asserted against them in Paragraph 165 of the Amended Complaint.  Additionally, to the extent the allegations purport to describe or characterize the contents of documents, including any publicly available report, the document speaks for itself, and the ADOC Officials deny any misdescription or mischaracterization of the document.

166.    In response to Paragraph 166 of the Amended Complaint, the ADOC Officials admit that the DOJ issued the April 2019 DOJ Letter, the truth and accuracy of which the ADOC Officials dispute.  Notably, the April 2019 DOJ Letter states: "The Department does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court, and nothing in this Notice Letter ('Notice') should be construed as such.  Accordingly, this Notice is not intended to be admissible evidence and does not create any legal rights

or obligations." (2019 DOJ Letter at 1). Except as expressly admitted herein, the ADOC Officials deny any remaining allegations asserted against them in Paragraph 166 of the Amended Complaint. Additionally, to the extent the allegations purport to describe or characterize the contents of documents, including any publicly available report, the document speaks for itself, and the ADOC Officials deny any misdescription or mischaracterization of the document.

167.   In response to Paragraph 167 of the Amended Complaint, the ADOC Officials admit that the DOJ issued the April 2019 DOJ Letter, the truth and accuracy of which the ADOC Officials dispute. Notably, the April 2019 DOJ Letter states: "The Department does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court, and nothing in this Notice Letter (Notice') should be construed as such. Accordingly, this Notice is not intended to be admissible evidence and does not create any legal rights or obligations." (2019 DOJ Letter at 1). Except as expressly admitted herein, the ADOC Officials deny any remaining allegations asserted against them in Paragraph 167 of the Amended Complaint. Additionally, to the extent the allegations purport to describe or characterize the contents of documents, including any publicly available report, the document speaks for itself, and the ADOC Officials deny any misdescription or mischaracterization of the document.

168.   In response to Paragraph 168 of the Amended Complaint, the ADOC Officials admit that "the DOJ filed a lawsuit on December 9, 2020." The

ADOC Officials deny all remaining allegations in Paragraph 168 of the Amended Complaint.

169.    The ADOC Officials deny the allegations in Paragraph 169 of the Amended Complaint.

### Defendants' Failure to Address Threats or Incidents of Violence and Separate Vulnerable Prisoners from Those Likely to Commit Violence

170.    The ADOC Officials deny the allegations in Paragraph 170 of the Amended Complaint.

171.    The ADOC Officials deny the allegations in Paragraph 171 of the Amended Complaint.

172.    The ADOC Officials deny the vague allegations regarding unidentified "ADOC staff" in Paragraph 172 of the Amended Complaint.

173.    The ADOC Officials deny the allegations in Paragraph 173 of the Amended Complaint.

174.    The ADOC Officials deny the vague allegations regarding unidentified "ADOC staff" in Paragraph 174 of the Amended Complaint.

175.    The ADOC Officials deny the vague allegations regarding unidentified "ADOC staff" in Paragraph 175 of the Amended Complaint.

176.    The ADOC Officials deny the vague allegations in Paragraph 176 of the Amended Complaint.

177.    The ADOC Officials deny the vague allegations in Paragraph 177 of the Amended Complaint.

178.    The ADOC Officials deny the allegations against them in Paragraph 178 of the Amended Complaint.  To the extent the allegations in Paragraph 178 relate to individuals other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

179.    The ADOC Officials deny the vague allegations in Paragraph 179 of the Amended Complaint.

180.    The ADOC Officials deny the allegations in Paragraph 180 of the Amended Complaint.

181.    The ADOC Officials deny the allegations in Paragraph 181 of the Amended Complaint.

182.    In response to Paragraph 182 of the Amended Complaint, the ADOC Officials deny that they "knew" Mullins "was especially vulnerable."  The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 182 of the Amended Complaint and, therefore, deny them.

183.    Paragraph 183 of the Amended Complaint contains no allegations against the ADOC Officials, and, therefore, no response is required.  To the extent a

response is required, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

184.    Jones denies the allegations against her in Paragraph 184 of the Amended Complaint.  Paragraph 184 of the Amended Complaint contains no allegations against Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, and, therefore, no response is required from these ADOC Officials.  To the extent a response is required from Dunn, Culliver, Daniels, Williams, Ellington, or Vincent, they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 184 of the Amended Complaint and, therefore, deny them.

