# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| CAROL GUY, as representative of the ESTATE OF STEVEN MULLINS, <br><br> Plaintiff, <br><br> v. <br><br><br> JEFFERSON DUNN, et al., <br><br> Defendants. | ) ) ) ) ) Case No.: 4:21-cv-00264-ACA ) ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) |

## REPORT OF THE PARTIES' PLANNING MEETING

In compliance with the Court's order entered on October 3, 2023 (Dkt. 86), and pursuant to Federal Rule of Civil Procedure 26(f), the Parties in the above-captioned matter jointly file this Report of the Parties' Planning Meeting.

1. Rule 26(f) Conference: The following persons participated in a Rule 26(f) conference on October 17, 2023:

    Megan Pierce from Loevy & Loevy on behalf of Plaintiff Carol Guy;

    Dan Chism and Will Cranford with Butler Snow, LLP, on behalf of Jefferson Dunn, Grantt Culliver, Charles Daniels, Jeffrey Williams, Edward Ellington, Christy Vincent, and Karla Jones; and

    Caitlin Cobb with Capell & Howard, P.C., representing Gwendolyn Givens, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Angela Gordy, William Ragsdale, Antoine Price, Latonya Scott, Tanya Ary, Cynthia Caver, and Perry Wilson.

2. Initial Disclosures: The Parties will complete initial disclosures required by Rule 26(a)(1) on or before November 17, 2023.

3. Discovery Plan. The Parties propose the following discovery plan:

a. <u>Discovery will be needed on these subjects</u>: Plaintiff anticipates seeking discovery related to the circumstances of the assaults on Mr. Mullins and Mr. Mullins's death; previous conduct of Mr. Jackson and his accomplices; Defendants' knowledge of their conduct; Mr. Mullins's vulnerability; Defendants knowledge of Mr. Mullins's vulnerability; the existence of a substantial risk of harm to prisoners at St. Clair, including prior instances of violence and the responses to those incidents of violence; Defendants' knowledge of the risk; Defendants' acts and omissions related to that risk; applicable policies, procedures, and practices; information that bears on Defendants' state of mind and whether they acted with deliberate indifference; resulting damages; and Defendants' defenses.

The following claims are active in this matter: (1) Failure to protect against Defendants Dunn, Ellington, Jones and Vincent (Count I); (2) Failure to protect against Defendant Caver (Count II); Denial of adequate medical care against Defendant Caver (Count V); Unlawful retaliation against Defendants Givens, Ragsdale, Price, Brooks and Wilson (Count VI); Alabama state law wrongful death claim (Ala Code § 6-5-410) against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Vincent, Jones, Givens, Brooks, White, Malone, Graham, Gordy, Ragsdale, Estelle, Price and Scott (Count IX); and Alabama state law wrongful death claim (Ala Code § 6-5-410) against Defendants Givens, Brooks, Ragsdale, Price, Scott, Gordy, White, Ary, Wilson and Caver (Count X).

Defendants deny Plaintiff's allegations and liability for the claims asserted against them.

b. <u>Dates for commencing and completing discovery:</u>

| Activity | Parties' Proposed Deadline |
| --- | --- |
| Fact Discovery Cutoff: | October 11, 2024 |
| Plaintiffs' expert witness disclosures: | November 12, 2024 |
| Defendants' expert witness disclosures: | December 12, 2024 |
| Plaintiff's rebuttal expert reports: | January 10, 2024 |

| | |
|---|---|
| Expert Discovery Cutoff: | February 10, 2025 |
| Dispositive motions: | March 27, 2025 |

    c.    <u>Interrogatories</u>:

        i.    The maximum number of interrogatories is 35 per side, including subparts, meaning 35 total for Plaintiff and 35 total for Defendants. Each of Plaintiff's 35 interrogatories may be served on one or more Defendants, and if served on multiple Defendants, will be answered individually by the responding Defendants. Any answers and objections shall be served within 30 days after service of the interrogatories, however, the Parties will work to accommodate reasonable requests for extension if necessary. <u>See</u> Fed. R. C. P. 33(a)(1), (b)(2).

    d.    <u>Requests for Production</u>:

        i.    Plaintiff's Proposal: Plaintiff proposes that Fed. R. Civ. P. 34 governs all procedures applicable to requests for production, and that, any party shall be able to move the Court for a protective order should they believe that the number of requests that have been served is harassing or disproportionate to the case. If the Court wishes to set a limit, Plaintiff proposes that each party may serve up to 75 requests for production, as was permitted by the courts in two recent individual damages cases involving prisoner-on-prisoner assaults at St. Clair: *D.S. v. Dunn, et al.*, Case No. 2:20-cv-02012-RDP (Doc. 191 at 3); *Huffman v. Dunn, et al.*, Case No. 4:20-cv-01293-CLM (Doc. 46 at 2) (Plaintiff received 75, Defendants received 60)

