## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| CAROL GUY, as representative of the ESTATE OF STEVEN MULLINS, | ) ) ) | |
| | ) | Case No.: 4:21-cv-00264-ACA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON DUNN, et al., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

## CONFIDENTIALITY STIPULATION
## AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), which governs the disclosure and access to confidential information, as well as the treatment and maintenance of confidential information by any party or third party, the Parties have stipulated to the following, and it is hereby Ordered:

Document and oral discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that the protection this Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

treatment under the applicable legal principles. Accordingly, the parties having agreed to enter this Confidentiality Stipulation and Protective Order (the "Stipulated Protective Order") to govern the production of Documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

## Designation of Confidential or Highly Confidential Information

1. *General Definitions.* Except as otherwise defined in this Stipulated Protective Order, these terms have the meaning ascribed to them below:

    a. "**ADOC**" means the Alabama Department of Corrections.

    b. "**Confidential Information[1]**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, concerning or relating to:

      i. Personally identifiable information:

        1. Individually identifiable medical and mental health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations;

        2. Full names and names of relatives, household members, and minor children;

        3. Home addresses, personal telephone numbers, personal fax numbers, personal email addresses, IP addresses, and device numbers or serial codes;

---

[1] The definition of Confidential Information includes information and materials designated "Confidential" or "Highly Confidential—Attorney's Eyes Only" under Section 2 of this Stipulated Protective Order.

4. Social Security Numbers;

5. Birthdates (other than the year of birth);

6. Photographs, electronic, or other visual images of the individuals' faces;

7. Health plan beneficiary numbers and biometric identifiers;

8. Driver's license numbers;

9. Employment records, certificate or license numbers, financial records, and account numbers; and

10. Information about any prisoner's classification, disciplinaries or citations, and investigations.

ii. Proprietary business information not generally known to the public and that has been maintained as confidential, the disclosure of which would create a material risk of harm to a party or non-party.

Information or documents that are available to the public may not be designated as Confidential Information.

c. "**Designating party**" means any party or non-party disclosing or producing Confidential or Highly Confidential Information in connection with discovery in these actions.

d. "**Discovery material(s)**" means one or more items, Documents, or information in any another form that is/are produced or generated in

disclosures or responses to discovery in this action, regardless of the medium or manner in which it is stored, generated or maintained.

e.     "**Document(s)**" possesses the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure for documents, electronically stored information, and tangible things, and shall include all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including notes on documents, whether produced pursuant to a request for production, *subpoena duces tecum*, subpoena, by agreement, or by any other means.

f.     "**Highly Confidential Information**" means all or portions of discovery materials and deposition testimony, and information contained on designated portions therein, that: (1) is likely to jeopardize the safety of security operations of ADOC facilities or the safety of prisoners in ADOC's custody if made public; or (2) is likely to result in retaliation based on a good faith belief concerning the likelihood of such retaliation due to demonstrable circumstances; (3) concern or relate to an ongoing[2] investigation of an incident; or (4) internal self-critical reviews and quality control materials, such as mortality reviews regarding prisoner deaths.  Examples of Documents

[2] The Party making such designation will alert the other side within 7 days of learning such an investigation being completed that the investigation is no longer ongoing, and the designation will either be changed to Confidential Information or removed.

historically receiving "Highly Confidential—Attorneys' Eyes Only" designation include, but are not limited to, schematics and blueprints, restricted policies and procedures, and administrative and criminal investigative files. Whenever possible, to assist in mediation, settlement, or trial preparation or upon reasonable request of the receiving party, the designating party will provide a redacted copy of any document containing Highly Confidential Information so that a party may review any Confidential or non-Confidential Information therein.

g.    "**Receiving party**" means any party to these actions and any non-party that receives Confidential or Highly Confidential Information.

