IN THE PROBATE COURT OF TALLADEGA COUNTY, ALABAMA

| | |
|---|---|
| ESTATE OF STEVEN ERIC MULLINS, Deceased | * * *    Case No. 2021 - 035 |

## LETTERS OF ADMINISTRATION

Letters of Administration over the Estate of Steven Eric Mullins are hereby granted to Lori Guy Wills who has duly qualified and given bond as such Personal Representative in accordance with the laws of the State of Alabama. Said Personal Representative is granted those powers and duties as set forth in 43-2-843, Code of Alabama, (1975, as amended) as follows:

1. Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

2. Receive assets from fiduciaries, or other sources.

3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:

    (a) Execute and deliver a deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.

    (b) Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.

5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.

6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.

7. Vote stocks or other securities in person or by general or limited proxy.

8. Pay calls, assessments, and other sums chargeable or accruing against or on account of

securities, unless barred by the provisions relating to claims.

9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.

10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.

11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.

12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.

13. Pay taxes, assessments, and other expenses incident to the administration of the estate.

14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.

15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.

17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.

19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death as provided in any of the following:

    a. In the same business form for a period of not more than one year from the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.

    b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.

    c. Throughout the period of administration if the business in incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.

20. Incorporate any business or venture in which the decedent was engaged at the time of death.

21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.

22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the Code of Alabama 1975.

Witness my hand and dated this the 31st day of January, 2024.

_____
CHAD JOINER, Judge of Probate

STATE OF ALABAMA

TALLADEGA COUNTY

I, CHAD JOINER, Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true, correct, and complete copy of the Letters of Administration issued to Lori Guy Wills as Personal Representative of the Estate of Steven Eric Mullins, as the same appears of record in my office, and are still in full force and effect.

Given under my hand and seal of office, this the 31st day of January, 2024.

_____
CHAD JOINER, Judge of Probate

IN THE PROBATE COURT OF TALLADEGA COUNTY, ALABAMA

ESTATE OF  \*
STEVEN ERIC MULLINS,  \*   Case No. 2021 - 035
Deceased  \*

## ORDER GRANTING LETTERS OF ADMINISTRATION

Now on this day comes Lori Guy Wills and presents to the Court a Petition for Appointment of Successor Personal Representative in writing, under oath, praying that Letters of Administration for the Estate of Steven Eric Mullins, Deceased, issue to Lori Guy Wills which petition is examined by this Court and Ordered to be Filed and Recorded; and it appearing to the Court from the allegations contained in this petition, and from the good and sufficient evidence, that Letters of Administration were issued by this Court to Carol L. Guy on February 8, 2021 and that the said Carol L. Guy died on December 7, 2023; that no order of final settlement has been entered and no petition for final settlement of said estate has been filed; that Lori Guy Wills has filed in this Court a bond in the sum of $10,000.00 meeting the terms and requirements of bonds prescribed in the Code of Alabama Section 43-2-852, 1975, as amended; and it further appearing to the satisfaction of the Court that Lori Guy Wills, the said Petitioner, is the sister of the said Steven Eric Mullins, is over 19 years of age, an inhabitant of this State, and a suitable person under the Law and in the estimation of this Court, to serve as Personal Representative and no person having appeared to oppose the granting of LETTERS OF ADMINISTRATION to the said Lori Guy Wills, Petitioner or show cause why the prayer of said Petitioner should not be granted, it is ORDERED that the same be granted.

It is therefore FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the Petition for Appointment of Successor Personal Representative filed by Lori Guy Wills is hereby granted, that LETTERS OF ADMINISTRATION on the estate of said deceased be granted to Lori Guy Wills as Personal Representative, and that she be and hereby is authorized to administer said estate.

It is further ORDERED by this Court that said Personal Representative shall have all the powers, without limitation, and duties to act in transactions as enumerated in Code of Alabama Section 43-2-843 (1975 as amended) as follows:

1. Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

2. Receive assets from fiduciaries, or other sources.

3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:

    (a) Execute and deliver a deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.

    (b) Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.

5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.

6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.

7. Vote stocks or other securities in person or by general or limited proxy.

8. Pay calls, assessments, and other sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.

9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.

10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.

11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.

12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in

any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.

13. Pay taxes, assessments, and other expenses incident to the administration of the estate.

14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.

15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.

17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.

19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death as provided in any of the following:

    a. In the same business form for a period of not more than one year from the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.

    b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.

    c. Throughout the period of administration if the business in incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.

20. Incorporate any business or venture in which the decedent was engaged at the time of death.

21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.

22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the Code of Alabama 1975.

It is further ORDERED by this Court that the aforesaid limitations or additional powers be prominently endorsed upon the face of the LETTERS OF ADMINISTRATION when issued. It is

further ORDERED that the said personal representative proceed without delay to collect and take into possession or control the goods and chattels, money, books, papers and evidences of said decedent's property interests, except the personal property exempted from administration under *Code of Alabama* Section 43-8-11, 1975, as amended and make due return, under oath, to this Court a full and complete inventory thereof within two (2) months.

Done this 31st day of January, 2024.

_____
CHAD JOINER, Probate Judge