# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LORI GUY, as representative of the ESTATE OF STEVEN MULLINS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    CASE NO.: 4:21-cv-00264-ACA |
| JEFFERSON DUNN, et al., | )<br>)<br>) |
| Defendants. | ) |

## ALABAMA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL

The Alabama Department of Corrections ("ADOC"), by counsel, hereby responds to Plaintiff Lori Guy's ("Plaintiff") Motion to File Documents Under Seal ("Motion to Seal") (doc. 110).[1]  ADOC respectfully requests that the Court grant in part and deny in part, Plaintiff's Motion to Seal, for the reasons stated below.

## INTRODUCTION

The Eleventh Circuit reiterated in *Romero v. Drummond* that "[t]he common-law right of access to judicial proceedings . . . includes the right to inspect and copy public records and documents."  480 F.3d 1234, 1245 (11th Cir. 2007) (alteration in original).  "This right of access is not absolute, however. The

---

[1] ADOC is presently preparing filings in response to Plaintiff's Motion to Enforce Subpoena to Alabama Department of Corrections.  (Doc. 111.)

right of access *does not apply to discovery*² and, where it does apply, may be overcome by a showing of good cause." *Id.* (emphasis added). "[T]he need for public access to discovery is low because discovery is 'essentially a private process ... the sole purpose [of which] is to assist trial preparation.'" *Id.* (alteration in original). Some of the relevant factors to consider when sealing a document is whether its public disclosure would "harm legitimate privacy interests, [and] the degree of and likelihood of injury if made public[.]" *Id.* at 1246.

## RESPONSE

Exhibits M, Q, BB, CC, EE, and HH were marked as either "Confidential" or "Highly Confidential" pursuant to the Protective Order (doc. 95), entered in this case, and pursuant to protective orders entered in other litigation. These six documents contain wide-ranging personal and security-sensitive incident report information, internal ADOC security-related meeting minutes, and other correspondence and reports referencing specific safety and security concerns at ADOC facilities. Revealing this information may expose prisoners to retaliation from other prisoners or reveal security features which could be exploited by prisoners. Plaintiff "takes no position" on whether the documents should be sealed in their entirety, while also making no argument that the "confidential" or "highly

---

² While documents "filed in connection with motions to compel discovery are not subject to the common-law right of access[,]" documents filed pertaining to other pre-trial motions are. 480 F.3d at 145.

confidential" designations for these documents should be removed. (Doc. 110 ¶ 2.) In order to preserve the confidentiality of these documents, ADOC requests that the Court maintain these documents under seal in their entirety in considering Plaintiff's Motion to Seal. This result protects the security of ADOC facilities, upholds the Protective Order in this case, and is consistent with Eleventh Circuit Precent that there is no public right to access discovery documents.

ADOC partially agrees with Plaintiff's position regarding redactions to exhibits F, H, I, J, K, L, N, O, R, S, T, U, X, Z, AA, FF, and GG. These documents are correspondence between counsel pertaining to ADOC's production in this case. Plaintiff contends that all prisoner names should be redacted from these documents. (Doc. 110 ¶ 3.) ADOC's position is that the names of the inmates who were subject to the alleged assault (perpetrators and victims) that underlies this case should not be redacted, as that information is already in the public record. However, the names of other prisoners who were not involved in the assaults, and ADOC officials and employees who are not named defendants, should be redacted to protect their privacy and security.[3] All considered, this is a relatively small number of names that would require redacting. ADOC otherwise agrees that the rest of the correspondence can be made available for public inspection.

---

[3] At least one inmate was the victim of an alleged sexual assault.

Plaintiff has already filed Exhibits V and W in the public record in this case without redactions. Exhibit V is a motion to compel filed for joint consideration in three federal cases pertaining to ADOC, and Exhibit W is a response to that motion.[4] As far as undersigned counsel can tell, Exhibit V contains considerable redactions in its publicly available version (doc. 89 in *Miller*), and the body of Exhibit W is entirely redacted (doc. 93 in *Miller*). To the extent those filings in separate litigation are even relevant, they should be filed here consistent with the sealing orders in their respective cases, with the existing unredacted versions of Exhibits V and W stricken from the public record in this case.

ADOC agrees that Exhibit A, B, C, D, E, G, Y, and DD, may be publicly filed in this case, which Plaintiff has already done.

After reviewing Plaintiff's Motion to Enforce Subpoena, ADOC agrees that it may be filed in the public record of this case without redactions.

## CONCLUSION

ADOC respectfully requests that the Court grant in part, and deny in part, Plaintiff's Motion to Seal, consistent with the above.

---

[4] Exhibit V was filed in *Miller v. Thomas*, 4:17-cv-00180-LCB-JEO (N.D. Ala.); *McGregor v. Thomas*, 4:17-cv-00593-LCB-JEO (N.D. Ala.); and *Townsel v. Thomas*, 4:17-cv-00516-LCB-JEO (N.D. Ala.). Exhibit W was filed in only the *Townsel* case.

Dated:      July 18, 2024.

        STEVE MARSHALL
        ATTORNEY GENERAL

        /s/ Daniel J. Wisniewski
        Daniel J. Wisniewski (ASB-2544-P19Q)
        Senior Attorney General
        *Counsel for Alabama Department of Corrections*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130-0152
(334) 353-8023 (T)
(334) 353-8400 (F)
Daniel.Wisniewski@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I certify that I have on this the 18th day of July, 2024, electronically filed the foregoing Response to Plaintiff's Motion to File Documents Under Seal with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to counsel of record.

        /s/ Daniel J. Wisniewski
        Counsel