185.    The ADOC Officials deny the allegations in Paragraph 185 of the Amended Complaint.

### Defendants' Failure to Address the Widespread Proliferation of Contraband Weapons at St. Clair

186.    The ADOC Officials deny the allegations in Paragraph 186 of the Amended Complaint.

187.    The ADOC Officials deny the allegations in Paragraph 187 of the Amended Complaint.

188.    The ADOC Officials deny the allegations in Paragraph 188 of the Amended Complaint.

189.    The ADOC Officials deny the vague allegations in Paragraph 189 of the Amended Complaint.

190.    To the extent Paragraph 190 alleges a belief or state of mind of third parties, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.  The ADOC Officials deny the remaining allegations in Paragraph 190 of the Amended Complaint.

191.    The ADOC Officials deny the vague allegations in Paragraph 191 of the Amended Complaint.

192.    Plaintiff fails to identify a source for the information alleged in Paragraph 192 of the Amended Complaint.  Accordingly, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 of the Amended Complaint and, therefore, deny them.

193.    Plaintiff fails to identify a source for the information alleged in Paragraph 193 of the Amended Complaint.  Accordingly, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193 of the Amended Complaint and, therefore, deny them.

194.    To the extent Paragraph 194 of the Amended Complaint purports to quote from a document, the document speaks for itself.  The ADOC Officials deny that the URL provided leads to the article described.  The ADOC Officials further deny the truth and accuracy of the purported document Paragraph 194 of the Amended Complaint purports to quote.

195.    The ADOC Officials deny the allegations in Paragraph 195 of the Amended Complaint.

196.    The ADOC Officials deny the allegations in Paragraph 196 of the Amended Complaint.

197.    The ADOC Officials deny the vague allegations in Paragraph 197 of the Amended Complaint.

198.    Paragraph 198 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from Vincent.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 198 of the Amended Complaint.  The remaining ADOC Officials deny the allegations in Paragraph 198 of the Amended Complaint.

199.    The ADOC Officials deny the vague allegations in Paragraph 199 of the Amended Complaint.

200.    The ADOC Officials deny the allegations in Paragraph 200 of the Amended Complaint.

201.    Paragraph 201 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from Vincent.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 201 of the Amended Complaint.  The remaining ADOC Officials deny the allegations in Paragraph 201 of the Amended Complaint.

202.    Paragraph 202 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from Vincent. To the extent a response is required from Vincent, she denies the allegations in Paragraph 202 of the Amended Complaint. The remaining ADOC Officials deny the allegations in Paragraph 202 of the Amended Complaint.

203.    Paragraph 203 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from Vincent. To the extent a response is required from Vincent, she denies that a "policy of inaction" existed at St. Clair and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 203 of the Amended Complaint and, therefore, denies them. The remaining ADOC Officials deny the allegations in Paragraph 203 of the Amended Complaint. The remaining ADOC Officials deny that a "policy of inaction" existed at St. Clair and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 203 of the Amended Complaint and, therefore, deny them.

204.    The ADOC Officials deny the allegations in Paragraph 204 of the Amended Complaint.

**Defendants' Failure to Provide Adequate Supervision and Monitoring**

205.    The ADOC Officials deny the allegations in Paragraph 205 of the Amended Complaint.

206.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations in Paragraph 206 of the Amended Complaint and, therefore, deny them.

207.    In response to Paragraph 207 of the Amended Complaint, the ADOC Officials admit that a correctional cubicle operator may not have direct contact with inmates.  The ADOC Officials deny the remaining allegations in Paragraph 207 of the Amended Complaint.

208.    In response to Paragraph 208 of the Amended Complaint, the ADOC Officials admit that, under ADOC policy, correctional cubicle operators do not receive the same training as provided to basic correctional officers.

209.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations in Paragraph 209 of the Amended Complaint and, therefore, deny them.