            No redactions will be made to documents on the basis of relevance objections. Any redactions in documents, such as those made for privilege, shall be produced contemporaneously with a log that explains the basis and nature of each redaction.

        ii.    Defendants' Proposal: Each side may serve on the other side no more than 50 requests for production, including discrete subparts, with responses and any objections served within 30 days after service of the requests for production. <u>See</u> Fed. R. Civ. P. 34(b)(2).

e. <u>Requests for Admission</u>:

    i. <u>Plaintiff's Proposal</u>: Plaintiff has a unique and particularized need for requests for admission in this case. As this Court indicated in its motion to dismiss ruling, Plaintiff's Eighth Amendment claims require a showing of a substantial risk of serious harm based on the generalized threat of inmate-on-inmate violence. *See, e.g.*, Dkt. 84 at 23. To satisfy this challenging standard, and streamline the issues for summary judgment and trial, Plaintiff intends to serve specific requests for admission regarding notice of instances of violence to Defendants in the twelve months prior to Mr. Mullins's death based on the content of the Alabama Department of Correction's incident and duty officer reports, which she has not yet had the opportunity to receive in discovery. Accordingly, Plaintiff intends to seek admissions based on the Alabama Department of Correction's records of (1) certain facts about each incident of violence as documented in the associated reports; (2) the injuries as documented in the associated reports; (3-4) the nature of any discipline, response, and or follow-up as documented in the associated reports; and, (5) Defendants' notice of the reports about the incident. To enable efficient responses, Plaintiff will identify in his requests for admission specific page references to where the content appears in the associated reports. Plaintiff will define a single incident in reliance on the Alabama Department of Corrections' records (i.e., each incident report and associated duty report corresponds with one incident only).

        Defendants have stated in their answers to Plaintiff's complaint that they are unable to admit or deny the serious instances of violence alleged in Plaintiff's complaint without additional information and documents. *See, e.g.*, Dkt. 88 ¶ 101 ("The Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 101 of the First Amended Complaint. Strict proof is demanded thereof."); Dkt. 89 ¶101 ("The ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the vague allegations regarding unidentified inmates, officers, and staff in Paragraph 101(a)-(e) of the Amended Complaint and, therefore deny them").

        For that reason, Plaintiff asks for leave to serve up to 5 requests

        for admission per serious incident of violence at St. Clair in the year leading up to Mr. Mullins's assault, as documented in the Alabama Department of Correction's records. Given the requirements of Plaintiff's Eighth Amendment claims, these requests are directly proportional to the needs of the case. This proposal was recently approved by Judge Proctor in *D.S. v. Dunn, et al.*, Case No. 2:20-cv-2012-RDP (Dkt. 198).

        In addition, Plaintiff seeks leave to serve up to 40 additional requests to admit, each of which may be served upon one or more Defendants. Plaintiff proposes that Defendants shall be entitled to collectively serve up to 50 requests to admit, in total, upon Plaintiff.

    ii.    <u>Defendant's Proposal</u>: Each side may serve on the other side no more than 50 requests for admission, including all discrete subparts, with any responses and any objections served within 30 days after service of the requests for admission. <u>See</u> Fed. R. Civ. P. 36(a)(3). The Parties may request permission from the Court to serve additional requests for admission if necessary.

f.    <u>Number of Depositions</u>:

    i.    <u>Plaintiff's Proposal</u>: Each side is entitled to take the deposition of (1) all opposing parties; (2) 10 third-party witnesses or potential witnesses to the assaults of Mr. Mullins at St. Clair; (3) 10 additional individuals of each side's choosing; and (4) all disclosed experts. The depositions shall not exceed seven (7) hours of on-the-record time, in one day, consistent with Fed. R. Civ. P. 30(d)(1), absent stipulation or good cause to exceed that time limit.

    ii.    <u>Defendants' Proposal</u>: Each side (<u>i.e.</u>, Plaintiff or Defendants) may take 25 depositions under Rules 30 and 31, without leave of Court and a showing of good cause. Of the 25 depositions for each side, 15 of those depositions must not exceed one day of 4 ½ hours and 10 of those depositions must not exceed one day of 7 hours. <u>See</u> Fed. R. Civ. P. 30(d)(1).

g.    <u>Expert Discovery and Reports</u>: To facilitate prompt deposition scheduling, on the day of their expert disclosures, the disclosing party will disclose three dates upon which any retained experts (and disclosing counsel) are available for deposition.

    h.    <u>Supplementation under Fed. R. Civ. P. 26(e)</u>:

        i.    <u>Plaintiff's Proposal</u>: Supplementation is due as soon as reasonably possible after new information is discovered, but no later than thirty (30) days prior to the close of fact discovery.

        ii.    <u>Defendants' Proposal</u>: A party must generally supplement disclosures and discovery consistent with Rule 26(e)(1)(A) and, as to expert witnesses, consistent with Rule 26(e)(2).