2.    *Confidential Designation of Documents.*    Interrogatory answers, responses to requests for admission, Document production, deposition testimony, transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be accorded status as a Document containing Confidential or Highly Confidential Information, but, to the extent feasible, shall be prepared in such a manner that the Confidential or Highly Confidential Information is bound separately from that not entitled to protection. Documents and other things claimed to be or to contain Confidential or Highly Confidential Information shall, prior to production, be marked by the producing party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

Placement of the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation on each protected page or on the initial page of a protected Document when it is produced shall constitute notice and shall designate the Document as Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order. Copies, extracts, summaries, notes, and other derivatives of Confidential or Highly Confidential—Attorneys' Eyes Only material shall also be deemed Confidential or Highly Confidential—Attorneys' Eyes Only material and shall be subject to the provisions of this Stipulated Protective Order. Any third party producing Documents pursuant to a subpoena shall be provided with a copy of this Stipulated Protective Order and shall be permitted to designate any Document or material it produces as containing Confidential or Highly Confidential Information pursuant to the terms of this Stipulated Protective Order.

3. *Subsequent Designation.* A failure to designate materials as Confidential or Highly Confidential at the time of production may be remedied by supplemental written notice by the disclosing party. The disclosing party must notify the receiving party within seven calendar days after discovering that it inadvertently failed to designate the information as Confidential or Highly Confidential. If such notice is given, all discovery materials and testimony so designated shall be subject to this Protective Order as if they had been initially

designated as Confidential or Highly Confidential to the extent that such discovery materials and testimony fall within the definition of Confidential or Highly Confidential Information. Therefore, the receiving party should notify any non-party to whom disclosure was made about the confidentiality designation and endeavor to retrieve such information. No distribution prior to the receipt of such written notice shall be deemed a violation of this Stipulated Protective Order.

4.     *Confidential Information in Depositions.*  In the context of depositions taken in this matter, the following shall apply:

Parties may show deponents any discovery material or information that contains Confidential Information or Highly Confidential Information if the deponent falls within the categories of persons capable of receiving such Confidential or Highly Confidential Information in accordance with Paragraph 1. Additionally, a deposing party may obtain consent of a disclosing party to show a deponent any discovery material or information that contains Confidential Information or Highly Confidential Information, notwithstanding that the person does not fall within the categories of persons capable of receiving such Confidential or Highly Confidential Information.  A disclosing party may designate as Confidential or Highly Confidential any portion of a transcript from a deposition deemed to contain such material.  The disclosing party shall orally advise the court reporter and counsel of record by the end of the deposition that the deposition

potentially contains Confidential or Highly Confidential Information. Within 21 days after receipt from the court reporter of that deposition transcript, the disclosing party shall provide written designations of which portions of the deposition contain Confidential or Highly Confidential Information. During such 21-day period, the parties shall treat the entire transcript according to the potential confidentially designation the disclosing party gave orally by the end of the deposition. After the disclosing party's written designations, the reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions of Confidential or Highly Confidential testimony. Transcripts containing Confidential or Highly Confidential testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential.

5. *Modification of Designation*. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential or Highly Confidential—Attorneys' Eyes Only designation concerning any material it produced.

(b)     If the parties cannot agree as to the designation of any particular information or material after a good faith meet and confer, the receiving party may move the Court to downgrade or eliminate the Confidential or Highly Confidential— Attorneys' Eyes Only designation.  The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential or Highly Confidential Information

6.     *General Access.*

(a)     Confidential Information.     Except as otherwise expressly provided herein, or ordered by the Court, Confidential Information may be revealed only as follows:

    i.     To counsel for a party in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel who are engaged in assisting such counsel in these actions;

    ii.     To the parties in this action solely for use in this litigation;

    iii.     To employees of parties or counsel in this action involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of

such duties in relation to a computerized litigation support system and to employees of third-party contractors performing one or more of these functions;

iv. To court officials involved in this litigation (including district court and appellate court judicial personnel, court reporters, stenographers, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court);

v. To employees of the ADOC entitled to such information strictly in the capacity of their positions or duties within ADOC;

vi. To independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) provided that such experts or consultants must first sign Exhibit A hereto;

vii. To persons noticed for depositions or designated as witnesses at a hearing or trial, to the extent reasonably necessary to prepare or obtain their testimony (although such individuals shall not be permitted to retain any copies beyond the termination of litigation in this matter);

viii. The author, participant, or recipient of a Document, or anyone else who already saw the Document in the ordinary course of his or her employment or other authorized capacity, containing the Confidential Information; and

ix. any court reporter, stenographer or video operator, or professional vendors to whom disclosure is reasonably necessary for these actions; and,

x. Other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party or Court order, provided such persons must first sign Exhibit A attached hereto and provide a copy of the signed form to counsel for the relevant party for maintaining.