210.    The ADOC Officials deny the vague allegations in Paragraph 210 of the Amended Complaint.

211.    The ADOC Officials deny the allegations in Paragraph 211 of the Amended Complaint.

212.    The ADOC Officials deny the vague allegations in Paragraph 212 of the Amended Complaint.

213.    The ADOC Officials deny the vague allegations in Paragraph 213 of the Amended Complaint.

214.    The ADOC Officials deny the vague allegations in Paragraph 214 of the Amended Complaint.

215.    The ADOC Officials deny the vague allegations in Paragraph 215 of the Amended Complaint.

216.    The ADOC Officials deny the vague allegations in Paragraph 216 of the Amended Complaint.

217.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 217 of the Amended Complaint and, therefore, deny them.

218.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 218 of the Amended Complaint and, therefore, deny them.

219.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 219 of the Amended Complaint and, therefore, deny them.

220.    The ADOC Officials deny the allegations in Paragraph 220 of the Amended Complaint.

221.    The ADOC Officials deny the allegations in Paragraph 221 of the Amended Complaint.

222.    The ADOC Officials deny the allegations in Paragraph 222 of the Amended Complaint.

223.    The ADOC Officials deny the allegations in Paragraph 223 of the Amended Complaint

## Defendants' Creation of a Serious Threat of Violence Through the Use of Unsupervised "Hot Bay" Housing Blocks

224.    The ADOC Officials deny the allegations in Paragraph 224 of the Amended Complaint.

225.    The ADOC Officials deny the allegations in Paragraph 225 of the Amended Complaint.

226.    The ADOC Officials deny the allegations in Paragraph 226 of the Amended Complaint.

227.    The ADOC Officials deny the allegations in Paragraph 227 of the Amended Complaint.

228.    The ADOC Officials deny the allegations in Paragraph 228 of the Amended Complaint.

229.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 229 of the Amended Complaint and, therefore, deny them.

230.    The ADOC Officials deny the allegations in Paragraph 230 of the Amended Complaint.

231.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 231 of the Amended Complaint and, therefore, deny them.

232.    In response to Paragraph 232 of the Amended Complaint, the ADOC Officials admit that, at St. Clair, like at many prisons throughout the country, inmates sometimes enter areas where they are not authorized to be.  The ADOC Officials deny the remaining allegations in Paragraph 232 of the Amended Complaint.

233.    The ADOC Officials deny the allegations in Paragraph 233 of the Amended Complaint.

234.    The ADOC Officials deny the allegations in Paragraph 234 of the Amended Complaint.

235.    The ADOC Officials deny the allegations in Paragraph 235 of the Amended Complaint.

### Defendants' Failure to Adequately Prevent, Detect, and Respond to Prior Instances of Sexual Abuse at St. Clair

236.    The ADOC Officials deny the allegations in Paragraph 236 of the Amended Complaint.

237.    The ADOC Officials deny the allegations in Paragraph 237 of the Amended Complaint.

238.    The ADOC Officials deny the allegations against them in Paragraph 238 of the Amended Complaint.  The ADOC Officials lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 238 of the Amended Complaint and, therefore, deny them.

239.    The ADOC Officials deny the allegations against them in Paragraph 239 of the Amended Complaint.  The ADOC Officials lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 239 of the Amended Complaint and, therefore, deny them.

240.    The ADOC Officials deny the allegations in Paragraph 240 of the Amended Complaint.

241.    The ADOC Officials deny the allegations in Paragraph 241 of the Amended Complaint.

242.    In response to Paragraph 242 of the Amended Complaint, the ADOC Officials admit they possessed obligations, in their official capacities, to protect inmates at St. Clair from sexual abuse.  The ADOC Officials deny the remaining allegations in Paragraph 242 of the Amended Complaint.

243.    Paragraph 243 of the Amended Complaint refers to a statute, which speaks for itself.  The ADOC Officials deny Plaintiff's characterization of the statute cited in Paragraph 243 of the Amended Complaint.

244.    In response to Paragraph 244 of the Amended Complaint, the ADOC Officials admit that PREA established the National Prison Rape Elimination

Commission. The remainder of the allegations in Paragraph 244 of the Amended Complaint quote or refer to a document, which speaks for itself. The ADOC Officials deny any remaining allegations in Paragraph 244 of the Amended Complaint.