4.    <u>Other Items</u>:

    a.    <u>Meeting</u>: The Parties do not request to meet with the Court before entry of a Scheduling Order. If the Court determines that a meeting would be helpful, the Parties respectfully request that any such meeting be conducted via telephone or videoconference.

    b.    <u>Protective Order</u>: The Parties intend to ask the Court to enter a protective order to protect confidential, personal, sensitive security, and proprietary documents and information, including documents or information protected by the Health Insurance Portability and Accountability Act.

    c.    <u>Electronically Stored Information</u>: To the extent it exists, relevant, non-privileged electronically stored information will be produced by the Parties in response to discovery requests in either PDF or hardcopy format, to enable Parties to exchange discoverable information without undue burden or costs. To the extent that a requesting party makes a specific request for production of documents in a native format, such a request will be governed by Rule 26.

    d.    <u>Pretrial Conference</u>: The Parties propose holding a pretrial conference eight (8) weeks prior to trial.

    e.    <u>Deadline for Plaintiff to amend pleadings or join parties</u>:

        i.    <u>Plaintiff's Proposal</u>: Plaintiff proposes that the deadline for Plaintiff to amend pleadings or join parties be on or before 120 days prior to the close of fact discovery.

        ii.    <u>Defendant's Proposal</u>: Plaintiff may amend pleadings or join parties pursuant to Rules 15(b)(2), 19, and 20 by January 17, 2024.

f. <u>Deadline for Defendants to amend pleadings or join parties</u>:

  i. <u>Plaintiff's Proposal</u>: Plaintiff proposes that the deadline for Defendants to amend pleadings or join parties be on or before 90 days prior to the close of fact discovery.

  ii. <u>Defendant's Proposal</u>: Defendants may amend pleadings or join parties pursuant to Rules 15(b)(2), 19, and 20 by February 16, 2024.

g. <u>Settlement</u>: The Parties believe that discussion of settlement is premature, pending an opportunity for the Parties to conduct initial discovery in this case. The Parties will continue to evaluate this case for settlement prospects as discovery progresses.

h. <u>Alternative Dispute Resolution procedures</u>: The Parties suggest that, after completing initial discovery, the Parties will confer about whether mediation could help resolve this case through settlement. The Parties will advise the Court if it appears that mediation would be helpful.

i. <u>Deadline for submitting Rule 26(a)(3) witness lists, designation of deposition testimony, and exhibit lists</u>: The Parties suggest that the filing of Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists be completed no later than fourteen (14) days prior to the pretrial conference.

j. <u>Deadline to file objections under Rule 26(a)(3)</u>: The Parties suggest that all objections to Rule 26(a)(3) filings be filed no later than seven (7) days prior to the pretrial conference.

k. <u>Motions in Limine</u>: Any motion in limine must be filed no later than 14 days prior to the pretrial conference, with any response due 10 days later.

l. <u>Trial Date and length</u>: The case will be ready for trial by October 6, 2025. The Parties anticipate that trial will last approximately ten (10) days.

m. <u>Other matters</u>:

  i. The Parties agree to electronic service of discovery requests and responses.

Dated:  October 17, 2023.

/s/ Megan Pierce
Megan Pierce
*One of the Attorneys for Plaintiff*

Ruth M. Brown
Megan C. Peirce
Quinn Rallins
**LOEVY & LOEVY**
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
(312) 243-5900
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue
Suite 250
Birmingham, AL 35205
(205) 974-4860
anil@dagneylaw.com

/s/ Daniel Chism
Daniel J. Chism
*One of the Attorneys for Dunn, Culliver, Daniels, Williams, Ellington, Vincent, and Jones*

William R. Lunsford
William J. Cranford, III
Daniel J. Chism
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
(256) 936-5650
blunsford@butlersnow.com

wcranford@butlersnow.com
dchism@butlersnow.com

        /s/ Caitlin Cobb
        Caitlin Cobb
        *One of the Attorneys for Graham, Malone, White, Brooks, Gordy, Ragsdale, Price, Estelle, Ary, Caver, Scott, and Givens*

William A. Sheehan
Caitlin E. Cobb
**CAPELL & HOWARD, P.C.**
150 S. Perry Street
P.O. Box 2069
Montgomery, AL 36102
(334) 241-8000
allen.sheehan@chlaw.com
caitlin.cobb@chlaw