(b) Highly Confidential Information. Highly Confidential—Attorneys' Eyes Only. Materials designated Highly Confidential—Attorneys' Eyes Only information shall not be disclosed to anyone other than the following:

i. To counsel for a party in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel who are engaged in assisting such counsel in these actions to the extent reasonably necessary to render professional services in this action;

ii. ADOC employees entitled to receive such material and information strictly in the capacity of their positions or duties within ADOC;

iii. To court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court);

iv. Independent consultants or experts (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel in good faith for the purpose of assisting in this litigation) provided that such experts or consultants must first sign Exhibit A hereto and provide a copy of the signed form to counsel for the relevant party for maintaining; The author, participant, or recipient of a document, or anyone else who already saw the document in the ordinary course of his or her employment or other authorized capacity, containing the Highly Confidential Information; and

v. Other persons, but only upon obtaining written consent (or consent on record at a deposition) of the disclosing party or Court order, provided such persons must first sign Exhibit A attached

hereto and provide a copy of the signed form to counsel for the relevant party for maintaining.

If any party seeks broader disclosure of material designated as Confidential or Highly Confidential—Attorneys' Eyes Only, that party shall meet and confer with the disclosing party prior to bringing the matter to the attention of the Court.

7. *Limited Access to Confidential Information.* Notwithstanding the preceding paragraph, Confidential Information produced by the parties or any third party may be revealed to attorneys employed by the State of Alabama, including any of its agencies or contractors (hereinafter referred to as the "State"), who defend, monitor, and/or oversee cases against the ADOC or ADOC's employees for the limited purposes of monitoring, overseeing, or evaluating this case and to employees of the State entitled to such information by reason of their positions or duties with the State.

8. *Access to State Documents.* Nothing in this Protective Order shall be construed as limiting a disclosing party's use of its own Confidential or Highly Confidential Information.

Nothing herein shall prevent any person employed by the State from possessing, maintaining, or reviewing any Document (not produced by Plaintiff in this matter) or other thing in the possession, custody, or control of the State.

9.  *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential or Highly Confidential Information

10.  *Use in this Litigation Only.*  Confidential Information may be used disclosed or disseminated only as set forth in this order for purposes of this litigation. Persons obtaining access to Confidential Information under this Stipulated Protective Order shall use the information only for preparation and trial of this specific action/litigation in the manner specified above (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings without leave of Court or agreement of the parties.  Each person to whom the disclosure of any Confidential Information is made shall not, directly, or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

11.  *Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to

be discussed, any person not entitled under this Stipulated Protective Order to receive the Confidential Information.

12.   *Finalizing Confidential Documents.*

As soon as practicable, but not more than thirty (30) days after the close of expert discovery, the parties will again meet and confer and exchange lists of additional documents containing Confidential Information each party intends to use in any pre-trial motion and/or during mediation.  No later than twenty-one (21) days before the dispositive motion deadline, the parties will file a motion with the Court requesting an order regarding which, if any, documents, or portions of documents, may be filed under seal.

The Parties may, and are encouraged, to exchange designation lists and move for leave to file under seal in support of dispositive motions as often and soon as possible.

13.   *Filing Under Seal.*  Each Document allowed by the Court to be filed under seal shall be filed under seal consistent with the Court's procedures for filings under seal.    Copies of such Documents served on counsel for other parties shall be marked as Confidential or Highly Confidential—Attorneys' Eyes Only.  Whenever possible, the Party filing under seal any document designated as Highly Confidential-Attorney's Eyes Only shall also serve a redacted copy on the opposing parties for use in this litigation only.  Documents may be filed under seal with prior

leave of court. Exhibits filed under seal should be served on all counsel electronically the same day filed with the clerk of court.

14.     In the event any party wishes to use protected information regarding a person identified in Paragraph 2(b)(i)-(ii) in any affidavit, brief, declaration, memorandum, motion, or other submission to the court in these actions and such affidavit, brief, declaration, memorandum, or other submission is not filed under seal and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as applicable), then such party shall conceal the identity of the subject of the Confidential or Highly Confidential Information by coding such documents to substitute a numerical or other designation for the person's name or other identifying information, or by redacting identifying information. That party shall file under seal an unredacted version of the document to the court and serve an unredacted version of the document on the other parties at the time of filing.