245. In response to Paragraph 245 of the Amended Complaint, the ADOC Officials admit that PREA resulted in the promulgation of the National PREA Standards, a document which speaks for itself. The ADOC Officials deny any mischaracterization of the document cited in Paragraph 245 of the Amended Complaint. The ADOC Officials deny any remaining allegations in Paragraph 245 of the Amended Complaint.

246. The ADOC Officials admit that they possessed certain obligations, in their official capacities, to protect inmates in ADOC custody from sexual assault. The ADOC Officials deny any remaining allegations in Paragraph 246 of the Amended Complaint.

247. The ADOC Officials deny the allegations in Paragraph 247 of the Amended Complaint.

248. The ADOC Officials deny the allegations in Paragraph 248 of the Amended Complaint.

249. The ADOC Officials deny the allegations in Paragraph 249 of the Amended Complaint.

250.    The ADOC Officials deny the allegations in Paragraph 250 of the Amended Complaint.

251.    The ADOC Officials deny the allegations against them in Paragraph 251 of the Amended Complaint.  To the extent the allegations in Paragraph 251 refer to "Defendants" other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny them.

252.    The ADOC Officials deny the allegations in Paragraph 252 of the Amended Complaint.

253.    The ADOC Officials admit that, at St. Clair, like at other facilities throughout the country, inmates who commit sexual assaults sometimes retaliate against inmates who report those sexual assaults.  The ADOC Officials deny the remaining allegations in Paragraph 253 of the Amended Complaint.

254.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 254 of the Amended Complaint and, therefore, deny them.

255.    The ADOC Officials admit that, at St. Clair, like other facilities, an inmate who reports a sexual assault is separated from the alleged perpetrator and may be placed in a celled, instead of dormitory, environment.  The ADOC Officials deny the remaining allegations in Paragraph 255 of the Amended Complaint.

256.    The ADOC Officials deny the allegations in Paragraph 256 of the Amended Complaint.

257.    The ADOC Officials deny the allegations in Paragraph 257 of the Amended Complaint.

258.    The ADOC Officials deny the allegations in Paragraph 258 of the Amended Complaint.

259.    The ADOC Officials deny the allegations in Paragraph 259 of the Amended Complaint.

**Defendants' Creation of a Culture of Abuse at St. Clair**

260.    Paragraph 260 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 260 of the Amended Complaint.  The remaining ADOC Officials deny the allegations in Paragraph 260 of the Amended Complaint.

261.    Paragraph 261 of the Amended Complaint appears to contain no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 261 of the Amended Complaint.  The remaining ADOC Officials deny the allegations in Paragraph 261 of the Amended Complaint.

262.    The ADOC Officials deny the allegations in Paragraph 262 of the Amended Complaint.

263.    Paragraph 263 of the Amended Complaint appears to contain no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 263 of the Amended Complaint.   The remaining ADOC Officials deny the allegations in Paragraph 263 of the Amended Complaint.

264.    Paragraph 264 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 264 of the Amended Complaint.   The remaining ADOC Officials deny the allegations in Paragraph 264 of the Amended Complaint.

265.    The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 265(a)-(p) of the Amended Complaint and, therefore, deny them.

266.    Paragraph 266 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 266 of the Amended Complaint.   The remaining ADOC Officials deny the allegations in Paragraph 266 of the Amended Complaint.

267.    Paragraph 267 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from her.  To the extent a response is required from Vincent, she denies the allegations in Paragraph 267 of the

Amended Complaint.   The remaining ADOC Officials deny the allegations in Paragraph 267 of the Amended Complaint.

268.    The ADOC Officials deny the allegations in Paragraph 268 of the Amended Complaint.

269.    Paragraph 269 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required from her.   To the extent a response is required from Vincent, she denies the allegations in Paragraph 269 of the Amended Complaint.   The remaining ADOC Officials deny the allegations in Paragraph 269 of the Amended Complaint.