15.     *Use at Court Hearings and Trial.*  This Protective Order does not govern how the court will handle Confidential or Highly Confidential Information at in-court evidentiary hearings and trial.  This Order also shall not prejudice in any way the rights of any party to introduce as evidence at evidentiary hearings or trial any document, testimony, or other evidence subject to this Protective Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other

evidence subject to this Protective Order.  A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at an in-court evidentiary hearing or trial shall bring that issue to the Court's and parties' attention by motion, pretrial memorandum, or other method approved by the Court and disclose the nature of the information without disclosing the particulars of the Confidential or Highly Confidential Information.  The Court will thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.  A party may also offer into evidence at trial Confidential Information for rebuttal or impeachment purposes, provided that the proponent allows counsel for the producing or designating party the opportunity to request in camera review prior to its admission or use.  The Court will then determine whether

the proffered evidence should continue to be treated as Confidential Information and, if so, what protection if any, may be afforded to such information at the trial or hearing.

16. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of confidential Documents. Parties shall not duplicate any document containing Confidential Information except working copies and for filing in Court under seal.

17. *Subpoena by Other Courts or Agencies.* If a receiving party is served with a subpoena or a court order issued in another action or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that receiving party must: (a) notify in writing the disclosing party and provide it with a copy of the subpoena or court order within five (5) days of receipt; (b) promptly notify in writing the person or entity who caused the subpoena or order to issue in the other action or investigation of this Protective Order and provide it with a copy; and (c) cooperate with respect to all reasonable procedures pursued by the disclosing party whose Confidential or Highly Confidential Information may be affected; provided, however, that nothing in this Order is intended to shield otherwise

discoverable information in any case before another court or judicial officer. The disclosing party must notify the receiving party within seven days of receiving the notice and accompanying information if it intends to seek a protective order from the applicable court to avoid disclosure of the Confidential or Highly Confidential Information. If the disclosing party timely seeks a protective order, the receiving party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Information before a determination by the applicable court, unless the disclosing party consents to such production in writing. The disclosing party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Information in the applicable court. If the disclosing party fails to object or seek a protective order from the court within fourteen days of receiving the notice and accompanying information, or such other shorter time as may be required by the applicable court to seek a protective order, the receiving party may produce the Confidential or Highly Confidential Information responsive to the subpoena or court order.

18. *Return After Litigation.* Within sixty (60) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all Documents or material constituting, containing, or reflecting Confidential Information or shall destroy all such Documents and material

(including physical or electronic copies of such Documents and material, if any). The party returning or destroying the confidential Documents or material may retain a log of Documents produced which may identify the individual Documents being returned or destroyed in a manner that does not breach their confidentiality obligations.

Whether the Confidential or Highly Confidential Information or the protected health information is returned or destroyed, the receiving party must submit a written certification to the disclosing party by the 60-day deadline that: (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information and protected health information that was returned or destroyed, and (b) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential or Highly Confidential Information or protected health information.

Notwithstanding anything in this paragraph, counsel for the receiving party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information and protected health information, to the extent required by federal records retention, professional ethical, or other similar obligations. Any such archival copies that

contain or constitute Confidential or Highly Confidential Information and protected health information remain subject to this Protective Order.

## Other Provisions

19.    This Stipulated Protective Order shall serve as a qualified protective order under Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) and its implementing regulations, and shall serve as an order authorizing any health care or mental health care provider, health plan, or other entity covered by HIPAA, to produce to a party's unredacted protected health information, which includes documents and records relating to the past, present, or future medical or mental condition of any individual who is or was an inmate in the custody of ADOC at any time between January 1, 2011 and the trial of this action.  This Stipulated Protective Order authorizes any third-party who receives a subpoena in this action requesting the production of documents or commanding attendance at deposition or trial to disclose the protected health information in response to such request or subpoena.  This Stipulated Protective Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

a.    Sufficient proof for purposes of this Stipulated Protective Order that an individual is or was in ADOC custody shall include a

printout from ADOC's online inmate search database, available at http://www.doc.state.al.us/InmateSearch.