## DAMAGES

270.    The ADOC Officials deny the allegations in Paragraph 270 of the Amended Complaint.

## CLAIMS

### Count I - 42 U.S.C § 1983
### Eighth Amendment Failure to Protect (Supervisory Liability)
### Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Vincent, Jones, Givens, Brooks, White, Malone, Graham, Gordy, Ragsdale, Estelle, Price, and Scott

271.    In response to Paragraph 271 of the Amended Complaint, the ADOC Officials incorporate their responses to paragraphs 1-8, 14-34, 38-259, and 270 of the Amended Complaint as if fully restated here.

272.    The ADOC Officials admit the allegations in Paragraph 272 of the Amended Complaint.

273.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 273 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 273 of the Amended Complaint.

274.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 274 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 274 of the Amended Complaint.

275.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 275 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 275 of the Amended Complaint.

276.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 276 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 276 of the Amended Complaint.

277.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 277 of the Amended Complaint from Culliver, Daniels, or Williams.  Paragraph 277 of the Amended Complaint contains no allegations against Vincent, and, therefore, no response is required to Paragraph 277 of the Amended Complaint from Vincent. Dunn, Ellington, and Jones deny the allegations in Paragraph 277 of the Amended Complaint.

278.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 278 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 278 of the Amended Complaint.

279.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 279 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 279 of the Amended Complaint.

280.    The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 280 of the Amended Complaint from Culliver, Daniels, or Williams.  Dunn, Ellington,

Jones, and Vincent deny the allegations in Paragraph 280 of the Amended Complaint.

281. The Court dismissed this Count against Culliver, Daniels, and Williams (doc. 84 at 62), and, therefore, no response is required to Paragraph 281 of the Amended Complaint from Culliver, Daniels, or Williams. Dunn, Ellington, Jones, and Vincent deny the allegations in Paragraph 281 of the Amended Complaint.

### Count II - 42 U.S.C § 1983
### Eighth Amendment Failure to Protect (Direct Participation)
### Against Defendants Givens, Gordy, Ragsdale, Price, White, Brooks, Scott, Ary, Wilson, and Caver

282-293. Count II of the Amended Complaint does not assert any claims against the ADOC Officials, and, therefore, no response is required from the ADOC Officials to Paragraphs 282-293 of the Amended Complaint.

### Count III - 42 U.S.C § 1983
### Eighth and Fourteenth Amendments State-Created Danger
### Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Vincent, Jones, Givens, Brooks, White, Malone, Graham, Gordy, Ragsdale, Estelle, Price, and Scott

294-305. The Court dismissed Count III of the Amended Complaint (doc. 84 at 62), and, therefore, no response is required to Paragraphs 294-305 of the Amended Complaint.

### Count IV - 42 U.S.C § 1983
### Eighth and Fourteenth Amendment Denial of Adequate Medical Care
### (Supervisory Liability)
### Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Jones, Givens, Brooks, White, Malone, Graham, Ragsdale, Price, and Scott

306-313.    The Court dismissed Count IV of the Amended Complaint, and, therefore, no response is required to Paragraphs 306-313 of the Amended Complaint.

## Count V - 42 U.S.C § 1983
### Eighth and Fourteenth Amendments Denial of Adequate Medical Care
### (Direct Participation)
### Against Defendant Caver

314-320.    Count V of the Amended Complaint does not assert a claim against the ADOC Officials, and, therefore, no response is required from the ADOC Officials to Paragraphs 314-320 of the Amended Complaint.

## Count VI - 42 U.S.C § 1983
### First, Eighth, and Fourteenth Amendments Unlawful Retaliation
### Against Defendants Givens, Ragsdale, Price, Brooks, and Wilson

321-329.    Count VI of the Amended Complaint does not assert a claim against the ADOC Officials, and, therefore, no response is required from the ADOC Officials to Paragraphs 321-329 of the Amended Complaint.

## Count VII - 42 U.S.C § 1983
### Civil Conspiracy
### Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Vincent, Jones, Givens, Brooks, White, Malone, Graham, Gordy, Estelle, Ragsdale, Price, Scott, Ary, Wilson, and Caver

330-340.    The Court dismissed Count VII of the Amended Complaint (doc. 84 at 62), and, therefore, no response is required to Paragraphs 330-340 of the Amended Complaint.

## Count VIII - 42 U.S.C § 1983
### Failure to Intervene
### Against Defendants Givens, Jones, Gordy, Brooks, Price, Ragsdale, Wilson, and Caver

341-346.    The Court dismissed Count VII of the Amended Complaint (doc. 84 at 63), which, in any event, did not assert a claim against Dunn, Culliver, Daniels, Williams, Ellington, or Vincent.    Accordingly, no response is required from the ADOC Officials to Paragraphs 341-346 of the Amended Complaint.

**Count IX – State Law**
**Wrongful Act or Omission Resulting in Death Ala. Code § 6-5-410**
**(Supervisory Liability)**
**Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Vincent, Jones,**
**Givens, Brooks, White, Malone, Graham, Gordy, Ragsdale, Estelle, Price, and Scott**

347.    The ADOC Officials incorporate their responses to Paragraphs 1-8, 14-34, 38-259, and 270 of the Amended Complaint as if fully restated here.

348.    The ADOC Officials deny the allegations in Paragraph 348 of the Amended Complaint.

349.    In response to Paragraph 349 of the Amended Complaint, the ADOC Officials deny that they had a duty of care to Mullins in their individual capacities.

350.    The ADOC Officials deny the allegations in Paragraph 350 of the Amended Complaint.

351.    The ADOC Officials deny the allegations in Paragraph 351 of the Amended Complaint.

352.    The ADOC Officials deny the allegations in Paragraph 352 of the Amended Complaint.

353.    The ADOC Officials deny the allegations in Paragraph 353 of the Amended Complaint.

354.    The ADOC Officials deny the allegations in Paragraph 354 of the Amended Complaint.

355.    The ADOC Officials deny the allegations in Paragraph 355 of the Amended Complaint.

356.    The ADOC Officials deny the allegations in Paragraph 356 of the Amended Complaint.

357.    The ADOC Officials deny the allegations in Paragraph 357 of the Amended Complaint.

## Count X – State Law
### Wrongful Act or Omission Resulting in Death
### Ala. Code § 6-5-410
### (Direct Participation)
### Against Defendants Givens, Gordy, Ragsdale, Price, White, Brooks, Scott, Ary, Wilson, and Caver

358-368.    Count X of the Amended Complaint does not assert a claim against the ADOC Officials, and, therefore, no response is required from the ADOC Officials to Paragraphs 358-368 of the Amended Complaint.

Except as expressly admitted in response to Paragraphs 1 through 368 above, each allegation in the Amended Complaint is denied, and the ADOC Officials demand strict proof thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

The ADOC Officials assert the following affirmative and additional defenses to the Amended Complaint but do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to allege a violation of the Eighth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Amended Complaint.

### FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

### FIFTH DEFENSE

Plaintiff's claims are barred because the ADOC Officials did not breach any duty allegedly owed to Steven Mullins.

## SIXTH DEFENSE

The ADOC Officials cannot be liable to Plaintiff because they did not personally participate in and/or direct any constitutional violation or wrongful act or omission.

## SEVENTH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against the ADOC Officials.

## EIGHTH DEFENSE

Plaintiff's claims are barred because the ADOC Officials did not act with deliberate indifference.

## NINTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction by the ADOC Officials and any purported injury or damages alleged in the Amended Complaint or for which relief is sought.

## TENTH DEFENSE

The ADOC Officials did not have a policy, custom, or practice that caused any injury or death to Steven Mullins, or implement any policy, custom, or practice with deliberate indifference towards Steven Mullins.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

## TWELFTH DEFENSE

The ADOC Officials assert all privileges and immunities provided to the ADOC Officials as state officials, employees, and/or actors including, but not limited to qualified immunity, absolute or sovereign immunity, statutory immunity, State-agent immunity, and discretionary function immunity.

## THIRTEENTH DEFENSE

The ADOC Officials cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## FOURTEENTH DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because of the existence of superseding, intervening, or independent causes.

## SIXTEENTH DEFENSE

The ADOC Officials contend that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of one or more persons for whom they were not responsible.

## SEVENTEENTH DEFENSE

A third party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the ADOC Officials.

## EIGHTEENTH DEFENSE

At the time of the incident alleged the Amended Complaint, Steven Mullins failed to exercise reasonable or ordinary care for his own safety such that the injuries and damages allegedly sustained by him were caused or contributed to by Steven Mullins' own negligence.

## NINETEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff and/or Steven Mullins has not exhausted all available administrative remedies and/or accomplished all conditions precedent to maintain this action.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks monetary damages, the ADOC Officials demand a bifurcated jury trial to resolve those issues.

## TWENTY-FOURTH DEFENSE

Plaintiff's Amended Complaint fails to allege any wrongful act, omission, or indifference by the ADOC Officials.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the ADOC Officials object to any and all such requests for fees that are not asserted in the Amended Complaint or otherwise approved by court order.

## TWENTY-SIXTH DEFENSE

An award of punitive damages violates Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

1.      An award of punitive damages is not based on rational distinctions and does not serve any legitimate state interest.

2.      The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

3.      The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

4.      The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

5.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the ADOC Officials.

6.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

7.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

8.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

9.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

10.    The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

11.    The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

12.    The standards of conduct upon which punitive damages are awarded are vague.

13.    The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

14.    The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

15.    The civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious, or oppressive penalties.

16.    The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## <u>TWENTY-SEVENTH DEFENSE</u>

The ADOC Officials contend that Alabama Code § 6-5-410, as it applies to joint tortfeasors, is unconstitutional in that it is punitive in nature, yet there is no provision under Alabama law for the assessment of punitive damages separately and

severally against joint tortfeasors even though said statute is predicated upon the alleged enormity of the wrong committed by a tortfeasor.  Therefore, Alabama Code § 6-5-410, as it applies to joint tortfeasors, denies each of the ADOC Officials equal protection of the laws and violates the United States Constitution.

### TWENTY-EIGHTH DEFENSE

The ADOC Officials contend Alabama Code § 6-5-410 violates the Eighth Amendment to the United States Constitution in that it allows for the imposition of an excessive fine.

### TWENTY-NINTH DEFENSE

The ADOC Officials contend Alabama Code § 6-5-410 violates the United States Constitution in that it imposes a criminal fine while not imposing a burden of proof beyond a reasonable doubt.

### THIRTIETH DEFENSE

The ADOC Officials contend Alabama Code § 6-5-410 violates the Due Process Clause of the Fourteenth Amendment as well as the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### THIRTY-FIRST DEFENSE

The ADOC Officials contend Alabama Code § 6-5-410 is constitutionally void as to them and as applied to the acts and circumstances in this action in that:

1.      It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

2.      It operates to deny to the ADOC Officials a fair opportunity to have the jury assess damages based on their culpability, which cannot be segregated from allegations of wrongful conduct against other defendants joined in this action;

3.      In failing to provide for joint contribution and an apportionment of damages among Defendants, it deprives the ADOC Officials of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the <u>United State Constitution</u> and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

4.      In failing to provide for joint contribution and an apportionment of damages among Defendants, it deprives the ADOC Officials of property without due process of law contrary to Article I, § 6, of the <u>Alabama Constitution of 1901</u> which provides, as relevant, that no person shall be deprived of property except by due process of law.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTY-THIRD DEFENSE

Plaintiff's civil or constitutional rights have not been violated.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of self-defense.

### THIRTY-SEVENTH DEFENSE

The ADOC Officials reserve the right to assert other defenses as discovery proceeds.

**The ADOC Officials demand a trial by jury.**

Respectfully submitted this 13th day of October, 2023.

*/s/ Daniel J. Chism*
Daniel J. Chism

William R. Lunsford
Matthew B. Reeves
William J. Cranford III
Daniel J. Chism
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
Daniel.chism@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 13th day of October, 2023:

Ruth Zemel Brown
Megan Colleen Pierce
Quinn Rallins
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert F. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
W. Jackson Britton
**CAPELL & HOWARD, P.C.**
150 S. Perry Street (36104)
PO Box 2069
Montgomery, AL 36102-2069
(334) 241-8000
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
jackson.britton@chlaw.com

*Attorneys for Defendants Gwendolyn Givens, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Antoine Price, Neketris Estelle, Tanya Ary, Cynthia Caver and LaTonya Scott*

*/s/ Daniel J. Chism*
Of Counsel