A party serving any such subpoena or other lawful process on a third-party seeking protected health information under this Paragraph 17 shall serve a copy of the subpoena on the other parties in its action at least three business days prior to service of the subpoena on a non-party to the action. Within fourteen (14) calendar days of receiving any subpoenaed protected health information from a non-party to the action, the Receiving Party shall produce a copy of any such protected health information to the other parties to the action.

20. *Not an Admission.* Nothing in this Stipulated Protective Order filed by the parties shall constitute an admission by the party that information designated as Confidential Information or Highly Confidential Information is actually Confidential Information. Furthermore, nothing contained herein and no action taken pursuant to this Stipulated Protective Order shall preclude the parties or any person or entity from raising any available objection or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, irrelevancy, materiality, trial preparation materials, and privilege. Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the

alleged relevancy, admissibility, or discoverability of the confidential Documents and information sought.

21.  *No waiver.*

(a)  Review of the confidential Documents and information by counsel, experts, or consultants for the litigants in the litigation, or *in camera* disclosure to the Court, shall not waive the confidentiality of the Documents or objections to production.

(b)  The inadvertent, unintentional, or *in camera* disclosure of confidential Documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, provided that the party believing the Document or information to be confidential takes prompt, reasonable steps upon learning of the disclosure to inform other parties of the assertion of confidentiality.

(c)  In addition, this Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.  Nothing in this Stipulated Protective Order shall be deemed a waiver of the Plaintiff's or Defendants' right (1) to bring or oppose any subsequent motion for a protective order; or (2) to raise or oppose any objection to the production of materials or Documents in response to requests for discovery or subpoenas in this litigation.

22.   *Miscellaneous.*   This Stipulated Protective Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Stipulated Protective Order may be used to protect the confidentiality of the residential addresses, social security numbers, dates of birth, and any other personally identifying information of the parties, third parties, and of any and all current or former employees of either the parties or their affiliates.

23.   Upon conclusion of this action, the provisions of this Protective Order shall continue to be binding.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of this court.

So stipulated by the Parties, by and through their undersigned counsel.

Dated:  November 6, 2023.

By: */s/ Daniel J. Chism*

William R. Lunsford
Matthew B. Reeves
William J. Cranford
Daniel J. Chism
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
Daniel.chism@butlersnow.com

*Attorneys for Jefferson Dunn, Grantt Culliver, Charles Daniels, Jeffrey Williams, Edward Ellington, Christy Vincent, and Karla Jones*

By: /s/ Caitlin E. Cobb

Caitlin Elizabeth Cobb
William A. Sheehan
C Richard Hill, Jr.
James N. Walter, Jr.
Robert F. Northcutt
William Jackson Britton
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
Telephone: (334) 241-8000
Caitlin.cobb@chlaw.com
Allen.sheehan@chlaw.com
Rick.hill@chlaw.com
Jimmy.walter@chlaw.com
Bob.northcutt@chlaw.com
Jackson.britton@chlaw.com

*Attorneys for Gwendolyn Givens, Anthony Brooks, Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Angela Gordy, William Ragsdale, Antoine Price, Latonya Scott, Tanya Ary, Cynthia Caver, and Perry Wilson*

By: /s/ Megan Pierce

Megan Pierce
Ruth Brown
Quinn Rallins
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**Dagney Johnson Law Group**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I hereby acknowledge that I have reviewed the Confidentiality Order dated _____ in the above-captioned action and attached hereto and I have been designated by _____ as a person who may have access to Confidential or Highly Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case. Having received and read the Order, I agree to comply fully with it and to be bound by its terms with respect to all Documents and information designated as Confidential or Highly Confidential Information under the Order. I agree not to copy any Documents or information that have been designated as containing Confidential or Highly Confidential Information disclosed to me and not to disclose such Documents or information to any person or entity not authorized under the Order to view Confidential or Highly Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 20___.

_____
Name
_____
Address
_____
Employer
_____
Job Title

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CAROL GUY, as representative of the ESTATE OF STEVEN MULLINS,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.: 4:21-cv-264-ACA** |
| **v.** | ) ) | |
| **JEFFERSON DUNN, et al.,** | ) ) | |
| **Defendants.** | ) ) | |

## ORDER

The above agreed upon Confidentiality Stipulation and Protective Order submitted by the parties is hereby approved and entered by the Court.

**DONE** and **ORDERED** this November 8, 2023.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE