FILED
2025 Jan-31 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## SOCIAL SERVICE ACTION

NAME **Mullins, Steven** _____ AIS **175255** _____ R&S **WM** _____

INSTITUTION **Holman CF** _____ CUSTODY **Med** _____

ACTION:  Rescind: _____

      Amend: _____

      Transfer: From: _____ To: _____

      Custody: From: _____ To: _____

REASON(S)

**ISRB approval for release to population 5/11/2016.**

**NKE @ Holman Population**

DATE: **5/11/2016** _____

APPROVED: **William DeSpain, Classification Supervisor** _____

N 258

ADOC000001

## SOCIAL SERVICE ACTION

NAME _Mullins, Steve_____ AIS _175255_____ R & S _Min_

INSTITUTION _Holman_____ CUSTODY _Medium_

ACTION:  Rescind: _____

Amend: _____

Transfer: From: _____ To: _____

Custody: From: _____ To: _____

REASON(S)

Release from segregation to population by Warden
Terry Raybon. (Non-ISRB)

DATE: _8/2/16_____

APPROVED: _____

ADOC000002

## SOCIAL SERVICE ACTION

NAME **Mullins, Steven** _____ AIS **175255** _____ R&S **W/M** _____

INSTITUTION **Holman CF** _____ CUSTODY **Medium** _____

ACTION:  Rescind: _____

       Amend: _____

       Transfer: From: _____ To: _____

       Custody: From: _____ To: _____

REASON(S)

**Approved for release by the ISRB on 9/7/16.**

**NKE @ Holman Population**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE: **9/7/16** _____ APPROVED: **Patrick Odom, Classification Specialist** _____

ADOC000003

# SOCIAL SERVICE ACTION

NAME **Mullins, Steven** _____ AIS **175255** _____ R&S **WM** _____

INSTITUTION **Holman Correctional Facility** _____ CUSTODY **Medium** _____

ACTION:  Rescind: _____

            Amend: _____

            Transfer: From: _____ To: _____

            Custody: From: _____ To: _____

REASON(S)

**The Holman Institutional Segregation Review Board has approved the aforementioned inmate for release to**

**population.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE: **10/12/16** _____

APPROVED: **Hayden Sizemore, Classification Specialist**

ADOC000004

## SOCIAL SERVICE ACTION

NAME _MULLINS, STEVEN ERIC_ AIS _175255X_ R & S _W/M_

INSTITUTION _W.C. Holman Correctional_ CUSTODY _Medium_

ACTION: Rescind: _____

Amend: _____

Transfer: From: _W.C. Holman_____ To: _W.E. Donaldson_____

Custody: From: _Medium_____ To: _Medium_____

REASON(S)

Subject was approved for Transfer to W.E. Donaldson
On 1/26/10. Please move as bed space becomes available.

Last disc 3/27/06

ENEMY LIST

1 - Lime
3 - Stcc
1 - UNA
1 - Draper

JAD

DATE: _1/3/11_____                APPROVED: _Penny Herman Class Spec_____

N 258                                                    ADOC000005

## SOCIAL SERVICE ACTION

NAME _Mullins, Steven Eric_ AIS _175255x_          R & S _W/M_

INSTITUTION _W. C. Holman_          CUSTODY _Medium_

ACTION:  Rescind: _Transfer to W.E. Donaldson dated Jan 26, 2010_

Amend: _____

Transfer: From: _____  To: _____

Custody: From: _____  To: _____

REASON(S)

Mullins was approved for a transfer to W.E. Donaldson on January 26, 2010 for family considerations. Since this time he has requested to remain at W.C. Holman due to participation in the Honor Dorm and making positive strides. See letter from Subject to Warden Tony Patterson.

DATE: _2/24/10_          APPROVED: _Ernest Exmon, Class Spec_

N 258          ADOC000006

FEB 9 2011

2-8-11

Warden Patterson/Classification,

I am on transfer to William E. Donaldson to be closer to family. I would like to be taken off transfer. I am doing really good here. I have made a lot of positive changes in my life while at Holman. And am doing good in the Honor Dorm/Faith Based Dorm.

I hope you will take this request into consideration. welcome! Thank You for your time.

Sincerely,

Steve Mullins

Steve Mullins
#175255, E-58

10-4 on staying here.
Forward to your
classification specialist.

Pat
2-8-11

ADOC000007

## SOCIAL SERVICE ACTION

NAME  Mullins, Steven Eric  AIS  175255X  R & S  W/M

INSTITUTION  W.C. Holman Correctional  CUSTODY  Medium

ACTION:  Rescind: _____

Amend: _____

Transfer: From: W.C. Holman  To: W.E. Donaldson

Custody: From: Medium  To: Medium

REASON(S)

Subject was approved for Transfer to W.E. Donaldson
On 1/26/11. Please move as bed space becomes available.

Last Disc  3/27/06

Enemy List

1 - Line
3 - Seg
1 - W/M
1 - D. ___

TRD

DATE:  1/31/11          APPROVED: _____

ADOC000008

## SOCIAL SERVICE ACTION

NAME _Mullins, Steven Eric_ AIS _175255x_          R & S _W/M_

INSTITUTION _W. C. Holman_          CUSTODY _Medium_

ACTION:  Rescind: _Transfer to W. E. Donaldson dated Jan 26, 2010_

Amend: _____

Transfer: From: _____ To: _____

Custody: From: _____ To: _____

REASON(S)

Mullins was approved for a transfer to W. E. Donaldson on January 26, 2010 for family considerations. Since this time he has requested to Remain at W. C. Holman due to participation in the Honor Dorm and making positive strides. See letter from Subject to Warden Tony Patterson.

DATE: _2/24/10_          APPROVED: _Brenda Premer, Clas Spec_

## SOCIAL SERVICE ACTION

NAME **Mullins, Steven**                                              AIS **175255X**                                          R&S **WM**

INSTITUTION **Holman CF**                                              CUSTODY **Medium**

ACTION:   Rescind: _____

        Amend: _____

        Transfer: From: _____   To: _____

        Custody: From: _____   To: _____

REASON(S)

**Approved for release from segregation to population by ISRB.**

**Placed in seg 08/28/12 for poss of cell phone. Release to population.**

**NKE @ Holman**

DATE: **09/27/2012**                                      APPROVED: **William DeSpain, Classification Supervisor**

                                                                                          ADOC000010

Alabama Department of Corrections

# BEHAVIOR CITATION

403C Final

**Incident Report Number:**    SCCF-18-01256

| | | | | | |
|---|---|---|---|---|---|
| **1. Inmate:** | MULLINS, STEVEN ERIC | | **Custody:** MEDIUM | | **AIS:** 00175255X |

**2. Institution:**    ST.CLAIR CORRECTIONAL FAC.                                                    **Disc #:** SCCF-18-01256-6

**3. Bed Nbr:**    C42-1A                                        **Job Assgnmnt:**

**4. The above inmate is being charged by:**    DENT, DERRICK M

**5. With a violation of the following Rule(s):**

   314 - Disorderly conduct

   You inmate Steven Mullins did jam your tray-door lock.

**6. From Administrative Regulation #403, which occured on or about:**

   Sep 21 2018 11:13AM at RHU

   DENT, DERRICK M -- 09/21/2018
   _____
   Citing Employee's Name and Date

**7. I, DENT, DERRICK M, have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate.**

[ ] Counseling / Warning

[ ] Extra Duty for ____ days at ____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for ____ days

[X] Loss of Canteen privileges for 30 days, as of 09/21/2018

[X] Loss of Telephone privileges for 30 days, as of 09/21/2018

[X] Loss of Visiting privileges for 30 days, as of 09/21/2018

[ ] Removal from Hobby Craft

[ ] Recommend Job Change

**Community Based Institutions Only:**

[ ] Draw cut to __ (min $25) for __ days

[ ] Restriction / State Whites for ____ days

[ ] Loss of Passes for ____ days

[ ] Return to Inmate Staff for ____ days

Inmate Refused to Sign                                WALKER, DAVID G -- Served on 21st Day of September, 2018 at 14:57:00
_____                      _____
(Inmate's Signature)                                 Serving Officer Name / Title / Date

**8. After having reviewed this citation and the recommended sanction(s) presented, the following action is approved.**

( X )   Citation and sanction(s) are approved.

(   )   Citation and sanction(s) are approved as modified below:

_____

(   )   Citation and sanction(s) are disapproved.  Submit request to disregard citation.

   Gary Malone  -- 09/21/2018
   _____
   (Warden's / Designee's Name / Date)

**9. Inmate's receipt of completed actions:**    Inmate Refused to Sign
                                                _____
                                                (Inmate's Signature / Date)

**10.  I hereby certify that a completed copy of the foregoing Behavior Citation Report was served on the above named Inmate on this the 22nd day of September, 2018 at 08:52:00**

**11. Serving Officer's Name / Title:**    DENT, DERRICK M

Alabama Department of Corrections

## BEHAVIOR CITATION CONTINUATION SCCF-18-01256-6

403C Final

Distribution:       Original to Central Records Division

                      Copy to: Inmate File, Inmate, Board of Pardons and Parole

ADOC000012

00175255    X        Alabama Department of Corrections                    C-42                    DISC011

## BEHAVIOR CITATION
### 403C Warden Decision

**Incident Report Number:**        SCCF-18-01256

1. **Inmate:**    MULLINS, STEVEN ERIC              **Custody:**    MEDIUM                    **AIS:** 00175255X

2. **Institution:**    ST.CLAIR CORRECTIONAL FAC.                                  **Disc #:** SCCF-18-01256-6
3. **Bed Nbr:**    C42-1A                                        **Job Assgnmnt:**
4. **The above inmate is being charged by:**                          DENT, DERRICK M
5. **With a violation of the following Rule(s):**
    314 - Disorderly conduct
    You inmate Steven Mullins did jam your tray-door lock.
6. **From Administrative Regulation #403, which occured on or about:**
    Sep 21 2018 11:13AM at RHU

                                    DENT, DERRICK M -- 09/21/2018
                                    Citing Employee's Name and Date

**7. I, DENT, DERRICK M, have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate.**

☐ Counseling / Warning

☐ Extra Duty for ____ days at _____ hours per day under supervision _____ Shift

☐ Loss of Outside privileges for _____ days          **Community Based Institutions Only:**

☒ Loss of Canteen privileges for 30 days, as of 09/21/2018          ☐ Draw cut to __ (min $25) for __ days

☒ Loss of Telephone privileges for 30 days, as of 09/21/2018        ☐ Restriction / State Whites for _____ days

☒ Loss of Visiting privileges for 30 days, as of 09/21/2018         ☐ Loss of Passes for _____ days

☐ Removal from Hobby Craft                            ☐ Return to Inmate Staff for _____ days

☐ Recommend Job Change

Inmate Refused to Sign                          WALKER, DAVID G -- Served on 21st Day of September, 2018 at
                                                14:57:00
_____                  _____
(Inmate's Signature)                            Serving Officer Name / Title / Date

**8. After having reviewed this citation and the recommended sanction(s) presented, the following action is approved.**

( X )    Citation and sanction(s) are approved.

( )    Citation and sanction(s) are approved as modified below:
_____

( )    Citation and sanction(s) are disapproved.

_____                  Gary Malone -- 09/21/2018
(Effective Date of Sanction(s))                  (Warden's / Designee's Name / Date)

**9. Inmate's receipt of completed actions:**    *Refuse to Sigh*
                                    (Inmate's Signature / AIS # / Date)

**10. I hereby certify that a completed copy of the foregoing Behavior Citation Report was served on the above named Inmate on this the __ day of ____ , 20__ at (time) ____ (am / pm).**

**11. Serving Officer's Name / Title:**

**Run Date: 9/21/2018 6:32:24 PM**                                              **Page 1 of 1**

                                                          ADOC000013

AIS # : 00175255X          NAME: MULLINS, STEVEN ERIC          RACE: W     SEX: M

*Al account Ved*
*1/26/10, none*
*detainers noted*
*(PHC)*

EARNING STATUS : PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS -          HOLMAN PRISON

RECOMMMENDED CUSTODY IS - _Medium_____     APPROVED CUSTODY IS - *Medium*_____

RECOMMMENDED INST IS - _W. E. Donaldson_____     APPROVED PLACEMENT IS - *W. E. Donaldson*_____

PRESENT WORK     ASSIGNMENT                              NEW WORK ASSIGNMENT

PRIMARY -   _____          _____

SECONDARY -_____          _____

PROGRAM PARTICIPATION -  _____

WAIVER OF CRITERIA REQUESTED FOR - _____

JUSTIFICATION AND COMMENTS -
Mullins, you have completed over 10 years of your LWOP sentence for the conviction of Murder.  Your adjustments have been appropriate this review period.  A request was received for a transfer to W.E. Donaldson for family considerations, however in the past you had enemies listed at Donaldson.  You currentkly have no enemies listed at Donaldson therefore a recommendation is being given at this time for a transfer to W. E. Donaldson for family considerations.  Continue to maintain for future considerations.

_____          _____

_____          _____

*Ben A. Emmen* Class Spe 1/26/10          *Danver Fowler* 1/26/10
CLASSIFICATION SPECIALIST     DATE          CLASSIFICATION CO-ORDINATOR     DATE

*Richard Holywood* LPc 1/26/10          _____
PSYCHOLOGIST          DATE          CENTRAL REVIEW BOARD          DATE

*Dani Patterson*     1-26-10          _____
WARDEN (OR REPRESENTIVE)     DATE          CENTRAL REVIEW BOARD          DATE

*Steven Mullins*     1-26-10          _____
INMATE          DATE          CENTRAL REVIEW BOARD          DATE

ENEMY LIST

1- Limestone

1- Mont Co. Jail

1- UNA

2- St Cl

1- Draper

**ALABAMA DEPARTMENT OF CORRECTIONS**
## CLASSIFICATION SUMMARY

*cla*                                                                    **CLAS001**

---

AIS # : 00175255X                NAME: MULLINS, STEVEN ERIC                RACE: W    SEX: M

EARNING STATUS : PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS -        ST.CLAIR CORRECTIONAL FAC.

RECOMMMENDED CUSTODY IS - _Medium SLV_ APPROVED CUSTODY IS - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

RECOMMMENDED INST IS - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _    APRROVED PLACEMENT IS - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

---

PRESENT WORK        ASSIGNMENT                                    NEW WORK ASSIGNMENT

PRIMARY -    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

SECONDARY - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

PROGRAM PARTICIPATION - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

---

WAIVER OF CRITERIA REQUESTED FOR - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

JUSTIFICATION AND COMMENTS -
APR- Recommend no changes due to LWOP status. Remain Medium SLV.

Inmate Steven Mullins 175255X is serving LWOP for Murder (Subject and a codefendant killed victim by luring victim to a remote area of Clay County. Subject used a pocket knife to cut the victim's throat and stab the victim in the ribs twice. Subject and codefendant put victim in the trunk of his own car and transported the victim to a wooded area off Coosa County Road. Subject let victim out of the trunk. The victim knocked the subject to the ground, got in the driver's seat and tried to escape. Subject pulled victim from the vehicle by his legs and beat the victim about the head until the victim expired. The subject and codefendant placed the victim's body on a fire started with kerosene and tires.). Subject has priors for Assault III, Burglary III, Forgery II, traffic violations and a DUI. No detainers, no sex crimes and no escapes noted.

Subject received a Behavior Citation 9/21/2018 for Disorderly Conduct. Subject has no certificates this review period. Subject is not currently assigned to a job. HC-1/MH-0. Last Action: 1/25/2018- No change.

---

_S Walta_ _2/5/19_                                    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
CLASSIFICATION SPECIALIST        DATE                CLASSIFICATION CO-ORDINATOR        DATE

_Gerald E. D. C. PhD_ _2/5/19_                        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
PSYCHOLOGIST        DATE                            CENTRAL REVIEW BOARD        DATE

_Amy Br_ _2-9-19_                                    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
WARDEN OR REPRESENTIVE        DATE                    CENTRAL REVIEW BOARD        DATE

_Refused_                                            _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
INMATE        DATE                                    CENTRAL REVIEW BOARD        DATE

---

ADOC000015

# Alabama Department of Corrections
# St. Clair Correctional Facility

## RECLASSIFICATION FOR CONTINUED CONFINEMENT IN
## ADMINISTRATIVE RESTRICTIVE HOUSING

**8/13/2018**

Inmate name: Steven Mullins Race/AIS: W/175255

Custody: Medium

The aforementioned inmate is being reclassified for continued confinement in Administrative Restrictive Housing without change to custody or security level for the following reason:

☐  The inmate has a validated enemy or enemies presently assigned to general population at St. Clair Correctional Facility. The inmate will remain in Administrative Restrictive Housing until transferred to an enemy free institution or until the enemy situation changes.

☒  The inmate was placed in Administrative Restrictive Housing following claims that he was incapable of residing in general population due to: unknown enemies.

☐  Inmate was placed in Administrative Restrictive Housing on Click here to enter a date. for Click here to enter text.. Warden Click here to enter text. has advised that the inmate's placement in general population at St. Clair Correctional Facility would pose significant safety and security concerns for staff and other inmates. The inmate will remain in Administrative Segregation at the Warden's discretion.

Other comments: According to IR SCCF-18-00891, inmate Steven Mullins approached Sgt. Phillip Dixon and stated that he could not live in population for fear of his life by unknown inmates. Inmate Mullins presented with bruises on his face.

The Classification Committee concurs that the aforementioned action is appropriate for inmate Steven Mullins at the present time.

_Jenetha Walta_____          _A. Bell_____
Classification Specialist Choose an item.          Classification Specialist Supervisor

_Ronald E. A. Pratt II_____
Psychologist Associate II

_____
Warden

I do not wish to claim anyone
as an enemy. _Steve Mullins_
            inmate

_Steve Mullins_____
            Inmate

ADOC000016

told I owe some guy 10 Tops who I don't know. And don't owe. Was beat up twice sunday. I fear for my life. And am tired of feeling unsafe.

Steve Mullins
#175255
7-17-18

ADOC000017




# State of Alabama
# Department of Corrections

St. Clair Correctional Facility
1000 St. Clair Road
Springville, Alabama  35146
(205) 467-6111

Kay Ivey
**GOVERNOR**

Jefferson S. Dunn
**COMMISSIONER**

___3/22/2018_____
(Date)

To:      _____Dewayne Estes, Warden III_____
(Institutional Warden)

From: __Lt. Antoine Price_____
(Security Supervisor)

Re:    Admission of Inmate to Administrative Segregation for
Investigation/Protective Custody/Psychological Reason(s)

On this date at    10:30pm          Inmate   Steven Mullins          R/S   W/M
AIS#    175255                 was placed in the Segregation Unit for the reason(s) indicated:

( )    Administrative Segregation pending disciplinary action for a departmental or institutional
Rule violation.

( )    Administrative Segregation pending an Enemy Validation Committee's decision for
placement in Protective Custody.

)   You requested voluntary placement in segregation and stated that you feared for your life in
population due to a ( ) **sexual assault incident and/or ( ) sexual harassment incident**. In
accordance with PREA Standard §115.43 (e), every 30 days, the facility shall afford such inmates a
review to determine whether there is a continuing need for separation from the general population.

( X )   Investigation status pending          _____transfer from Holman Prison   _____

( )  For Psychological reason(s).
The recommending official, or arresting officer, must initiate due process for reason(s) indicated above no
later than DATE:                TIME:               since the inmate's status must be reviewed within
72 hours, excluding weekends and holidays from the date and time he/she is admitted to segregation.

If this inmate has not been served a disciplinary, a decision from the Enemy Validation Committee or
completion of a psychological evaluation within the 72 hour period, his/her status must be reviewed by the
Warden/designee. The inmate will be informed as to why this segregation status is extended

_____
(Inmate's Signature)

Distribution:  Inmate Database, Captain's Office, Segregation Unit          ADOC Form 433-A-March 7, 2016

*Let Manage*

AIS # : 00175255X          NAME: MULLINS, STEVEN ERIC          RACE: W   SEX: M

*Account Ved*
*1/26/10, no new*
*detainers noted*
*(PAC)*

EARNING STATUS : PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS -     HOLMAN PRISON

RECOMMMENDED CUSTODY IS - *Medium*          APPROVED CUSTODY IS - *Medium*

RECOMMMENDED INST IS - *W. E. Donaldson*     APPROVED PLACEMENT IS - *W. E. Donaldson*

PRESENT WORK     ASSIGNMENT                              NEW WORK ASSIGNMENT

PRIMARY -  _____            _____

SECONDARY - _____           _____

PROGRAM PARTICIPATION  - _____

WAIVER OF CRITERIA REQUESTED FOR - _____

JUSTIFICATION AND COMMENTS  -
Mullins, you have completed over 10 years of your LWOP sentence for the conviction of Murder.  Your adjustments have been appropriate this review period.  A request was received for a transfer to W.E. Donaldson for family considerations, however in the past you had enemies listed at Donaldson.  You currently have no enemies listed at Donaldson therefore a recommendation is being given at this time for a transfer to W. E. Donaldson for family considerations.  Continue to maintain for future considerations.

_____            _____

_____            _____

*Ben A. Emmen  Class Spec 1/26/10*          *James Powen 1/26/10*
CLASSIFICATION SPECIALIST     DATE           CLASSIFICATION CO-ORDINATOR     DATE

*Richard Holford LPC 1/26/10*
PSYCHOLOGIST               DATE              CENTRAL REVIEW BOARD          DATE

*Jane Patterson  1-26-10*
WARDEN OR REPRESENTIVE     DATE              CENTRAL REVIEW BOARD          DATE

X *Steve Mullins   1-26-10*
INMATE                     DATE              CENTRAL REVIEW BOARD          DATE


ENEMY LIST

1- Limestone

1- Mont Co. Jail

1- UNA

2- StCl

1- Draper

## INMATE CLASSIFICATION SECURITY LEVEL

### AIS : 00175255X

| | | |
|---|---|---|
| I. | **Security Level indicated by score.** | 2 |
| II. | **Recommended Security Level.** | 5 |

**Security Restrictions:**   LWOP or death

### Comments:

| | |
|---|---|
| Institution Recommendation | Mullins, you have completed over 10 years of your LWOP sentence for the conviction of Murder. Your adjustments have been appropriate this review period. A request was received for a transfer to W.E. Donaldson fro family considerations, however in the past you had enemies listed at Donaldson. You currentkly have no enemies listed at Donaldson therefore a recommendation is being given at this time for a transfer to W. E. Donaldson for family considerations. Continue to maintain for future considerations. |
| Psych Associate Review | Inmate Mullins has a high school diploma but has not finished programs that he started. Other than that His behavior has been very appropriate. Transfer is appropriate. RIchard Holbrook |
| Warden Review | I have known Steve Mullins for several years. At this point he appears to have matured somewhat and has not been getting into inappropriate behavior. Mullins has always been respectful to me. I agree with the recommendation and consideration for transfer to Donaldson for family tie. |
| | TPat |

| Title | Custody | Sec Lvl | Date |
|---|---|---|---|
| **Specialist Final Review And Submission** | MEDIUM | 5 | |

## APPROVED INSTITUTIONS

WILLIAM E. DONALDSON CORR. FAC

ADOC000020

MAY. 19, 2000                    ST. CLAIR CORR FACILITY                    INVISI
                    INMATE AND ACTIVE/INACTIVE VISITORS                    PAGE:

AIS# 175055   NAME: MULLINS, STEVEN                    RACE: W   SEX: M   BED: H1A315
============================================================================

SEQ#: 1   NAME: KELLI VICKERS                    TYPE - V/F/B: B
ADDRESS: ███████████████████              STATUS:  SOC.SEC. #: ████████
                                                   CATEGORY:     APPR: 05/19/200
COMMENTS: DOB: ███████████                RELATION: SISTER
                                                            PHONE: ████████
----------------------------------------------------------------------------

SEQ#: 03   NAME: CAROLYN WATSON                    TYPE - V/F/B: B
ADDRESS: ████████████████              STATUS:  SOC.SEC. #: ████████
                                                   CATEGORY:     APPR: 05/19/200
COMMENTS: DOB: ████████████               RELATION: FEMALE-FRIEND
                                                            PHONE: ████████
----------------------------------------------------------------------------

ADDITIONAL COMMENTS_____

_____

ADOC000021

MAY. 19, 2000                ST. CLAIR CORR FACILITY                        INVIS2
                    INMATE AND ACTIVE/INACTIVE FUNDS                        PAGE:   1

INST INDIVS   NAME: MULLINS, STEVEN              RACE: W  SEX: M  BED: H1A:15
===========================================================================
                                                TYPE - V/F/B:  B
SEQ#: 01   NAME: KELLI VICKERS                   SOC.SEC. #:         ████
ADDRESS:        █████████████████        STATUS:    CATEGORY:       APPR: 05/19/2000
                                                RELATION: SISTER
COMMENTS: DOB: ███████                                    PHONE: ████████
---------------------------------------------------------------------------
                                                TYPE - V/F/B:  F
SEQ#: 02   NAME: TONIA MINOR                     SOC.SEC. #:    ████████
ADDRESS:        ████████████████         STATUS:    CATEGORY:       APPR: 05/19/2000
                                                RELATION: FRIEND/SISTER????
COMMENTS: DOB: ██████    **NEED PROOF AS SISTER**        PHONE: ████████
---------------------------------------------------------------------------
                                                TYPE - V/F/B:  B
SEQ#: 03   NAME: CAROLYN WATSON                  SOC.SEC. #:    ████████
ADDRESS:        ███████████████         STATUS:    CATEGORY:       APPR: 05/19/2000
                                                RELATION: FEMALE-FRIEND
COMMENTS: DOB: ████████                                   PHONE: ████████
---------------------------------------------------------------------------

ADDITIONAL COMMENTS_____

_____

ADOC000022

```
AIS: 00175255X   MULLINS, STEVEN ERIC              R/S: WM    DOB: ████████
INST: 003 - HOLMAN PRISON            SC    DORM: SC      BLOCK: D CELL: 02
OBF: 002A - MURDER                                        NCIC OFF: 0900

 1. ADMIT     DT: 08/06/1999 02 COMMIT CNTY : 19 COSA    MENTAL HEALTH: HIST
 2. RELEASE   DT:              00-INCARCERATED           JAIL CREDIT  : 0000
 3. SENTENCE  DT: 08/06/1999                             STAT CODE    : 51
 4. LONG RLS  DT: 99/99/9999     TIME SERVED : 006Y05M05D  YOUTH OFF  : A
 5. MIN RLS   DT: 99/99/9999     DEAD TIME   : 000Y00M00D  PR INC LOC : 00
 6.                              TOT GT REC'D: 000Y00M00D  PRIM JURIS : 0
 7. RECAPTURE DT:                TOT GT RVK'D: 000Y00M00D  SECURITY LVL : 5
 8. READMIT   DT:                GT BALANCE  : 000Y00M00D  446 SENT/SERV: Y Y
 9. RETRO CIT DT:                TOTAL TERM  : 999Y99M99D  TRANSFER CNT : 26
10. GEN PROG  DT: 01/14/2006                             DISCIP   CNT : 7
11. TOLL      DT:                SERVING CASE: 1999 000036  DET/WAR CNT : 0
12. 446 CLASS DT: 08/06/1999     S I D  NBR : 01260326    ENEMY    CNT : 6
13. COMP      DT: 02/09/2004     R E D  NBR : 000000      DENY SIR :
14. LST TRAN  DT: 01/09/2006     S S N  NBR *: ████████   DENY PDL :

15. CURR CUST DT: 07/12/2005     CUST CODE   : 29 MED9    CUST RETAIN :
16. PRES  HRG DT:                PRES   PRL DT: 77/7777   PRES  HRG DEC: 00
17. PRIOR HRG DT:                PRIOR  PRL DT: 00/0000   PRIOR HRG DEC: 00
    COMMENTS:                                            *PAGE* ARCH: N
```

ADOC000023

SRCP SCANNED



*C\*68\*A*

# STATE OF ALABAMA
# DEPARTMENT OF CORRECTIONS
## W.C. Holman Correctional Facility

Date          : *July 9, 2007*

From          : *Ms. Emmons, Classification Specialist*

Inmate.       : *Mullins, Steven Eric*

AIS           : *W / 175255X*

Re            : *Semi – Annual Review*

*I have reviewed your file and have recommended the following:*

*Restoration of Good Time* _____

*IGT* _____

*Transfer* _____          *To* _____

*Custody* _____          *To* _____

*No change* *XXX.*

*Serving LWOP, there are no detainers, escapes or sex crimes noted in your jacket. Currently you are assigned to the shower clean up crew in your housing unit on 3rd shift. Adjustments have been appropriate this review period, continue to maitain for future considerations. Attendance to programs of intrest is advised.*

CC:    *Inmate*
       *Institutional File*
       *Central Records File*



SRCP SCANNED

D*3*64*T

## STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
### W.C. Holman Correctional Facility

DATE : July 5, 2006

FROM : MS. EMMONS, CLASSIFICATION SPECIALIST

INMATE : MULLINS, STEVEN ERIC

AIS : 175255X

REF : SEMI – ANNUAL REVIEW

I HAVE REVIEWED YOUR FILE AND HAVE RECOMMENDED THE FOLLOWING:

RESTORATION OF GOOD TIME          _____

IGT                               _____

TRANSFER                          _____          TO _____

CUSTODY                           _____          TO _____

NO CHANGE                         XXX.

SERVING A LWOP SENTENCE FOR THE CONVICTION OF MURDER - CAPITAL - KIDNAPPING.  THERE ARE NO DETAINERS, ESCAPES OR SEX CRIMES NOTED IN JACKET.  TRANSFER TO HOLMAN ON 08/18/2008 FROM DONALDSON CORRECTIONAL FACILITY.  CURRENTLY YOU ARE ASSIGEND TO DORM 3 SHOWERS 3 RD SHIFT.  YOU HAVE POSITIVE WORK REPORTS LISTED IN YOUR JACKET FROM THE KITCHEN DATED 03/20/2006 AND 05/10/2006.  YOUR ADJUSTMENTS HAVE BEEN APPROPRIATE THIS REVIEW PERIOD, CONTINUE TO MAINTAIN FOR FUTURE CONSIDERATIONS.

CC:     INMATE
        INSTITUTIONAL FILE
        CENTRAL RECORDS FILE

ADOC000025

  

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
**Holman Correctional Facility**

Holman Prison
Holman 3700
Atmore, Alabama 36503

Telephone: 251-368-8173

# CONDITIONAL RELEASE FROM SEGREGATION

I, <u>Steven Mullins</u>, AIS# <u>175255X</u>, understand that I'm being released from segregation under the following condition:

 In the event I receive a disciplinary, citation or if I'm involved in any incident or infraction that warrants confinement during the next <u>180</u> days, I understand I will be placed back into segregation without another due process hearing. I do understand that this <u>180</u> day period is probationary time.

 I acknowledge this agreement with my signature, and make the following agreement on my own free will without coercion, promises, or threats from any official of this institution.

_James Powell_ 12/22/05   _Steve Mullins_ 175255X
Witness          Inmate's Signature

Probationary period begins <u>12-3-2005</u> and will expire <u>6-3-2006</u>.

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
## WILLIIAM E. DONALDSON CORRECTIONAL FACILTY
100 WARRIOR LANE
BESSEMER, AL 35025
PHONE 205-436-3681
FAX 205-436-3399

**BOB RILEY**
GOVERNOR

**DONAL CAMPBELL**
COMISSIONER

_7-25-2005_
DATE

## MEMORANDUM

FROM;        DOUGLAS B. ROUNTREE, CLASSIFICATION SPECIALIST

TO       _Mullins STEVEN Eric 6-39    175255_
                    INMATE NAME                          AIS#

REF;        SEMI-ANNUAL REVIEW

A semi-annual review was held for you. It has been recommended that you remain in
_____Medium HS_____custody.  The decision is based on:

_LWOP can only go to medium, 2 enemies in DONALDSON_

_population requires admin seg. — Transfer request to_

_enemy free camp at next P.R. - review for rotation._

Your next scheduled annual progress review will be held:_____1-0 6_____

ADOC000027

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
### WILLIIAM E. DONALDSON CORRECTIONAL FACILTY
100 WARRIOR LANE
BESSEMER, AL 35025
PHONE 205-436-3681
FAX 205-436-3399

**BOB RILEY**
GOVERNOR

**DONAL CAMPBELL**
COMISSIONER

_July 7 2004_
DATE

# MEMORANDUM

FROM;          DOUGLAS B. ROUNTREE, CLASSIFICATION SPECIALIST

TO          _Mullins Steven S1-12_          _175 2554_
          INMATE NAME          AIS#

REF;          SEMI-ANNUAL REVIEW

A semi-annual review was held for you. It has been recommended that you remain in
_____Maximum_____custody.  The decision is based on:

_LWOP inmate with assault with weapon requires 12 months_

_Max custody. You have 6 months in Max_

_____

_____

_____

_____

Your next scheduled annual progress review will be held:_____1/05_____

ADOC000028



STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

### WILLIAM E. DONALDSON CORRECTIONAL FACILITY
**100 WARRIOR LANE**
**BESSEMER, AL 35023**
Phone: (205) 436-3681  Fax: (205) 436-3399

_August 14, 2002_
DATE

## MEMORANDUM

**FROM:** Ms. Nekitris Estelle, Donaldson Correctional Facility—Classification Dept.

**TO:** _Mullins, Steven Eric_     _175255X_
Inmate's Name                    AIS#

**REF:** Semi-Annual Review

A semi-annual review has been held for you.  It has been recommended that you remain in _Medium_ custody.  This decision is based on: _LWOP inmates are ineligible for anything less than Medium._

Your next scheduled review will be held: _March 2003_

ADOC000029



**STATE OF ALABAMA**
### DEPARTMENT OF CORRECTIONS

DON SIEGELMAN
GOVERNOR

MICHAEL W. HA
COMMISSIONE

## WILLIAM E. DONALDSON CORRECTIONAL FACILITY
### BESSEMER, AL 35023

27 September 2000
DATE

## MEMORANDUM

**FROM:** Ms. Michele Bailey, Donaldson Correctional Facility—Classification Dept.

**TO:** _Mullins, Steven_ _175053X_
Inmate's Name                                      AIS#

**REF:** Semi-Annual Review

A semi-annual review has been held for you. It has been recommended that you remain in _medium_ custody. This decision is based on: _You LWOP sentence makes you ineligible for any other custody reduction._

Your next scheduled review will be held: _March 2001_

ADOC000030



**STATE OF ALABAMA**
## DEPARTMENT OF CORRECTIONS

**DON SIEGELMAN**
GOVERNOR

**MICHAEL W. HALEY**
COMMISSIONER

August 11, 2000

**TO:**  Billy Mitchem, Warden III

**FR:**  Institutional Segregation Review Board

**RE:**  Recommendation for Release of Inmate **Steve Mullins W/175255X** From Seg

- Inmates in segregation were seen by the Institutional Segregation Review Board on **Tuesday, August 8, 2000** and **Thursday, August 10, 2000**.
- Board members were:

> **Billy Mitchem – Warden III**
> **Richard A. Carter – Captain**
> **Lieutenant F. Freeman – Segregation Commander**
> **R. Robinson – Classification Specialist**
> **Bill Lindsey – Chaplain**

- Comments:

> **Inmate Mullins was placed in Seg at St. Clair for being victimized by (4) four inmates. This incident occurred in March 1999. Inmate Mullins was received at William E. Donaldson in July 2000. Inmate Mullins did not receive any disciplinary action, as it was determined that the suspects perpetrated the incident against inmate Mullins. Inmate Mullins was transferred to William E. Donaldson because he listed the suspects as enemies, preventing his return to St. Clair population.**

- The Institutional Segregation Review Board recommends releasing the inmate to population on one hundred eighty (180) days probation.

_____          8/16/00          ☑ Approved          ☐ Denied – I will reconsider on ___/___/___
Billy Mitchem – Warden III            Date                                                                        Date

I acknowledge by my signature below that I have no enemies in population and that I can live in William E. Donaldson population without problems.

_____          8-11-00
Steve Mullins 175255               Date

_____          Aug 11, 2000
Witness                            Date

ARCP SCANNED

AIS# 175255X    NAME Mullins, Steve Eric    RACE W    SEX M

EARNING STATUS 9                                          APR 0 8 2008

RECOMMENDED CUSTODY Medium    APPROVED CUSTODY _____

RECOMMENDED INST Holman Correctional Facility    APPROVED INST *W.C. Holman*

| PRESENT WORK ASSIGNMENT | NEW WORK ASSIGNMENT |
|---|---|
| PRIMARY - _____ | _____ |
| SECONDARY - _____ | _____ |
| PROGRAM PARTICIPATION - _____ | |

WAIVER OF CRITERIA REQUESTED FOR - _____

JUSTIFICATION AND COMMENTS – Mullins is serving a LWOP sentence, you have requested a transfer to W. E. Donaldson for family considerations, however at this time there are enemies at all major camps.  Enemy at Holman is in Administrative Segregation, enemy at St. Clair is in population and enemy at W. E. Donaldson is in population.  No changes at this time, will continue to review for changes in the status of enemies.  Continue to maintain.

| | |
|---|---|
| _signature_ 4/1/08 | _signature_ 4/2/08 |
| CLASSIFICATION SPECIALIST    DATE | CLASSIFICATION CO-ORDINATOR    DATE |
| _signature_ 4/1/08 | |
| PSYCHOLOGIST    DATE | _____    _____ |
| | CENTRAL REVIEW BOARD    DATE    APR 0 3 ENT'D |
| _signature_ 4/1/08 | |
| WARDEN OR REPRESENTATIVE    DATE | _____    _____ |
| | CENTRAL REVIEW BOARD    DATE |
| _signature_ 4-1-08 | |
| INMATE    DATE | _____    _____ |
| | CENTRAL REVIEW BOARD    DATE |

ADOC000032

## INMATE CLASSIFICATION SECURITY LEVEL

**Name**   MULLINS, STEVEN ERIC                           **Number :**   00175255

**Classification Specialist :**   docal\penny.emmons                  **Date :** 01/18/2008

| History of Institutional Violence | 5 |
|---|---|
| Assault with either a weapon or serious injury but not both | Score |

*Override Reason : Mullins was involved in mutual combat with another inmate, Mullins used a prison made weapon, causing puncture wounds to the victim. The fight was over a debt that th evictim owed to Mullins.*

| Did above assault occur within last 6 months | 0 |
|---|---|
| No | Score |
| Severity of current offense | 6 |
| Highest | Score |
| Prior Assault Offense History | 0 |
| None, Low, or Low/Moderate | Score |

| **TOTAL** | 11 |
|---|---|
| | **Total Score** |

## INMATE CLASSIFICATION SECURITY LEVEL

| I.  Security Level indicated by score. | 5 |
|---|---|
| II.  Recommended Security Level. | 5 |

**Security Restrictions:**   LWOP or death

### Comments:

**Institution Recommendation**   Subject request to transfer to W. E. Donaldson for family considerations, however subject has an enemy at all major camps at this time.  Enemy at Holman is currently in AS, Enemy at St. Clair is in pop and enemy at W. E. Donaldson is in population.  No changes at this time.

**Psych Associate Review**   LWOP inmate eligible for Mental Health Workshops available at Holman. Continue Holman placement. Anger Management, substance abuse treatment, N.A and other workshops are recommended for his participation.

**Warden Review**   Inmate Mullins is currently serving a LWOP sentence. Because of the current enemy situation he will not be considered for a transfer to Donaldson or St. Clair.  Properly assigned at this time.

| Title | Custody | Sec Lvl | Date |
|---|---|---|---|
| **Specialist Final Review And Submission** | MEDIUM | 5 | 02/10/2008 |

### RECOMMENDED INSTITUTIONS

HOLMAN PRISON

ADOC000033

AIS#: 00175255X    NAME: MULLINS, STEVEN ERIC    RACE: W    SEX: M

EARNING STATUS:    PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS-RECC

RECOMMENDED CUSTODY IS-CLOSE    APPROVED CUSTODY IS-.. Close

RECOMMENDED INST IS-.. Holman    APPROVED PLACEMENT IS-Weff-Evclo

---

PRESENT WORK    ASSIGNMENT    NEW WORK ASSIGNMENT

PRIMARY-

SECONDARY-

PROGRAM PARTICIPATION-

---

WAIVER OF CRITERIA REQUESTED FOR-

JUSTIFICATION AND COMMENTS-A 25 year old Recidivist
Sentenced to L.W.O.P for Murder (Reduced)
from capital murder - Kidnapping). Priors = 93-
Burglpre - Mtg/Veph ... Burglary TTT - 5yrs.
Legal Resid. Childersbug Al. Recommend close
custody at Holman.

---

_David Moud_  9/13/99
CLASSIFICATION SPECIALIST    DATE

PSYCHOLOGIST    DATE

_Hubert Dyson_  Cott 9/14/99
WARDEN IX REPRESENTATIVE    DATE

_Steve Mullins_  9-13-99
INMATE    DATE

CLASSIFICATION CO-ORDINATOR    DATE

_illegible signature_
CENTRAL REVIEW BOARD    DATE

_illegible signature_  9/16/99
CENTRAL REVIEW BOARD    DATE

CENTRAL REVIEW BOARD    DATE

ADOC000034

N078
09/91

SCANNED

# INITIAL INMATE CLASSIFICATION
## SECURITY LEVEL

Name _Mullins, Steven E._    Number _175255X_    _WM_
     Last    /   First     Middle

CLASSIFICATION SPECIALIST # _076_    DATE _9_, _13_, _99_

**1. HISTORY OF INSTITUTIONAL VIOLENCE**

    _02_ Score

    (Jail or prison, code most serious within last five years)
None .......................................................................... 0
Assault not involving use of a weapon or resulting in serious injury ............................. 3
Assault either weapon or serious injury but not both .................... 5
Assault involving use of a weapon and/or resulting in serious injury or death .................... 7

**2. SEVERITY OF CURRENT OFFENSE**
(Refer to the Severity of Offense Scale. Score the most serious offense of there are multiple
convictions.)

    _6a_ Score

Low ........................................................................... 0
Low/Moderate ................................................................. 2
Moderate ..................................................................... 3
High ......................................................................... 4
Highest ..................................................................... (6)

**3. PRIOR ASSAULTIVE OFFENSE HISTORY**
(Score the most severe in inmate's history. Refer to the Severity of Offense Scale.)

    _02_ Score

None, Low, or Low/Moderate ..................................................... 0
Moderate ..................................................................... 2
High ......................................................................... 4
Highest ...................................................................... 6
Deduct 1 point from "Highest" Level if more than 5 years ago of free world time ................. –1

**4. ESCAPE HISTORY (Rate last 5 years of incarceration)**

    _0 or_ Score

No escapes or attempts (or no prior incarcerations) .............................................. –3
An escape or attempt from or equivalent of minimum or community based facility,
    no actual or threatened violence.
Over 1 year ago .............................................................. 1
Within the last year ......................................................... 1
An escape or attempt from equivalent of a level III or
    higher facility or an escape from minimum or community
    facility custody with actual or threatened violence:
Over 1 year ago .............................................................. 5
Within the last year ......................................................... 7
2 or more within 5 years ..................................................... 8

TOTAL (add items 1 through 4)

    _6_ TOTAL

If score is 10 or over, use Schedule A. If score is under 10, complete the items 5-9.

Entered Terminal
Date _8/6/99_ By

CR-1078
09/91

*Mullins, Steve d*
*175255X*

SCANNED

# INITIAL INMATE CLASSIFICATION
# SECURITY LEVEL

**5. TIME TO EARLIEST RELEASE**                                             *5a*
0-6 months ............................................................. 0    Score
7-12 months ........................................................... 1
13-24 months .......................................................... 3    *LWOP*
25-36 months .......................................................... 4
More than 36 months .................................................. (5)

**6. ALCOHOL/DRUG ABUSE**                                                   *03a*
None .................................................................. 0    Score
Abuse causing occasional legal and social adjustment problems ........ 1
Serious abuse, serious disruption of functioning ..................... (3)

**7. CURRENT DETAINERS (Score most serious)**                              *0a*
None .................................................................. 0    Score
Notification Only ..................................................... 0
Notification only when out-of-state sentence exceeds Alabama time to serve ... 1
Felony ................................................................ 2
Felony with extradition initiated or sentence to serve on release from Alabama ... 4

**8. PRIOR FELONY CONVICTIONS**                                            *2a*
None .................................................................. 0    Score
One ................................................................... (2)
Two or more ........................................................... 4

**9. STABILITY FACTORS (check appropriate box(es) and combine score)**     *−1a*
Age 35-39 ....... (−2) ................................................ −2   Score
Age 40 or over ........................................................ −3
H.S. diploma or GED ....... (−1) ..................................... (−1)
Verified employment full or part time 6 months or longer with same employer
        at time of arrest ............................................. −2

TOTAL (Add items 1-9) Use Schedule B                                       *13*
                                                                           Total
                                                                           Score

Entered Terminal *01-15-91* By
Date
ADOC000036

SN078
09/91

*[handwritten: seven) slevers 1752 556]*

# INITIAL INMATE CLASSIFICATION
# SECURITY LEVEL

I.   Security Level indicated by point score _____ *Y*

II.  Recommended Security Level _____ *5*
     If I and II differ, give institutional special security level consideration(s).

| *22* | *Close custody - wop status)* | | |
|------|-------------------------------|------|--------|
| Code | Reason | Code | Reason |

| | | | |
|------|--------|------|--------|
| Code | Reason | Code | Reason |

III. Recommended Institution(s)

1.  *Holman*                    2. _____
     If security level of institution(s) is inconsistent with recommended security level, list Special Institutional
     Placement Considerations.

| 1. | | 2. | |
|------|--------|------|--------|
| Code | Reason | Code | Reason |

## CENTRAL REVIEW BOARD

_____                          _____
Approved Security Level         Reason(s) (if different from security level by score)

_____                          _____
Signature                       Date

_____                          _____
Approved Security Level         Reason(s) (if different from security level by score)

_____                          _____
Signature                       Date

_____                          _____
Approved Security Level         Reason(s) (if different from security level by score)

_____                          _____
Signature                       Date

CP940                    STATE DEPARTMENT OF CORRECTIONS

INITIAL            CLASSIFICATION SUMMARY            DATE-09/03/99

AIS#: 00175255R     NAME: MULLINS, STEVEN ERIC            RACE: W   SEX: M

DATE OF BIRTH: ███████        PLACE OF BIRTH: ALABAMA
                         ████████████  Sister

INSTITUTION: RCC                                    CITIZENSHIP: YES

PAROLE CONSIDERATION DATE: 00/00              SSN: ███████
                         ████████████        02 Graphs +
ALIAS: GUY, STEVEN E                          DL - NO

ALIAS: MULLINS, STEVEN E

EMERGENCY ADDRESS: ██████████████████████████      AL

HAIR: BRO       EYES: BLU       HEIGHT: 5FT 011N   WEIGHT: (200LBS)

CURRENT CUSTODY: QUR9           HIGHEST GRADE LEVEL COMPLETED: (12)

PRIMARY OCCUPATION: ~~LABORER - GENERAL~~

SECONDARY OCCUPATION: 999 - unemployed.

MIN RELEASE DATE: ** LWOP **       LONG RELEASE DATE: ** LWOP **

-------------------------------------------------------------------

CURRENT CONVICTIONS

| DATE | CRIME | TERM | CS/CC | HJ | RST. | FEES |
|------|-------|------|-------|-----|------|------|
| 08/05/99 | MURDER | 999Y99M99D | CS | N | 0000000 | 000000 |

VICTIM INFO- Violent murder of a Homosexual - Reduced
from Capital murder - Kidnapping.

-------------------------------------------------------------------

DETAINERS

NO ACTIVE DETAINERS FOUND ON FILE

POSSIBLE DETAINERS- None Reported

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

12-17-93   Burgl III - 5YJS
                        PRIOR CONVICTIONS

NO PRIOR CONVICTIONS ON FILE

POSSIBLE OUT OF STATE CONVICTIONS- None Reported
     Misd /Juv→ None Reported

ENTERED TERMINALS

DATE 10-6-99 BY ██
ADOC000038

MULLINS, STEVEN ERIC                    CONTINUED

SRCH
SCANNED

---

## ESCAPES

NO ESCAPE RECORDS FOUND ON FILE

OTHER THAN STATE ESCAPES/ESCAPE BEHAVIOR-*None reported*..........................
....................................................................................

---

## PAROLE & PROBATION

NO P&P RECORDS FOUND ON FILE

---

## DISCIPLINARIES

NO DISCIPLINARIES FOUND ON FILE

---

## KNOWN ENEMIES

NO ENEMIES FOUND FOR THIS INMATE

POSSIBLE ENEMIES-*NKE X Steve Mullins 9-13-99*......................
*Family members sick? Acts of Viol.? NO*........................

---

PSYCHOLOGICAL COMMENTS-.........................................................
..............................................................................

---

PHYSICAL COMMENTS-*Phy. Cord X good*.............*Diabetic NO*....
....*I can work X Steve Mullins*..................................

---

NAME AND ADDRESS OF FAMILY MEMBERS

SPOUSE-.....*None*....................................................

FATHER-██████████████████████████████.........................

MOTHER-██████████████████████████████.........................

SIBLING-██████████████████████████████.........................
         ██████████████████████████████.........................

CONTINUED

SRCP
SCANNED

CHILDREN.- ........................... *None Reported* ....................................

..........................................................................................

================================================================================

ADOC000040

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

*J. J.*
*02-13-08*
TS

| 1. Institution: W. C. Holman Correctional Facility | 2. Date: 12/03/07 | 3. Time: 3:15pm | 4. Incident Number: HP07-1028 | Class Code: C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: Housing Unit C bed 68A | 6. Type of Incident: **Contraband – STG Paraphernalia** |
|---|---|

| 7. Time Incident Reported: **3:30pm** | 8. Who Received Report: *Lt. Watso Brown For Sgt Gaines* **Donald Gaines, Correctional Sergeant** |
|---|---|

**9. Victims:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

**10. Suspects:**

| | Name | | AIS |
|---|---|---|---|
| a. | Mullins, Steven | No. | W/175255X |
| b. | | No. | |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |

**11. Witnesses:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |
| f. | | No. | |
| g. | | No. | |

**PHYSICAL EVIDENCE:**

**12. Type of Evidence**

Note pad, tattoo pattern, picture of Hitler and a drawing

**13. Description of Evidence:**

Note pad with SS and a swastika on the cover and approximately 5 pages of Aryan brotherhood and Hitler material, one Aryan brotherhood tattoo pattern with AB and SS on it, one picture of Adolph Hitler. One drawing of skull and cross bones with southern bread wrote on it and a confederate flag in a heart.

**14. Chain of Evidence:**

a    Correctional Officer Michael Watson
b    Evidence box
c
d
e

**15. Narrative Summary:**

On December 3, 2007, Correctional Officer Michael Watson was assigned to the main hall at W.C. Holman Correctional facility.

At approximately 3:15pm, Correctional Sergeant Donald Gaines instructed Officer Watson and Correctional Officer Willie Harris to search inmate Mullins, Steven W/175255X personal property. Officer Watson and Officer Harris went to Housing Unit C and located inmate Mullins on bunk C-68A.

Officer Watson and Officer Harris searched inmate Mullins property and found one Aryan brotherhood tattoo pattern, one picture of Adolph Hitler, one drawing of a skull and cross bones that says southern bread with a confederate flag and a note book with Mullins, W.A.R. a swastika with AB in it, SS, and "Where an Aryan boots tread, blood is shed on the cover.

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division        COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File        COPY to Central Records Office ADOC Form 302-A – June 1, 2005

ADOC000041

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| W. C. Holman Correctional Facility | HP07-**1028** | |

| Date: | Type of Incident: |
|---|---|
| 12/03/07 | Information |

Narrative Summary (Continued) Page No. 2

Inside the note book there are German words of phrases translated from German to english. One page is the Aryan code of honor, and the other pages are Hitler and Aryan related approximately 5 pages total.

Officer Watson and Officer Harris confiscated the notebook, tattoo pattern, picture and drawing. Officer Watson placed it in the evidence box.

Sgt. Donald Gaines was notified at approximately 3:30pm.

_Michael Watson, Correctional Officer_

2/11/08

ADOC000042

SRCP SCANNED

EVIDENCE FORM

INSTITUTION: _W. C. Holman_    CASE NUMBER: _07- 1028_

DATE: _12/3/07_    TIME: _3:20pm_

LOCATION FOUND: _Housing Unit C Bed 68A Bed Box_

VICTIM: _____

OFFENSE: _Possession of gang ParihErmlin_

SUSPECT(S): _Steven Mullins W/m 175255X_

TYPE OF EVIDENCE: _Gang Parithernalia_

DESCRIPTION OF EVIDENCE: _Aryan Brotherhood tattoo pattern and a note Book with Six pages of Aryan Brotherhood related Material & a picture of Adolf Hitler._

CHAIN OF EVIDENCE: (Signature) _____ CO_

DATE: _12/3/07_  TIME: _8:00pm_

(Signature) _____

DATE: _____  TIME: _____

(Signature) _____

DATE: _____  TIME: _____

(Signature) _____

DATE: _____  TIME: _____

(Signature) _____

DATE: _____  TIME: _____

INVESTIGATOR: _____

All Evidence Must Be Properly Sealed And Signed For.

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>W. C. Holman Correctional Facility | Incident Number:<br>HP07-940 | Class Code:<br>C |
|---|---|---|
| Date:<br>10/31/2007 | Type of Incident:<br>Destroyed/Rejected Mail for September 1st-30th , 2007 | |

Narrative Summary (Continued) Page No. 4

Suspect List continued from Item #10:

Marcus Perry-206834
Allen Phillips-208707
Willie Scott – I79750
Jeremiah Jackson-251592
Robert Lewis – 112245
Kenneth Rudolph-206062
Reginald Aaron – 224037
Joseph Wilson-z640
David Nelson-z383
Jeff Anglin-162268
Dennis Greer- 155727
Steve Mullins-175255
Ivan Johnson-206812
Gerald Henderson-205997

ADOC Form 302-B – June 1, 2005

ADOC000044

SRCP SCANNED

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution:<br>W. C. Holman Correctional Facility | 2. Date:<br>10-31-2007 | 3. Time:<br>8:00 AM | 4. Incident Number:<br>HP07-940 | Class Code:<br>C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>Mailroom/Backgate | 6. Type of Incident:<br>Destroyed/Rejected Mail for September 1st – 30th , 2007 |
|---|---|

| 7. Time Incident Reported:<br>8:15 AM | 8. Who Received Report:<br>GRANTT CULLIVER, WARDEN III |
|---|---|

| 9. Victims: | | Name | | No. | AIS |
|---|---|---|---|---|---|
| | a. | N/A | | No. | |
| | b. | | | No. | |
| | c. | | | No. | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | CRAIG MCLAREN | No. | 115624 | | a. | N/A | No. | |
| b. | BRYAN STOREY | No. | 206114 | | b. | | No. | |
| c. | ANTHONY BOYD | No. | Z578 | | c. | | No. | |
| d. | MARK DUKE | No. | 242207 | | d. | | No. | |
| e. | CHARLES HASTINGS | No. | 140734 | | e. | | No. | |
| | | | | | f. | | No. | |
| | | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

Rejected mail in excess of thirty days old

13. Description of Evidence:

Rejected mail in excess of thirty days old

14. Chain of Evidence:

a   Holman Correctional Facility Mailroom – Ashleigh Etheridge, ASA I
b   Correctional Officer Heron Pete
c   Destroyed
d
e

15. Narrative Summary:

On October 31, 2007 at approximately 8:00AM, Ashleigh Etheridge, Mailroom Clerk ASA I, prepared the rejected mail that was in excess of thirty (30) days old. The inmates had been given thirty (30) days to protest the rejection of mail or have the mail returned to the sender at the inmates' expense.

Mail from the following list of inmates were in excess of thirty days old: Inmates Craig McLaren –115624, Bryan Storey – 206114, Anthony Boyd–z578, Mark Duke – 242207, Charles Hastings-140734, Marcus Perry-206834, Allen Phillips-208707, Willie Scott – 179750, Jeremiah Jackson-251592, Robert Lewis – 112245, Kenneth Rudolph-206062, Reginald Aaron – 224037, Joseph Wilson-z640, David Nelson-z383, Jeff Anglin-162268, Dennis Greer- 155727, Steve Mullins-175255, Ivan Johnson-206812, and Gerald Henderson-205997.

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division<br>COPY to Institutional File | COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Central Records Office | ADOC Form 302-A – June 1, 2005 |
|---|---|---|---|

ADOC000045

SRCP SCANNED

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT/DUTY OFFICER REPORT
CONTINUATION**

| Institution:<br>W. C. Holman Correctional Facility | Incident Number:<br>**HP07-940** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>10/31/2007 | Type of Incident:<br>Destroyed/Rejected Mail for September 1st-30th, 2007 | |

Narrative Summary (Continued) Page No. 2

The mail was placed in a garbage bag and Correctional Officer Heron Pete took the destroyed/rejected mail to the back gate and placed it in the dumpster. The destruction of the rejected mail was reported to Warden III Grantt Culliver at 8:15AM. The rejected mail slips for the mail destroyed in excess of thirty (30) days old are attached to this report.

See attached sheets of the mail that was destroyed.

*Ashleigh Etheridge*

Ashleigh Etheridge, Mailroom Clerk/ASAI

**ADOC Form 302-B – June 1, 2005**

ADOC000046

SRCP
SCANNED

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT/DUTY OFFICER REPORT
CONTINUATION**

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP07-940** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>10/31/2007 | Type of Incident:<br>Destroyed/Rejected Mail for September 1st-30th , 2007 | |

Narrative Summary (Continued) Page No. 3

Statement from Correctional Officer Heron Pete

On October 31, 2007 at approximately 8:15AM, I, Correctional Officer Heron Pete, took the destroyed/rejected mail to the back gate and put it in the dumpster.



Heron Pete, Correctional Officer

**ADOC Form 302-B – June 1, 2005**

*Scat 5-18-07*

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| 1. Institution:<br>W. C. Holman Correctional Facility | 2. Date:<br>05-07-2007 | 3. Time:<br>8:00 AM | 4. Incident Number:<br>HP07-408 | Class Code:<br>C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>Mailroom/Backgate | 6. Type of Incident:<br>Destroyed/Rejected Mail for March 1st – 31st, 2007 |
|---|---|

| 7. Time Incident Reported:<br>8:15 AM | 8. Who Received Report:<br>Warden II, Tony Patterson  *Scat 5-18-07* |
|---|---|

**9. Victims:**            Name                                          AIS

a. N/A _____  No. _____
b. _____  No. _____
c. _____  No. _____

| 10. Suspects:   Name | AIS | 11. Witnesses:   Name | AIS |
|---|---|---|---|
| a. Brandyn Benjamin | No. Z708 | a. N/A | No. _____ |
| b. Christopher Osborn | No. 211221 | b. | No. _____ |
| c. Mark Duke | No. 242207 | c. | No. _____ |
| d. Anthony Latham | No. 223582 | d. | No. _____ |
| e. Antoine Lipscomb | No. 194814 | e. | No. _____ |
| | | f. | No. _____ |
| | | g. | No. _____ |

**PHYSICAL EVIDENCE:**

**12. Type of Evidence:**

Rejected mail in excess of thirty days old
_____
_____
_____

**13. Description of Evidence:**

Rejected mail in excess of thirty days old
_____
_____
_____

**14. Chain of Evidence:**

a  Holman Correctional Facility Mailroom – Ashleigh Etheridge, ASA I
b  Correctional Officer Heron Pete
c  Destroyed
d  _____
e  _____

**15. Narrative Summary:**

On May 7, 2007 at approximately 8:00AM, Ashleigh Etheridge, Mailroom Clerk ASA I, prepared the rejected mail that was in excess of thirty (30) days old.  The inmates had been given thirty (30) days to protest the rejection of mail or have the mail returned to the sender at the inmate's expense.

Mail from the following list of inmates were in excess of thirty days old: Inmates Brandyn Benjamin z708, Christopher Osborn 211221, Mark Duke 242207, Anthony Latham 223582, Antoine Lipscomb, Robert Hughes 135297, Chase Johnson 248222 (x4), Bryan Storey 206114, David Liles 205363(2), Dionne Eatmon z714 (20), Keenan Griffin 174431(2), Steve Simon 162708, George Green 220633, Antonio Jones z706, Timothy Saunders z718, Gerald Lewis z668, Christopher Smith (2), Devin Thompson z717, Marcus Webb 169784, Starlett Matthews 148862, Brandon Cass 222834, Lorenzo Reese 133633, Heath McCray z734,

Distribution:  ORIGINAL AND ONE (1) COPY to Central I & I Division.<br>COPY to Institutional File

COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Central Records Office    ADOC Form 302-A – June 1, 2005

ADOC000048

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT/DUTY OFFICER REPORT**
**CONTINUATION**

| Institution:<br>W. C. Holman Correctional Facility | Incident Number:<br>HP07-408 | Class Code:<br>C |
|---|---|---|
| Date:<br>05/01/2007 | Type of Incident:<br>Destroyed/Rejected Mail for March 1st-31st, 2007 | |

Narrative Summary (Continued) Page No. 2

Albert Mack z595, Bobby Gilbert 143087 (2), Harvey Windsor z498 (3), Glenn Boyd z473, Amrit Pal Sani 182247, Sheraton Smith 211796 (2), Lorenzo Stokes 123364, Charles Booker 142410, Jovann Wallace 186649, Barry G Stephens 196898, Rex Beckworth z690, Jeffery Lee z674, Christopher Thrasher 174393 (3), James Bailey 200587, Victor Stephens z503, Earl Mcgahee z466, Darrell Grayson z419 (2), Jeremy Jones z720, Herschel Downing 142371 , Steve Mullins 175255 (2), Jeremiah Jackson z625, Daniel Noel 161097, Mike Carruth z700, Michael Taylor z549, Broderick Lowe 176186, Jefferey Bailey 137394.

The mail was placed in a garbage bag and Correctional Officer Heron Pete took the rejected mail to the back gate and placed it in the dumpster. The destruction of the rejected mail was reported to Assistant Warden Tony Patterson at 8:15AM. The rejected mail slips for the mail destroyed in excess of thirty (30) days old are attached to this report.

See attached sheets of the mail that was destroyed.

*Ashleigh Etheridge, ASAI*

Ashleigh Etheridge, Mailroom Clerk/ASAI

ADOC000049

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**INCIDENT REPORT/DUTY OFFICER REPORT
CONTINUATION**

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP07-408** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>05/01/2007 | Type of Incident:<br>Destroyed/Rejected Mail for March 1st-31st, 2007 | |

Narrative Summary (Continued) Page No. 3

Statement from Correctional Officer Heron Pete

On May 7th, 2007 at approximately 8:15AM, I, Correctional Officer Heron Pete, took the rejected mail to the back gate and put it in the dumpster.

Heron Pete, Correctional Officer

ADOC Form 302-B – June 1, 2005

ADOC000050

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT CONTINUATION

| Institution:<br>W. C. Holman Correctional Facility | Incident Number:<br>**HP07-408** | Class Code:<br>**C** |
| --- | --- | --- |
| Date:<br>05/01/07 | Type of Incident:<br>Destroyed/Rejected Mail for March 1st-31st, 2007 | |

Narrative Summary (Continued) Page No. 4

Suspect List continued from Item #10:

Robert Hughes 135297
Chase Johnson 248222 (x4)
Bryan Storey 206114
David Liles 205363(2)
Dionne Eatmon z714 (20)
Keenan Griffin 174431(2)
Steve Simon 162708
George Green 220633
Antonio Jones z706
Timothy Saunders z718
Gerald Lewis z668
Christopher Smith (2)
Devin Thompson z717
Marcus Webb 169784
Starlett Matthews 148862
Brandon Cass 222834
Lorenzo Reese 133633
Heath McCray z734
Albert Mack z595
Bobby Gilbert 143087 (2)
Harvey Windsor z498 (3)
Glenn Boyd z473
Amrit Pal Sani 182247
Sheraton Smith 211796 (2)
Lorenzo Stokes 123364
Charles Booker 142410
Jovann Wallace 186649
Barry G Stephens 196898
Rex Beckworth z690
Jeffery Lee z674
Christopher Thrasher 174393 (3)
James Bailey 200587
Victor Stephens z503
Earl Mcgahee z466
Darrell Grayson z419 (2)

Jeremy Jones z720
Herschel Dowring 142371
Steve Mullins 175255 (2)
Jeremiah Jackson z625
Daniel Noel 161097
Mike Carruth z700
Michael Taylor z549
Broderick Lowe 176186
Jefferey Bailey 137394

ADOC Form 302-B – June 1, 2005

Mullins, Steve
175255

SRCP SCANNED

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| 1. Institution: W. C. Holman Correctional Facility | 2. Date: 03/06/07 | 3. Time: 8:00 AM | 4. Incident Number: HP07-212 | Class Code: C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: Mailroom/Backgate | 6. Type of Incident: Destroyed/Rejected Mail for January 1st-31st 2007 |
|---|---|

| 7. Time Incident Reported: 8:15 AM | 8. Who Received Report: Warden II, Tony Patterson  3-20-07 |
|---|---|

**9. Victims:**

| | Name | | | AIS |
|---|---|---|---|---|
| a. | N/A | | No. | |
| b. | | | No. | |
| c. | | | No. | |

**10. Suspects:**

| | Name | | AIS | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|
| a. | Goodwin, Sharone | No. | 191831 | a. | N/A | No. | |
| b. | Lewis, Gerald | No. | Z668 | b. | | No. | |
| c. | Lamar, Dennis | No. | 242959 | c. | | No. | |
| d. | Butler, Allan | No. | 154111 | d. | | No. | |
| e. | Slaton, Nathan | No. | Z520 | e. | | No. | |
| | SEE ATTACHED | | | f. | | No. | |
| | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

Rejected mail in excess of thirty days old

13. Description of Evidence

Rejected mail in excess of thirty days old

14. Chain of Evidence:

a  Holman Correctional Facility Mailroom – Ashleigh Etheridge, ASA I

b  Correctional Heron Pete

c  Destroyed

d

e

15. Narrative Summary:

On March 06, 2007 at approximately 8:00AM, Ashleigh Etheridge, Mailroom Clerk ASA I, prepared the rejected mail that was in excess of thirty (30) days old. The inmates had been given thirty (30) days to protest the rejection of mail or have the mail returned to the sender at the inmate's expense.

Mail from the following list of inmates were in excess of thirty days old: Inmates Sharone Goodwin, Gerald Lewis, Dennis Lamar, Allan Butler, Nathan Slaton, Craig McLaren, Steve Mullins, James Miller, Marcus Webb, Charles Hastings, Bobby Waldrop, Eric Blanding, Derrick Mason, Anthony Brown, Glenn Boyd, Doc Warren, William Caraway, Dionne Eatmon, Demingues Vanhorn, Ty Ryan, Ricky Gaines, Michael Irvin, Kenneth Neal, Jack Trawick, Calvin Middleton, Anthony Gilbert, Christopher Thrasher, and Bobby Gilbert (see attached sheet).

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division
                COPY to Institutional File

COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

ADOC000052

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>W. C. Holman Correctional Facility | Incident Number:<br>HP07-212 | Class Code:<br>C |
|---|---|---|
| Date:<br>03/06/07 | Type of Incident:<br>Destroyed/Rejected Mail for January 1st-31st 2007 | |

Narrative Summary (Continued) Page No. 4

Statement from Correctional Officer Heron Pete

On March 6, 2007 at approximately 8:15AM, I, Correctional Officer Heron Pete, took the rejected mail to the back gate and put it in the dumpster.

Heron Pete, Correctional Officer

ADOC Form 302-B – June 1, 2005

ADOC000053

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| **W. C. Holman Correctional Facility** | **HP07-212** | **C** |

| Date: | Type of Incident: |
|---|---|
| 03/06/07 | Destroyed/Rejected Mail for January 1st-31st 2007 |

Narrative Summary (Continued) Page No. 2

The mail was placed in a garbage bag and Correctional Officer Heron Pete took the rejected mail to the back gate and placed it in the dumpster. The destruction of the rejected mail was reported to Assistant Warden Tony Patterson at 8:15AM. The rejected mail slips for the mail destroyed in excess of thirty (30) days old are attached to this report.

See attached sheets of the mail that was destroyed.

*Ashleigh Etheridge ASAI*

Ashleigh Etheridge, Mailroom Clerk/ASAI

ADOC Form 302-B – June 1, 2005

SRCP SCANNED

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP07-212** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>03/06/07 | Type of Incident:<br>Destroyed/Rejected Mail for January 1st-31st 2007 | |

Narrative Summary (Continued) Page No. 3

Continued from Page 1 - #10:

Craig McLaren – 115624
Steve Mullins – 175255
James Miller – 123484
Marcus Webb – 169784
Charles Hastings – 140734
Bobby Waldrop – Z661
Eric Blanding – 170679
Derrick Mason – Z582
Anthony Brown – Z684
Glenn Boyd – Z473
Doc Warren – 129956
William Caraway – 169635
Dionne Eatmon – Z714
Demingues Vanhorn – 238172
Ty Ryan – 202732
Ricky Gaines – 168802
Michael Irvin – Z686
Kenneth Neal – 196887
Jack Trawick – Z561
Calvin Middleton – 201915
Anthony Gilbert – 168470
Christopher Thrasher – 174393
Bobby Gilbert – 143087

**ADOC Form 302-B – June 1, 2005**

ADOC000055

N012A



REV.07/15/86

## WORK SUPERVISOR'S/CORRECTIONAL OFFICER'S REPORT

Institution: __W.C. Holman Correctional Unit__    Date: __5-10-06__

Name: __Mullins, STEVEN__    AIS #: __175255X__

Job: __LINESERVER__    R & S: __W/m__

    I certify that I have been this inmate's work supervisor since
__2-10-06__. I supervise him for __8__ hours
   (Date)
per day. He ((does) does not) work under my direct supervision.

Instructions: Please give a brief response to each of the following. If you
do not know about a particular area, please say so. Do not answer good or bad
without giving the specific reason(s) behind your answer.

1) Adjustment to incarceration: ___Poor ___Fair ✓Good ___Excellent
Comments:

2) Work Performance: ___Malingerer ___Gets By ✓Performs well
___Unusually Good Worker
Comments:

3) General Attitude: ___Poor ___Fair ✓Good ___Excellent
Comments:

4) Relationship with other inmates: ___Poor ___Fair ✓Good ___Excellent
Comments:

5) Relationship with Correctional Staff: ___Poor ___Fair ✓Good ___Excellent
Comments:

6) Utilization of spare time: ___Poor ___Fair ✓Good ___Constructive
Comments:

7) Personal appearance: ___Unkempt ___Average ✓Always Well Groomed
Comments:

8) Maintenance of living area: ___Messy ___Average ___Neat and Tidy
Comments: N/A

    The specific reason I have prepared this report is : __TO AID__
__INMATE IN OBTAINING ANY BENEFITS AVAILABLE__

    I am aware that this report can be used in consideration of less
restrictive placement and custodies and also can be used for purposes
of IGT which, if granted, may result in an early release to society.

Work Supervisor/Correctional Officer    Position/Title    Shift 1+2

ADOC000056

N012A

REV.07/15/86

## WORK SUPERVISOR'S/CORRECTIONAL OFFICER'S REPORT

**Institution:** W.C. Holman Correctional Unit      **Date:** _3-20-06_

**Name:** _MULLINS, STEVEN_      **AIS #:** _175255X_

**Job:** _LINE SERVER_      **R & S:** _B/m_

I certify that I have been this inmate's work supervisor since _2-10-06_. I supervise him for _8_ hours
(Date)
per day. He (does/does not) work under my direct supervision.

====================================================================
Instructions: Please give a brief response to each of the following. If you
do not know about a particular area, please say so. Do not answer good or bad
without giving the specific reason(s) behind your answer.
====================================================================

1) **Adjustment to incarceration:** ___Poor ___Fair ✓Good ___Excellent
Comments:

2) **Work Performance:** ___Malingerer ___Gets By ✓Performs well
___Unusually Good Worker
Comments:

3) **General Attitude:** ___Poor ___Fair ✓Good ___Excellent
Comments:

4) **Relationship with other inmates:** ___Poor ___Fair ✓Good ___Excellent
Comments:

5) **Relationship with Correctional Staff:** __Poor __Fair ✓Good __Excellent
Comments:

6) **Utilization of spare time:** ___Poor ___Fair ✓Good ___Constructive
Comments:

7) **Personal appearance:** ___Unkempt ___Average ✓Always Well Groomed
Comments:

8) **Maintenance of living area:** ___Messy ___Average ___Neat and Tidy
Comments: _N/A_
====================================================================

The specific reason I have prepared this report is : _FOR ANY_
_BENEFITS AVAILABLE TO INMATE_

I am aware that this report can be used in consideration of less
restrictive placement and custodies and also can be used for purposes
of IGT which, if granted, may result in an early release to society.

_____    _Stewart_    _III_    _1 + 2_
Work Supervisor/Correctional Officer    Position/Title    Shift

ADOC000057

Witness:_____N/A_____    Substance of Testimony:_____

_____

_____

Witness:_____N/A_____    Substance of Testimony:_____

_____

_____

Witness:_____N/A_____    Substance of Testimony:_____

_____

_____

15. The inmate was allowed to submit written questions to all witnesses.
Copy of questions and answers are attached *Philip Brown, COI 3/22/06*
                                          Signature/Hearing Officer

16. The following witnesses were not called - Reason not called
    1._____    _____
    2._____    _____
    3._____    _____

17. After hearing all testimony, the Hearing Officer makes the following
findings of fact: (Be Specific) The Hearing Officer finds that:On 1-7-06 at
approximately 5:45 AM in the Population Main Hall area of Holman Unit, Inmate Steve
Mullins W/175255 did violate rule #54-Refusing to Work.

_____

_____

18. Basis for Findings of Fact:The arresting Officer, Sgt. Dale Tims, who stated under
oath: Inmate Mullins was assigned to the Kitchen but informed me that he was not going
to work the job this date or any other date.

_____

_____

19. Hearing Officer's Decision:_____XXX___Guilty_____Not guilty

20. Recommendation of Hearing Officer:No more punishment due to Inmate Mullins is
already serving (30) days in Administrative Segregation.

_____

                        *Philip Brown, COI    3/22/06*
                        Signature/Hearing Officer
                        Philip Brown, COI
                        Type Name and Title

21. Warden's Action Date: 3-27-06
    (Approved)       *Watnwright COS II*
    Disapproved
    Other (Specify)_____

22. Reason if more than 30 calendar days delay in action:_____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report
was served on the above named inmate on this 27 day of March 2005,
at time)_____(am/pm).

*3___ D. ___ COI*          *Refused to Sighn D. Parker COI*
Signature/Serving Officer/Title    Inmate's Signature/AIS Number

                                   ADOC000058

12 02

ADOC Form 225B                    **ALABAMA DEPARTMENT OF CORRECTIONS**
                                        **DISCIPLINARY REPORT**

D2-65T

1. INMATE: Mullins, Steve          CUSTODY:MED      AIS NO.W/175255
         Last       First     Middle          DISCIPLINARY # HP06-042
2. FACILITY: W. C. Holman Correctional Facility
3. The above inmate is being charged by Dale Tims, COII
with a violation of Rule #__54_ specifically Refusing to work
_____ from regulation #__403__ which occurred on or about
_____January 7,_____, 2006 at (time)_5:45a.m.,_____ Location:
_Population Main Hallway_____. A hearing on this
charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows:Inmate Mullins informed DAle
Tims that inmate Mullins ~~had~~ was assigned a kitchen/Dining hall job but was not
going to work the job this date or any other date.

   Date: **1-11-06**                    _Dale Tims, COII_
                                        Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
above named inmate and I informed inmate of (his)/her right to present written or
oral statement at the hearing and to present written questions for the witnesses
on this the _12_ day of _January_, 2005 at (time)_3.45_ (am/pm).

   _____ COI        _Steve Mullins_   175255
   Serving Officer/Signature Rank      Inmate's Signature/AIS Number

6. Witnesses desired? (NO)_Steve Mullins_       YES_____
                      Inmate's Signature          Inmate's Signature

7. If yes, list_____

8. Hearing Date 3-22-06          Time **3:10A.M.**   Place Population Shift Office
9. Inmate must be present in Hearing Room. If (he)/she is not present explain in
detail on an additional page and attach.
10.A finding is made that inmate (is)/is not) capable of representing himself.
                        _Philip Brown, COI 3/22/06_
                        Signature/Hearing Officer

        _DBrown, COI 3/22/06_
11. Plea: **X REFUSED To SIGN**        Not Guilty_____ Guilty.
12. The Arresting Officer, inmate and all witnesses were sworn to tell the
truth.
                        _Philip Brown, COI 3/22/06_
                        Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing):Sgt. Dale Tims stated that Inmate
Steve Mullins informed me that he was assigned to the Kitchen and was not going to
work this date or any other date.
_____
_____

14.Inmate's Testimony: I've already been in Seg (30) days, been released and now back
assigned to Kitchen, but it happened as Sgt. Tims said.
_____

MAR 2 8 ENTD

                                Annex C to AR 403 (Page 1 of 3 pages)

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS.  USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___1-12-06    3:50 AM___
                                                    **(DATE AND TIME)**

___ 175255_____
**INMATE'S SIGNATURE**

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.
                          **SERVING OFFICER**

ADOC000060



SRCP SCANNED



### STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS
W. C. Holman Correctional Facility

Holman 3700
Atmore, AL  36503

Phone: 251-8173
Fax: 251-368-1095

_1-7-06_
Date

To:         Segregation Captain

From:       3rd Shift - Sgt. Tims

Re:         Admission of Inmate to Segregation for Investigation/
            Protective Custody/Psychological Reasons

On this date at _5:45 AM_, Inmate _Mullins Steve_____ R/S _w/m_,
AIS # _175255_____, was placed in the Segregation Unit for the reason indicated:

(X)   Administrative Segregation pending disciplinary action for a departmental or institutional
      rule violation _#54 - Refusing to work_

( )   Administrative Segregation pending a Validation Committee's decision for placement in
      Protective Custody.

( )   Investigative Status pending _____

( )   For Psychological Reasons

      The recommending official or arresting officer must initiate due process for reasons (s) indicated above
no later than:  DATE: _1-11-06_   TIME: _5:45_   (AM)  PM  since the inmate's status must be
reviewed within 72 hours, excluding weekends and holidays form the date and time he is admitted to
segregation.

      If this inmate has not been served a disciplinary, Form 85, a decision from the Validation Committee or
completion of a psychological evaluation with the 72 hour period, his status must be reviewed by the
Warden/Designee.  The inmate will be informed as to why this segregation status is extended.

COMMENTS

_Inmate Mullins informed Sgt Tims that he (Mullins) was not going to_
_work in the kitchen._

DISTRIBUTION:    ICS Officer            Captain              Psychologist
                 Asst. Warden          Team Supervisor      Classification Supervisor (2 copies)

R-9    _Inmate Mullins packet his own_        Attachment 1 – HCF SOP 9-12
       _personal property!_

       x_Steve Mullins_  ADOC000215

Nat
2-6-06

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **W. C. Holman Correctional Facility** | 2. Date: 01-07-06 | 3. Time: 5:45am | 4. Incident Number: **HP06-0042** | Class Code: C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: population main hallway | 6. Type of Incident: refusing to work |
|---|---|

| 7. Time Incident Reported: 8:00am 01-09-06 | 8. Who Received Report: David Craft, COSI    2/3/06 |
|---|---|

9. Victims:          Name                                         AIS

  a. **N/A**      No. _____

  b. _____ No. _____

  c. _____ No. _____

| 10. Suspects:    Name              AIS | 11. Witnesses:    Name              AIS |
|---|---|
| a. Mullins, Steve    No. W/172255 | a. N/A    No. _____ |
| b. _____    No. _____ | b. _____    No. _____ |
| c. _____    No. _____ | c. _____    No. _____ |
| d. _____    No. _____ | d. _____    No. _____ |
| e. _____    No. _____ | e. _____    No. _____ |
| | f. _____    No. _____ |
| | g. _____    No. _____ |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

  **N/A**

13. Description of Evidence:

  **N/A**

14. Chain of Evidence:

  a **N/A**

  b

  c

  d

  e

15. Narrative Summary:

At approximately 5:45am on 01-07-06 Inmate Mullins, Steve W/175255 informed Sergeant Dale Tims that Inmate Mullins had been assigned a Kitchen/Dining Hall job but Inmate Mullins stated he was not going to work on this date or any other date. Sergeant Tims ordered Inmate Mullins to go pack any personal property and report back to Sergeant Tims. After a few minutes Inmate Mullins reported back to Sgt. Tims. Inmate Mullins was secured in the hospital holding cell awaiting in-processing to segregation. Inmate Mullins will receive disciplinary action for violation of rule#54 refusing to work. Inmate Mullins was processed into segregation and will remain in segregation pending disciplinary action and/or institution review board.

Dale Tims, Sgt    COII    2/2/06

Jerald Curt 2/9/06

Distribution:    ORIGINAL AND ONE (1) COPY to Central I & I Division          COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File                                        COPY to Central Records Office

**ADOC Form 302-A – June 1, 2005**
ADOC000062

## SEGREGATION REVIEW CHECKLIST

NAME _Mullins, Steven_    AIS _175255X_  R & S _WM_  DATE _1-7-06_

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Disciplinary Record | | | | | | | | | | | | | | | | | |
| 2. Past Criminal Record | | | | | | | | | | | | | | | | | |
| 3. Past Institutional Record | | | | | | | | | | | | | | | | | |
| 4. Psychological Make-up | | | | | | | | | | | | | | | | | |
| 5. Involvement in Criminal Activities While Incarcerated | | | | | | | | | | | | | | | | | |
| 6. Institutional Work Record | | | | | | | | | | | | | | | | | |
| 7. Adjustment to Institutional Programs | | | | | | | | | | | | | | | | | |
| 8. Institutional Living Adjustment | | | | | | | | | | | | | | | | | |
| 9. Attitude Toward Authority | | | | | | | | | | | | | | | | | |
| 10. Subsequent Disciplinary While in Segregation | | | | | | | | | | | | | | | | | |
| 11. Length of Time Served | | | | | | | | | | | | | | | | | |
| ADDITIONAL FACTORS 1. General housekeeping of living area | | | | | | | | | | | | | | | | | |
| 2. Compliance with regulations concerning personal appearance | | | | | | | | | | | | | | | | | |
| 3. Cooperativeness during searches | | | | | | | | | | | | | | | | | |
| 4. Movement to and from exercise | | | | | | | | | | | | | | | | | |
| 5. Return of eating utensils | | | | | | | | | | | | | | | | | |
| 6. Relation to other inmates and to staff | 1-7-06 | 1-1006 | 1-7-06 | 1-24-06 | 1-31-06 | | | | | | | | | | | | |

Handwritten vertical notes in first columns: "Holding to seg", "seg", "   ", "   ", "   "

**Purpose of the Review**          **Staff Participants**

_____    Disciplinary Hearing _____

_____    Disciplinary Review _____

_____    Institution Board _____

_____    Department Board _____

Other Information Considered and/or Persons Interviewed (List)

Final Decision:

BOC No. 92, Rev. 5-79   N 092



STATE OF ALABAMA

DEPARTMENT OF CORRECTIONS

W. C. Holman Correctional Facility

Holman 3700
Atmore, AL  36503

Phone: 251-8173
Fax: 251-368-1095

**Date** 1-7-06

To:      Segregation Captain

From:    3rd Shift - Sgt Tims

Re:      Admission of Inmate to Segregation for Investigation/
         Protective Custody/Psychological Reasons

On this date at 5:45AM, Inmate Mullins, Steve _____ R/S w/m,
AIS # 175255 _____, was placed in the Segregation Unit for the reason indicated:

(X)   Administrative Segregation pending disciplinary action for a departmental or institutional
      rule violation #54 - Refusing to work

(  )   Administrative Segregation pending a Validation Committee's decision for placement in
      Protective Custody.

(  )   Investigative Status pending _____

_____

(  )   For Psychological Reasons

      The recommending official or arresting officer must initiate due process for reasons (s) indicated above
no later than:  DATE: 1-11-06   TIME: 5:45   (AM) PM  since the inmate's status must be
reviewed within 72 hours, excluding weekends and holidays form the date and time he is admitted to
segregation.

      If this inmate has not been served a disciplinary, Form 85, a decision from the Validation Committee or
completion of a psychological evaluation with the 72 hour period, his status must be reviewed by the
Warden/Designee.  The inmate will be informed as to why this segregation status is extended.

COMMENTS

Inmate Mullins informed Sgt Tims that he (Mullins) was not going to work in the kitchen.

DISTRIBUTION:     ICS Officer          Captain              Psychologist
                  Asst. Warden         Team Supervisor      Classification Supervisor (2 copies)

R-9    Inmate Mullins packet his own           Attachment 1 – HCF SOP 9-12
       personal property!

       X Steve Mullins    ADOC 000004  175255



## SEGREGATION REVIEW CHECKLIST

NAME *Mullins, Steven*    AIS *175255*    R & S *WM*    DATE *8-19-05*

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Disciplinary Record | | | | | | | | | | | | | | | | |
| 2. Past Criminal Record | | | | | | | | | | | | | | | | |
| 3. Past Institutional Record | | | | | | | | | | | | | | | | |
| 4. Psychological Make-up | | | | | | | | | | | | | | | | |
| 5. Involvement in Criminal Activities While Incarcerated | | | | | | | | | | | | | | | | |
| 6. Institutional Work Record | | | | | | | | | | | | | | | | |
| 7. Adjustment to Institutional Programs | | | | | | | | | | | | | | | | |
| 8. Institutional Living Adjustment | | | | | | | | | | | | | | | | |
| 9. Attitude Toward Authority | | | | | | | | | | | | | | | | |
| 10. Subsequent Disciplinary While in Segregation | | | | | | | | | | | | | | | | |
| 11. Length of Time Served | | | | | | | | | | | | | | | | |

**ADDITIONAL FACTORS**

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. General housekeeping of living area | | | | | | | | | | | | | | | | |
| 2. Compliance with regulations concerning personal appearance | | | | | | | | | | | | | | | | |
| 3. Cooperativeness during searches | | | | | | | | | | | | | | | | |
| 4. Movement to and from exercise | | | | | | | | | | | | | | | | |
| 5. Return of eating utensils | | | | | | | | | | | | | | | | |
| 6. Relation to other inmates and to staff | | | | | | | | | | | | | | | | |

Column dates (handwritten, vertical): 8-19-05, 8/23/05, 8/30/05, 9-7-05, 5-3-05, 9-20-05, 9-27-05, 10-4-05, 10-11-05, 10-25-05, 11-1-05, 11-8-05, 11-15-05, 11-22-05, 11-29-05, 12-3-05

| Purpose of the Review | Staff Participants |
|---|---|
| _____ Disciplinary Hearing | _____ |
| _____ Disciplinary Review | _____ |
| _____ Institution Board | _____ |
| _____ Department Board | _____ |

Other Information Considered and/or Persons Interviewed (List)

Final Decision:

BOC No. 92, Rev. 5-79   N 092

ADOC000065

SRCP SCANNED

04-0387

**ALDOC Form 225B**

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: __STEVEN MULLINS__    Custody: _____    AIS: __W/175255__

2. Facility: __DONALDSON CORRECTIONAL FACILITY__

3. The above named inmate is being charged by __OFFICER ANITA HILL__ with violation of rule number __38__ specifically __INDECENT EXPOSURE/EXHIBITIONISM__ from regulation # 403 which occurred on or about __7/5/04__ at (time) __11:50__ (AM/XX), Location: __SEGREGATION-I, CELL-12.__ A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: __YOU, INMATE STEVEN MULLINS, W/175255, ARE BEING CHARGED BY OFFICER HILL WITH VIOLATING RULE #38, INDECENT EXPOSURE/EXHIBITIONISM. YOU, INMATE STEVEN MULLINS WERE STANDING AT YOUR OPEN TRAY DOOR MOVING YOUR HAND BACK AND FORTH ON YOUR EXPOSED PENIS WHILE LOOKING AT OFFICER HILL, SEGREGATION-I, CUBICLE OPERATOR.__

   __7/20/04__                                    _Colwell COT_
   Date                                  Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _____ day of _____, 20__ , at (time) _____ (am/pm).

   _____        _____
   Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

6. Witnesses desired?    NO _____        YES _____
                              Inmate's Signature                  Inmate's Signature

7. If yes, list: _____

   _____

8. Hearing Date __7/20/04__    Time __7:00 A.M.__    Place __SHIFT Office__

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _Sergeant Walker_
    Signature / Hearing Officer

11. Plea: _____ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Sergeant Walker_
    Signature / Hearing Officer

    DATE REC'D __7-26-04__
    DATE ENTERED INTO TERMINAL _____

SRCP SCANNED

16. Inmate's Testimony: _____

_____

Witness: _____ Substance of Testimony: _____

_____

Witness: _____ Substance of Testimony: _____

_____

Witness: _____ Substance of Testimony: _____

_____

17. The inmate was allowed to submit written questions to all witnesses.
Copy of questions and answers are attached.

18. The following witnesses were not called –   Signature/Hearing Officer
    Reason not called
1. _____   _____
2. _____   _____
3. _____   _____

19. After hearing all testimony, the Hearing Officer makes the following
findings of fact:  (Be Specific)  The Hearing Officer finds that:

_____
_____
_____

20. Basis for Findings of Fact: _____

_____
_____

21. Hearing Officer's Decision: _____ Guilty _____ Major
                                        Not Guilty        Minor

22. Recommendation of Hearing Officer: _Noll-Process Due To Not_
_Held within Time Frame_

_Sergeant W ____ _____
Signature/Hearing Officer

_____
Type Name and Title

23. Warden's Action – Date _7-20-04_
    Approved _Cept F___
    Disapproved
    Other (Specify) _Not signed / served within ten days of incident_

    Reason if more than 30 calendar days delay
    in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary
Report was served on the above named inmate on this _23_ day of
_July_ 19 2004 , at (time) _11:30_ (am/pm).

_Ronald McCD1_               _Steve Mullins 175255_
Signature/Serving Officer/Title   Inmate's Signature/AIS Number

Annex C of AR 403 (Page 2 of 3 pages)
ADOC000067

DOC Form 225B (Revised 7/92)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  INMATE: _____ CUSTODY _____ AIS _____

2.  FACILITY: _____

3.  The above inmate is being charged by _____
    with a violation of Rule Number _____ specifically _____
    _____ from regulation
    # _____, which occurred on or about _____, 19 _____ at (time)
    _____ (am/pm), Location: _____. A
    hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: _____
    _____
    _____
    _____
    _____

5.  _____
                                       Arresting Officer/Signature/Rank

6.  I hereby certify that I have personally served a copy of the foregoing upon
    the above named inmate on this the _____ day of _____
    19 _____, at (time) _____ (am/pm).

7.  _____        _____
    Serving Officer/Signature/Rank      Inmate's Signature/AIS Number

8.  Witnesses desired?  NO _____    YES _____
                           Inmate's Signature          Inmate's Signature

9.  If yes, list: _____
    _____

10. Hearing Date _____ TIME _____ PLACE _____

11. Inmate must be present in Hearing Room.  If he is not present explain in
    detail on additional page and attach.

12. A finding is made that inmate (is/is not) capable of representing himself.

    _____
                                       Signature/Hearing Officer

13. Plea: _____ Not Guilty _____ Guilty

14. The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

    _____
                                       Signature/Hearing Officer

15. Arresting Officer's testimony (at the hearing): _____
    _____
    _____
    _____

Annex C to AR 403 (Page 1 of 3 pages)
ADOC000068

DISCIPLINARY # 040387

DISCIPLINARY CONTROL SHEET

TYPE OF INCIDENT 38 Indecent Exposure/Exhibitionsm

DATE OF INCIDENT 7/5/04

OFFICER WRITING REPORT Anita Idill     DATE 7/5/04

SUPERVISOR REVIEWING HANDWRITTEN REPORT (WD)     DATE 7-7-04

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DATE/SIGNATURE SUPERVISOR SUBMITS TO TYPIST _____

DATE/SIGNATURE TYPIST RECEIVES HANDWRITTEN REPORT 7804

DATE/SIGNATURE RETURNED TO SUPERVISOR 7804

DATE/SIGNATURE RECEIVED BY SUPERVISOR _____

DATE/SIGNATURE RETURNED TO TYPIST FOR 2 & 3 PAGES 7-21-04 (WD)

DATE/SIGNATURE RETURNED TO SUPERVISOR _____

DATE/SIGNATURE PLACED IN CAPTAIN'S BOX _____

DATE/SIGNATURE REVIEWED BY CAPTAIN _____

DATE/ SIGNATURE REVIEWED BY WARDEN _____

DATE/SIGNATURE FORWARDED TO MS. LEWIS _____

DATE/SIGNATURE RECEIVED BY MS. LEWIS _____

DATE DISTRIBUTED 7-27-04

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

COMMENTS: _____
_____
_____
_____
_____
_____

SRCP SCANNED

SRCP SCANNED

N601 D of C
DOC No. 601
(Rev. 4/81)

**STATE OF ALABAMA**
**BOARD OF CORRECTIONS**
**INSTITUTIONAL INCIDENT REPORT**

| 1.Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2.Date: 7/5/04 | 3.Time: 11:50 A.M. | 4.Incident Number: WED 04-0387 |
|---|---|---|---|

| 5.Location Where Incident Occurred: SEGREGATION-I, CELL #12 | 6.Type of Incident: #38, INDECENT EXPOSURE/EXHIBITIONISM |
|---|---|

| 7.Time Incident Reported: 12:30 P.M. | 8.Who Received Report: SGT. WILLIE RYANS *Sgt. Willie Ryans* |
|---|---|

9.Victims:  a._____  No._____
           b._____  No._____
           c._____  No._____

10.Suspects:                              11.Witnesses:
a. STEVEN MULLINS    No. W/175255    a._____  No._____
b._____    No._____     b._____  No._____
c._____    No._____     c._____  No._____
d._____    No._____     d._____  No._____
e._____    No._____     e._____  No._____

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____
b._____
c._____

15. Narrative Summary: ON 7/5/04, AT APPROXIMATELY 11:50 A.M., OFFICER ANITA HILL, SEGREGATION-I CUBICLE OPERATOR, OBSERVED INMATE STEVEN MULLINS W/175255 STANDING WITH HIS TRAY DOOR OPEN, MOVING HIS HAND BACK AND FORTH AROUND HIS EXPOSED PENIS, WHILE LOOKING AT OFFICER HILL.  OFFICER HILL KNOCKED ON THE CUBICLE WINDOW TO GET INMATE MULLINS TO DISCONTINUE HIS NEGATIVE BEHAVIOR.  INMATE MULLINS COMPLIED.  AT APPROXIMATELY 12:30 P.M., OFFICER HILL NOTIFIED SGT. WILLIE RYANS ABOUT THE INCIDENT.  INMATE MULLINS REMAINS HOUSED IN HIS ASSIGNED LIVING AREA PENDING DISCIPLINARY ACTION.  INMATE MULLINS IS BEING CHARGED WITH RULE VIOLATION #38, INDECENT EXPOSURE/EXHIBITIONISM.

_____
OFFICER ANITA HILL

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
              COPY to Deputy Commissioner, Institutions
              COPY to Institutional File
              COPY to Central Records File

SRCP SCANNED

N601 D of C
DOC No. 601
(Rev. 4/81)

**STATE OF ALABAMA**
**BOARD OF CORRECTIONS**
**INSTITUTIONAL INCIDENT REPORT**

| 1. Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2. Date: 7/3/04 | 3. Time: 3:25 P.M. | 4. Incident Number: WED 04-0419 |
|---|---|---|---|

| 5. Location Where Incident Occurred: SEGREGATION-I, SIDE-2 | 6. Type of Incident: GENERAL INFORMATION |
|---|---|
| 7. Time Incident Reported: 3:46 P.M. | 8. Who Received Report: LT. MELVIN WILSON |

9. Victims:  a. _____  No. _____
           b. _____  No. _____
           c. _____  No. _____

10. Suspects:                                    11. Witnesses:
a. STEVE MULLINS        No. W/175255    a. _____  No. _____
b. EARNEST ARRINGTON    No. B/142101    b. _____  No. _____
c. ANTAWN DURANT        No. B/205109    c. _____  No. _____
d. HENRY GREER          No. B/163109    d. _____  No. _____
e. _____    No. _____     e. _____  No. _____

Physical Evidence:
12. Type of Evidence: _____

13. Description of Evidence: _____

14. Chain of Evidence: _____
a. _____
b. _____
c. _____

15. Narrative Summary: ON 7/3/04, AT APPROXIMATELY 3:25 P.M., OFFICER REGINALD
BOLLING, SEGREGATION-I ROVER, AND OFFICER CHARLES HARPER, SEGREGATION-II ROVER, WERE
SHOWERING SEGREGATION-I.  OFFICER BOLLING ASKED INMATES STEVE MULLINS W/175255,
EARNEST ARRINGTON B/142101, ANTAWN DURANT B/205109 AND HENRY GREER B/163109 IF THEY
WANTED TO SHOWER.  ALL FOUR INMATES REFUSED.  AT APPROXIMATELY 3:30 P.M., OFFICER
HARPER ASKED THE SAME FOUR INMATES TO SHOWER, AND AGAIN, THEY REFUSED AND STATED
THAT THEY WANTED TO SEE A SUPERVISOR.  AT APPROXIMATELY 3:46 P.M., LT. MELVIN WILSON
ENTERED SEGREGATION-I TO TALK WITH THE FOUR INMATES.  AT THIS TIME, INMATES MULLINS,
ARRINGTON, DURANT AND GREER STATED TO LT. WILSON THAT THEY WERE AFRAID OF OFFICER
BOLLING AND WOULD NOT SHOWER.  AT APPROXIMATELY 4:05 P.M., LT. WILSON INSTRUCTED
OFFICER BOLLING TO WRITE AN INCIDENT REPORT OF THE SITUATION AND TO BE SURE AND
SECURE ALL TRAY DOORS IN SEGREGATION WHILE SHOWERING.  AT APPROXIMATELY 4:10 P.M.,
LT. WILSON EXITED SEGREGATION-I.  AT APPROXIMATELY 4:50 P.M., OFFICERS BOLLING AND
HARPER COMPLETED SHOWERING WITH NO FURTHER INCIDENTS.  AT NO TIME WAS SHOWERING
PRIVILEGES DENIED FOR INMATES MULLINS, ARRINGTON, DURANT AND GREER.

OFFICER REGINALD BOLLING

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
           COPY to Deputy Commissioner, Institutions
           COPY to Institutional File
           COPY to Central Records File

DISCIPLINARY # 04-0047

## DISCIPLINARY CONTROL SHEET

TYPE OF INCIDENT: Fighting With A Weapon -

DATE OF INCIDENT: 1-20-04

OFFICER WRITING REPORT: OFC. Jerry Witherspoon DATE 1-20-04

SUPERVISOR REVIEWING HANDWRITTEN COPY: mw           DATE 1-21-04

··· Signature Required for Every Item ···

DATE/SIGNATURE SUPERVISOR SUBMITS TO TYPIST: 1-22-04

DATE/TYPIST RECEIVES HANDWRITTEN COPY: 01-22-04 bc

DATE/TYPED/SIGNATURE RETURNED TO SUPERVISOR: 01-22-04 bc

DATE/SIGNATURE RECEIVED BY SUPERVISOR: _____

DATE/SIGNATURE RETURNED TO TYPIST FOR 2 & 3 PAGES: 1-30-04

DATE/SIGNATURE RETURNED TO SUPERVISOR: _____

DATE/SIGNATURE PLACED IN CAPTAIN'S BOX: _____

DATE/SIGNATURE REVIEWED BY CAPTAIN: _____

DATE/SIGNATURE REVIEWED BY DEPUTY WARDEN HUNTLEY: RH 2-2-04

DATE/SIGNATURE FORWARDED TO MS. LEWIS: _____

DATE/SIGNATURE RECEIVED BY MS. LEWIS: _____

DATE DISTRUBUTED: 2-10-04

··· ··· ···

COMMENTS: _____

_____

_____

_____

_____

_____

_____

04-0047

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **STEVEN MULLINS**      Custody: _____      AIS: **W/M 175255**

2. Facility: WILLIAM E. DONALDSON CORRECTIONAL FACILITY

3. The above named inmate is being charged by **OFFICER JERRY WITHERSPOON** with violation of rule number **34** specifically **FIGHTING WITH ~~OUT~~ A WEAPON** from regulation # **403** which occurred on or about **01/20, 2004** at **9:50 (XX/PM)**, Location: **CELL BLOCK –4, SIDE-2, CELL #96**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **ON 01/20/04, AT APPROXIMATELY 9:50 P.M., YOU, INMATE STEVEN MULLINS W/M 175255, WERE INVOLVED IN A FIGHT WITH A WEAPON IN CELL BLOCK-4, CELL #96, WHERE INMATE WILLIE SCARVER B/M 207348, WAS INJURIED.**

_1-23-04_
Date

_Jerry Witherspoon C.O.1_
(Arresting) Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _23_ day of _Jan_, 20_04_ at (time) _12 25_ (am/pm).

_R. Wright C01_
Serving Officer / Signature / Rank

_Refuse to Sign_     _R. Wright C01_
Inmate's Signature / AIS Number

6. Witnesses desired?   NO _Refused to Sign_  _R. Wright C01_   YES _____
Inmate's Signature                          Inmate's Signature

7. If yes, list: _____

8. Hearing Date _1-29-04_     Time _11:30 Am_     Place _W.E.D.C.F_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is)/ is not) capable of representing himself.
_Richard Hosley COI_
Signature / Hearing Officer

11. Plea: _Steven Mullins_ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
_Richard Hosley COI_
Signature / Hearing Officer

_2-9-04_

SRCP SCANNED

SRCP SCANNED

13.  Arresting Officer's testimony  (at the hearing):   <u>IN ADDITION TO THE CHARGES, I SAW A FIGHT</u>
     <u>TAKING PLACE IN FRONT OF CELL-96, I LATER QUESTIONED INMATE WILLIE SCARVER,</u>
     <u>HE INDICATED THAT HE HAD BEEN N A FIGHT WITH INMATE STEVE MULLINS. INMATE</u>
     <u>SCARVER HAD PUNCTURE WOUNDS TO HIS UPPER CHEST AND BACK. DURING MY</u>
     <u>INVESTIGATION, A RELIABLE SOURCE INFORMED ME THAT INMATE MULLINS HAD</u>
     STABBED INMATE SCARVER SEVERAL TIMES, DURING TWO SEPARATE  FIGHTS THAT
     OCCURRED ON 1/20/04, AND THAT THESE FIGHTS OCCURRED AS A RESULT OF A DEBT.
     <u>INMATE SCARVER OWED INMATE MULLINS.</u>

14.  Inmate's Testimony:   <u>SEE ATTACHED QUESTIONS.</u>

     Witness: _____   Substance of Testimony: _____

     Witness: _____   Substance of Testimony: _____

     Witness: _____   Substance of Testimony: _____

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.
     *Richard Hodsey COI* _____   *See attached*
     Signature / Hearing Officer

16.  The following witnesses were not called  -  Reason not called
     1. _____   _____
     2. _____   _____
     3. _____   _____

SRCP SCANNED

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: __ON 1/20/04, AT APPROXIMATELY 9:50 P.M., IN 4-BLOCK, CELL-96 OF WEDCF, INMATE STEVEN MULLINS, W/175255; AND INMATE WILLIE SCARVER, B/207348, WERE ENGAGED IN A MUTUAL COMBAT WITH A WEAPON, DURING WHICH THE PRINCIPAL AGGRESSOR COULD NOT BE DETERMINED. INMATE MULLINS DID USE AN INMATE MADE KNIFE AGAINST INMATE SCARVER. THE HEARING OFFICER FINDS THAT__

18. Basis for Finding of Fact: __THIS FINDING IS BASED ON THE TESTIMONY OF JERRY WITHERSPOON, WHO STATED UNDER OATH, THAT INMATE WILLIE SCARVER, B/207348, INFORMED HIM THAT HE HAD BEEN IN AN ALTERCATION WITH INMATE STEVE MULLINS. BOTH INMATES HAD PUNCTURE WOUNDS IN THEIR BACK AND CHEST. OFFICER__

19. Hearing Officer's Decision: __XXXX__ Guilty _____ Not Guilty

20. Recommendation of Hearing Officer: __INMATE MULLINS IS IN CLASS IV, I RECOMMEND 45 DAYS DISCIPLINARY SEGREGATION, 90 DAYS LOSS OF STORE, PHONE, AND VISITATION.__

_Richard Godsey COI_
Signature / Hearing Officer

**RICHARD GODSEY, COI**
Typed Name and Title

21. Warden's Action – Date _____
Approved _____
Disapproved _____
Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the __3__ day of __Feb__ 2004 at (time) __1:35__ (am /pm)

_Richard Coppa COI_                    _R. Allms COT_ Refused to Sign
Signature / Serving Officer / Title            Inmate's Signature and AIS Number

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT (OPTIONAL)**

Inmate Name /AIS Number    **STEVE MULLINS**                    Incident Report No.    **04-0047**

Facility :    **DONALDSON CORRECTIONAL FACILITY**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER
(QBHO) TO ARRESTING OFFICER:

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO
INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):

CONTINUED FINDINGS OF FACTS:    **ANY INMATE ENGAGED IN A MUTUAL COMBAT, USING A**
**DEVICE AS A WEAPON, WITH ANOTHER INMATE IS GUILTY OF RULE VIOLATION #34,**
**FIGHTING WITH A WEAPON. THEREFORE, THE HEARING OFFICER FINDS INMATE STEVE**
**MULLINS, W/175255, GUILTY OF RULE VIOLATION #34, FIGHTING WITH A WEAPON.**

CONTINUED BASIS FOR FINDING OF FACT:    **WITHERSPOON ALSO STATED THAT A**
**CONFIDENTIAL RELIABLE SOURCE HAD INFORMED HIM THAT INMATE MULLINS HAD**

**STABBED INMATE SCARVER SEVERAL TIMES DURING TWO**

**SEPARATE FIGHTS THAT OCCURRED ON 1/20/04. THIS FINDING IS FURTHER SUBSTANTIATED BY MEDICAL RECORDS THAT INJURIES WERE SUSTAINED BY INMATE MULLINS AND INMATE SCARVER.**

CONTINUED HEARING OFFICER'S RECOMMENDATIONS: _____

_____

_____

_____

_____

OTHER: _____

_____

_____

_____

_____

ALDOC Form 225B                04-0047                    Q/A

To   (COI) / JERRy WitherSPOON

From (INMate) STEVEN MULLINS # 1752E

All Q/A ARE RELEVANT, Significant and
IN ACCORDANCE with AO Admin, Regulation (403)
Disciplinary procedure 1-6

1. ALL 601 INCIdENT reports and 225B disciplinary
   charges and/or Circumstances of charges or
   to explicidely conform, comport and coincide
   to/with actual Annex #3 specifically rule violation
   number.?  (YES) - NO

2. IN Annex #4 Circumstances of violation; you
   did state that I was Involved IN an Altercation
   with a weapon.? (yes) NO

3. is Annex #3 rule Violation(34) IN Compliance
   to your stated Circumstances.? (yis) NO

4. IN your Annex #4 "Circumstances of violation"
   you reached a conclusion based on
   "NO" actual observation or Informative
   Knowledge.? true - (false) Reliable source

ADOC000078

5. Did you officer J. Witherspoon observe witness or have opportunity to see this/the alleged alteration.? yes  NO I saw the disturbance taking place, I did not see a weapon

6. Also did you apprehend, confiscate or take into your possession "any" alleged weapon or device from me or in my vicinity.? yes (NO)

7. Who's initialed signiture is at the top of this 225B form.? (Capt Richburg          ) ___ ___ why is it located as such.? he made the corrections to 22B ___? and was this person designated chairman or hearing official of this 04-0047 disciplinary.? (yes) NO

8 Have I been before any/a hearing prior to this on this charge circumstance. yes - (NO)

SRCP SCANNED

N501 D STATE OF ALABAMA
DOC No. 601
(Rev. 4/81)

## BOARD OF CORRECTIONS
### INSTITUTIONAL INCIDENT REPORT

| 1.Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2.Date: 01/20/04 | 3.Time: 9:50 P.M. | 4.Incident Number: WED 04-0047 |
|---|---|---|---|

| 5.Location Where Incident Occurred: FOUR BLOCK, CELL #96 | 6.Type of Incident: FIGHTING WITHOUT A WEAPON |
|---|---|
| 7.Time Incident Reported: 9:53 P.M. | 8.Who Received Report: LT. MELVIN WILSON |

9.Victims:  a._____ No._____
           b._____ No._____
           c._____ No._____

10.Suspects:                                    11.Witnesses:
a. WILLIE SCARVER    No. B/M 207348    a._____ No._____
b. STEVEN MULLINS    No. W/M 175255    b._____ No._____
c. PAUL HEARLD       No. W/M 141390    c._____ No._____

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____
b._____
c._____

15. Narrative Summary: ON 01/20/04, AT APPROXIMATELY 9:50 P.M., OFFICER JERRY WITHERSPOON, WHILE PROVIDING SECURITY AS FOUR-BLOCK ROVER, OFFICER WITHERSPOON ENTERED SIDE-2 OF CELLBLOCK-4 AND DID SEE SEVERAL INMATES IN FRONT OF CELL #96 FIGHTING.  OFFICER LEROY MASON, FOUR BLOCK CUBICLE OFFICER, CALLED A CODE BLUE VIA WALKIE-TALKIE.  AS OFFICER WITHERSPOON WAS GOING UP TOWARD CELL #96, OFFICER WITHERSPOON DID SEE INMATE WILLIE SCARVER B/M 207348, RUN INTO CELL #94.  WHEN OFFICER WITHERSPOON ARRIVED AT CELL #96, OFFICER WITHERSPOON DID SEE INMATE STEVEN MULLINS W/M 175255, AND PAUL HEARLD W/M 141390, BOTH BLEEDING SEVERELY FROM THE FRONT FACIAL AREA.  AT THIS TIME OFFICER WITHERSPOON SECURED CELL-#96 BY CLOSING IT SHUT. OFFICER WITHERSPOON WENT TO CELL #94 AND DID SEE INMATE WILLIE SCARVER BLEEDING FROM THE UPPER CHEST AREA.  AT THIS TIME OFFICER MARCUS ATCHINSON, SGT. THOMAS CARGILL, SGT. JOHN ARTHUR AND LT. MELVIN WILSON ENTERED THE UNIT AND ASSISTED OFFICER WITHERSPOON IN ESCORTING INMATES SCARVER, MULLINS, AND HEARLD OUT OF THE UNIT. . OFFICER ATCHINSON ESCORTED INMATES MULLINS AND HEARLD TO THE INFIRMARY FOR MEDICAL TREATMENT.  OFFICER WITHERSPOON ESCORTED INMATE SCARVER TO THE WEST UNIT BARBERSHOP: FOR SECURITY REASON CELL BLOCK FOUR WAS LOCKED DOWN AFTER ALL SUSPECTS WERE ESCORTED OUT OF THE UNIT.  AT APPROXIMATELY 10:10 P.M., INMATE MULLINS WAS TREATED BY NURSE RHONDA NICKLE AND RELEASED.  AT APPROXIMATELY 10:20 P.M., NURSE NICKLES TREATED INMATE HEARLD.  AFTER INMATE HEARLD HAD BEEN EXAMINED BY NURSE NICKLES IT WAS DETERMINED THAT HE WOULD HAVE TO BE TRANSPORTED TO CARRAWAY HOSPITAL FOR FURTHER MEDICAL TREATMENT.  AT APPROXIMATELY 10:30 P.M., INMATE SCARVER WAS ESCORTED TO THE INFIRMARY BY OFFICER WITHERSPOON FOR MEDICAL TREATMENT, WHERE HE WAS

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
            COPY to Deputy Commissioner, Institutions
            COPY to Institutional File
            COPY to Central Records File

SRCP SCANNED

| D of C N602 | CONTINUATION SHEET |
| --- | --- |

INSTITUTION: WILLIAM E. DONALDSON CORRECTIONAL FACILITY/    INCIDENT NUMBER: 04-0047

DATE: 01/20/04                                    TYPE INCIDENT: FIGHTING WITH A
                                                                 WEAPON

Narrative Summary (Continued) Page No. 2
TREATED BY NURSE NICKLES AND RELEASED (SEE ATTACHED COPIES OF MEDICAL TREATMENT
REPORT.)  AT APPROXIMATELY 10:32 P.M., LT. WILSON, LT. KEENE, AND OFFICER
WITHERSPOON QUESTIONED INMATE SCARVER CONCERNING THE INCIDENT.  INMATE SCARVER
STATED THAT HE HAD BEEN INVOLVED IN AN INCIDENT WITH INMATE MULLINS AFTER THE 8:00
P.M., COUNT HAD BEEN CONDUCTED.  INMATE SCARVER STATED THAT HE WENT INTO CELL #96
TO TALK WITH INMATE MULLINS ABOUT A DEBT.  INMATE SCARVER STATED THAT INMATE MULLINS
STUCK HIM WITH A KNIFE SEVERAL TIMES BEFORE HE FORCED HIS WAY OUT OF THE CELL.
INMATE SCARVER STATED THAT HE LATER RETURNED TO CELL #96 WITH TWO LOCKS ON A STATE
ISSUED BELT.  AT THIS TIME INMATE SCARVER STATED THAT HE ASKED INMATE HEARLD TO STEP
OUT OF THE CELL SO THAT HE COULD TALK WITH INMATE MULLINS.  AS INMATE HEARLD WAS
LEAVING THE CELL, INMATE SCARVER STATED THAT HE STRUCK INMATE HERALD WITH THE LOCK
HE HAD ATTACHED ON THE BELT.  INMATE SCARVER FURTHER STATED THAT THIS IS WHEN INMATE
MULLINS BEGAN TO STICK HIM AGAIN WITH AN ICE PICK.  WHEN INMATE HEARLD WAS
QUESTIONED BY LT. WILSON AND LT. KEENE, INMATE HEARLD ALSO STATED THAT THE INCIDENT
OCCURRED OVER A DEBT WHICH HE STATED THAT INMATE SCARVER OWED INMATE MULLINS, AND
REFUSED TO PAY HIM.  INMATE MULLINS WAS ALSO QUESTIONED BY LT. WILSON AND LT. KEENE
CONCERNING THE INCIDENT; HOWEVER, INMATE MULLINS REFUSED TO SAY ANYTHING CONCERNING
THE INCIDENT.  AT APPROXIMATELY 10:20 P.M., LT. WILSON INFORMED WARDEN RODNEY
HUNTLEY, WARDEN STEPHEN BULLARD, AND CAPTAIN JIMMIE RICHBURG ABOUT THE INCIDENT.  AT
APPROXIMATELY 10:30 P.M., WARDEN BULLARD ARRIVED AT THE INSTITUTION AND WAS ALSO
BRIEFED ABOUT THE INCIDENT BY LT. WILSON.  AT APPROXIMATELY 10:35 P.M., ASSISTANT
WARDEN HUNTLEY ARRIVED AT THE INSTITUTION AND WAS BRIEFED ABOUT THE INCIDENT BY LT.
WILSON.  AT APPROXIMATELY 10:45 P.M., MR. SCOTTIE WELLS OF I&I WAS NOTIFIED ABOUT
THE INCIDENT BY LT. WILSON. MR. WELLS ADVISED LT. WILSON THAT DUE TO NO LIFE
THREATENING SITUATION, CELL #96 COULD BE RELEASED FROM LOCK DOWN.  AT APPROXIMATELY
11:33 P.M., INMATE HEARLD WAS TRANSPORTED TO CARRAWAY HOSPITAL BY AMBULANCE,
ESCORTED BY OFFICER ARTHUR MCCURDY AND RAPHAEL COLLINS.  NOTE: CELLS #96 AND #94,
WERE SEARCHED BY OFFICERS JAMES LEWIS, KENNEDY ROY, AND SEVERAL OTHER OFFICERS;
HOWEVER, THE WEAPON USED IN THE INCIDENT WAS NOT RECOVERED. INMATE MULLINS AND
SCARVER WILL RECEIVE A DISCIPLINARY FOR RULE VIOLATION #34, FIGHTING WITH A WEAPON.
INMATE HEARLD WILL RECEIVE A DISCIPLINARY FOR RULE VIOLATION #35, FIGHTING WITHOUT A
WEAPON.  INMATE SCARVER WAS PLACED IN THREE BLOCK, CELL #61, AND INMATE MULLINS WAS
PLACED IN SEG-1, CELL #12 (SEE ATTACHED COPIES OF DETENTION NOTIFICATION.)

_Jerry Witherspoon C.O.I_
JERRY WITHERSPOON, CO I

ADOC000081

**EMERGENCY**

PHS
PRISON
HEALTH
SERVICES
INCORPORATED

SRCP SCANNED

| ADMISSION DATE 1 /20/04  TIME 2230 ☐AM ☑PM | ORIGINATING FACILITY  WDCF ☐SIR ☐PDL ☐ESCAPEE ☑Inmate | ☐SICK CALL ☑EMERGENCY ☐OUTPATIENT |

ALLERGIES  NKDA

CONDITION ON ADMISSION
☐GOOD ☑FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA

VITAL SIGNS: TEMP ___ ORAL/RECTAL   RESP. 16   PULSE 101   B/P 120/162   RECHECK IF SYSTOLIC <100> 50 ___

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / SUTURES |

S) I got cut on the head, shoulder back
I got stabbed a ice pick by mullins
right here in chest"

PHYSICAL EXAMINATION
O) VSS, Resp 2tu skin
W/D to touch. Approx
1½" laceration noted to
back of head. small
lacerations to various other
areas.

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |

P) cleaned steri strip head
various bandaids to other areas
marked. Released to DOC
VO Dr. Vanof Blum

A) Alt in comfort

DIAGNOSIS

INSTRUCTIONS TO PATIENT
2) notify HCU c any problems

| DISCHARGE DATE / / | TIME ___ ☐AM ☐PM | RELEASE / TRANSFERRED TO ☐DOC ☐AMBULENCE ☐ | CONDITION ON DISCHARGE ☐SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |

| NURSE'S SIGNATURE  K McWilliamsRN | DATE 1/20/04 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

INMATE NAME (LAST, FIRST, MIDDLE)  Scarver, Willie

| DOC# 207348 | DOB ▮▮▮ | R/S B/M | FAC. WDCF |

PHS-MD-70007    (White – Record Copy, Yellow – Pharmacy Copy)

ADOC000082

SpO2 98%

**EMERGENCY**

PHS PRISON HEALTH SERVICES INCORPORATED

SRCP SCANNED

| ADMISSION DATE 1/2/01 | TIME 2200 AM/PM | ORIGINATING FACILITY WDCF Inmate ☐ SIR ☐ PDL ☐ ESCAPEE ☒ | ☐ SICK CALL ☒ EMERGENCY ☐ OUTPATIENT |

ALLERGIES NKDA

CONDITION ON ADMISSION
☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

| VITAL SIGNS: TEMP | ORAL RECTAL | RESP. 18 | PULSE 95 | B/P 121/10 | RECHECK IF SYSTOLIC <100> 50 |

NATURE OF INJURY OR ILLNESS

S) "I wasn't really in the fight but I got hit twice in the head and kicked in my forehead on left side"

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

O) VSS, Resp Etu Skin WD to touch. Swelling noted to (R) side of face. Approx 2" laceration noted to back of head. Approx 2" laceration noted to (R) front head Approx 1½" laceration noted to (R) forehead. PERRL

ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY

P) Areas cleaned and pressure dsg applied. Send to CMMC ER via ambulance

A) Alt in comfort

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE / / | TIME AM PM | RELEASE / TRANSFERRED TO ☐ DOC ☒ AMBULENCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE Y Miller RN | DATE 1/2/04 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Hearld, Paul | DOC# 141390 | DOB [redacted] | R/S W/M | FAC. WDCF |

PHS MD 70007                    (White – Record Copy, Yellow – Pharmacy Copy)

ADOC000093

**EMERGENCY**

PHS
PRISON
HEALTH
SERVICES
INCORPORATED

SRCP SCANNED

| ADMISSTION DATE 1/20/04 | TIME 2200 AM PM | ORIGINATING FACILITY WDOF ☐ SIR ☐ PDL ☐ ESCAPEE Inmak | ☐ SICK CALL ☒ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES PCN | CONDITION ON ADMISSION ☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

| VITAL SIGNS: TEMP | ORAL RECTAL | RESP. 16 | PULSE 78 | B/P 130/86 | RECHECK IF SYSTOLIC <100> 50 |
|---|---|---|---|---|---|

NATURE OF INJURY OR ILLNESS

S) "I got stuck"
"I don't know"

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

1) VSS. neop & tu skin
w/n to touch. Approx
two 1/2 lacerations to
(R) shoulder noted. Appro
1/2" superficial cut noted
to back of (R) shoulder
small scratches noted
to (R) arm and chest
area.

4) Pt in comfort

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| 2) Clean areas c peroxide | | |
| Ster-strips placed | | |
| Released to DOC | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT
3) notify HCU c any problems

| DISCHARGE DATE 1/20/04 | TIME 2215 AM PM | RELEASE / TRANSFERRED TO ☒ DOC ☐ AMBULENCE ☐ | CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE Vhialwin | DATE 1-70 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Mullins, Steve | DOC# 175255 | DOB | R/S W/m | FAC. WDOF |
|---|---|---|---|---|

PHS-MD-70007    (White – Record Copy, Yellow – Pharmacy Copy)

ADOC000084

SRCP SCANNED

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number    **STEVE MULLINS**          Incident Report No.   **04-0047**

Facility :      **DONALDSON CORRECTIONAL FACILITY**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER: _____

_____

_____

_____

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE: _____

_____

_____

_____

CONTINUED WITNESS TESTIMONY (QBHO): _____

_____

_____

_____

CONTINUED FINDINGS OF FACTS:      **ANY INMATE ENGAGED IN A MUTUAL COMBAT, USING A DEVICE AS A WEAPON, WITH ANOTHER INMATE IS GUILTY OF RULE VIOLATION #34, FIGHTING WITH A WEAPON. THEREFORE, THE HEARING OFFICER FINDS INMATE STEVE MULLINS, W/175255, GUILTY OF RULE VIOLATION #34, FIGHTING WITH A WEAPON.**

CONTINUED BASIS FOR FINDING OF FACT:      **WITHERSPOON ALSO STATED THAT A CONFIDENTIAL RELIABLE SOURCE HAD INFORMED HIM THAT INMATE MULLINS HAD**

SRCP SCANNED

**STABBED INMATE SCARVER SEVERAL TIMES DURING TWO**

**SEPARATE FIGHTS THAT OCCURRED ON 1/20/04. THIS FINDING IS FURTHER SUBSTANTIATED BY MEDICAL RECORDS THAT  INJURIES WERE SUSTAINED BY INMATE MULLINS AND INMATE SCARVER.**

CONTINUED HEARING OFFICER'S RECOMMENDATIONS: _____

_____

_____

_____

_____

OTHER: _____

_____

_____

_____

_____

SRCP
SCANNED

ALDOC Form 225B          04-0047          / Q/A

To  (COI)  JERRY WitherSPOON

From ( INMate )STEVEN MuLLINS ⧧ 175255

All Q/A ARE RELEVANt, SignificANt and
IN ACCORDANCE with/to Admin, RegulAtion (403)
Disciplinary procedure 1-6

1. ALL 601 INCIDENt report's and 225B disciplinary
charges and/or circumstances of charges or
to explicidely conform, comport and coincide
to/with actual Annex ⧣3 specifically rule violation
number.? (YES)- NO

2. IN Annex ⧣4 circumstances of violation; you
did state that I was INvolved IN AN AlterCAtion
with a weapon.? (YES) NO

3. Is Annex ⧣8 rule violation(34) IN Compliance
to your stated circumstances.? (YES) NO

4. IN your annex ⧣4 "circumstances of violation"
you reached a conclusion based on
"no" actual observation or Informative
Knowledge.? true - (false) Reliable source

ADOC000087

SRCP SCANNED

5. Did you officer J. Witherspoon observe Witness or have opportunity to see this/the alleged Alteration.? yes   NO I saw the disturbance taking places, I did not see a weapon

6. Also did you apprehend, confiscate or take into your possession "ANY" Alleged Weapon or device from me or in my vicinity ? yes (NO)

7. Who's initialed signature is at the top of this 225B form.? (Capt Richburg    ) why is it located as such.? he made the corrections to 22B ? and was this person designated chairman or hearing official of this 04-0047 disciplinary.? (yes) NO

8. Have I been before any/a hearing prior to this on this charge circumstance? yes - (NO)

ADOC000088



**STATE OF ALABAMA**

BOB RILEY                    **DEPARTMENT OF CORRECTIONS**                    DONAL CAMPBELL
GOVERNOR                    WILLIAM E. DONALDSON CORRECTIONAL FACILITY        COMMISSIONER

100 WARRIOR LANE

BESSEMER, AL 35023

## DETENTION NOTIFICATION

INMATE: _STEVE MULLINS_                    RACE / AIS # : _W/M 175255_ X

This is to inform you that you are presently being investigated by: _LT, Melvin Wilson_

Signature of investigating Official

FOR (indicate circumstances) : _You inmate Steve Mullins W/m #175255_
_Was involved in a Fight With A Weapon in Cell block #4-_
_Cell #96 Where inmate Willie Scaver B/m 709348 Was injured_

As a result of this investigation, we are placing you in a single cell pending completion. I am giving you notice that this investigation may take longer than seventy-two (72) hours. At the end of this 72 hours, excluding holidays / weekends, you will either receive additional notification or be released from the single cell. By your signature below, you acknowledge receipt of a copy of this notice.

_Refused to sign (alfred D. McNeill)  W/m 175255_          _WStephen Bullard_
**Inmate Signature                    Race/AIS#**                    **Warden's Signature**

_alfred D. McNeill_          _1-21-04_          _1:34 AM_
**Serving Officer's Signature**          **Date**          **Time**

☐  72 hour investigation does apply.

☑  72 hour investigation does not apply. Disciplinary action will be initiated within ten days per Admin Reg. 403 .

The investigating officer will be responsible for all investigative phases ensuring that all concerned are notified in writing.

Cc:    Warden
       Asst. Warden
       Segregation
       Institutional File
       Inmate

ADOC000089

4-96A

DOC Form 225B
(Revised 7/92)
03-0385
ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

1. INMATE:_____ STEVEN MULLINS _____
                CUSTODY _____ AS ___W/175255X_____
2. FACILITY:_____ DONALDSON CORRECTIONAL FACILITY _____
3. The above inmate is being charged by:__ STEWARD III, ALLERIC HOLT _____
   With a violation of Rule Number_54_specifically:_REFUSING TO WORK, OR_
   ENCOURAGING OTHER TO STOP WORK _____from
   regulation _#403, which occurred on or about_5/2/03__ (Time)_8:50_ (AM/XX),
   Location:___KITCHEN _____. A hearing on
   this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows:_ON 5/2/03, AT APPROXIMATELY_
   8:50 A.M., YOU STEVEN MULLINS, W/175255X, WALKED UP TO THE STEWARD'S OFFICE DOOR
   AND STATED, "I AM NOT WORKING ON THE POTS AND PANS, PUT ME BACK IN HOUSE
   ARREST._____

   ___5-8-03_____        _Allen Holt Steward III___
        Date                 Arresting Officer/Signature/Rank

6. I hereby certify that I have personally served a copy of the foregoing upon
   the above named inmate and I informed inmate of his/her right to present a
   written or oral statement at the hearing and to present written questions
   for the witnesses on this the___9th__ day of_MAY__ 20_03, at (time)_950_
   (am/pm).

7. _James A. Beacher CO II___    _Steve Mullins 175255___
   Serving Officer/Signature/Rank    Inmate's Signature/AIS Number

8. Witnesses desired? NO_Steve Mullins_ YES_____
              Inmate's Signature        Inmate's Signature

9. If yes, list: _____

10. Hearing Date_5-12_ 20_03_ Time_12:45pm_Place__W.E.D.C.F.____
11. Inmate must be present in Hearing Room. If he/she is not present explain
    in detail on additional page and attach.
12. A finding is made that inmate (is/is not) capable of representing
    him/himself.
                          _Joel A. Gilbert CO II_
                          Signature/Hearing Officer
                                  175 255
13. Plea: _____ Not Guilty_Steve Mullins_ Guilty
14. The Arresting Officer, inmate, and all witnesses were sworn to tell the
    truth.
                          _Joel A. Gilbert CO II_
                          Signature/Hearing Officer

The following witnesses were called and by their signature indicate they did
appear.
Witness#1:_____N/A_____
Witness#2:_____
Witness#3:_____
18. The following witnesses were not called - Reason not called
1._____N/A_____
2._____
3._____
                                          _6-3-03_

Annex C to AR 403 (page 1 of 3)    DATE _____
                                          ADOC000090

SRCP SCANNED

15. Arresting Officer's testimony (at the hearing): ON 5/2/03, AT APPROXIMATELY 8:50 A.M., INMATE STEVEN MULLINS CAME TO MY OFFICE DOOR, AND STATED, "I'M NOT WORKING ON THE POTS AND PANS, PUT ME BACK IN HOUSE ARREST.

16. Inmate's Testimony: I'M GUILTY

Witness#1: _____     Substance of Testimony: _____

Witness#2: _____     Substance of Testimony: _____

Witness#3: _____     Substance of Testimony: _____

17. The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.
    NONE Submitted

Joel A. Gilbert CoII
Signature/Hearing Officer

19. After hearing all testimony, the Hearing Officer makes the following findings of fact:(Be Specific) The Hearing Officer finds that: ON 5/2/03, AT APPROXIMATELY 8:50 A.M., IN THE KITCHEN AT DONALDSON CORRECTIONAL FACILITY, INMATE STEVEN MULLINS, 175255, DID REFUSE TO DO THE WORK ASSIGNED BY STEWARD HOLT, HIS WORK SUPERVISOR, WHEN HE TOLD INMATE MULLINS TO WORK ON POTS AND PANS, AND HE REFUSED TO ACCOMPLISH THIS

20. Basis for Findings of Fact: THIS FINDING IS BASED ON THE TESTIMONY OF STEWARD ALLERIC HOLT, THE ARRESTING OFFICER, WHO STATED, UNDER OATH, THAT INMATE STEVEN MULLINS, 175255, DID REFUSE TO DO THE WORK ASSIGNED TO HIM AND THAT THE INMATE STATED, "I AM NOT WORKING ON POTS AND PANS, PUT ME

21. Hearing Officer's Decision: XXXXX Guilty _____ Not Guilty

22. Recommendation of Hearing Officer: INMATE IN CLASS IV EARNING STATUS, EARNS NO GOODTIME. I RECOMMEND 15 DAYS DISCIPLINARY SEGREGATION, 15 DAYS LOSS OF STORE, PHONE, AND VISITATION.

Joel A. Gilbert CoII
Signature/Hearing Officer

JOEL A. GILBERT, COII
Type Name and Title

23. Warden's Action / Date
    Approved W.T. Neal Prison Daniels 5/21/03
    Disapproved _____
    Other (Specify) _____

24. Reason if more than 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this 30th day of May 2003, at (time) 12:40 (am/pm).

Signature/Serving Officer/Title / Inmate's Signature/AIS Number
175255
Annex C to AR 403 (Page 2 of 3)

ADOC000091

SRCF SCANNED

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
            Disciplinary Report(Optional)

Inmate Name/AIS Number _____ STEVEN MULLINS _____ 175255 _____
       Incident Report #O3-O385_  Facility____ WEDCF _____
CONT'D #15 ARRESTING OFFICER'S (AO)STATEMENT &/OR QUESTIONS BY HEARING OFFICER
  (QBHO)TO ARRESTING OFFICER:

_____
_____
_____
_____
_____
_____

CONT'D #16 INMATE'S STATEMENT &/OR QUESTIONS BY HEARING OFFICER (QBHO)TO
  INMATE:

_____
_____
_____
_____
_____
_____

CONT'D WITNESS TESTIMONY &/OR QBHO

_____
_____
_____
_____
_____

CONT'D #19 FINDINGS OF FACT:
ASSIGNED TASK. THE HEARING OFFICER FURTHER FINDS THAT AT DONALDSON
CORRECTIONAL FACILITY, ANY INMATE WHO REFUSES OR DOES NOT WORK AS DIRECTED BY
HIS WORK SUPERVISOR IS GUILTY OF RULE VIOLATION #54-REFUSING TO WORK OR
ENCOURAGING OTHER TO STOP WORK. THEREFORE, THE HEARING OFFICER FINDS INMATE
STEVEN MULLINS, 175255, GUILTY OF VIOLATING RULE #54-REFUSING TO WORK OR
ENCOURAGING OTHER TO STOP WORK.
_____

CONT'D #20 BASIS FOR FINDINGS OF FACT:
BACK IN HOUSE ARREST. THE HEARING OFFICER DID BELIEVE THE TESTIMONY OF THE
INMATE WHEN HE STATED THE I'M GUILTY.
_____
_____
_____

CONT'D #22 HEARING OFFICER'S RECOMMENDATIONS:

_____
_____
_____
_____

Other:_____ ADOC000092___

03-0385

## Disciplinary REPORT COVER SHEET

TYPE OF INCIDENT: _#54 Refusing to work_

DATE INCIDENT OCCURED: _5/2/03_

OFFICER WRITING REPORT: _Stewart III A Holt_ DATE _5/3/03_

SUPERVISOR REVIEWING HANDWRITTEN COPY: _Beach_ DATE _5-5-03_

DATE TYPIST RECEIVES HANDWRITTEN COPY: _____

DATE TYPIST TYPES REPORT: _5-7-03_

DATE SENT FOR OFFICER'S SIGNATURE: _5-7-03_

DATE SENT BACK FOR CORRECTIONS: _5-12-03_

DATE RETURNED AFTER CORRECTIONS: _2nd + 3rd_ _5-13-03_

DATE PLACED IN CAPTAIN'S BOX: _5-15-03_

DATE REVIEWED BY CAPTAIN: _5/15/03_

DATE REVIEWED BY WARDEN Daniels: _5/21/03_

DATE REVIEWED BY WARDEN BULLARD: _____

DATE DISTRIBUTED: _6-4-03_

COMMENTS: _____

ADOC000093

4-96 A

03-0291

ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1.  Inmate:  **STEVEN MULLINS**  Custody: _____  AIS: __175255__

2.  Facility:  **DONALDSON CORRECTIONAL FACILITY**

3.  The above named inmate is being charged by SGT. GEORGE MCCALL  with violation of rule number 92 specifically, AIDING AND ABETTING TO COMMIT A VIOLATION OF DEPARTMENT OF CORRECTIONS RULES, from regulation # 403 which occurred on or about 5/22/03 at (time) 3:00 (XX / pm),  Location:  _1-BLOCK, CELL-13_. A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows:  INMATE STEVE MULLINS, W/175255, DID ASSIST ANOTHER INMATE IN BREAKING IN ANOTHER INMATE'S LOCKER BOX. INMATE MULLINS WAS THE LOOK OUT MAN (HOTRAILER) AS THE OTHER INMATE BROKE INTO THE LOCKER BOX.

    _5-30-03_                          _George McCall C.O.II_
    Date                               Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _31_ day of _May_, 200_3_ at (time) _1:37_ (am/pm).

    _William D Webster COT_          _Steve Mullins / 175255_
    Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

6.  Witnesses desired?    NO _Steve Mullins_          YES _____
                          Inmate's Signature              Inmate's Signature

7.  If yes, list: _____

8.  Hearing Date _6-4-03_      Time _12:50 A.m_      Place _W.E.D.C.F_

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    _James Eze_
    Signature / Hearing Officer

11. Plea: _____  Not Guilty _Steve Mullins / 175255_ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _James Eze COT_
    Signature / Hearing Officer

    _6-13-03_
    **DATE ENTERED** DOC000094

SRCP SCANNED

13.  Arresting Officer's testimony  (at the hearing):   **INMATE STEVE MULLINS, 175255, ASSISTED ANOTHER INMATE IN BREAKING IN ANOTHER INMATE'S LOCKER BOX. INMATE MULLINS WAS THE LOOK OUT MAN AS THE OTHER INMATE BROKE INTO THE LOCKER BOX.**

14.  Inmate's Testimony:  **I'M GUILTY**

Witness: _____   Substance of Testimony: _____

Witness: _____   Substance of Testimony: _____

Witness: _____   Substance of Testimony: _____

15.  The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_James E Lewis_ COI        nowe submited
Signature / Hearing Officer

16.  The following witnesses were not called  - Reason not called

1. _____   _____
2. _____   _____
3. _____   _____

SRCP SCANNED

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: **ON 5/22/03, AT APPROXIMATELY 3:00 A.M., IN 1-BLOCK, CELL-13 AT DONALDSON CORRECTIONAL FACILITY INMATE STEVEN MULLINS, 175255, DID ASSIST ANOTHER INMATE TO VIOLATE A DEPARTMENTAL RULE, THE HEARING OFFICER FINDS INMATE STEVEN MULLINS DID ASSIST ANOTHER INMATE TO BREAK INTO A LOCKER BOX WHICH IS A DEPARTMENTAL VIOLATION OF RULE #92, AIDING AND ABETTING TO**

18. Basis for Finding of Fact: **THIS FINDING IS BASED ON THE TESTIMONY OF SGT. GEORGE MCCALL, WHO STATED UNDER OATH, THAT INMATE STEVE MULLINS, 175255, DID AID AND ABET ANOTHER INMATE TO VIOLATE RULE #68, BY BREAKING INTO A LOCKER BOX. THE HEARING OFFICER DID BELIEVE THE TESTIMONY OF THE INMATE WHO STATED I'M GUILTY.**

19. Hearing Officer's Decision: **XXXX** Guilty _____ Not Guilty

20. Recommendation of Hearing Officer: **INMATE STEVE MULLINS, 175255, IS IN CLASS IV STATUS DOES NOT EARN GOOD TIME. I RECOMMEND 30 DAYS DISCIPLINARY SEGREGATION, 30 DAYS LOSS OF STORE, PHONE, AND VISITATION.**

_James Lewis COI_
Signature / Hearing Officer

**JAMES LEWIS, COI**
Typed Name and Title

21. Warden's Action – Date 6/10/03
Approved _WID Response Denied 6/10/03_
Disapproved _____
Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the 13th day of June 20 03 at (time) 12:14 (am/ pm).

_Archie Diddy C.O.I._
Signature / Serving Officer / Title

_Steve Mullins 175255_
Inmate's Signature and AIS Number

ADOC000096

SRCP SCANNED

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number    **STEVEN MULLINS, 175255**    Incident Report No.  **DCF 03-0291**

Facility :    **DONALDSON CORRECTIONAL FACILITY**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER
(QBHO) TO ARRESTING OFFICER: _____

_____

_____

_____

_____

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO
INMATE: _____

_____

_____

_____

_____

CONTINUED WITNESS TESTIMONY (QBHO): _____

_____

_____

_____

_____

CONTINUED FINDINGS OF FACTS:    **COMMIT A VIOLATION OF DEPARTMENT OF
CORRECTIONS RULES. THE HEARING OFFICER FURTHER FINDS THAT ANY INMATE WHO
ASSISTS THE VIOLATION OF A DEPARTMENTAL RULE IS GUILTY OF RULE #92, AIDING AND
ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL RULES. THEREFORE,
THE HEARING OFFICER FINDS INMATE STEVEN MULLINS, 175255, GUILTY OF RULE #92, AIDING
AND ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL RULES.**

_____

_____

_____

ADOC000097

*03-0385*



SRCP
SCANNED

### Disciplinary REPORT COVER SHEET

TYPE OF INCIDENT: ___#54 Refusing to Work___

DATE INCIDENT OCCURED: ___5/3/03___

OFFICER WRITING REPORT: ___Steward III A Holt___ DATE ___5/3/03___

SUPERVISOR REVIEWING HANDWRITTEN COPY: ___Beash___ DATE ___5-5-03___

DATE TYPIST RECEIVES HANDWRITTEN COPY: _____

DATE TYPIST TYPES REPORT: ___5-7-03___

DATE SENT FOR OFFICER'S SIGNATURE: ___5-7-03___

DATE SENT BACK FOR CORRECTIONS: ___5-12-03___

DATE RETURNED AFTER CORRECTIONS: ___2nd+3rd 5-13-03___

DATE PLACED IN CAPTAIN'S BOX: ___5-15-03___

DATE REVIEWED BY CAPTAIN: - ___5/15/03___

DATE REVIEWED BY WARDEN DANIELS: ___5/21/02___

DATE REVIEWED BY WARDEN BULLARD: _____

DATE DISTRIBUTED: ___6-4-03___


COMMENTS: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

SRCP SCANNED



STATE OF ALABAMA

BOB RILEY

GOVERNOR

DEPARTMENT OF CORRECTIONS

WILLIAM E. DONALDSON CORRECTIONAL FACILITY

100 WARRIOR LANE

BESSEMER, AL 35023

DONAL CAMPBELL

COMMISSIONER

## DETENTION NOTIFICATION

INMATE *Steven Mullins*                                              RACE / AIS # *WM / 175353X*

This is to inform you that you are presently being investigated by: *Sgt George McCall*

Signature of investigating Official

FOR: *Aiding in A Box break in in One Block*

As a result of this investigation, we are placing you in a single cell pending completion. I am giving you notice that this investigation may take longer than seventy-two (72) hours. At the end of this 72 hours, excluding holidays / weekends, you will either receive additional notification or be released from the single cell. By your signature below, you acknowledge receipt of a copy of this notice.

| *Steve Mullins* | *W/175255* | *W Stephen Bullard* |
|---|---|---|
| Inmate Signature | Race/AIS# | Warden's Signature |
| *Officer Signature* | *5-24-03* | *6:35 Am* |
| Serving Officer's Signature | Date | Time |

Below, indicate circumstances surrounding single cell placement and disposition. If placement is due to theft, assault, fighting with/without a weapon, threats, debts, gambling, enemies or sexual offenses, identify victim (s):

*Aiding in a box break in one block, Inmate Mullin was the look out Man (Hot railer) as other inmates broke in his cell Partner Box.*

The investigating officer will be responsible for all investigative phases ensuring that all concerned are notified in writing.

Cc:    Warden

Asst. Warden

Segregation

Institutional File

Inmate

SRCP SCANNED

# DEPARTMENT OF CORRECTIONS
## EMERGENCY/_____ TREATMENT RECORD
(OTHER)

O2 Sct 97%

| | |
|---|---|
| DATE 5/24/03 | TIME 0300 ☒AM ☐PM |

FACILITY __WCCF__

☐ EMERGENCY
☒ OTHER

☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____

ALLERGIES _PCN_

CONDITION ON ADMISSION
☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP _99.4_ ORAL/RECTAL   RESP. _18_   PULSE _97_   B/P _120_/_84_   RECHECK IF SYSTOLIC _____ <100 > 50

**NATURE OF INJURY OR ILLNESS**

(S) ρ comments

| .ABRASION/// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION/ SUTURES |
|---|---|---|---|---|

**PHYSICAL EXAMINATION**

(O) Client ↑ verbal, resp even
& unlabored, ∅ meeritas,
∅ bruises, ρ cuts,

**ORDERS, MEDICATION, etc.**

(A) Body Check per DOC

(P) Released to DOC

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| RELEASE/TRANSFER DATE 5 / 24 / 03 | TIME 0305 ☒AM ☐PM | RELEASE/TRANSFERRED TO ☒ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|
| NURSE'S SIGNATURE C Smith LPN | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Mullins, Steve | AGE 29 | DATE OF BIRTH ███████ | R/S W/m | AIS # 175255 ADOC000100 |
|---|---|---|---|---|

NO. 041                    ORIGINAL - MEDICAL RECORD  YELLOW - TRANSFER AGENT

# DEPARTMENT OF CORRECTIONS
## EMERGENCY/ _Other_ TREATMENT RECORD
(OTHER)

SRCP
SCANNED

| DATE 5/23/03 | TIME 0555 AM/PM | FACILITY WDCF □ SIR □ PDL □ ESCAPEE □ _Inmate_ | □ EMERGENCY □ OTHER |
|---|---|---|---|

ALLERGIES NKA

CONDITION ON ADMISSION
☑ GOOD □ FAIR □ POOR □ SHOCK □ HEMORRHAGE □ COMA

VITAL SIGNS: TEMP 98° ORAL RECTAL   RESP. 18   PULSE 66   B/P 122/178   RECHECK IF SYSTOLIC <100> 50

**NATURE OF INJURY OR ILLNESS**

S) "No comment"

| ABRASION/// | CONTUSION # | BURN xx xx | FRACTURE Z/Z | LACERATION/ SUTURES |
|---|---|---|---|---|

**PHYSICAL EXAMINATION**

O) Gait Steady, VS stable.
No lacerations or bruises
noted. Alert + oriented.

A) WNL

P) Body chart for DOC

**ORDERS, MEDICATION, etc.**

E) Notify HCA of any problems —

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| RELEASE/TRANSFER DATE 5/23/03 | TIME 0600 AM/PM | RELEASE/TRANSFERRED TO □ DOC □ AMBULANCE □ | CONDITION ON DISCHARGE ☑ SATISFACTORY □ POOR □ FAIR □ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE B. Koru RN | DATE 5/23/03 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Lowery Richard | AGE 33 | DATE OF BIRTH ▇▇▇▇ | R/S W/M | AIS # ADOC000101 155597 |
|---|---|---|---|---|

NC 041    ORIGINAL - MEDICAL RECORD, YELLOW - TRANSFER AGENT

SRCP SCANNED

# DEPARTMENT OF CORRECTIONS
## EMERGENCY/ Other _____ TREATMENT RECORD
(OTHER)

98⁰⁵

| DATE 5/3/03 | TIME 0025 AM PM | FACILITY WDCF Inmate ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ EMERGENCY ☐ OTHER |
|---|---|---|---|

ALLERGIES  NKA

CONDITION ON ADMISSION
☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98⁸ ORAL RECTAL   RESP. _____   PULSE 92 B/P 114/82   RECHECK IF SYSTOLIC <100 > 50

NATURE OF INJURY OR ILLNESS

| | ABRASION/// | CONTUSION # | BURN xx xx | FRACTURE Z | LACERATION/ SUTURES |
|---|---|---|---|---|---|

S) Officer told me to get back in my cell. He held me around the neck + handcuffed me.

PHYSICAL EXAMINATION

O) Red areas around neck 3 abrasions. Small abrasion left knee. No lacerations noted. VS stable, Gait steady.

A) wnl.

ORDERS, MEDICATION, etc.

P) Body Chart for DOC

E) Notify HCU of any problems.

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| RELEASE/TRANSFER DATE 5/23/03 | TIME 0630 AM PM | RELEASE/TRANSFERRED TO ☑ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE D. Koeing | DATE 5/23/03 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Hutchison, Rushing | AGE 21 | DATE OF BIRTH | R/S W/M | AIS # 272823 |
|---|---|---|---|---|

ADOC000702

NC-041          ORIGINAL - MEDICAL RECORD, YELLOW - TRANSFER ENV

# DEPARTMENT OF CORRECTIONS

EMERGENCY/ _____(1)DCF_____ TREATMENT RECORD
(OTHER)

SRCP SCANNED

| DATE S-23-03 | TIME 02:40 AM/PM | FACILITY WDCF ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____ | ☐ EMERGENCY ☐ OTHER |

CONDITION ON ADMISSION

ALLERGIES NKH            ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98 ⓄORAL/RECTAL  RESP. 18  PULSE 61  B/P 110/70  RECHECK IF SYSTOLIC <100 > 50

| NATURE OF INJURY OR ILLNESS | ABRASION/// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION/ SUTURES |

S) Body chart DOC

PHYSICAL EXAMINATION

O) No Comments No Cuts, Bruises OL Abrasions Noted

A) VS WNL

ORDERS, MEDICATION, etc.

P) Release to DOC

E) Report to HCU if Any Problems or Concerns

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| RELEASE/TRANSFER DATE 5 / 23 / 03 | TIME 02:45 AM/PM | RELEASE/TRANSFERRED TO ☑ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE D.Ellett,RN | DATE 5-23-03 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Jackson Chakanzo | AGE 24 | DATE OF BIRTH ▓▓▓▓ | R/S B/ | AIS # ADOC000103461 |

SRCP SCANNED





STATE OF ALABAMA

DEPARTMENT OF CORRECTIONS

WILLIAM E. DONALDSON CORRECTIONAL FACILITY

100 WARRIOR LANE

BESSEMER, AL 35023

BOB RILEY
GOVERNOR

DONAL CAMPBELL
COMMISSIONER

## DETENTION NOTIFICATION

INMATE: _Steven Mullins_                    RACE / AIS # : _W/M 175353X_

This is to inform you that you are presently being investigated by: _Sgt George McCaul_
Signature of Investigating Official

FOR: _Aiding in A Bat break in in One Block_

---

As a result of this investigation, we are placing you in a single cell pending completion. I am giving you notice that this investigation may take longer than seventy-two (72) hours. At the end of this 72 hours, excluding holidays / weekends, you will either receive additional notification or be released from the single cell. By your signature below, you acknowledge receipt of a copy of this notice.

_Steve Mullins_                    _W/175255_          _W Stephen Bullard_
Inmate Signature                   Race/AIS#            Warden's Signature

_(signature)_                      _5-24-03_            _6:35 Am_
Serving Officer's Signature        Date                 Time

Below, indicate circumstances surrounding single cell placement and disposition. If placement is due to theft, assault, fighting with/without a weapon, threats, debts, gambling, enemies or sexual offenses, identify victim (s):

_Riding in a bat break in one block, Inmate Mullin was the look out Man (Hot Railer) as other inmates broke in his cell Partner Bat._

The investigating officer will be responsible for all investigative phases ensuring that all concerned are notified in writing.

Cc:    Warden
       Asst. Warden
       Segregation
       Institutional File
       Inmate

N601 'D C'
DOC No. 601
(Rev. 4/81)

SRCP SCANNED

BOARD OF CORRECTIONS
INSTITUTIONAL INCIDENT REPORT

| 1. Institution:<br>WILLIAM E. DONALDSON<br>CORRECTIONAL FACILITY | 2. Date: 5/22/03 | 3. Time: 10:25 P.M. | 4. Incident<br>Number: WED<br>03-0291 |
|---|---|---|---|

| 5. Location Where Incident Occurred:<br>1-BLOCK, SIDE-1 DAY ROOM | 6. Type of Incident: #64, POSSESSION OF<br>CONTRABAND/#68, THEFT OF PROPERTY |
|---|---|
| 7. Time Incident Reported:<br>11:30 P.M. | 8. Who Received Report: SGT. GEORGE<br>MCCALL _Sgt. George McCall_ |

9. Victims:  a. FRANKLIN IRVIN _____ No. W/141535
             b. _____ No. _____

10. Suspects:
a. RICHARD LOWERY _____ No. W/155597    d. RUSHING HUTCHISON _____ No. W/212823
b. STEVE MULLINS _____ No. W/175255    e. _____ No. _____
c. CARANZO JACKSON _____ No. B/203461    f. _____ No. _____

Physical Evidence:
12. Type of Evidence: _____

13. Description of Evidence: _____

14. Chain of Evidence: _____
a. _____
b. _____

15. Narrative Summary: ON 5/22/03, AT APPROXIMATELY 10:25 P.M., INMATE FRANKLIN IRVIN
W/141535, REPORTED TO OFFICER RALPH E. KEEF, THAT SOMEONE HAD BROKEN INTO HIS LOCKER
BOX, IN CELL #1-13. INMATES RICHARD LOWERY W/155597, CARANZO JACKSON B/203461,
STEVE MULLINS W/175255, AND RUSHING HUTCHISON W/212823, WERE NAMED AS SUSPECTS.
DURING THE SEARCHES OF THE ABOVE LISTED INMATES, OFFICERS RALPH E. KEEF AND JOSEPH
WATSON FOUND A ONE GALLON PLASTIC JUG, APPROXIMATELY THREE-FOURTHS FULL, OF JULEP,
IN CELL #1-20, WHERE INMATE LOWERY IS ASSIGNED. AT APPROXIMATELY 10:50 P.M.,
OFFICERS KEEF AND WATSON FOUND A ONE GALLON PLASTIC JUG OF JULEP IN CELL #1-5, WHERE
INMATES HUTCHISON AND JACKSON ARE ASSIGNED. NONE OF THE STOLEN ITEMS FROM INMATE
IRVIN'S CELL WERE FOUND. INMATES JACKSON AND HUTCHISON WERE PLACED IN HOUSE ARREST
STATUS, CELL #1-5 (SEE ATTACHED MEDICAL TREATMENT SHEETS.) AT APPROXIMATELY 11:15
P.M., INMATE HUTCHISON REFUSED TO ENTER HIS CELL, #1-5. OFFICER KEEF USED MINIMUM
FORCE TO HANDCUFF INMATE HUTCHISON TO ESCORT HIM TO THE SHIFT OFFICE. OFFICER KEEF
INFORMED SGT. GEORGE MCCALL OF THE INCIDENT, AT APPROXIMATELY 11:30 P.M. INMATE
HUTCHISON WAS REPRIMANDED, BY SGT. MCCALL. AT APPROXIMATELY 12:25 A.M., OFFICER
WATSON ESCORTED INMATE HUTCHISON TO THE HEALTH CARE UNIT, WHERE HE WAS EXAMINED BY
NURSE BETTY ROGERS. INMATE HUTCHISON WAS RELEASED FROM THE INFIRMARY, AT
APPROXIMATELY 12:30 A.M. (SEE ATTACHED TREATMENT SHEET.) INMATE HUTCHISON RETURNED
TO CELL #1-5, HOUSE ARREST, PENDING AN INVESTIGATION. INMATE MULLINS WAS MOVED TO
6-BLOCK, CELL #80, AND INMATE LOWERY WAS MOVED TO 4-BLOCK, CELL #4. STOLEN ITEMS
WERE FOUND IN INMATE MULLINS' POSSESSION, AND ALSO, ITEMS WERE FOUND IN INMATE
LOWERY'S POSSESSION. THE ITEMS WERE CONFISCATED, BY OFFICER RYAN WARREN.
DISCIPLINARY ACTION WAS TAKEN ON INMATES LOWERY, HUTCHISON AND JACKSON FOR
POSSESSION OF CONTRABAND. INMATE HUTCHISON RECEIVED DISCIPLINARY ACTION FOR RULE
VIOLATION #56, FAILURE TO OBEY A DIRECT ORDER (SEE ATTACHED COPY FROM OFFICER WARREN
AND INVESTIGATIVE REPORT FROM SGT. MCCALL.) THE JULEP WAS DESTROYED BY POURING DOWN
THE COMMODE, BY OFFICER KEEF.

_Ralph E. Keef co1_
OFFICER RALPH E. KEEF

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
             COPY to Deputy Commissioner, Institutions
             COPY to Institutional File
             COPY to Central Records File

SRCP SCANNED

| D of C N602 | CONTINUATION SHEET |
|---|---|

INSTITUTION: WILLIAM E. DONALDSON CORRECTIONAL FACILITY/  INCIDENT NUMBER: 03-0291

DATE: 5/22/03                    TYPE INCIDENT: #64, POSSESSION OF CONTRABAND/#68
                                 THEFT OF PROPERTY

Narrative Summary (Continued) Page No. 2
                    "STATEMENT OF FACT"
ON 5/23/03, AT APPROXIMATELY 3:30 P.M., INMATE FRANKLIN IRVIN W/141535, INFORMED ME,
OFFICER RYAN WARREN, THAT ON 5/22/03, SOMEONE HAD BROKEN INTO HIS BOX IN 1-BLOCK, ON
SIDE #1, IN CELL #13.  I THEN BEGAN TO INVESTIGATE THE INCIDENT.  AT APPROXIMATELY
5:45 P.M., OFFICER WARREN WAS INFORMED BY A RELIABLE CONFIDENTIAL SOURCE THAT INMATE
STEVEN MULLINS W/175255, HAD BEEN INVOLVED WITH THE THEFT OF INMATE IRVIN'S
PROPERTY.  I THEN CONDUCTED A SHAKE DOWN INSIDE CELL #13, OF INMATE MULLINS'
PROPERTY.  I FOUND NO EVIDENCE OF INMATE IRVIN'S PROPERTY IN INMATE MULLINS'
POSSESSION.  AT APPROXIMATELY 9:30 P.M., I RETURNED TO CELL #13, TO SHAKE DOWN
INMATE MULLINS AGAIN.  DURING THE SECOND SHAKE DOWN, I FOUND SEVERAL ITEMS IN INMATE
MULLINS' BOX.  I CONFISCATED THE ITEMS AND HAD INMATE IRVIN LOOK AT THEM TO SEE IF
THEY WERE HIS PROPERTY.  INMATE IRVIN STATED THAT IT WAS HIS PROPERTY.  SGT. GEORGE
MCCALL THEN TOOK INMATE IRVIN'S ITEMS AS EVIDENCE, AT APPROXIMATELY 10:30 P.M.  SGT.
MCCALL THEN TOLD ME TO ESCORT INMATE MULLINS TO THE SHIFT COMMANDER'S OFFICE.  AT
APPROXIMATELY 10:45 P.M., I ESCORTED INMATE MULLINS TO SGT. MCCALL FOR
INVESTIGATION.  SGT. MCCALL QUESTIONED INMATE MULLINS.  INMATE MULLINS TOLD SGT.
MCCALL THAT THE ITEMS TAKEN FROM HIS BOX BELONGED TO INMATE IRVIN AND THAT HE WAS
HOLDING THE ITEMS FOR ANOTHER INMATE (SEE SGT. MCCALL'S REPORT.)




                    OFFICER RYAN C. WARREN

SRCP SCANNED

| D of C N602 | CONTINUATION SHEET |
|---|---|

INSTITUTION: WILLIAM E. DONALDSON CORRECTIONAL FACILITY/    INCIDENT NUMBER: 03-0291

DATE: 5/22/03                    TYPE INCIDENT: #64, POSSESSION OF CONTRABAND/#68
                                 THEFT OF PROPERTY

Narrative Summary (Continued) Page No. 3
                    "INVESTIGATIVE REPORT"
ON 5/23/03, AT APPROXIMATELY 10:30 P.M., OFFICER RYAN WARREN REPORTED TO SGT. GEORGE
MCCALL THAT INMATE FRANKLIN IRVIN'S W/141535, LOCKER BOX HAD BEEN BROKEN INTO AND
THAT HIS PROPERTY HAD BEEN STOLEN (SEE ATTACHED LIST.)  A RELIABLE CONFIDENTIAL
SOURCE TOLD OFFICER WARREN THAT INMATES RICHARD LOWERY W/155597, AND STEVEN MULLINS
W/175255, HAD STOLEN INMATE IRVIN'S PROPERTY.  INMATE LOWERY BROKE INTO INMATE
IRVIN'S BOX WHILE INMATE MULLINS SERVED AS THE LOOKOUT MAN OR HOT RAILER.  OFFICER
WARREN CONDUCTED A SHAKE DOWN OF INMATE MULLINS' LOCKER BOX AND FOUND SOME OF INMATE
IRVIN'S PROPERTY.  OFFICER WARREN HAD INMATE IRVIN TO LOOK AT THE PROPERTY IN INMATE
MULLINS' BOX.  OFFICER WARREN THEN ESCORTED INMATE MULLINS ESCORTED TO THE SHIFT
COMMANDER'S OFFICE.  SGT. MCCALL ASKED INMATE MULLINS, WHOSE PROPERTY IS THIS IN
INMATE MULLINS' LOCKER BOX.  INMATE MULLINS TOLD SGT. MCCALL THAT THE PROPERTY
BELONGED TO INMATE IRVIN.  SGT. MCCALL ASKED INMATE MULLINS, HOW DID INMATE IRVIN'S
PROPERTY GET INTO INMATE MULLINS' LOCKER BOX.  INMATE MULLINS TOLD SGT. MCCALL THAT
INMATE RICHARD LOWERY GAVE INMATE MULLINS THE PROPERTY OF INMATE IRVIN.  INMATE
LOWERY HAD BEEN PLACED IN HOUSE ARREST IN 4-BLOCK, CELL #4, FOR BEING UNDER THE
INFLUENCE OF ALCOHOL.  SGT. MCCALL HAD INMATE LOWERY ESCORTED TO THE EAST
CLASSIFICATION OFFICE.  SGT. MCCALL ASKED INMATE LOWERY ABOUT THE LOCKER BOX BEING
BROKEN INTO.  INMATE LOWERY TOLD SGT. MCCALL THAT INMATE LOWERY DID NOT KNOW
ANYTHING ABOUT A BOX BEING BROKEN INTO.  SGT. MCCALL HAD INMATE LOWERY ESCORTED BACK
TO HOUSE ARREST IN 4-BLOCK.  SGT. MCCALL WENT TO 1-BLOCK, WHERE SGT. MCCALL SPOKE
WITH SEVERAL (THREE) RELIABLE SOURCES THAT HAVE PROVEN TO BE RELIABLE IN THE PAST.
THE RELIABLE SOURCES INFORMED SGT. MCCALL THAT INMATE LOWERY BROKE INTO INMATE
IRVIN'S LOCKER BOX AND THAT INMATE MULLINS WAS THE HOT RAILER FOR INMATE LOWERY.
SGT. MCCALL IS TAKING DISCIPLINARY ACTION AGAINST INMATE LOWERY FOR RULE VIOLATION
#68, THEFT, DAMAGE OR DESTRUCTION OF ANOTHER'S PERSONAL PROPERTY.  SGT. MCCALL IS
TAKING DISCIPLINARY ACTION AGAINST INMATE MULLINS FOR RULE VIOLATION #92, AIDING AND
ABETTING ANOTHER TO COMMIT A VIOLATION OF DEPARTMENTAL OR INSTITUTIONAL RULES.
INMATE MULLINS WAS MOVED FROM 1-BLOCK TO 6-BLOCK, CELL #80.  THE PROPERTY THAT WAS
RECOVERED FROM INMATE MULLINS WAS RETURNED TO INMATE IRVIN.

_____     Sgt. George McCall, CO II
                            SGT. GEORGE MCCALL

SRCP
SCANNED

① Coffee Jar full of coffee
④ Pen's
⑧ bag's of coffee
⑧ pk,s Bugler
③ corn chip's
① Mont Dew
② V-Soup's
① bag of Sugar

---

① Right Gard Det,
① clear Sure Det,
①2 Degree Det, Green
① Sauve off Store 15,0z
① Sauve clear bottle 15,0:
   pink in color
① Lotion bottle yellow in colo
① Aqua Fresh Family size
① Palmolive Gold off Store
② Blue Irish spring
   Soap in clear bag,
① Master lock
   No, X 2797

---

Franklin Irwin 141535
I-13B 2nd shift Runner
Lt, Bantly
box broken between
I block chaw call lastcall
and 10:00 p.m,

(5-22-03)

ADOC000108

SRCP SCANNED

**Alabama Department of Corrections**
**Major Institutions - Behavior Citation**

03-0362

INMATE: Steven Mullins    AIS: 175255 K    CELL/DORM/BED: 1-19-B

FACILITY: WEDCF    JOB ASGMT: Kitchen    CUSTODY: MED

The above named inmate is cited by D.A. DeRamus for the following violation of institutional/departmental rule(s) as described:

RULE #: 91 Conspiracy to commit a violation ON 26 April 2003
Inmate Mullins was warned Not to steal the sandwiches. Inmate Refused to comply. Officer DeRamus told Mullins before he made the sandwiches

Date of Infraction: 26 April 2003    Time of Infraction: 955 (AM or PM)
Location of Infraction: Eastside Dining Area underneath the tables

26 April 2003
Citing Employee's Signature & Date

*****************************************************************************

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate:

( ) Counseling/Warning
(✓) Loss of Canteen Privileges for __15__ Days
(✓) Loss of Visiting Privileges for _____ Days
( ) Extra Duty for _____ Days at _____ Hours per day under supervision of _____ shift.
( ) Wear Pink Inmate Clothing for _____ Days (Indecent Exposure/Exhibitionism)**
( ) Removal from Good Time Earning Status
( ) Referral to Classification for Custody Review
(✓) Assignment to institutional chain gang for up to fifteen(15) days.

(✓) Loss of Telephone Privileges for __15__ Days
( ) Removal from Incentive Program
( ) Removal from Hobby Crafts Program

HOUSE ARREST

Steve Mullins 175255 5-4-03    Jamy C. Beach 4-28-03
Inmate's Signature/AIS/Date    Shift Supervisor's Signature/Title/Date

** Wearing of PINK CLOTHING must be approved by the Warden
*****************************************************************************

After having reviewed this citation and the recommended sanction(s) presented, the following action is approved:

(✓) Citation and sanctions are approved.
( ) Citation and sanctions are approved as modified below:

_____

_____

( ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately initiated under the provisions of ADOC AR 403.
( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

5/12/03    Capt. R. Richburg 5/6/03
Effective Date of Sanctions    Warden/Designee's Signature/Date
*****************************************************************************
Inmates receipt of completed action: Steve Mullins 175255 5-5-03
Inmate's Signature/AIS/Date

Serving Officer's Initials: SVS    5-6-03
*****************************************************************************

Distribution:    ( ) Captain    ( ) Shift Cmdr ____ Shift    ( ) Business Office    ( ) ICS
(As Required)    ( ) Psychologist    ( ) Classification    ( ) Central Records    ( ) File

ADOC000109

Annex A to AR 414

SRCP SCANNED

N601 D of C
DOC No. 601
(Rev. 4/92)

## STATE OF ALABAMA
## BOARD OF CORRECTIONS
### INSTITUTIONAL INCIDENT REPORT

| 1.Institution:<br>WILLIAM E. DONALDSON<br>CORRECTIONAL FACILITY | 2.Date: 5/2/03 | 3.Time: 8:50 A.M. | 4.Incident<br>Number: WED<br>03-0385 |
|---|---|---|---|

| 5.Location Where Incident Occurred:<br>KITCHEN | 6.Type of Incident: #54, REFUSING TO WORK |
|---|---|
| 7.Time Incident Reported:<br>8:52 A.M. | 8.Who Received Report: SGT. JAMES BEACHEM  *for Sgt. Joel Gilbert* |

9.Victims:  a._____ No._____
         b._____ No._____
         c._____ No._____

10.Suspects:                    11.Witnesses:
a. STEVEN MULLINS      No. W/175255X    a._____ No._____
b._____ No._____    b._____ No._____
c._____ No._____    c._____ No._____

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____
b._____
c._____

15.Narrative Summary: ON 5/2/03, AT APPROXIMATELY 8:50 A.M., INMATE STEVEN MULLINS
W/175255X, WALKED UP TO THE STEWARDS OFFICE DOOR AND STATED, "I AM NOT WORKING ON
THE POTS AND PANS, PUT ME BACK IN HOUSE ARREST." AT APPROXIMATELY, 8:52 A.M.,
ALLERIC HOLT, STEWARD-III, CALLED THE SHIFT COMMANDER'S OFFICE AND REPORTED THE
INCIDENT TO SGT. JAMES BEACHEM.  SGT. BEACHEM TOLD STEWARD HOLT TO ALLOW INMATE
MULLINS TO RETURN TO 1-BLOCK.  OFFICER MICHAEL TANNEHILL, KITCHEN ROVER, ESCORTED
INMATE MULLINS TO THE WEST HALLWAY DOOR OF THE KITCHEN.  DISCIPLINARY ACTION WAS
TAKEN ON INMATE MULLINS FOR RULE VIOLATION #54, REFUSING TO WORK.

*Alleric Holt   Steward III*
ALLERIC HOLT, STEWARD-III

ADOC000110

SRCP SCANNED

N601 D of C
DOC No. 601
(Rev. 4/81)

STATE OF ALABAMA
BOARD OF CORRECTIONS
INSTITUTIONAL INCIDENT REPORT

| 1.Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2.Date: 4/26/03 | 3.Time: 9:55 A.M. | 4.Incident Number: WED 03-0362 |
|---|---|---|---|

| 5.Location Where Incident Occurred: UNDERNEATH THE TABLES IN THE E. SIDE DINING ROOM | 6.Type of Incident: #91, CONSPIRACY TO COMMIT A VIOLATION |
|---|---|
| 7.Time Incident Reported: 10:05 A.M. | 8.Who Received Report: SGT JAMES BEACHEM *James A. Beach* |

9.Victims:  a._____ No._____
             b._____ No._____
             c._____ No._____

10.Suspects:                    11.Witnesses:
a. STEVEN MULLINS      No. W/175255X    a._____ No._____
b._____      No._____    b._____ No._____
c._____      No._____    c._____ No._____

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____
b._____
c._____

15.Narrative Summary: ON 4/26/03, AT APPROXIMATELY 9:55 A.M., OFFICER DWIGHT A. DERAMUS, ASSIGNED KITCHEN ROVER, WENT OUT IN THE EAST SIDE DINING AREA, CHECKING UNDERNEATH THE TABLES AND FOUND (10) TEN SANDWICHES.  THESE SANDWICHES WERE MADE BY INMATE STEVEN MULLINS W/175255X.  OFFICER DERAMUS TOLD INMATE MULLINS TO STOP STEALING SANDWICHES, BECAUSE, "I WAS GOING TO CATCH YOU MULLINS."  OFFICER DERAMUS TOOK THE SANDWICHES (FIVE PEANUT BUTTER AND FIVE TUNA FISH) TO THE OFFICE.  OFFICER DERAMUS CALLED THE SHIFT OFFICE AND TOLD SGT. JAMES BEACHEM WHAT HAD HAPPENED. OFFICER DERAMUS INFORMED SGT. BEACHEM THAT INMATE MULLINS WOULD BE GIVEN A BEHAVIOR CITATION FOR HIS ACTION.


_____
OFFICER DWIGHT A. DERAMUS


DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
              COPY to Deputy Commissioner, Institutions
              COPY to Institutional File
              COPY to Central Records File

ADOC000111

1-49-B
6H

DISCIPLINARY # 03-0009

DISCIPLINARY CONTROL SHEET

TYPE OF INCIDENT #35 Fighting Without A Weapon

DATE OF INCIDENT 1-6-03

OFFICER WRITING REPORT Officer Willie Heflin    DATE 1-6-03

SUPERVISOR REVIEWING HANDWRITTEN REPORT SMcSwain    DATE 1/6/03

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

DATE/SIGNATURE SUPERVISOR SUBMITS TO TYPIST _____ 1/6/03 SM

DATE/SIGNATURE WHEN TYPIST RECEIVES HANDWRITTEN REPORT QP 1-7-03

DATE TYPED/SIGNATURE RETURNED TO SUPERVISOR QB 1-8-03

DATE/SIGNATURE RECEIVED BY SUPERVISOR _____

DATE/SIGNATURE RETURNED TO TYPIST FOR 2 & 3 PAGES QP 1-13-03

DATE/SIGNATURE RETURNED TO SUPERVISOR _____

DATE/SIGNATURE PLACED IN CAPTAIN'S BOX 1/14/03 @

DATE/SIGNATURE REVIEWED BY CAPTAIN _____

DATE//SIGNATURE REVIEWED BY DEPUTY WARDEN DANIELS TD 1/15/03

DATE/SIGNATURE FORWARDED TO MS. LEWIS _____

DATE/SIGNATURE RECEIVED BY MS. LEWIS _____

DATE DISTRIBUTED QP 2-11-03

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

COMMENTS _____

_____

_____

_____

_____

SRCP SCANNED

DOC Form 225B
(Revised 7/92)

03-0009
ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

1. INMATE: _____ STEVE MULLINS _____
   CUSTODY _____ AS  W/175255X _____
2. FACILITY: _____ DONALDSON CORRECTIONAL FACILITY _____
3. The above inmate is being charged by: __ OFFICER WILLIE HEFLIN __
   With a violation of Rule Number 35 specifically: FIGHTING WITHOUT A WEAPON
   _____ from
   regulation #403, which occurred on or about 1/6/02 (Time) 2:30 (xx/PM),
   Location: __ 1-BLOCK, CELL-27 __. A hearing on
   this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: __ YOU, INMATE STEVE MULLINS, __
   W/175255X, WAS FIGHTING WITH INMATES HENRY LEWIS, B/141715, AND PAUL MCPOWELL,
   W/133686.

   ___ 1-10-03 ___                    ___ Willis Heflin C.O.I ___
   Date                       Arresting Officer/Signature/Rank

6. I hereby certify that I have personally served a copy of the foregoing upon
   the above named inmate and I informed inmate of his/her right to present a
   written or oral statement at the hearing and to present written questions
   for the witnesses on this the __ 10 __ day of __ Jan __ 20 03, at (time) 4:00 Pm
   (am/pm).

7. __ Investig Hughley CO1 __        __ Steve Mullins 175255 __
   Serving Officer/Signature/Rank      Inmate's Signature/AIS Number

8. Witnesses desired? NO Steve Mullins   YES _____
                        Inmate's Signature      Inmate's Signature
9. If yes, list: _____

10. Hearing Date 1-12 2003 Time 2:05 M Place West Unit Management
11. Inmate must be present in Hearing Room.  If he/she is not present explain
    in detail on additional page and attach.
12. A finding is made that inmate (is/is not) capable of representing
    him/himself.
                              __ S. John Arther __
                              Signature/Hearing Officer

13. Plea: _____ Not Guilty Steve Mullins 175255 Guilty
14. The Arresting Officer, inmate, and all witnesses were sworn to tell the
    truth.
                              __ S. John Arther __
                              Signature/Hearing Officer

The following witnesses were called and by their signature indicate they did
appear.
Witness#1: _____
Witness#2: _____
Witness#3: _____
18. The following witnesses were not called - Reason not called
1. _____    _____
2. _____    _____
3. _____    _____

                                    1-23-03
                              DATE ENTERED
Annex C to AR 403 (page 1 of 3)     ADOC000113

SRCP SCANNED

15. Arresting Officer's testimony (at the hearing):_____OFFICER WILLIE HEFLIN_ STATES HE SAW INMATE PAUL MCDOWELL, W/133686, AND INMATE STEVE MULLINS,___ FIGHTING WITHOUT A WEAPON.

16. Inmate's Testimony:___INMATE STEVE MULLINS STATES HE IS GUILTY.___

Witness#1:_____    Substance of Testimony:_____

Witness#2:_____    Substance of Testimony:_____

Witness#3:_____    Substance of Testimony:_____

17. The inmate was allowed to submit written questions to all witnesses.  Copy of questions and answers are attached.

_____
Signature/Hearing Officer

19. After hearing all testimony, the Hearing Officer makes the following findings of fact:(Be Specific) The Hearing Officer finds that:_ON 1/6/03, AT APPROXIMATELY 2:30 P.M., IN 1-BLOCK, CELL-27, OF_ DONALDSON CORRECTIONAL FACILITY, INMATE STEVE MULLINS, W/175255X, WAS INVOLVED IN A FIGHT WITH ANOTHER INMATE BY ENGAGING IN MUTUAL COMBAT WITHOUT A WEAPON. THE HEARING OFFICER FURTHER FINDS THAT DURING THE

20. Basis for Findings of Fact:THIS FINDING IS BASED ON THE TESTIMONY OF_ OFFICER WILLIE HEFLIN, THE ARRESTING OFFICER, WHO STATED UNDER OATH, THAT INMATE MULLINS AND INMATE PAUL MCDOWELL, W/133686, WAS INVOLVED IN MUTUAL COMBAT WITH ANOTHER INMATE, DURING WHICH THE PRINCIPAL AGGRESSOR COULD NOT

21. Hearing Officer's Decision: XXXXX Guilty _____ Not Guilty

22. Recommendation of Hearing Officer:___14 DAYS SEGREGATION, 14 DAYS LOSS OF_ STORE, PHONE, AND VISITATION. INMATE IS PROHIBITED FROM EARNING GOOD TIME.

_____
Signature/Hearing Officer

_____SGT. JOHN ARTHUR_____
Type Name and Title

23. Warden's Action _ Date
Approved _With hearing Daniels 1/15/03_
Disapproved_____
Other (Specify)_____

24. Reason if more than 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this _22nd_ day of _Jan._ 2003 , at (time) _3:21_ (am/pm).
_Charles Hays    CO I_    _Steve Mullins_
Signature/Serving Officer/Title    Inmate's Signature/AIS Number
Annex C to AR 403 (Page 2 of 3)                    ADOC000114

SRCP SCANNED

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
               Disciplinary Report(Optional)

Inmate Name/AIS Number               STEVE MULLINS    W/175255X
       Incident Report # 03-0009   Facility_____WEDCF
CONT'D #15 ARRESTING OFFICER'S (AO)STATEMENT &/OR QUESTIONS BY HEARING OFFICER
 (QBHO)TO ARRESTING OFFICER:

CONT'D #16 INMATE'S STATEMENT &/OR QUESTIONS BY HEARING OFFICER (QBHO)TO
 INMATE:

CONT'D WITNESS TESTIMONY &/OR QBHO

CONT'D #19 FINDINGS OF FACT:
COMBAT, THE PRINCIPAL AGGRESSOR COULD NOT BE DETERMINED. THE HEARING OFFICER
ALSO FINDS THAT AT DONALDSON CORRECTIONAL FACILITY WHEN TWO OR MORE
INDIVIDUALS ENGAGE IN A MUTUAL COMBAT WITHOUT THE USE OF WEAPONS AND THE
PRINDIPAL AGGRESSOR CANNOT BE DETERMINE. THE INMATES INVOLVED ARE GUILTY OF
RULE VIOLATION #35, FIGHTING WITHOUT A WEAPON. THEREFORE, THE HEARING OFFICER
FINDS INMATE STEVE MULLINS, W/175255X. GUILTY OF VIOLATION OF #35, FIGHTING
WITHOUT A WEAPON.

CONT'D #20 BASIS FOR FINDINGS OF FACT:
BE DETERMINED. ALSO, MEDICAL RECORDS INDICATE THE PHYSICAL EXAMINATIONS OF THE
INMATES INVOLVED IN THE COMBAT VERIFIED THAT A FIGHT OCCURRED. THE HEARING
OFFICER DID BELIEVE THE TESTIMONY OF THE INMATE WHEN HE STATED THAT HE WAS
GUILTY.

CONT'D #22 HEARING OFFICER'S RECOMMENDATIONS:

Other:_____

ADOC000115

N601 D of C
DOC No. 601
(Rev. 4/81)

SRCP SCANNED

STATE OF ALABAMA
BOARD OF CORRECTIONS .
INSTITUTIONAL INCIDENT REPORT

| 1.Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2.Date: 1/6/03 | 3.Time: 2:30 P.M. | 4.Incident Number: WED 03-0009 |
|---|---|---|---|

| 5.Location Where Incident Occurred: 1-BLOCK, 1-SIDE, CELL #27 | 6.Type of Incident: #35, FIGHTING WITHOUT A WEAPON |
|---|---|
| 7.Time Incident Reported: 2:35 P.M. | 8.Who Received Report: SGT. SHARON MCSWAIN *Sharon McSwain CCII* |

9.Victims: a._____ No._____

10.Suspects:                                    11.Witnesses:
a. HENRY LEWIS        No. B/141715    a._____ No._____
b. STEVE MULLINS      No. W/175255    b._____ No._____
c. PAUL MCDOWELL      No. W/133686    c._____ No._____

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____

15.Narrative Summary: ON 1/6/03, AT APPROXIMATELY 2:30 P.M., OFFICER WILLIE HEFLIN WAS CONDUCTING A SECURITY CHECK IN 1-BLOCK ON SIDE-1. OFFICER HEFLIN OPENED THE DOOR OF CELL #27, AND SAW THREE INMATES JUMP, AS IF THEY WERE DOING SOMETHING. THE INMATES WERE IDENTIFIED AS HENRY LEWIS B/141915, STEVE MULLINS W/175255, AND PAUL MCDOWELL W/133686. OFFICER HEFLIN ASKED ALL THREE INMATES, WHAT IS GOING ON? INMATES LEWIS AND MCDOWELL REMAINED QUIET. OFFICER HEFLIN SAW BLOOD ON INMATE MCDOWELL'S STATE ISSUED COAT AND STARTED QUESTIONING HIM. INMATE MCDOWELL GAVE NO RESPONSE. OFFICER HEFLIN ESCORTED ALL THREE INMATES FROM CELL #27, TO THE CORRIDOR OF 1-BLOCK. AT APPROXIMATELY 2:35 P.M., OFFICER HEFLIN NOTIFIED SGT. SHARON MCSWAIN, BY HAND-HELD RADIO, TO REPORT TO 1-BLOCK. SGT. MCSWAIN AND OFFICER HEFLIN ESCORTED THE INMATES TO THE WEST BARBER SHOP FOR QUESTIONING. SGT. MCSWAIN ASKED THE INMATES, WHAT HAPPENED. INMATES LEWIS AND MULLINS SAID THAT THEY WERE WRESTLING. INMATE MCDOWELL REMAINED SILENT. AT APPROXIMATELY 2:55 P.M., OFFICER HEFLIN ESCORTED INMATE MCDOWELL TO THE INFIRMARY, WHERE INMATE MCDOWELL WAS SEEN BY NURSE DOUG GREEN (SEE ATTACHED BODY SHEET.) WHILE IN THE INFIRMARY, INMATE MCDOWELL TOLD OFFICER HEFLIN THAT INMATE LEWIS HIT HIM IN CELL #27, BECAUSE HE TOLD INMATE MULLINS THAT INMATE LEWIS WAS NOT A MAN, AND THAT HE HAD HOMOSEXUAL ACTIVITY WITH INMATE LEWIS. AT APPROXIMATELY 3:00 P.M., OFFICER HEFLIN ESCORTED INMATE MCDOWELL FROM THE INFIRMARY, BACK TO THE SHIFT OFFICE. AT APPROXIMATELY 3:22 P.M., OFFICER HEFLIN ESCORTED INMATE MULLINS TO THE INFIRMARY, WHERE HE WAS SEEN BY NURSE GREEN (SEE ATTACHED BODY SHEET.) AT APPROXIMATELY 3:25 P.M., OFFICER HEFLIN ESCORTED INMATE MULLINS BACK TO THE WEST BARBER SHOP, PENDING PLACEMENT IN HOUSE ARREST. INMATE MULLINS TOLD OFFICER HEFLIN, IN THE INFIRMARY, THAT HE WAS NOT FIGHTING. INMATE MULLINS ALSO STATED TO OFFICER HEFLIN THAT INMATES LEWIS AND MCDOWELL WERE FIGHTING IN CELL #27, BECAUSE INMATE MCDOWELL SAID THAT HE HAD HOMOSEXUAL ACTIVITY WITH INMATE LEWIS. INMATE MULLINS TOLD OFFICER HEFLIN THAT HE AND INMATE LEWIS WERE HORSE-PLAYING. AT APPROXIMATELY 4:22 P.M., OFFICER RODGERS PUGH ESCORTED INMATE LEWIS TO THE INFIRMARY, WHERE HE WAS SEEN BY NURSE GREEN (SEE ATTACHED BODY SHEET.) AT APPROXIMATELY 4:25 P.M., OFFICER PUGH ESCORTED INMATE LEWIS BACK TO THE WEST BARBER SHOP, PENDING PLACEMENT IN HOUSE ARREST. INMATES LEWIS AND MULLINS SIGNED A LIVING AGREEMENT. INMATE MCDOWELL REFUSED TO SIGN THE LIVING AGREEMENT. AT APPROXIMATELY 6:00 P.M., INMATE MCDOWELL WAS PLACED IN SEGREGATION #6-47. INMATES MULLINS AND LEWIS WERE PLACED IN HOUSE ARREST. INMATES LEWIS, MCDOWELL AND MULLINS WERE CHARGED WITH RULE VIOLATION #35, FIGHTING WITHOUT A WEAPON. DISCIPLINARY ACTION TAKEN.

_____
OFFICER WILLIE HEFLIN

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
              COPY to Deputy Commissioner, Institutions
              COPY to Institutional File
              COPY to Central Records File

ADOC000116

# DEPARTMENT OF CORRECTIONS
## EMERGENCY/ ___Other___ TREATMENT RECORD
(OTHER)

SRCP SCANNED

| DATE 1/6/05 | TIME 1445 ☐AM ☑PM | FACILITY __VJLCF__  ☐ SIR ☐ PDL ☐ ESCAPEE ☐ Inmate | ☐ EMERGENCY  ☐ OTHER |
|---|---|---|---|

**ALLERGIES** PCN Sulfa

**CONDITION ON ADMISSION** ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS:** TEMP 97.6 ORAL RECTAL RESP. 18 PULSE 100 B/P 132/78 RECHECK IF SYSTOLIC <100 > 50

**NATURE OF INJURY OR ILLNESS**

S: "I was involved in a fight"

| | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION/ SUTURES |
|---|---|---|---|---|---|

**PHYSICAL EXAMINATION**

O: 1/6" deep x 1" long laceration to top part, back of head. Nose rad. ①

A: Alt in Comfort /, Skin Integrity.

**ORDERS, MEDICATION, etc.**

P: Showed Top of head cleaned + applied steri strips x 3. ↑ dssg. Gave slip wound care x 3 days. Motrin 800 mg. po now.

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**
If vision problems or Nausea return to infirmary.

| RELEASE/TRANSFER DATE 1/6/03 | TIME 1455 ☑AM ☐PM | RELEASE/TRANSFERRED TO ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE N. Olsen RN | DATE 1/6/03 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

133686

| PATIENT'S NAME (LAST, FIRST, MIDDLE) McDowell Paul | AGE 38 | DATE OF BIRTH | R/S W/M | AIS # 147B ADOC000117 |
|---|---|---|---|---|

NC-041    ORIGINAL - MEDICAL RECORD, YELLOW - TRANSFER AGENT

SRCP SCANNED

# DEPARTMENT OF CORRECTIONS
## EMERGENCY/_____ TREATMENT RECORD
(OTHER)

| DATE 1-2-03 | TIME 5:5 ☐AM ☑PM | FACILITY _W D C F_ ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____ | ☐ EMERGENCY ☑ OTHER |

**ALLERGIES** P C N

**CONDITION ON ADMISSION** ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS:** TEMP 92.3 ORAL / RECTAL  RESP. 18  PULSE 72  B/P 122/78  RECHECK IF SYSTOLIC <100> 50

**NATURE OF INJURY OR ILLNESS**

Ⓢ D.O.C. Body Shoot

T.o. CL

| | ABRASION/// | CONTUSION # | BURN xx xx | FRACTURE Z | LACERATION/ SUTURES |
|---|---|---|---|---|---|

**PHYSICAL EXAMINATION**

Ⓞ VSS, contusions noted over Ⓡ eye, and Ⓡ side of forehead. Multiple Contusions + scratches on Chest + Neck + upper dist.... A+O×3, PERRLA, Neuro intact

Ⓐ abt in comfort

**ORDERS, MEDICATION, etc.**

℞ Release to D.O.C.

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

Ⓡ Report to medical any problems that arise

| RELEASE/TRANSFER DATE 1-6-03 | TIME 5:35 ☐AM ☑PM | RELEASE/TRANSFERRED TO ☑ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE _____ RN | DATE 1-6-03 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Mullins Steve | AGE 24 | DATE OF BIRTH ▮▮▮▮ | R/S W/M | AIS # ADOC000148 253 |

NC-041                    ORIGINAL-MEDICAL RECORD-YELLOW-TRANSFER AGENT

# DEPARTMENT OF CORRECTIONS

### EMERGENCY/_____ TREATMENT RECORD
(OTHER)

SRCP SCANNED

| DATE 1-6-03 | TIME 1615 AM/PM | FACILITY _WDCF_  ☐ SIR ☐ PDL ☐ ESCAPEE ☐ ___ | ☐ EMERGENCY  ☒ OTHER |

**ALLERGIES** _NKDA_

**CONDITION ON ADMISSION**
☒ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS:** TEMP _98.8_  ORAL/RECTAL  RESP. _18_  PULSE _80_  B/P _116/73_

RECHECK IF SYSTOLIC ___ < 100 > 50

**NATURE OF INJURY OR ILLNESS**
(S) DOC Body Sheet

| | ABRASION/// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION/ SUTURES |

**PHYSICAL EXAMINATION**
(O) VSS, small contusion under (R) eye. No other problems or injuries noted by assessment. A+Ox3, PERRLA, Neuro intact

(A) WNL

**ORDERS, MEDICATION, etc.**
(P) Release to RHU.

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**
(E) Report to sick call to Medical if any w/se.

| RELEASE/TRANSFER DATE 1/6 | TIME AM/PM | RELEASE/TRANSFERRED TO ☒ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☒ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
| 1 6 03 | | | |

| NURSE'S SIGNATURE ___ RN 1-6-83 | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Lewis Henry | AGE 57 | DATE OF BIRTH ▓▓▓▓ | R/S 3/M | AIS # A006000195 |

SRCP SCANNED

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, AL 35023
(205) 436-3681
FAX (205) 436-3399

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

## DETENTION NOTIFICATION

INMATE: _Paul McDowell_    RACE/AIS#: _W/m 133686S_

This is to inform you that you are presently being investigated by: _Sgt. Sharon McSwain_
Signature of Investigating Official

For: _Institutional Security_

As a result of this investigation, we are placing you in a single cell pending completion. I am giving you notice that this investigation may take longer than seventy-two (72) hours. At the end of this 72 hours, excluding holidays/weekends, you will either receive additional notification or be released from the single cell. By your signature below, you acknowledge receipt of a copy of this notice.

_Paul E. McDowell_    _W/M 133686_    _W Stephen Bullard_
Inmate Signature    Race/AIS#    Warden's Signature

_C.Br____ WT._    _1-6-03_    _4:53 P.M._
Serving Officer's Signature    Date    Time

Below, indicate circumstances surrounding single cell placement and disposition. If placement is due to theft, assault, fighting with/without a weapon, threats, debts, gambling, enemies or sexual offense, identify victim (s):

_Inmate McDowell Admitted to fighting w/ inmate Henry_
_Lewis in J Block. Inmate McDowell fears for his life_
_and is afraid to go back to the block._

The investigating officer will be responsible for all investigative phrases ensuring that all concerned are notified in writing.

CC:    Warden
       Asst. Warden
       Special Management Unit
       Institutional File
       Inmate



**STATE OF ALABAMA**
### DEPARTMENT OF CORRECTIONS

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

<u>MEMORANDUM</u>

TO:  Stephen Bullard, Warden III
FR:  *Sgt. Sharon McSwain*
DA:  *January 6, 2002*
RE:  Living Agreement

This is to acknowledge that we have been counseled this day by *Sgt. Sharon McSwain* concerning our disagreements. By our signature below, we relieve any and all Department of Corrections officials of any liability and damages. We acknowledge that our problem has been resolved and that we can live at this institution without violence existing between us. This statement is made of our own free will with no threats or promises from anyone.

| | | | |
|---|---|---|---|
| _____ | _____ | *Henry Lewis* | *1-60-03* |
| INMATE'S SIGNATURE | DATE | INMATE'S SIGNATURE | DATE |
| *Paul McDowell W/133686S* | | *Henry Lewis B/141915* | |
| PRINT INMATE'S NAME & AIS# | | PRINT INMATE'S NAME & AIS# | |
| *Steve Mullins* | *1-6-03* | _____ | _____ |
| INMATE'S SIGNATURE | DATE | INMATE'S SIGNATURE | DATE |
| *Steve Mullins w/m 195255* | | _____ | _____ |
| PRINT NAME & AIS# | | PRINT NAME & AIS# | |
| _____ | _____ | _____ | _____ |
| INMATE'S SIGNATURE | DATE | INMATE'S SIGNATURE | DATE |
| _____ | | _____ | |
| PRINT NAME & AIS# | | PRINT NAME & AIS# | |

Explanation of Incident:

*Inmates McDowell, Lewis and Mullins were involved in a physical altercation in 1 Block over homosexual activity.*

cc:    Deputy Warden
       Captains
       I.C.S.
       Social Services (4)
       Shift File

ADOC000121

SRCP SCANNED

Alabama Department of Corrections
Major Institutions - Behavior Citation

INMATE: Steven Mullins    AIS: W/175255X    CELL/DORM/BED: 1-27B

FACILITY: WEDCF    JOB ASGMT: Roll Baker    CUSTODY: Med

The above named inmate is cited by Sgt. Taylor for the following violation of institutional/
departmental rule(s) as described:

RULE #: 63 - Disorderly conduct - was horseplaying in 1 Block
cell 27 and got out of hand.

Date of Infraction: 12-30-02    Time of Infraction: 11:30    (AM or PM)
Location of Infraction: 1 Block cell 27.

Sgt. Cheryl Taylor, 12/31/02
Citing Employee's Signature & Date

*********************************************************************************

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be
taken against this inmate:

( ) Counseling/Warning                              ( ) Loss of Telephone Privileges for _____ Days
( ) Loss of Canteen Privileges for _____ Days      (✓) Removal from Incentive Program
( ) Loss of Visiting Privileges for _____ Days     ( ) Removal from Hobby Crafts Program
( ) Extra Duty for _____ Days at _____ Hours per day under supervision of _____ shift.
( ) Wear Pink Inmate Clothing for _____ Days (Indecent Exposure/Exhibitionism)**
( ) Removal from Good Time Earning Status
( ) Referral to Classification for Custody Review
( ) Assignment to institutional chain gang for up to fifteen(15) days.

Steve Mullins 175255   12-30-02    Sgt. Joel A. Gilbert CoII 12-31-02
Inmate's Signature/AIS/Date                Shift Supervisor's Signature/Title/Date

** Wearing of PINK CLOTHING must be approved by the Warden
*********************************************************************************

After having reviewed this citation and the recommended sanction(s) presented, the following action is approved:

(✓) Citation and sanctions are approved.
( ) Citation and sanctions are approved as modified below:

_____

_____

( ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately initiated under the
provisions of ADOC AR 403.
( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

1-6-03                          Marion C. Espy, CoII  1-2-03
Effective Date of Sanctions              Warden/Designee's Signature/Date
*********************************************************************************
Inmates receipt of completed action: Steve Mullins 175255  1-2-03
                                        Inmate's Signature/AIS/Date  1-6-03

Serving Officer's Initials: CT                    DATE ENTERED

*********************************************************************************
Distribution:      ( ) Captain          ( ) Shift Cmdr _____ Shift  ( ) Business Office    ( ) ICS
(As Required)      ( ) Psychologist     ( ) Classification          ( ) Central Records   (ADOC000122)

Annex A to AR 414

N012A                                                                    REV.07/15/86

## WORK SUPERVISOR'S/CORRECTIONAL OFFICER'S REPORT

**Institution:** _W.E.D.C.F._                          **Date:** _7-30-02_

**Name:** _Steven Mollins_                             **AIS #:** _175255 X_

**Job:** _Sandwich Man_                                **R & S:** _White Male_

I certify that I have been this inmate's work supervisor since
_1-05-2001_         . I supervise him for _8_ hours
**(Date)**
per day. He (does/does not) work under my direct supervision.

====================================================================
Instructions: Please give a brief response to each of the following. If you
do not know about a particular area, please say so. Do not answer good or bad
without giving the specific reason(s) behind your answer.
====================================================================

1) **Adjustment to incarceration:** ___Poor ___Fair _✓Good ___Excellent
Comments: _Inmate obey rules and regulations._

2) **Work Performance:** ___Malingerer ___Gets By ___Performs well
                         _✓Unusually Good Worker_
Comments: _Inmate come to work on time a doa good job._

3) **General Attitude:** ___Poor ___Fair ___Good _✓Excellent
Comments: _Inmate has a respectful attitude._

4) **Relationship with other inmates:** ___Poor ___Fair ___Good _✓Excellent
Comments: _Inmate does not cause trouble with other inmates._

5) **Relationship with Correctional Staff:** ___Poor ___Fair ___Good _✓Excellent
Comments: _Inmate obey Correctional Staff and Kitchen Staff._

6) **Utilization of spare time:** _✓Poor ___Fair ___Good ___Constructive
Comments: _N/A_

7) **Personal appearance:** ___Unkempt ___Average _✓Always Well Groomed
Comments: _Inmate is always neat and clean._

8) **Maintenance of living area:** ___Messy ___Average ___Neat and Tidy
Comments: _N/A_

====================================================================

The specific reason I have prepared this report is : _for whatever_
_this institution has to offer this inmate._

I am aware that this report can be used in consideration of less
restrictive placement and custodies and also can be used for purposes
of IGT which, if granted, may result in an early release to society.

_Ann C. Williams_              _Steward II_              _2nd_
**Work Supervisor/Correctional Officer   Position/Title           Shift**

_Steve Mullins_
_#175255_                           AUG 07 2002

ADOC000123

DOC Form 225B
(Revised 7/92)

01-0309
ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

1. INMATE:_____ STEVEN MULLINS _____
   CUSTODY _____ AIS ___175255_____
2. FACILITY:_____DONALDSON CORRECTIONAL FACILITY_____
3. The above inmate is being charged by:OFFICER LARKIN SMITHERMAN_____
   With a violation of Rule Number_54 specifically:_REFUSING TO WORK OR
   ENCOURAGING OTHERS TO STOP WORK_____from regulation_____
   #403, which occurred on or about_4/4/01__ at(time)_5:15___(AM/XX),
   Location:___KITCHEN_____. A hearing on
   this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows:_____ON 4/4/01, AT
   APPROXIMATELY 5:15 A.M., YOU INMATE STEVEN MULLINS, W/175255, DID STATE
   TO OFFICER LARKIN SMITHERMAN THAT YOU REFUSED TO WORK IN THE KITCHEN.

   ____4-4-01_____          _____Larkin Smitherman C.O.I____
        Date                      Arresting Officer/Signature/Rank

6. I hereby certify that I have personally served a copy of the foregoing upon
   the above named inmate and I informed inmate of his/her right to present a
   written or oral statement at the hearing and to present written questions
   for the witnesses on this the_____5TH___ day of_APRIL_ 200_1_, at (time)_12:42 A/M_
   (am/pm).

7. _Ben Port Co.I._____        _Steve Mullins /175255_____
   Serving Officer/Signature/Rank    Inmate's Signature/AIS Number

8. Witnesses desired? NO_____ YES _Steve Mullins___
                Inmate's Signature          Inmate's Signature

9. If yes, list: _Chris Snellnburg, Jimmy Wyott_____

10. Hearing Date_4-11-0_ 200_1_ Time_1:47 AM_ Place_W.E.D.C.F_
11. Inmate must be present in Hearing Room. If he/she is not present explain
    in detail on additional page and attach.
12. A finding is made that inmate (is/is not) capable of representing
    him/himself.
                              _____George McCall C.O.II___
                                 Signature/Hearing Officer

13. Plea:_Steve Mullins___ Not Guilty_____ Guilty
14. The Arresting Officer, inmate, and all witnesses were sworn to tell the
    truth.
                              _____George McCall C.O.II___
                                 Signature/Hearing Officer

The following witnesses were called and by their signature indicate they did
appear.
Witness#1:_Chris Shellesberger 194529____
Witness#2:_C.O. Wyatt 158747____
Witness#3:_____

18. The following witnesses were not called - Reason not called
1._____    _____
2._____    _____
3._____    _____
                                    _4-16-0___
                                 DATE ENTERED        AnnexCto

AR403(page1of3)                                    ADOC000124

SRCP SCANNED

15. Arresting Officer's testimony (at the hearing): INMATE MULLINS WAS TOLD BY ME TO COME ON AND GO TO WORK, INMATE MULLINS STATED TO ME, "I'D RATHER SPEND A DAY IN THE PEN THAN  WORK IN THE KITCHEN.

16. Inmate's Testimony: I CAME IN THE KITCHEN, DIDN'T FEEL GOOD. SNELLENBURGER CAME IN, WASN'T FEELING GOOD. SNELLENBURGER SAID HE RATHER SPEND A DAY IN THE PEN THAN WORK IN THE KITCHEN. I FELT THE SAME WAY.
Witness#1: CHRIS SNELLINGBURGER  Substance of Testimony: I WAS FEELING BAD, I DIDN'T WANT TO BE AROUND THOSE HOT ASS OVENS. MULLINS FELT THE SAME WAY.
Witness#2: JIMMY WYATT      Substance of Testimony: THEY REFUSED TO FEED THEM, AND THEY REFUSED TO WORK.

Witness#3:_____   Substance of Testimony:_____
_____
_____

17. The inmate was allowed to submit written questions to all witnesses.  Copy of questions and answers are attached.
*none Submitted ?*

*George McCall C.O.II*
—————————————————————
Signature/Hearing Officer

19. After hearing all testimony, the Hearing Officer makes the following findings of fact:(Be Specific) The Hearing Officer finds that: ON 4/4/01, AT APPROXIMATELY 5:15 A.M., IN THE KITCHEN OF DONALDSON CORRECTIONAL FACILITY, INMATE STEVEN MULLINS, #175255, DID REFUSE TO DO THE WORK ASSIGNED BY OFFICER SMITHERMAN, HIS WORK SUPERVISOR. OFFICER SMITHERMAN TOLD INMATE MULLINS TO GO TO WORK IN THE KITCHEN, AND HE

20. Basis for Findings of Fact: THIS FINDING IS BASED ON THE TESTIMONY OF LARKIN SMITHERMAN, THE ARRESTING OFFICER, WHO STATED, UNDER OATH, THAT INMATE STEVEN MULLINS, #175255, DID REFUSE TO DO THE WORK ASSIGNED TO HIM AND THAT THE INMATE STATED HE RATHER SPEND THE DAY IN THE PEN.

21. Hearing Officer's Decision:XXXXX Guilty _____ Not Guilty

22. Recommendation of Hearing Officer: INMATE MULLINS IS IN CLASS IV, DOES NOT EARN GOOD TIME. I RECOMMEND 20 DAYS DISCIPLINARY SEGREGATION, LOSS OF 20 DAYS STORE AND VISITATION PRIVILEGES

*George McCall, C.O.II*
—————————————————————
Signature/Hearing Officer

GEORGE MCCALL, COII
—————————————————————
Type Name and Title

23. Warden's Action - Date 4-12-01
Approved *W Stephen Bullard*
Disapproved_____
Other (Specify)_____
_____

24. Reason if more than 30 calendar days delay in action. _____
_____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this 16 day of April 20 01 , at time) 8:07 (am/pm).
*Billie Gunn COT*          *Steven Mullins* 175255
—————————————————————   —————————————————————
Signature/Serving Officer/Title   Inmate's Signature/AIS Number
        Annex C to AR 403 (Page 2 of 3)

ADOC000125

SREP SCANNED

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
              Disciplinary Report(Optional)

Inmate Name/AIS Number _____ STEVEN MULLINS _____ 175255 _____
          Incident Report #01-0309    Facility____ WEDCF ____
CONT'D #15 ARRESTING OFFICER'S (AO)STATEMENT &/OR QUESTIONS BY HEARING OFFICER
(QBHO)TO ARRESTING OFFICER:

_____
_____
_____
_____
_____
_____
_____

CONT'D #16 INMATE'S STATEMENT &/OR QUESTIONS BY HEARING OFFICER (QBHO)TO
INMATE:

_____
_____
_____
_____
_____
_____
_____

CONT'D WITNESS TESTIMONY &/OR QBHO

_____
_____
_____
_____
_____
_____
_____

CONT'D #19 FINDINGS OF FACT:
REFUSED TO ACCOMPLISH THIS ASSIGNED TASK. THE HEARING OFFICER FURTHER FINDS
THAT AT DONALDSON CORRECTIONAL FACILITY, ANY INMATE WHO REFUSES OR DOES NOT
WORK AS DIRECTED BY HIS WORK SUPERVISOR IS GUILTY OF RULE VIOLATION #54-
REFUSING TO WORK OR ENCOURAGING OTHERS TO STOP WORK. THEREFORE, THE HEARING
OFFICER FINDS INMATE STEVEN MULLINS, #175255, GUILTY OF VIOLATING RULE #54-
REFUSING TO WORK OR ENCOURAGING OTHERS TO STOP WORK.

CONT'D #20 BASIS FOR FINDINGS OF FACT:

_____
_____
_____
_____
_____

CONT'D #22 HEARING OFFICER'S RECOMMENDATIONS:

_____
_____
_____
_____

Other:_____
_____

ADOC000126

SRCP SCANNED

N601 D of C
DOC No. 601
(Rev. 4/81)

# STATE OF ALABAMA
## BOARD OF CORRECTIONS
### INSTITUTIONAL INCIDENT REPORT

| 1.Institution: WILLIAM E. DONALDSON CORRECTIONAL FACILITY | 2.Date: 4/4/01 | 3.Time: 5:15 A.M. | 4.Incident Number: WED 01-0309 |
|---|---|---|---|

| 5.Location Where Incident Occurred: KITCHEN | 6.Type of Incident: #54, REFUSING TO WORK OR ENCOURAGING OTHERS TO STOP WORK |
|---|---|
| 7.Time Incident Reported: 5:20 A.M. | 8.Who Received Report: LT. JIMMIE RICHBURG *Jimmie Richburg* |

9.Victims:  a._____  No._____
           b._____  No._____
           c._____  No._____

| 10.Suspects: | | 11.Witnesses: | |
|---|---|---|---|
| a. CHRIS SNELLENBERGER No. W/194529 | | a._____ No._____ | |
| b. STEVEN MULLINS No. W/175255X | | b._____ No._____ | |
| c._____ No._____ | | c._____ No._____ | |

Physical Evidence:
12.Type of Evidence:_____

13.Description of Evidence:_____

14.Chain of Evidence:_____
a._____
b._____
c._____

15.Narrative Summary: ON 4/4/01, AT APPROXIMATELY 5:15 A.M., OFFICER LARKIN SMITHERMAN WAS APPROACHED BY INMATES CHRIS SNELLENBERGER W/194529, AND STEVEN MULLINS W/175255X.  THE TWO INMATES STATED TO OFFICER SMITHERMAN THAT THEY, INMATES SNELLENBERGER AND MULLINS, REFUSE TO WORK.  BOTH INMATES DID STATE TO OFFICER SMITHERMAN THAT THEY (INMATES SNELLENBERGER AND MULLINS) WOULD SPEND ALL DAY IN THE PEN.  AT APPROXIMATELY 5:25 A.M., LT. JIMMIE RICHBURG WAS CONTACTED OF THE INCIDENT AND INMATES SNELLENBERGER AND MULLINS WERE SENT TO THE SHIFT OFFICE.  AT APPROXIMATELY 5:30 A.M., STEWARD MARIAH LAWSON STATED TO OFFICER SMITHERMAN THAT INMATES SNELLENBERGER AND MULLINS HAD TWENTY (20) TO TWENTY-FIVE (25) BISCUITS.  STEWARD LAWSON STATED TO INMATES SNELLENBERGER AND MULLINS TO GET WHAT THEY WERE GOING TO EAT AND THROW THE REST OF THE BISCUITS AWAY.  INMATES SNELLENBERGER AND MULLINS WERE PLACED IN THE HOLDING PEN FOR REFUSING TO WORK.  INMATES SNELLENBERGER AND MULLINS WERE RELEASED AT APPROXIMATELY 1:00 P.M..  DISCIPLINARY ACTION WAS TAKEN ON INMATES SNELLENBERGER AND MULLINS FOR RULE VIOLATION #54, REFUSING TO WORK OR ENCOURAGING OTHERS TO STOP WORK.

*Larkin Smitherman*
OFFICER LARKIN SMITHERMAN

DISTRIBUTION: ORIGINAL to Investigation and Inspection Division
            COPY to Deputy Commissioner, Institutions
            COPY to Institutional File
            COPY to Central Records File

ADOC000127

N601
D of C
DOC No. 601
(Rev. 1/96)

# · STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
## INSTITUTIONAL INCIDENT REPORT

| 1. Institution: St Clair Correctional Facility | 2. Date: 06-02-00 | 3. Time: 7:30AM | 4. Incident Number STC-00-1128 |
|---|---|---|---|

| 5. Location Where Incident Occurred: H1 A-15 | 6. Type of Incident: Hunger Strike  |
|---|---|

| 7. Time Incident Reported: 8:45AM | 8. Who Received Report: Robert Simmons, COSII |
|---|---|

**9. Victim:**

a. N/A _____ No. _____
   (Type Full Name)

b. _____ No. _____
   (Type Full Name)

**10. Suspects:**

| | | 11. Witnesses: a. N/A _____ No. _____ |
|---|---|---|
| a. Steve Mullins   No. W/175255 | | b. _____ No. _____ |
| b. _____ No. _____ | | c. _____ No. _____ |
| c. _____ No. _____ | | d. _____ No. _____ |
| d. _____ No. _____ | | e. _____ No. _____ |
| e. _____ No. _____ | | f. _____ No. _____ |
| | | g. _____ No. _____ |

**Physical Evidence:**

12. Type of Evidence: 912 Form _____

_____

13. Description of Evidence: State Issue Segregation Unit Record Sheet (912) _____

_____

14. Chain of Evidence: H1 A-B Cubicle _____

a. Steve Mullins' Segregation File H1 A-15 _____

b. _____

c. _____

d. _____

**15. Narrative Summary:** On 06-02-00 at approximately 7:30AM, Inmate Steve Mullins W/175255 refused all meals for the third consecutive day. Inmate Mullins stated that inmate Mullins would be on a hunger strike until inmate Mullins was transferred from St Clair Correctional Facility. Inmate Mullins was escorted to the infirmary where inmate Mullins was checked and weighed by Nurse Shermaine Garrett. A hunger Strike file was initiated and placed in H1 A-B Cubicle. Robert Simmons, COSII, was advised at approximately 8:45AM, of this situation. Archie Garrett, Assistant Warden, was also

Distribution: ORIGINAL Investigation and Inspection Division    COPY to Central Records File
               COPY to Deputy Commissioner, Institutions    COPY to Institutional File

ADOC000128

D of C
N 602

## CONTINUATION SHEET

|  | Incident Number: |
|---|---|
|  | STC-00-1128 |
| **Date:** | **Type of incident:** |
| 06-02-00 | Hunger Strike |

Narrative Summary (Continued) Page No. 2

advised of this situation at approximately 12:40PM. This report is for informational purposes.

Steve Hicks, COSI

**STATE OF ALABAMA**
**BOARD OF CORRECTIONS**
**INSTITUTIONAL INCIDENT REPORT**

| 1. Institution: St Clair Correctional Facility | 2. Date: 3/13/00 | 3. Time: 9:04PM | 4. Incident Number: STC-00-0521 |
|---|---|---|---|

| 5. Location Where Incident Occurred: G3 D-146 | 6. Type of Incident: Assault on another inmate |
|---|---|

| 7. Time Incident Reported: 9:04PM | 8. Who Received Report: Carl Sanders, COSI |
|---|---|

**9. Victim:**

| a. | N/A | No. |
|---|---|---|
| | (Type Full Name) | |
| b. | | No. |
| | (Type Full Name) | |

| 10 Suspects: | | | 11. Witness: | | |
|---|---|---|---|---|---|
| a. | Steven Mullins | No. W/175255X | a. | N/A | No. |
| b. | Karvin German | No. B/170233 | b. | | No. |
| c. | Charles Cunningham | No. B/193686 | c. | | No. |
| d. | Craig Newton | No. B/178609 | d. | | No. |
| e. | Franklin Henry | No. B/167251 | e. | | No. |
| | | | f. | | No. |
| | | | g. | | No. |

**Physical Evidence:**
12. Type of Evidence: N/A

13. Description of Evidence: N/A

**14. Chain of Evidence:**

| a. | N/A |
|---|---|
| b. | |
| c. | |
| d. | |

**15. Narrative Summary:**

On 3/13/00 at approximately 9:04PM, Dwayne Brasher, COI, G3 C/D cubicle operator, heard an inmate hollering in G3D cellblock. Officer Brasher observed inmate Steven Mullins, W/175255, run up the steps to the cubicle window with blood running from his head and down the side of his face. Officer Brasher immediately called for assistance on his radio while letting Mullins out of G3D into the hallway. At approximately 9:05PM, inmate Karvin German, B/176233, came up to G3D cubicle window and said that inmate Mullins had cut inmate German. At approximately 9:06PM, John Konkol, COI, entered G3D cellblock and started locking down the block along with John Mason, COI, and Stephen Tish, COI, followed by Carl Sanders, COSI, and Patricia Williams, shift supervisors. At approximately 9:08 PM, Edward Young, COI, escorted inmate Mullins to the infirmary for treatment. See F-15 attached. At approximately 9:10PM, Officer Konkol escorted inmate German to the infirmary for treatment. See F-15 attached. At approximately 9:10PM, G3D cellblock was locked down and the bloody clothing was confiscated from the mop closet on the bottom tier for evidence. At approximately 9:45PM, inmates Mullins' and German's properties were packed and taken to the segregation unit per Lt. Sanders. Inmates Mullins and German were placed in segregation. Inmate German is charged with rule violation #31 – assault on another inmate. Inmate Mullins is under investigation status pending a further investigation. The on-call-official, Robert Simmons, COSII, was notified. A fax was sent to Staton Communications on 3/14/00 detailing the assault. The assault was the result of a homosexual advance on inmate Mullins by inmate German. Other inmates were involved but have not been identified. At this (cont)

DISTRIBUTION     ORIGINAL Investigation and Inspection Division
                 COPY to Deputy Commissioner. Institutions
                 COPY to Institutional File
                 COPY to Central Records File

ADOC000130

N 602

| Continuation Sheet | | |
|---|---|---|
| St. Clair Corr. Fac. | Incident Number | STC-00-0521 |
| Date: 3/13/00 | Type of Incident | Assault on another inmate |

Narrative Summary (Continued) Page No.    2

Time.  Inmate Mullins had numerous bruises and small lacerations on his head and face area. Inmate German had two cuts, made by a razor blade, to his neck and ear area. No weapons were recovered. There was no crime scene.  On 03-14-00, Lt. Carl Sanders escorted inmate Franklin Henry B/167251, inmate Charles Cunningham, B/193686, and inmate Craig Newton B/128609, to the infirmary for inmate Mullins to identify.  Inmate Mullins identified inmate Henry, inmate Cunningham, and inmate Newton as the inmates that had assaulted inmate Mullins on 03-13-00.  Inmates Henry, Cunningham, and Newton were escorted by Lt. Sanders to segregation.  Inmates Henry, Cunningham. and Newton were issued a disciplinary for rule violation #31 – assault on another inmate.  No further action has been taken at this time.

Dwayne Brasher, COI

# DEPARTMENT OF CORRECTIONS

## EMERGENCY/_____ TREATMENT RECORD
(OTHER)

| DATE 3/13/00 | TIME 2105 AM/PM | FACILITY St Clair ☐ SIR ☐ PDL ☐ ESCAPEE ☒ INMATE | ☐ EMERGENCY ☒ OTHER |

ALLERGIES NKA

CONDITION ON ADMISSION: ☐ GOOD ☒ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 100.2 ORAL/RECTAL   RESP. 20   PULSE 88   B/P 138/96   RECHECK IF SYSTOLIC <100 > 50

**NATURE OF INJURY OR ILLNESS**

S: I thought I was getting cut with a razor blade bent my head down and got hit in the mouth c̄ something.

| | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION/ SUTURES |

**PHYSICAL EXAMINATION**

Deep Laceration noted to back of neck approx 20 cm in length. Lg amt of bleeding noted. Mult laceration noted behind L ear. R lower lip (inside) and R r lip inside abrasions noted appears to be from lit marks. Noted contusion about top chest back and shoulders.

**ORDERS, MEDICATION, etc.**

Shave back of head
Clean areas c̄ NS and betadine
Apply pressure. Dr King notified for possible sutures
2145 - Call placed to Dr. Hammack c̄ orders given - S Hayfield R

**DIAGNOSIS**

Multiple lacerations

**INSTRUCTIONS TO PATIENT**

| RELEASE/TRANSFER DATE / / | TIME AM/PM | RELEASE/TRANSFERRED TO ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
| NURSE'S SIGNATURE [signature] | DATE 3/13/00 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) German, Karvin | AGE 25 | DATE OF BIRTH ▮▮▮▮ | R/S BM | AIS # ADOC000132 170233 |

F-15

# DEPARTMENT OF CORRECTIONS

## EMERGENCY/_____ TREATMENT RECORD
(OTHER)

| DATE 03/13/00 | TIME 2105 AM/PM | FACILITY SCCF Chivate □ SIR □ PDL □ ESCAPEE | ☑ EMERGENCY □ OTHER |

| ALLERGIES PCN's | CONDITION ON ADMISSION □ GOOD □ FAIR □ POOR ☑ SHOCK □ HEMORRHAGE □ COMA |

| VITAL SIGNS TEMP 98° (ORAL) RECTAL | RESP. 24 | PULSE 120 | B/P 138, 86 | RECHECK IF SYSTOLIC < 100 > 50 |

**NATURE OF INJURY OR ILLNESS**

Altercation c̄ another inmate.

| | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION/ SUTURES |

**PHYSICAL EXAMINATION**

1-2 Multiple abrasions. 3 Contusion and edematous area noted @ brow area of (L) eye 4 Contusion noted to (L) eye @ outer aspect and under (L) eye down to nose. 5 5cm abrasion/laceration 6 7cm lac (long) 1cm (wide) moderate amt of bleeding. 7 3cm x 2cm lac c̄ edematous area.

**ORDERS, MEDICATION, etc.**

8 3cm x 1cm lac. Moderate amt of bleeding noted to all lacs. Denies losing consciousness. 9 Top lip swelling. 10 Abrasions to knuckle of 1st finger 11 Small amt of edema noted to ankle/side of (R) foot. 12 (L) great toe unable to move small amt of swelling noted. 13 Abrasions. 14 Abrasions

**DIAGNOSIS**

Alteration in skin integrity/comfort

**INSTRUCTIONS TO PATIENT**

| RELEASE/TRANSFER DATE 03/13/00 | TIME AM/PM | RELEASE/TRANSFERRED TO □ DOC □ AMBULANCE □ | CONDITION ON DISCHARGE □ SATISFACTORY □ POOR □ FAIR □ CRITICAL |

| NURSE'S SIGNATURE [signature] | DATE 03/13/00 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Mullins Steve | AGE 26 | DATE OF BIRTH ▮▮▮▮ | R/S W/M | AIS # ADOC000133 0752-55× |

F-15     ORIGINAL · MEDICAL RECORD, YELLOW · TRANSFER AGENT

Pg 2

# DEPARTMENT OF CORRECTIONS

EMERGENCY/_____ TREATMENT RECORD
(OTHER)

Continued

| DATE | TIME | FACILITY _____ | ☐ EMERGENCY |
|------|------|--------|-------------|
| | AM | ☐ SIR ☐ PDL ☐ ESCAPEE _____ | ☐ OTHER |

| ALLERGIES | CONDITION ON ADMISSION |
|-----------|------------------------|
| | ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |

VITAL SIGNS: TEMP _____ ORAL RECTAL   RESP. _____ PULSE _____ B/P ___/___  RECHECK IF SYSTOLIC < 100 > 50

**NATURE OF INJURY OR ILLNESS**

| | ABRASION/// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION/ SUTURES |
|--|--|--|--|--|--|

**PHYSICAL EXAMINATION**

PEERLA. Neuro checks WNL.

**ORDERS, MEDICATION, etc.**

Lacerations cleaned c̄ H₂O. Abrasions cleaned c̄ H₂O. tao applied.

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| RELEASE/TRANSFER DATE | TIME AM PM | RELEASE/TRANSFERRED TO ☐ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|--|--|--|--|

| NURSE'S SIGNATURE | DATE 02/13/00 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|--|--|--|--|--|

| PATIENT'S NAME (LAST, FIRST, MIDDLE) Mullins, Steven | AGE 26 | DATE OF BIRTH ████████ | R/S W/ | AIS # ADOC000034   7255 X |

F-15

ORIGINAL - MEDICAL RECORD, YELLOW - TRANSFER AGENT

03/14/2000 08:10   334567          STATON CORRECTIONAL          PAGE 02/02
MAR-14-00 TUE 07:25 AM ST. CLAIR CORRECTIONAL 2054672474                P.01

TYPE OF INCIDENT _Assault On An Inmate_

INMATE (S) _Steven Mullins_ AIS _175255_ RACE _W_ SEX _M_ DOB ▉

_Karvin German_        _170233_        _B_        _M_        ▉

COUNTY SENTENCED FROM _Coosa_        DATE OF SENTENCE _8-6-99_

_Russell / Mont._        _12-92 / 10-93_

CRIMES _Capital Murder - Kidnapping_ LENGTH OF SENTENCE _LWOP_

_Robbery I / Robbery I_        _15yr / 20yrs_

CIRCUMSTANCES AND DETAILS OF INCIDENT:

DATE _3-13-00_ TIME _9:04 P.M_ LOCATION _G-3-D_

Inmate Mullins Was Assaulted By Inmate German And Other Unidentified
Inmates In G-3-D Block. Mullins Fought Back With A Razor Blade. The Assault
Was The Result Of A Homosexual Advance By German On Mullins. No Medical Treatment

OFFICIAL REPORTING THE INCIDENT _Capt. Robert Simmons_

DATE _3-14-00_ TIME _7:20 AM_

DUTY OFFICER RECEIVING THE REPORT _____

RECEIVER OF REPORT: _C. WEAVER ROI / A.WATSON ROII_        DOC COMMO DIV.

DEP/COMMISSIONER: _GREG LOVELACE BY FAX_ DATE: _3/14/00_ TIME: _AM_

INVESTIGATIONS: _NORTHERN & CENTRAL I&I_ DATE: _3/14/00_ TIME: _AM_

D/T DUTY OFFICER: _WARDEN NAGLE BY FAX_ DATE: _3/14/00_ TIME: _AM_

CENTRAL RECORDS: _____ DATE: _____ TIME: _____

KILBY: _BY FAX_ DATE: _3/14/00_ TIME: _AM_

PIO: _____ DATE: _____ TIME: _____

ADOC000135

STATON CORRECTIONAL

PAGE  01/02



### STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS

Don Siegelman
GOVERNOR

Michael W. Haley
COMMISSIONER

FROM:  D.O.C. Central Communications /Staton Correctional Facility

Fax # (334) 567-0704          Telephone # (334)567-2221

Ref: Escapes/Recaptures/Major Incidents and Important Teletypes
*********************************************************************
THSI FAX IS BEING SENT TO SEVERAL LOCATIONS AT THE SAME TIME. WHEN RECEIVED
AT YOUR LOCATION, PLEASE MAKE COPIES AND GIVE A COPY TO EACH PERSON OR DEPT.
ON YOUR LIST.
*********************************************************************

D.O.C. Central office

Commissioner Mike Haley                   MARCH 10,2000

D/CMSR  Greg Lovelace                          "

D CMSR  JOHN SHAVER                            "
                                               "
Pub/Info.  John Hamm                      MARCH 17, 2000

Investigation & Intelligence
ART CRUMPTON        Central I&I
M.C. SMITH          Birmingham I&I
ROY WOOD            Northern I&I
MCARTHUR DAVIS      Southern I&I

Central Records Div.

Kathy Snow  /  Vivian Smith

Central Classification
Paul Whaley

Downtown Duty Person
WARDEN NAGLE       ... BIBB CO. C/F

Bulloy Correctional Facility
Secretary for Warden Rowell
Classification
Receiving
Medical Records

ADOC000136



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**

**DON SIEGELMAN**
GOVERNOR

ST. CLAIR CORRECTIONAL FACILITY
1000 ST. CLAIR ROAD
SPRINGVILLE, ALABAMA 35146

**MICHAEL W. HALEY**
COMMISSIONER

# DETENTION NOTIFICATION

TO: _Mullins, Steve_    AIS# _W/ 175255_    This is to inform

you that you are presently being investigated by _Possible P.C._    for

_You were involved in al allercation with Gang members, some_
(describe reason in detail for detention/investigation)

_who remain unknown._

As a result of this, we are placing you in a single cell pending completion of the investigation. I am giving you notice that this investigation may take longer than 72 hours. This time excludes weekends and all holidays. Prior to the end of the 72 hours you will either receive an extension or additional notification (i.e. Disciplinary, Notice of Reclassification, etc.) or be released from the single cell. Upon service of a disciplinary your detention will be extended ten (10) calendar days in which the disciplinary will be accomplished. After the disciplinary hearing is held, the Warden or his designee will have ten (10) calendar days in which he will either concur or disapprove with the committee's findings. The Warden/Director or Deputy Commissioner of the Institutions and the Director of Investigation and Inspections or designees have the authority to extend the 72 hours investigation, if the investigation is incomplete or circumstances warrant.

By your signature below, you acknowledge receipt of a copy of this notice.

_Steve Mullins_ _175255_ _3-23-00_ _8:00 P.M._    _Warden's Designee_
Inmate's Signature        Date        Time

_W. Moore COI_    _3-23-00_ _8:00 P.M._
Serving Officer        Date        Time

The Investigating Officer is responsible for all investigative phases and ensuring that all concerned are notified.

cc:  Warden
     Assistant Warden
     Institutional File
     Segregation File

ADOC000137

*Extension*  A-15  *Extension*



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

ST. CLAIR CORRECTIONAL FACILITY
1000 ST. CLAIR ROAD
SPRINGVILLE, ALABAMA 35146

# DETENTION NOTIFICATION

TO: _Steve Mullins_ AIS# _W175255_ This is to inform

you that you are presently being investigated by _Carl Sanders COSI_ for

_Fighting W/A Weapon_
(describe reason in detail for detention/investigation)

As a result of this, we are placing you in a single cell pending completion of the investigation. I am giving you notice that this investigation may take longer than 72 hours. This time excludes weekends and all holidays. Prior to the end of the 72 hours you will either receive an extension or additional notification (i.e. Disciplinary, Notice of Reclassification, etc.) or be released from the single cell. Upon service of a disciplinary your detention will be extended ten (10) calendar days in which the disciplinary will be accomplished. After the disciplinary hearing is held, the Warden or his designee will have ten (10) calendar days in which he will either concur or disapprove with the committee's findings. The Warden/Director or Deputy Commissioner of the Institutions and the Director of Investigation and Inspections or designees have the authority to extend the 72 hours investigation, if the investigation is incomplete or circumstances warrant.

By your signature below, you acknowledge receipt of a copy of this notice.

_175255_

_Steve Mullins_ _3-17-00_ _5:15 P.M._
Inmate's Signature        Date        Time

_John O. Butts_ COI _3-17-00_ _5:16 PM_        _____
Serving Officer        Date        Time        Warden's Designee

The Investigating Officer is responsible for all investigative phases and ensuring that all concerned are notified.

cc:  Warden
     Assistant Warden
     Institutional File
     Segregation File

ADOC000138

# SEGREGATION REVIEW CHECKLIST

*W. E. Donaldson*

NAME **Mullins, Stevero**    AIS **175255**    R&S **W**    DATE **3-14-00**

1. Disciplinary Record
2. Past Criminal Record
3. Past Institutional Record
4. Psychological Make-up
5. Involvement in Criminal Activities While Incarcerated
6. Institutional Work Record
7. Adjustment to Institutional Programs
8. Institutional Living Adjustment
9. Attitude Toward Authority
10. Subsequent Disciplinary While in Segregation
11. Length of Time Served

**ADDITIONAL FACTORS**

1. General housekeeping of living area
2. Compliance with regulations concerning personal appearance
3. Cooperativeness during searches
4. Movement to and from exercise
5. Return of eating utensils
6. Relation to other inmates and to staff

**Purpose of the Review**

Disciplinary Hearing _____

Disciplinary Review _____ Garrett    Brice    Davis
         Dees                 Coachman

Institution Board _____

Department Board _____

**Staff Participants**

**Other Information Considered and/or Persons Interviewed (List)**

ADOC000139



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**

**DON SIEGELMAN**
**GOVERNOR**

**MICHAEL W. HALEY**
**COMMISSIONER**

ST. CLAIR CORRECTIONAL FACILITY
1000 ST. CLAIR ROAD
SPRINGVILLE, ALABAMA 35146

# DETENTION NOTIFICATION

TO: _Steve Mullins_ AIS# _W/175255_ This is to inform

you that you are presently being investigated by _Carl Sanders CoSI_ for

_Fighting W/a Weapon_
<span>(describe reason in detail for detention/investigation)</span>

As a result of this, we are placing you in a single cell pending completion of the investigation. I am giving you notice that this investigation may take longer than 72 hours. This time excludes weekends and all holidays. Prior to the end of the 72 hours you will either receive an extension or additional notification (i.e. Disciplinary, Notice of Reclassification, etc.) or be released from the single cell. Upon service of a disciplinary your detention will be extended ten (10) calendar days in which the disciplinary will be accomplished. After the disciplinary hearing is held, the Warden or his designee will have ten (10) calendar days in which he will either concur or disapprove with the committee's findings. The Warden/Director or Deputy Commissioner of the Institutions and the Director of Investigation and Inspections or designees have the authority to extend the 72 hours investigation, if the investigation is incomplete or circumstances warrant.

By your signature below, you acknowledge receipt of a copy of this notice.

175255

_Steve Mullins_ _3-14-00_ _4:17 PM_
Inmate's Signature          Date          Time

_Carl Sanders CoSI_
Warden's Designee

_C. O'Brian_ _3/14/00_ _4:17pm_
Serving Officer          Date          Time

The Investigating Officer is responsible for all investigative phases and ensuring that all concerned are notified.

cc: Warden
    Assistant Warden
    Institutional File
    Segregation File

ADOC000140

SRCP SCANNED

ACR359

ALABAMA JUDICIAL DATA CENTER
COOSA COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 1999 000036.00 01
JOHN E. ROCHESTER

| CIRCUIT COURT OF COOSA COUNTY | COURT ORI: 022015 J |

STATE OF ALABAMA     VS.
MULLINS STEVEN ERIC          ALIAS:
                             ALIAS:

DC NO:      0000 000000.00
G J:      980154
SSN:
SID:
AIS:

DOB:          SEX: M   HT: 6 01   WT: 200   HAIR: BRO   EYE: BLU
RACE: (X)W ( )B ( )O   COMPLEXION: _____   AGE: _____   FEATURES: _____

DATE OFFENSE: 00/00/0000   ARREST DATE: 03/24/1999   ARREST ORI: 0220000

CHARGES ⊋ CONV         CITES           CLS COURT ACTION            CA DATE
MURDER CAPITAL-KIDNA  13A-005-040(A)( U   GUILTY PLEA            06/24/1999
                                                               00/00/0000
                                                               00/00/0000

JUDGE: JOHN E. ROCHESTER  0356   PROSECUTOR: THOMPSON, FRED W, JR

PROBATION APPLIED   GRANTED  DATE     REARRESTED DATE  REVOKED   DATE
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

ACT 754-76           IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
( )Y (X)N   CONFINEMENT:  00 00 000   00 00 000   00 00 000   00 00 000
            PROBATION :   00 00 000               00 00 000
DATE SENTENCED: 08/06/1999   SENTENCE BEGINS: 08/06/1999

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| LIFE WO PAROL | ATTORNEY FEE | $0.00 | $0.00 |
| | CRIME VICTIMS | $0.00 | $0.00 |
| | COST | $0.00 | $0.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | JAIL FEES | $0.00 | $0.00 |
| | TOTAL | $0.00 | $0.00 |

APPEAL DATE      SUSPENDED        AFFIRMED          REARREST
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS: (30) 175255 NK#

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTE
FROM OFFICIAL COURT RECORDS AN
AND IS TRUE AND CORRECT.

*Cordelia H. Gandy*

CIRCUIT CLERK

08/25/1999

OPERATOR: JEE
PREPARED: 08/25/1999

ENTERED TERMINALS

DATE 9-2-99 BY JC

ADOC000141

ACR359

ALABAMA JUDICIAL DATA CENTER
COOSA COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 1999 000036.00 01
JOHN E. ROCHESTER

---

CIRCUIT COURT OF COOSA COUNTY | COURT ORI: 022015 J
---|---

STATE OF ALABAMA        VS.
MULLINS STEVEN ERIC          ALIAS:
                             ALIAS:

DC NO:          0000 000000.00
G J:    980154
SSN:
SID:
AIS:

DOB:            SEX: M  HT: 6 01    WT: 200  HAIR: BRO   EYE: BLU
RACE: (X)W ( )B ( )O  COMPLEXION: _____  AGE: ____  FEATURES: _____

DATE OFFENSE: 00/00/0000   ARREST DATE: 03/24/1999   ARREST ORI: 0220000

CHARGES @ CONV       CITES          CLS COURT ACTION         CA DATE
MURDER CAPITAL-KIDNA 13A-005-040(A)( U  GUILTY PLEA          06/24/1999
                                                            00/00/0000
                                                            00/00/0000

JUDGE: JOHN E. ROCHESTER 0356   PROSECUTOR: THOMPSON, FRED W, JR

PROBATION APPLIED   GRANTED  DATE      REARRESTED DATE     REVOKED  DATE
( )Y( )N            ( )Y( )N           ( )Y( )N            ( )Y( )N

ACT 754-76              IMPOSED    SUSPENDED     TOTAL    JAIL CREDIT
( )Y (X)N   CONFINEMENT:  00 00 000  00 00 000  00 00 000  00 00 000
            PROBATION  :  00 00 000             00 00 000
DATE SENTENCED: 08/06/1999   SENTENCE BEGINS: 08/06/1999

PROVISIONS                  COSTS/RESTITUTION        DUE       ORDERED

 PENITENTIARY              RESTITUTION             $0.00       $0.00
 LIFE WO PAROL            ATTORNEY FEE             $0.00       $0.00
                          CRIME VICTIMS            $0.00       $0.00
                          COST                     $0.00       $0.00
                          FINE                     $0.00       $0.00
                          MUNICIPAL FEES           $0.00       $0.00
                          DRUG FEES                $0.00       $0.00
                          ADDTL DEFENDANT          $0.00       $0.00
                          DA FEES                  $0.00       $0.00
                          COLLECTION ACCT          $0.00       $0.00
                          JAIL FEES                $0.00       $0.00

                          TOTAL                    $0.00       $0.00

APPEAL DATE      SUSPENDED           AFFIRMED            REARREST
( )Y( )N         ( )Y( )N            ( )Y( )N            ( )Y( )N

REMARKS: (30) 175255 NK#         THIS IS TO CERTIFY THAT THE
                                 ABOVE INFORMATION WAS EXTRACTE
                                 FROM OFFICIAL COURT RECORDS AN
                                 AND IS TRUE AND CORRECT.


                                 _Cordelia H. Ganly_
                                 CIRCUIT CLERK

                                 08/25/1999

---

OPERATOR: JEE
PREPARED: 08/25/1999



ENTERED TERMINALS
DATE 9-2-99 BY JC

ADOC000142

ACS359

**ALABAMA JUDICIAL DATA CENTER**
**TALLADEGA COUNTY**
**NORTHERN DIVISION**
**TRANSCRIPT OF RECORD**
**CONVICTION REPORT**

CC 93 000417.00
WILLIAM C. SULLIVAN

---

| CIRCUIT COURT OF TALLADEGA COUNTY | COURT ORI: 061015 J |
|---|---|

STATE OF ALABAMA        VS.                         DC NO: 0000000000

MULLINS STEVEN ERIC        ALIAS: GUY STEVEN E        G J:      95
                           ALIAS:                     SSN:
                                                      SID:
                                                      AIS:

DOB:           SEX: M   HT: 6 00        WT: 185  HAIR: BRO   EYE: BLU

RACE: (X)W ( )B ( )O    COMPLEXION: _____   AGE: _____   FEATURES: _____

DATE OFFENSE: 00/00/00  ARREST DATE: 04/22/93   ARREST ORI:

---

| CHARGES & CONV | CITES | OFF CLASS: ( )A ( )B (X)C |
|---|---|---|
| BURGLARY 3RD | 13A-7-7 | |
| | 000000000000000 | |
| | 000000000000000 | |

JUDGE: WILLIAM C. SULLIVAN   0098   PROSECUTOR: RUMSEY, ROBERT L. III

PROBATION APPLIED   GRANTED   DATE      REARRESTED DATE   REVOKED   DATE

( )Y ( )N _____    ( )Y( )N _____    ( )Y( )N _____    ( )Y( )N _____

ACT 754-76          IMPOSED      SUSPENDED      TOTAL      JAIL CREDIT
( )Y (X)N   CONFINEMENT:  00 00 000   00 00 000   00 00 000   00 00 000
            PROBATION  :  00 00 000               00 00 000

DATE SENTENCED: 12/17/93    SENTENCE BEGINS:    12/17/93

---

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| COURT COSTS | RESTITUTION | $0.00 | $0.00 |
| RESTITUTION | ATTORNEY FEE | $0.00 | $0.00 |
| CRIME VICTIM | CRIME VICTIMS | $50.00 | $50.00 |
| RECOUPMENT | COST | $235.00 | $235.00 |
| BOOT CAMP | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | TOTAL | $285.00 | $285.00 |

DEC 1993
RECEIVED
CENTRAL RECORDS
OFFICE

---

APPEAL DATE      SUSPENDED        AFFIRMED         REARREST

( )Y(X)N _____   ( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____

---

REMARKS:   IN  BC  175255        THIS IS TO CERTIFY THAT THE
                                 ABOVE INFORMATION WAS EXTRACTED
                                 FROM OFFICIAL COURT RECORDS AND
                                 AND IS TRUE AND CORRECT.
TOTAL TERM 5 YRS/DEF IS ORDERED TO SUCESSFULLY COMPLETE BOOT CAMP PROG
UPON COMPLETION DEF IS TO BE RETURNED TO COURT FOR PROBATION HEARING/
ENTERED TERMINALS

        DATE 12-17-93 BY RB        SAM DRICE
                                   12/17/93

OPERATOR: CAC
PREPARED: 12/17/93

ACS359                    **ALABAMA JUDICIAL DATA CENTER**
                              **TALLADEGA COUNTY**
                              **NORTHERN DIVISION**
                           **TRANSCRIPT OF RECORD**
                            **CONVICTION REPORT**

                                              CC 93 000417 70
                                              WILLIAM C. SULLIVAN

| | |
|---|---|
| CIRCUIT COURT OF TALLADEGA COUNTY | COURT ORI: 061015 J |
| STATE OF ALABAMA    VS. | DC NO: 0000000000 |

MULLINS STEVEN ERIC           ALIAS: GUY STEVEN E      G J:      85
[redacted]                     ALIAS:                   SSN:
                                                        SID: [redacted]
                                                        AIS:

DOB: [redacted]   SEX: M   HT: 6 00   WT: 185   HAIR: BRO   EYE: BLU

RACE (X)W ( )B ( )O   COMPLEXION: _____   AGE: _____   FEATURES: _____

DATE OFFENSE: 00/00/00   ARREST DATE: 00/00/00   ARREST ORI:

| CHARGES @ CONV | CITES | OFF CLASS: ( )A ( )B (X)C |
|---|---|---|
| BURGLARY 3RD | 13A-7-7 | |
| | 000000000000000 | |
| | 000000000000000 | |

JUDGE: WILLIAM C. SULLIVAN  0088   PROSECUTOR: RUMSEY, ROBERT L. III

PROBATION APPLIED   GRANTED   DATE   REARRESTED DATE   REVOKED   DATE

( )Y( )N _____   (X)Y( )N _____   ( )Y( )N _____   (X)Y( )N 04/22/94

ACT 754-76
( )Y (X)N   | | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 015 |
| PROBATION | 00 00 000 | | 00 00 000 | |

DATE SENTENCED 12/17/93   SENTENCE BEGINS:        04/22/94

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| COURT COSTS | RESTITUTION | $ OPEN | $ OPEN |
| CRIME VICTIM | ATTORNEY FEE | $ 322.00 | $ 322.00 |
| RECOUPMENT | CRIME VICTIMS | $ 50.00 | $ 50.00 |
| PENITENTIARY | COST | $ 235.00 | $ 235.00 |
| | FINE | $0 00 | $0 00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | TOTAL | $ 607.00 | $ 607.00 |

APPEAL DATE   SUSPENDED   AFFIRMED   REARREST

( )Y(X)N _____   ( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____

REMARKS:   175255 (25)        THIS IS TO CERTIFY THAT THE
                               ABOVE INFORMATION WAS EXTRACTED
                               FROM OFFICIAL COURT RECORDS AND
                               AND IS TRUE AND CORRECT.

EXTRACT TERMINALS            2 - 123456789 10...      *Sam Grice*
DATE $2-94 BY RB                  4                   SAM GRICE
                                                      04/22/94

OPERATOR: CAC
PREPARED: 04/22/94



W. C. Holman Correctional Facility
Holman Unit 3700
Atmore, AL 36503

_1-19-07_

MEMORANDUM

TO:      Warden III Grantt Culliver

FROM:    Captain of the Guards

REF:     Statement of Inmates _Steven Mullins w/ 175255_

         And _Jeffery Holmes w/ 127074A_

---

We the below inmates acknowledge with our signatures, and make the following agreement of our own free will without coercion, promises or threats from any official of this institution. We agree that we can live in general population together without any incident. The incident between us was minor in nature and has been settled. We have been informed that any further confrontation pertaining to this matter will result in disciplinary action being taken or us being placed in segregation.

_A. _____ R _____          Jeff  Holmes  127074_
Witnessed by                     Inmate's signature/AIS#

_Russell Bennett  COI_            _Stev Mullins  175255_
Witnessed by                     Inmate's signature/AIS#

_____          _____
Witnessed by                     Inmate's signature/AIS#

ADOC000145

SRCP SCANNED

## ENEMIES LIST

IT HAS BEEN DOCUMENTED BY ME, __DOUGLAS B. ROUNTREE__ ,
                                         NAME

__CLASSIFICATION SPECIALIST__ , __W. E. DONALDSON__ ,
          TITLE                        INSTITUTION

__FEBRUARY, 11, 2004__ , THAT INMATE __SCARVER, WILLIE__ ,
          DATE                              NAME

 __B M__ , AIS # __207348__ , __W. E. DONALDSON__ ,
  R/S                             INSTITUTION

CANNOT LIVE IN POPULATION WITH THE FOLLOWING NAMED INMATES WITHOUT

FEAR OF BODILY HARM:

| NAME | R & S | AIS # | INSTITUTION |
|------|-------|-------|-------------|
| MULLINS, STEVEN | W M | 175255X | W.E. DONALDSON AS |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

DISTRIBUTION WILL BE MADE TO THE GREEN FILE AND THE CENTRAL FILE ON ALL
OF THE ABOVE NAMED INMATES.  THE CENTRAL FILE COPY SHOULD BE SENT DIRECTLY
TO THE SUPERVISOR OF THE RECORDS & ID SECTION OF THE CENTRAL RECORDS DIVISION
FOR PERMANENT PLACEMENT IN THE FRONT OF THE CENTRAL FILE.  THE GREEN FILE
COPY WILL BE SENT TO THE SOCIAL SERVICES COORDINATOR, IF THE INMATE(S) IS
LOCATED IN OTHER INSTITUTIONS, FOR PERMANENT PLACEMENT IN THE FRONT OF THE
GREEN JACKET.  DOCUMENTATION AND/OR REASONS WHY THE INMATE(S) SHOULD BE KEPT
SEPARATE WILL BE RECORDED ON THE BACK OF THIS FORM.  IT IS ESSENTIAL THAT
REASONS FOR SEPARATION BE SPECIFIC, WELL DOCUMENTED, AND FACTUAL.

BOC #252

N 252

2-12-04
DATE ENTERED

## STATEMENT OF FACTS

INCIDENT REPORT WED 04-0047

On 1-20-2004 inmate Mullins and inmate Scarver began arguing over a
debt in cell 4-96. Inmate Mullins stabbed inmate Scarver in chest with
inmate made pick. Inmate Scarver ran from cell and back to his cell. In
Inmate Scarver put lock on a belt and returned to cell 4-96. Inmate Mullins
stabbed inmate Scarver again. Inmate Scarver swing lock and hit inmate
Mullins in head causing cut. Fight was broken up. Inmate Scarver was
taken to outside hospital for multiple stab wounds to chest. Inmate
Mullins was treated at infirmary. Due to level of violence of the
incident, the two inmates should not be in the same institution.

ADOC000147

*Attachments As Necessary.

SRCP SCANNED



**STATE OF ALABAMA**
## DEPARTMENT OF CORRECTIONS

DON SIEGELMAN
GOVERNOR

MICHAEL W. HALEY
COMMISSIONER

MEMORANDUM

TO: Stephen Bullard, Warden III
FR: *Sgt. Sharon McSwain*
DA: *January 6, 2002*
RE: Living Agreement

This is to acknowledge that we have been counseled this day by *Sgt. Sharon McSwain* concerning our disagreements. By our signature below, we relieve any and all Department of Corrections officials of any liability and damages. We acknowledge that our problem has been resolved and that we can live at this institution without violence existing between us. This statement is made of our own free will with no threats or promises from anyone.

| INMATE'S SIGNATURE | DATE | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| | | *Henry Lewis* | *1-60-03* |
| *Paul McDowell W/133686S* | | *Henry Lewis B/144915* | |
| PRINT INMATE'S NAME & AIS# | | PRINT INMATE'S NAME & AIS# | |
| *Steve Mullins* | *1-6-03* | | |
| *Steve Mullins W/M 195255* | | INMATE'S SIGNATURE | DATE |
| PRINT NAME & AIS# | | PRINT NAME & AIS# | |
| INMATE'S SIGNATURE | DATE | INMATE'S SIGNATURE | DATE |
| PRINT NAME & AIS# | | PRINT NAME & AIS# | |

Explanation of Incident:
*Inmates McDowell, Lewis and Mullins were involved in a physical altercation in 1 Block over homosexual activity.*

cc:   Deputy Warden
      Captains
      I.C.S.
      Social Services (4)
      Shift File





1 BIK

STATE OF ALABAMA

**DON SIEGELMAN**
GOVERNOR

DEPARTMENT OF CORRECTIONS ·
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100-WARRIOR LANE
BESSEMER, AL 35023
(205) 436-3681
FAX (205) 436-3399

MICHAEL W. HALEY
COMMISSIONER

JAN 0 2 2003

## MEMORANDUM

TO:    Stephen Bullard, Warden III

FR:    Sgt. Taylor

DA:    12-31-02

RE:    Inmate Living Agreement

This is to acknowledge that I have been reprimanded this date by _Sgt. C. Taylor_ concerning my disagreement. By my signature below, I relieve any and all DOC official(s) of any liability and/or damages. We acknowledge that our problem has been resolved and that we can live at this institution without any further problems of violence existing between us. This statement is made of our own free will with no threats or promises from anyone..

212822

_Rushing Hutchison_          12-31-02          _Steve Mullins_  175255X          12-31-02
Inmate's Signature              Date          Inmate's Signature              Date

_Rushing Hutchison_          12-31-02          _Steven Mullins_ W/175255  12-31-02
Printed Name and AIS#  W/212833   Date          Printed Name and AIS #              Date

_Sgt. Joel A. Gilbert_                              _H. O. ___
Witness                                      Witness

Explanation of Incident: _Just horse playing, and got out of hand. a behavior citation written for disorderly conduct._

cc:    Deputy Warden
        Captains
        ICS
        Social Services (4)
        Shift File

SRCP SCANNED

CRO   File

## ENEMIES LIST

IT HAS BEEN DOCUMENTED BY ME, ___Walter W. Davis_____,
                                                NAME

__Classification Specialist_____,        St. Clair_____,
            TITLE                            INSTITUTION

__3-22-2000_____, THAT INMATE   Mullins,Steven Eric_____,
            DATE                             NAME

__W/M__, AIS # __175255X_____,   __St. Clair_____,
  R/S                                        INSTITUTION

CANNOT LIVE IN POPULATION WITH THE FOLLOWING NAMED INMATES WITHOUT

FEAR OF BODILY HARM:

| NAME | R & S | AIS # | INSTITUTION |
|------|-------|-------|-------------|
| German,Karvin | B/M | 170233 | St. Clair |
| Cunningham,Charles | B/M | 193686 | St. Clair |
| Newton,Craig | B/M | 178609 | St. Clair |
| Henry,Franklin Dee | B/M | 167251 | St. Clair |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

DISTRIBUTION WILL BE MADE TO THE GREEN FILE AND THE CENTRAL FILE ON ALL
OF THE ABOVE NAMED INMATES.  THE CENTRAL FILE COPY SHOULD BE SENT DIRECTLY
TO THE SUPERVISOR OF THE RECORDS & ID SECTION OF THE CENTRAL RECORDS DIVISION
FOR PERMANENT PLACEMENT IN THE FRONT OF THE CENTRAL FILE.  THE GREEN FILE
COPY WILL BE SENT TO THE SOCIAL SERVICES COORDINATOR, IF THE INMATE(S) IS
LOCATED IN OTHER INSTITUTIONS, FOR PERMANENT PLACEMENT IN THE FRONT OF THE
GREEN JACKET. DOCUMENTATION AND/OR REASONS WHY THE INMATE(S) SHOULD BE KEPT
SEPARATE WILL BE RECORDED ON THE BACK OF THIS FORM.  IT IS ESSENTIAL THAT
REASONS FOR SEPARATION BE SPECIFIC, WELL DOCUMENTED, AND FACTUAL.

BOC #252

N 252

REVIEWED DATE _____

POSTED DATE MAR 2 3 2000

## STATEMENT OF FACTS

Inmate Karvin German,170233,assaulted inmate Steven Mullins,175255X. The assault was the result of a homosexual advance on inmate Mullins by inmate German. Inmate Mullins had numerous bruises and small larcerations on his head and face area and inmate German had two cuts, made by a razor blade to his neck and ear area. Inmate Mullins also identified inmates Charles Cunningham,193686, Craig Newton,178609, and Franklin Henry,167251 as the other inmates who assaulted him. These inmates should not be in the same pop.

## ENEMIES LIST

IT HAS BEEN DOCUMENTED BY ME, **H. D. Randolph** ,
_____
NAME

Classification Specialist , Kilby Correctional Facility ,
_____ _____
TITLE                   INSTITUTION

09/13/99 , THAT INMATE Butler, Charles M. Jr. ,
_____           _____
DATE                    NAME

W/M , AIS # 206275X , _____ ,
____                              INSTITUTION
R/S

CANNOT LIVE IN POPULATION WITH THE FOLLOWING NAMED INMATES WITHOUT

FEAR OF BODILY HARM:

| NAME | R & S | AIS # | INSTITUTION |
|------|-------|-------|-------------|
| Mullins, Steven Eric | W/M | 175255X | R&CC |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Entered Terminal
Date 9-14-99 By _____

DISTRIBUTION WILL BE MADE TO THE GREEN FILE AND THE CENTRAL FILE ON ALL
OF THE ABOVE NAMED INMATES.  THE CENTRAL FILE COPY SHOULD BE SENT DIRECTLY
TO THE SUPERVISOR OF THE RECORDS & ID SECTION OF THE CENTRAL RECORDS DIVISION
FOR PERMANENT PLACEMENT IN THE FRONT OF THE CENTRAL FILE.  THE GREEN FILE
COPY WILL BE SENT TO THE SOCIAL SERVICES COORDINATOR, IF THE INMATE(S) IS
LOCATED IN OTHER INSTITUTIONS, FOR PERMANENT PLACEMENT IN THE FRONT OF THE
GREEN JACKET. DOCUMENTATION AND/OR REASONS WHY THE INMATE(S) SHOULD BE KEPT
SEPARATE WILL BE RECORDED ON THE BACK OF THIS FORM.  IT IS ESSENTIAL THAT
REASONS FOR SEPARATION BE SPECIFIC, WELL DOCUMENTED, AND FACTUAL.

**BOC #252**

N 252

## STATEMENT OF FACTS

Subject and Mullins were Co-defendants, both received LWOP (Capital Murder).

## ENEMIES LIST

IT HAS BEEN DOCUMENTED BY ME, **H. D. Randolph** ,
　　　　　　　　　　　　　　　　　　　　　NAME

Classification Specialist , Kilby Correctional Facility
　　　　TITLE　　　　　　　　　　　INSTITUTION

09/13/99 , THAT INMATE Butler, Charles M. Jr. ,
　DATE　　　　　　　　　　　　　　　NAME

W/M , AIS # 206275X , _____ ,
R/S　　　　　　　　　　　　　　　INSTITUTION

CANNOT LIVE IN POPULATION WITH THE FOLLOWING NAMED INMATES WITHOUT

FEAR OF BODILY HARM:

| NAME | R & S | AIS # | INSTITUTION |
|---|---|---|---|
| Mullins, Steven Eric | W/M | 175255X | R&CC |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Entered Terminal
Date 9-14-99 By [signature]

DISTRIBUTION WILL BE MADE TO THE GREEN FILE AND THE CENTRAL FILE ON ALL
OF THE ABOVE NAMED INMATES. THE CENTRAL FILE COPY SHOULD BE SENT DIRECTLY
TO THE SUPERVISOR OF THE RECORDS & ID SECTION OF THE CENTRAL RECORDS DIVISION
FOR PERMANENT PLACEMENT IN THE FRONT OF THE CENTRAL FILE. THE GREEN FILE
COPY WILL BE SENT TO THE SOCIAL SERVICES COORDINATOR, IF THE INMATE(S) IS
LOCATED IN OTHER INSTITUTIONS, FOR PERMANENT PLACEMENT IN THE FRONT OF THE
GREEN JACKET. DOCUMENTATION AND/OR REASONS WHY THE INMATE(S) SHOULD BE KEPT
SEPARATE WILL BE RECORDED ON THE BACK OF THIS FORM. IT IS ESSENTIAL THAT
REASONS FOR SEPARATION BE SPECIFIC, WELL DOCUMENTED, AND FACTUAL.

**BOC #252**

N 252

ADOC000154

SRCP
SCANNED

## INMATE IDENTIFICATION FORM

AIS: _175255-X_    RECEIVE DATE: _9-3-99_

**NOTE:    AIS NUMBER CANNOT BE CHANGED — GET IT RIGHT!**

FIRST NAME: _Steven_    LAST NAME: _Mullins_

MIDDLE INITIAL: _E._

DOB: ▮▮▮▮▮▮▮    SSAN: ▮▮▮▮▮▮▮

SEX: _Male_    RACE: _White_    HEIGHT: _6'1"_    WEIGHT: _200_

EYES: _Blue_    HAIR: _Brown_    COMPLEXION: _Fair_

ADOC000155 OTW

## ALABAMA DEPARTMENT OF CORRECTIONS

## REQUEST FOR PMOD WITHDRAWAL
## TO REPLACE INMATE ID CARD

TO: _Business Office / I.C.S Office_

FROM: INMATE _Steve Mullins_     AIS # _175255_
              (NAME)

RE:   Withdrawal from Inmate's PMOD Account

Request that the following amount be withdrawn from my PMOD account for the purpose of the cost of replacing my inmate identification card, $3.00 (three dollars).

Inmate's signature: _Steve Mullins_     Date: _12-2-09_

Approving official: Approved _____ Denied _____

Comment: _____

Warden: Approved _____ Denied _____

BUSINESS OFFICE USE      Temporary ID card made: _12|2|09_

CHECK # _____      Issued: _Lt. Howard_

DATE: _____      To Bus. Office: _12|2|09_

                     Replacement ordered: _12|2|09_

Cc: Business Office
    Inmate file

Annex B to AR 032

AR 032 – November 5, 2004

ADOC000156





*State of Alabama*

*Alabama Department of Corrections*

Alabama Criminal Justice Center
301 S. Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**BOB RILEY**
GOVERNOR

**Richard F. Allen**
COMMISSIONER

## INMATE AWARENESS ACKNOWLEDGEMENT

I, _Steve Mullins_ , AIS _175255_ ,
　　　Inmate Name

acknowledge that I have received an orientation on the prevention, self-protection, reporting,

treatment and counseling, relating to Inmate Sexual Offenses and Custodial Sexual Misconduct,

on _22-Sept-08_    at _Holman Corr. Facility_ .
　　Date　　　　　　　　　Institution

Inmate's Signature: _Steve Mullins_    Date: _22-Sept-08_

Witnessed: _John Skipper_    Date: _22-Sept-08_

Distribution:　Original – Inmate Institution File
　　　　　　Copy -- Regional PREA Coordinator

**ADOC Form 454-A – May 22, 2008**

　　AR 454 – May 22, 2008

ADOC000157




STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## ADOC INMATE PROPERTY SHEET – INSTITUTION

INSTITUTION: __Holman__

INMATE NAME / AIS # __Mullins, Steve  w/175255__ DATE __9-27-07__

**A.** Indicate number of items in corresponding blank.

| | | | | | |
|---|---|---|---|---|---|
| ____ | 1. Pants (3) | ____ | 14. Billfold/wallet (1) | ____ | 27. Soap (6 bars) |
| ____ | 2. Shirts (3) | ____ | 15. State ID Card | ____ | 28. Towels/Washcloths (2 each) |
| ____ | 3. Jacket (1) | ____ | 16. Mirror (1) | ____ | 29. Toothbrush/Tooth |
| ____ | 4. Belt (1) | ____ | 17. Cup (1) | | Paste/Tooth Powder (3 each) |
| ____ | 5. Cap / Toboggan (1) | ____ | 18. Lock (1) | ____ | 30. Nail Clipper (1) |
| ____ | 6. T-shirts (8) | ____ | 19. Books (4) | ____ | 31. Toiletry / Hygiene (2 each) |
| 4✓ | 7. Underwear (8) | ____ | 20. Legal Papers | | 32. Cosmetics |
| ____ | 8. Socks (8) | ____ | 21. Letters (12) | ____ | 33. Fem Hygiene Products (36) |
| ____ | 9. Gym shorts (2) | ____ | 22. Stamps (40) | ____ | 34. Sheets (2) |
| ____ | 10. Thermal Underwear (2 sets) | ____ | 23. Stationary Pads (4) | ____ | 35. Blanket (1) |
| ____ | 11. Sweat suits (2 sets) | ____ | 24. Envelopes (50) | ____ | 36. Pillowcase (1) |
| ____ | 12. Gloves (1 pair) | ____ | 25. Photographs (20) | ____ | 37. Laundry Bag (1) |
| ____ | 13. Shoe strings | ____ | 26. Razor staff (1) | | |

**B.** The following items require a brief description

Shoes (name brand, size)
- Tennis Shoes (1 pair) _____
- Boots (1 pair) _____

Jewelry (name brand / description, color, style)
- Watch ($25) _____
- Religious medallion/chain ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg. serial number)
- Radio & Headphones (1 set) _____

**C.** Miscellaneous (i.e. Canteen items)

_____
_____
_____

**D.** Stored Property

You have thirty (30) calendar days from the above date to dispose of the following items. You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity. If these items are not removed in thirty (30) days, they will be destroyed. Below are the items you are not authorized to keep.

_____
_____
_____

_____        _____
INMATE SIGNATURE                    WITNESS

ADOC Form 338-A – November 22, 2005

AR 338 – November 22, 2005

ADOC000158

Stored Property Continued

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## Disposition of Property

Deliver/Mail To:                                        Amount of Postage

_____                    $ _____
Name

_____                    Date Delivered/Mailed
Address

                                                              _____
_____
City, State          Zip Code

**Property Destroyed**

_____                    _____
Method                                                       Date

_____
Disposal Officer's Signature

Property Returned to Inmate                    9-27-07
                                                              Date

_____                    _____
Inmate Signature                                      Officer Signature

ADOC000159

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**ADOC INMATE PROPERTY SHEET - INSTITUTION**

INSTITUTION: _Holman_

INMATE NAME / AIS # _Mullins, Steven_          DATE _1-7-06_

**A.**     **Indicate number of items in corresponding blank**

| | | | |
|---|---|---|---|
| 2 | 1. Pants (3) | 0 | 14. Billfold/wallet (1) |
| 3 | 2. Shirts (3) | 0 | 15. State ID Card |
| 1 | 3. Jacket (1) | 0 | 16. Mirror (1) |
| 1 | 4. Belt (1) | 1 | 17. Cup (1) |
| 1 | 5. Cap / Toboggan (1) | 1 | 18. Lock (1) |
| 8 | 6. T-shirts (8) | 4 | 19. Books (4) |
| 8 | 7. Underwear (8) | yes | 20. Legal Papers |
| 4 | 8. Socks (8) | yes | 21. Letters (12) |
| 0 | 9. Gym shorts (2) | 40 | 22. Stamps (40) |
| 1 | 10. Thermal Underwear (2 sets) | 2 | 23. Stationary Pads (4) |
| 2 | 11. Sweat suits (2 sets) | 50 | 24. Envelopes (50) |
| 1 | 12. Gloves (1 pair) | yes | 25. Photographs (20) |
| 0 | 13. Shoe strings | yes | 26. Razor staff (1) |

| | |
|---|---|
| 5 | 27. Soap (6 bars) |
| 2 | 28. Towels/Washcloths (2 each) |
| | 29. Toothbrush/Tooth Paste/Tooth Powder (3 each) |
| | 30. Nail Clipper (1) |
| yes | 31. Toiletry / Hygiene (2 each) |
| yes | 32. Cosmetics |
| 8 | 33. Fem Hygiene Products (36) |
| 2 | 34. Sheets (2) |
| 1 | 35. Blanket (1) |
| 1 | 36. Pillowcase (1) |
| 1 | 37. Laundry Bag (1) |

**B.** .     **The following items require a brief description**

Shoes (name brand, size)
- Tennis Shoes (1 pair) _____
- Boots (1 pair) _____

Jewelry (name brand, description, color, style)
- Watch ($25) _Aqua_
- Religious medallion/chain ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg. serial number)
- Radio & Headphones (1 set) _____

**C.**     **Miscellaneous (i.e. Canteen items)**

_____
_____
_____

**D.**     **Stored Property**

You have thirty (30) calendar days from the above date to dispose of the following items.  You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity.  If these items are not removed in thirty (30) days, they will be destroyed.  Below are the items you are not authorized to keep.

_1 belt, 1 finger nail clipper_

_Steve Mullins 175255_                    _David Smeldin_
INMATE SIGNATURE                              WITNESS

ADOC Form 338-A – November 22, 2005

AR 338 – November 22, 2005

ADOC000160

**Stored Property Continued**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Disposition of Property**

Deliver/Mail To:

_____
Name

_____
Address

_____
City, State      Zip Code

Property Destroyed

_____
Method

_____
Disposal Officer's Signature

Property Returned to Inmate

_____
Inmate Signature

Amount of Postage

$ _____

Date Delivered/Mailed

_____

_____
Date

2-6-06
Date

_____
Officer Signature

ADOC000161

INSTITUTION: _Holman_

INMATE _Mullins, Steve  w/175255_     DATE _8-19-05_

| | | | | |
|---|---|---|---|---|
| _____ | 1. | BIBLE (1) | _/_ 9. | TENNIS SHOES - WHITE (1 pr.) |
| _/_ | 2. | STATIONARY/STAMPS | _/_ 10. | SHOWER SHOES (1 pr.) |
| _____ | 3. | PENCIL (1) | _____ 11. | RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS |
| _3_ | 4. | SOCKS - WHITE (6 pr.) | _____ 12. | WALLET (1) |
| _3/3_ | 5. | UNDERSHIRTS/UNDERWEAR - WHITE (6) | _____ 13. | WRIST WATCH (1) - $25.00 VALUE OR LESS |
| _____ | 6. | HANDKERCHIEFS (6) | _____ 14. | WEDDING BAND (1) - $50.00 VALUE OR LESS |
| _/_ | 7. | TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS | _/_ 15. | RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN |
| _/_ | 8. | LEGAL PAPERS | _____ 16. | BOOKS (3) - RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED) |

_3_  Pants III + Towel  I Gloves
_3_  Shirts III  I Cloth   Coffee
_3_  L. Bag  II Sheets    Assorted Letters & photos
                                Ruler

### DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $_____    WRIST WATCH $_____    WEDDING BAND $_____

_____         _____
(INMATE SIGNATURE)                                    (WITNESS)

### PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

Boots 1
Long sleeve T-shirt
Leather Belt
T-shirt III
Sox 1
Fcloth II
Towel III
Nail clippers
Book 1

_____         _____
(INMATE SIGNATURE)                                    (WITNESS)

*(See reverse side for instructions)*

INSTITUTION _____

**PROPERTY DISPOSAL**

1. DELIVER/MAIL TO:

NAME

ADDRESS

CITY/STATE        ZIP CODE

2. DONATE TO CHARITY

NAME OF CHARITY

DATE

3. PROPERTY DESTROYED

METHOD

DATE

**AMOUNT OF POSTAGE**

$ _____

_____
DISPOSAL OFFICER'S SIGNATURE

_____        _____
INMATE'S SIGNATURE              DISPOSAL OFFICER'S SIGNATURE

**RECEIPT OF PACKAGE**

| SIGNATURE | DATE | PURPOSE |
|-----------|------|---------|
| *Steve Mullins* |  | Released from seg. |

ALABAMA DEPARTMENT OF CORRECTIONS

**MEMORANDUM**

FROM: Job Review Board
TO:     All Concerned
SUB:   Job Assignment and Management Level

INSTITUTION _Donaldson_          DOB ▮▮▮▮▮ RACE _w/m_

INMATE _Mullins, Steven_          AIS# _175255X_

COUNTY OF CONVICTION _Coosa_          JOB _Kitchen_

EFFECTIVE DATE _4 January 01_          CUSTODY _medium_

APPROVED MANAGEMENT LEVEL _____ IN _____ OUT

The following information was considered in determining this job assignment:

CURRENT OFFENSE _Murder_

DATE OF CURRENT OFFENSE _6 Aug 99_          MOST SERIOUS PRIOR _____

NUMBER OF ESCAPES _none_          DATE OF ESCAPE _____

PRIOR ESCAPE HISTORY          [ ] YES     [X] NO

MINIMUM RELEASE DATE _WOP_          PAROLE DATE _none_

AGE AT FIRST CONVICTION _____          CURRENT AGE _____

NUMBER OF PRIOR CONVICTIONS _____          EDUCATION LEVEL _12th_

SENTENCE DATE _____          DETAINERS _none_

ALCOHOL ABUSE HISTORY  [ ] YES  [ ] NO   DRUG ABUSE HISTORY  [ ] YES  [ ] NO

MARITAL STATUS      [ ] SINGLE   [ ] DIVORCED OR WIDOWED   [ ] MARRIED OR COMMON LAW MARRIAGE

CAN PERFORM REGULAR WORK          [ ] YES     [ ] NO

JOB SKILLS _0_

NUMBER OF SERIOUS DISCIPLINARY INFRACTIONS DURING THE LAST THREE YEARS _none_

MEDICAL REPORT AVAILABLE          [ ] YES  [ ] NO          PSYCHOLOGICAL REPORT AVAIL.  [ ] YES  [ ] NO

PSI REPORT AVAILABLE          [ ] YES  [ ] NO          FBI REPORT AVAILABLE          [ ] YES  [ ] NO

**JOB REVIEW COMMITTEE—FINAL APPROVAL**

WARDEN _____          BOARD CHAIRPERSON _____

BOARD MEMBER _____          BOARD MEMBER _____

Summary of public risk potential (include justifications) _____

Revised 7/17/96

| Date | Custody | Job Assignment | Chairman | Member | Member | Warden |
|------|---------|----------------|----------|--------|--------|--------|
| 28 July 13 | medium | 4B1K floor 1st shift | Jr | C | | |



STATE OF ALABAMA

# DEPARTMENT OF CORRECTIONS

West Jefferson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023

M E M O R A N D U M

DATE: 9-10-03

TO: ICS - JOB BOARD

FROM: Kerry Brewer

REF: INMATE REMOVAL FROM PRESENT JOB ASSIGNMENT

| Steven Mullins | W. | 175255 |
|---|---|---|
| INMATE NAME | RACE | AIS# |

JOB PRESENT ASSIGNED: #4-FLOOR - 1st

HOW LONG HAS HE WORKED FOR YOU?

Reason For Removal (CHECK ONE - STATE REASON IN REMARKS SECTION)

| DISCIPLINARY | INABILITY TO DO JOB | NON-ATTEND | RECOMMEND JOB CHANGE | MEDICAL CLASS CHANGE |
|---|---|---|---|---|
|  |  |  | ✓ |  |

REMARKS:

RECOMMENDATIONS: Reassign to Gen. Cleaner

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ICS ACTIONS TAKEN

Cw 9/11/03 Completed

ADOC000166

**William E. Donaldson
Correctional Facility**

# Memo

To:        Steve Mullins 175255                    APR 21 2003

From:      Lt. Joe Tew

Date:      April 21, 2003

Re:        Incentive packages for May 2003

---

A review of your file indicates you are not eligible for the incentive boxes to be received in May. If you feel this is a mistake, please advise me immediately.

ADOC000167



AUG 1 4 2002



**STATE OF ALABAMA**

| DON SIEGELMAN | **DEPARTMENT OF CORRECTIONS** | MICHAEL HALEY |
| GOVERNOR | WILLIAM E. DONALDSON CORRECTIONAL FACILITY | COMMISSIONER |

100 WARRIOR LANE

BESSEMER, ALABAMA 35023

(205) 436-3681 FAX  (205) 436-3399

---

<u>MEMORANDUM</u>

Date:    July 23, 2002

To:      Gwen Mosley, Warden III

From:    Stephen Bullard, Warden III

Ref:     Inmate's Request to Correspond

    Inmate Steve <u>Mullins</u> AIS # 175255 of William E. Donaldson Correctional Facility has requested permission to correspond with his brother, Jerry Mullins #103114, who according to Inmate Mullins is incarcerated in your Facility.

    Both parties must be made aware that this is a privilege and not a right. All correspondence between individuals in the State of Alabama or in an institution outside of the state is allowed only because the parties involved have shown to have exceptional job performance. Should a party, already approved for such correspondence, cease to exhibit such attitude, or fail to maintain acceptable status, then this permission will be revoked.

    Both parties are to understand that their correspondence is subject to be monitored, both incoming and outgoing.

---

       XX

      Approval                             Disapproval

                                                      8/9/02

                                  Institutional Warden / Director    Date

Please indicate your approval / disapproval above and return the original to this office, retaining a copy for your files.

Cc: File

ADOC000168

APR 1 8 2002



**STATE OF ALABAMA**

**DON SIEGELMAN**
**GOVERNOR**

**DEPARTMENT OF CORRECTIONS**

WILLIAM E. DONALDSON CORRECTIONAL FACILITY

100 WARRIOR LANE

BESSEMER, ALABAMA 35023

(205) 436-3681 FAX (205) 436-3399

**MICHAEL HALEY**
**COMMISSIONER**

## MEMORANDUM

Date:      April 5, 2002

To:        Gwen Mosley, Warden III

From:      Stephen Bullard, Warden III

Ref:       Inmate's Request to Correspond

Inmate Steve Mullins AIS # 175255 of William E. Donaldson Correctional Facility has requested permission to correspond with his father, Jerry Mullins AIS # 103114 , who according to Inmate Mullins is incarcerated in your Facility.

Both parties must be made aware that this is a privilege and not a right. All correspondence between individuals in the State of Alabama or in an institution outside of the state is allowed only because the parties involved have shown to have exceptional job performance. Should a party, already approved for such correspondence, cease to exhibit such attitude, or fail to maintain acceptable status, then this permission will be revoked.

Both parties are to understand that their correspondence is subject to be monitored, both incoming and outgoing.

_____                    _____
Approval                                                   Disapproval

                                            Gwendy C. Nash  4/30/02
                                            Institutional Warden / Director   Date

Please indicate your approval / disapproval above and return the original to this office, retaining a copy for your files.

CLASSIFICATION

Cc: File

MAY 0 2 2002

EAS  RLING CORRECTIONAL
FACILITY

MAY 08 2002

ADOC000169



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**

**DON SIEGELMAN**
**GOVERNOR**

**MICHAEL W. HALEY**
**COMMISSIONER**

# Inmate ID Card Receipt Form

I understand that I must have my ID card anytime I am outside of my living quarters. I understand that I must have my ID card in my possession during meals, pill calls, store draw, and any other functions that are deemed appropriate by the administration of Donaldson Correctional Facility. I understand that it is my responsibility to keep and maintain my own ID card. I understand that if my ID card is lost or destroyed, it will be replaced at a cost of $3.00 to be deducted from my PMOD account. I further understand that any fraudulent use of my ID card will result in disciplinary action.

By my signature below, I acknowledge that I understand the above stipulations and that I have received my ID card.

_Steve Mullins_      _175255V_      _3-21-01_
Inmate's Signature      AIS#      Date

_Mullins, Steve_      _E-03_

ADOC000170

WEST JEFFERSON CORRECTIONAL FACILITY

100 WARRIOR LANE

BESSEMER, ALABAMA 35023

_2 Nov 2000_
DATE

NOV 09 2000

# M E M O R A N D U M

FROM: CRIME BILL DRUG TREATMENT PROGRAM

TO:   ICS - JOB COORD

REF:  INMATE REMOVAL FROM PRESENT JOB ASSIGNMENT

_Mullins, Steven_        _W_    _175255_
INMATE NAME                RACE      AIS#

JOB PRESENTLY ASSIGNED: _Pre-Tx_

HOW LONG HAS HE WORKED FOR YOU? _One (1) mo_

REASON FOR REMOVAL ( CHECK ONE - STATE REASON IN REMARKS SECTION )

| DISCIPLINARY | INABILITY TO DO JOB | NON-ATTEND | RECOMMEND JOB CHANGE | MEDICAL CLASS CHANGE |
|---|---|---|---|---|
|  | ✓ |  |  |  |

REMARKS: _Tx Fail_

RECOMMENDATIONS:

................................................................

ICS ACTIONS TAKEN

_Removal from Program._  (IR8)

ADOC000171

**INSTITUTION:** SCCF

**INMATE** Mullins, Steve w/175255 **DATE** 3/15/00

| | | | | |
|---|---|---|---|---|
| | 1. | BIBLE (1) | 9. | TENNIS SHOES - WHITE (1 pr.) |
| ✓ /1 | 2. | STATIONARY/STAMPS | 10. | SHOWER SHOES (1 pr.) |
| 1 | 3. | PENCIL (1) | Ø 11. | RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS |
| 2 | 4. | SOCKS - WHITE (6 pr.) | Ø 12. | WALLET (1) |
| 2/2 | 5. | UNDERSHIRTS/UNDERWEAR - WHITE (6) | Ø 13. | WRIST WATCH (1) - $25.00 VALUE OR LESS |
| Ø | 6. | HANDKERCHIEFS (6) | 1 14. | WEDDING BAND (1) - $50.00 VALUE OR LESS |
| ✓ | 7. | TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS | Ø 15. | RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN |
| ✓ | 8. | LEGAL PAPERS | Ø 16. | BOOKS (3) - RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED) |

## DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $ N/A    WRIST WATCH $ N/A    WEDDING BAND $ 20.00

_____    Bill Henderson COI
(INMATE SIGNATURE)              (WITNESS)

## PROPERTY STORED IN THE RECEIVING AREA

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

5 pr Socks          1 nail Clipper
1 Towel             Misc Pictures
1 Face Cloth
5 Boxer
1 T-Shirt
3 Books
5 razors
Misc Papers
1 pack Colored pencils

x Steve Mullins 175255  Bill Henderson COI
(INMATE SIGNATURE)              (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

1 Bert
#11
00- 046  ADOC000172

I. _____Steven Mullins_____

AIS# _____175 255_____, certify that I have received a copy of the St. Clair

Correctional Facility Inmate Orientation Sheet.

_____Steve Mullins____ 175255
Inmate

_____3 - 7 - 2000_____
Date

_____M. peter_____
Witness

_____
Witness

ADOC000173

INSTITUTION: _S. CCF._

INMATE _Steven Mullins_ wh 175 255 _ DATE _3-7-00_
brought:

| | | | |
|---|---|---|---|
| _yes_ 1. | BIBLE (1) | _None_ 9. | TENNIS SHOES - WHITE (1 pr.) |
| _yes_ 2. | STATIONARY/STAMPS | _yes_ 10. | SHOWER SHOES (1 pr.) |
| _yes_ 3. | PENCIL (1) | _None_ 11. | RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS |
| _3_ 4. | SOCKS - WHITE (6 pr.) | _None_ 12. | WALLET (1) |
| _7/4_ 5. | UNDERSHIRTS/UNDERWEAR - WHITE (6) | _None_ 13. | WRIST WATCH (1) - $25.00 VALUE OR LESS |
| _None_ 6. | HANDKERCHIEFS (6) | _1 yes_ 14. | WEDDING BAND (1) - (silver band) $50.00 VALUE OR LESS |
| _yes_ 7. | TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS | _1 yes_ 15. | RADIO — EARPHONES (1 ea.) - (5 only) PURCHASED FROM CANTEEN |
| _yes_ 8. | LEGAL PAPERS | _None_ 16. | BOOKS (3) - RELIGIOUS, LEGAL OR EDUCA-TIONAL (APPROVAL BY WARDEN REQUIRED) (6) d. chooses |

## DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $____ _none_ ___ WRIST WATCH $____ _New_ ___ WEDDING BAND $____ _1-yes_ ___

_____      _____
(INMATE SIGNATURE)                      (WITNESS)

## PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

brought:                              Issued
(1) set of state whites        (1) blanket
(1) pr state boots           (2) sheets
(1) laundry bag of property

_Steve Mullins_    _175255_        _N. peter_
(INMATE SIGNATURE)                    (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

ADOC000174

# SOCIAL SECURITY ADMINISTRATION
## Application for a Social Security Card

Form Approved
OMB No. 0960-0066

**1**

| NAME TO BE SHOWN ON CARD | First Steven | Full Middle Name Eric | Last Mullins |
|---|---|---|---|
| FULL NAME AT BIRTH IF OTHER THAN ABOVE | First | Full Middle Name | Last |
| OTHER NAMES USED | | | |

**2**

**MAILING ADDRESS**
Do Not Abbreviate

Street Address. Apt. No., PO Box, Rural Route No.

| City | State | Zip Code |
|---|---|---|

**3** **CITIZENSHIP** (Check One)

[✓] U.S. Citizen   [ ] Legal Alien Allowed To Work   [ ] Legal Alien **Not** Allowed To Work   [ ] Other (See Instructions On Page 1)

**4** **SEX**

[✓] Male   [ ] Female

**5** **RACE/ETHNIC DESCRIPTION** (Check One Only—Voluntary)

[ ] Asian Asian-American or Pacific Islander   [ ] Hispanic   [ ] Black (Not Hispanic)   [ ] North American Indian or Alaskan Native   [✓] White (Not Hispanic)

**6** **DATE OF BIRTH** Month, Day, Year

**7** **PLACE OF BIRTH** (Do Not Abbreviate)   Montgomery AL.   City   State or Foreign Country

Office Use Only   FCI

**8**

A. **MOTHER'S MAIDEN NAME**   First   Full Middle Name   Last Name At Her Birth

B. **MOTHER'S SOCIAL SECURITY NUMBER** (Complete only if applying for a number for a child under age 18.)

**9**

A. **FATHER'S NAME**   First   Full Middle Name   Last

B. **FATHER'S SOCIAL SECURITY NUMBER** (Complete only if applying for a number for a child under age 18.)

**10** Has the applicant or anyone acting on his/her behalf ever filed for or received a Social Security number card before?

[✓] Yes (If "yes", answer questions 11-13.)   [ ] No (If "no", go on to question 14.)   [ ] Don't Know (If "don't know", go on to question 14.)

**11** Enter the Social Security number previously assigned to the person listed in item 1.

**12** Enter the name shown on the most recent Social Security card issued for the person listed in item 1.

| First Steven | Middle Eric | Last Mullins |
|---|---|---|

**13** Enter any different date of birth if used on an earlier application for a card.   Month, Day, Year

**14** **TODAY'S DATE** 9-3-99 Month, Day, Year

**15** **DAYTIME PHONE NUMBER** ( )   Area Code   Number

DELIBERATELY FURNISHING (OR CAUSING TO BE FURNISHED) FALSE INFORMATION ON THIS APPLICATION IS A CRIME PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.

**16** **YOUR SIGNATURE** ▶ Steven E. Mullins

**17** **YOUR RELATIONSHIP TO THE PERSON IN ITEM 1 IS:**
[✓] Self   [ ] Natural or Adoptive Parent   [ ] Legal Guardian   [ ] Other (Specify)

DO NOT WRITE BELOW THIS LINE (FOR SSA USE ONLY)

| NPN | | | DOC | NTI | CAN | | ITV |
|---|---|---|---|---|---|---|---|
| PBC | EVI | EVA | EVC | PRA | NWR | DNR | UNIT |

EVIDENCE SUBMITTED

SIGNATURE AND TITLE OF EMPLOYEE(S) REVIEWING EVIDENCE AND/OR CONDUCTING INTERVIEW

DATE

DCL   DATE

ADOC000175

Form **SS-5** (2-98) Destroy Prior Editions   Page 5



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
KILBY CORRECTIONAL FACILITY

P. O. Box 150
Mt. Meigs, Alabama 36057                    Telephone (334) 215-6600

August 26, 1992

I, *Mullins, Steven* W/M           # 175255 X have read or have
been read the memo pertaining to AIDS. I have also received a copy of the memo from Commissioner
Joe Hopper on the AIDS Disease, and I understand the content of the memo.

NOTIFYING OFFICER: _Anthony L. Wilson_

INMATE'S SIGNATURE: x _Steve Mullins_

DATE/TIME: _9,3,99   10:22 Am_



**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
KILBY CORRECTIONAL FACILITY

Roy Hightower
Warden                                       P. O. Box 150
                                             Mt. Meigs, AL 36057
                                             Telephone (334) 215-6600

I, *Mullins, Steven* W/M 175255 X have received
the copies of the following handouts for inmates at Kilby Correctional Facility.

#1. Administrative Reg. 431: Grievance procedure for inmates.

#2. Kilby Orientation.

#3. Alabama Dept. of Corrections, Procedures for Access to Health Care.

#4. AIDS Orientation.

SIGNED: x _Steve Mullins_                    DATE: _9,3,99_

Issuing Officer: _Anthony L. Wilson_

ADOC000176

D.O.B.: ████████    DATE ARRIVED: _9-3-99_    FILE: Inmate's Jacket; Chapel file on each Inmate.

## RELIGIOUS INFORMATION RECORD

(Filled out during classification/in-take procedures)

1. NAME: _Mullins, Steven_    RACE: _White_ SEX: _Male_ AIS#: _175255-X_

2. Religious Preference (make one check):

_____ African Methodist Episcopal

_____ African Methodist Episcopal Zion

_____ Apostolic

_____ Assembly of God

_✓_ Baptist

_____ Baptist (free-will)

_____ Baptist (Independent)

_____ Baptist (Primitive)

_____ Christian Science

_____ Church of Christ

_____ Church of God

_____ Church of Latter Day Saints

_____ Disciples of Christ

_____ Congregational

_____ Episcopal

_____ Other _____
(Specify)

_____ Full Gospel

_____ Greek Orthodox

_____ Holiness

_____ Independent or Interdemoninational or Non-Denominational Jehovah's Witness

_____ Lutheran

_____ Methodist (Independent)

_____ Methodist

_____ United Methodist

_____ Nazarene

_____ Pentecostal

_____ Presbyterian

_____ Roman Catholic

_____ Seventh Day Adventist

_____ Unitarian

_____ Jewish

_____ Muslim

3. I am a member of (name of local church): _____
and have been for _____ year(s).

4. My pastor/spiritual counselor is _____ from _____.
(City, Town)

5. Before incarceration I attended (circle your answer):

| | | | | |
|---|---|---|---|---|
| a. Sunday School or Religious Instruction | weekly | monthly | occasionally | (never) |
| b. Morning Worship | weekly | monthly | occasionally | never |
| c. Evening Worship | weekly | monthly | occasionally | never |
| d. Midweek Bible Study or Prayer Meeting | weekly | monthly | occasionally | never |
| e. Choir | weekly | monthly | occasionally | never |
| f. Other (specify) _____ | weekly | monthly | occasionally | never |

6. Signature of Inmate: X _Steve Mullins_    Date: _9-3-99_

......................................................................................

## DECLARATION OF CHANGE OF RELIGIOUS PREFERENCE

Any change in religious preference must be initiated by the inmate and done through the Chaplain. If done less than thirty (30) days before a religious observance which requires special diet, observances, etc., provision for such observances will be at the discretion of the institution.

I hereby change my religious preference state above from _____ to _____

Signature: _____    Date: _____

ADOC000177

INSTITUTION: KCF

INMATE _Mullins Steven_ DATE _3 Sept 99_

W-175255    Size 13    Silver Series

| | | | |
|---|---|---|---|
| ✓ 1. | BIBLE (1) | ✓ 9. | TENNIS SHOES - WHITE (1 pr.) |
| 1/9 2. | STATIONARY/STAMPS | ⊘ 10. | SHOWER SHOES (1 pr.) |
| ✓ 3. | PENCIL (1) | ⊘ 11. | RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS |
| 4 4. | SOCKS - WHITE (6 pr.) | ⊘ 12. | WALLET (1) |
| 3/3 5. | UNDERSHIRTS/UNDERWEAR - WHITE (6) | ✓ 13. | WRIST WATCH (1) - _IRON MAN_ $25.00 VALUE OR LESS |
| ⊘ 6. | HANDKERCHIEFS (6) | ⊘ 14. | WEDDING BAND (1) - $50.00 VALUE OR LESS |
| ⊘ 7. | TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS | ⊘ 15. | RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN |
| ✓ 8. | LEGAL PAPERS | ⊘ 16. | BOOKS (3) - RELIGIOUS, LEGAL OR EDUCA- TIONAL (APPROVAL BY WARDEN REQUIRED) |

1 Set up bag A

### DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $ _0_ WRIST WATCH $ _10_ WEDDING BAND $ _0_

_____    _____
(INMATE SIGNATURE)                         (WITNESS)

### PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

2 Pens
4 Books          To be burned
1 Deck Cards     SM
1 Radio

_____    _____
(INMATE SIGNATURE)                         (WITNESS)

N795
Rev. 6/9/83

*(See reverse side for instructions)*

ADOC000178

**ADOC**
# HEALTH EVALUATION

1.    History – (LPN or RN)         YES    NO         COMMENT(S)

Weight Change (greater 15 lbs.)    ___    X     _224#_
  (Compare Weight Below)                          Last weight: at least 6 months ago
Persistent Cough                  ___    X     _____
Chest Pain                        ___    X     _____
Blood in Urine or Stool           ___    X     _____
Difficult Urination               ___    X     _____
Other Illnesses (Details)         ___    X     _____
Smoke, Dip or Chew                ___    X     _____
  ALLERGIES                        X     ___    PCN

Weight _223#_ Height _6'1_ Temp _98³_ Pulse _93_ Resp _18_ Blood Pressure (_112|70_)
                                    If greater than > 140/90, repeat in 1 hour.
Eye Exam: _20/20_ OD _20/15_ OS _20/13_ OU   Refer to M.D. if remains > 140/90.

II.    TESTING (LPN or RN)          RESULTS
Tuberculin Skin Test (q yr)        Date given _Past ⊕_ Site _2008_
                                   Read on _N/A_ Results _N/A_ mm

Past Positive TB Skin Test   ⟹    Survey Completed _N/A_ _4·26·09_
  (Chest x ray if clinical symptoms)  Date _N/A_ Results _N/A_
RPR (q 3 yrs) _Ordered_            Date _____ Results _____
EKG (baseline at 35, over 45 q 3 yrs) _Ordered_
Cholesterol (at 35 then q 5 yrs)   _4-23-08_
Finger Stick Blood Sugar           Results _106_
*If > then 200 repeat Finger Sticks BS within 48 hours    Results _N/A_
Optometry Exam (@ 50 if not already seen)   _N/A_
Mammogram                         Date _N/A_ Results _N/A_
  (females @ 40, q 1 yr/other M.D. order)

III    Physical Results - (RN, Mid-Level, M.D.)

Heart                             _RRR_
Lungs                             _Clear Chest_
Breast Exam                       _No Masses_
Rectal (yearly after 45)          Results _N/A_
  With Hemoccult                  Results _N/A_
Pelvic and PAP (q 1 yr)           Date _N/A_ Results _N/A_

Facility _Holman_ Nurse Signature _Sylvia Hicks RN_ Date _4·26·09_

M.D. or Mid-Level Signature _____ Date _4·27·09_

| INMATE NAME | AIS# | D.O.B. | RACE/SEX |
|---|---|---|---|
| Robert Barnes, MD | | | |
| mullins, Steven | 175255 | ▮▮▮▮ | w/m |
| | 35y/o | | |

# ADOC
## KITCHEN CLEARANCE (AUTORIZACIÓN DE COCINA)
## PHYSICAL ASSESSMENT (EVALUACIÓN FÍSICA)

|  | YES (SÍ) | NO |
|---|---|---|
| ANY OPEN SORES OR RASHES ON HANDS, ARMS, FACE & NECK (CUALQUIER LLAGA ABIERTA O ERUPCIONES EN MANOS, ARMAS, SE VUELVEN Y CUELLO) | _____ | X _____ |
| TB TEST, CURRENT (PRUEBA de TB, CORRIENTE) *positt* | _____ | X _____ |
| DOES PATIENT SHOW ANY OBVIOUS SIGNS OF ANY OTHER DISEASE? (HACE PACIENTE MUESTRA ALGUNO OBVIO ¿SIGNOS DE ALGUNA OTRA ENFERMEDAD?) | _____ | X _____ |

OTHER (OTRO): _____

_____

_____

**THIS PATIENT HAS BEEN INFORMED OF THE NEED FOR THE FOLLOWING:**
(ESTE PACIENTE HA SIDO INFORMADO DE LA NECESIDAD DE LO SIGUIENTE)

PROPER HANDWASHING, NOT TO HANDLE FOOD WHILE SICK, SEEK MEDICAL EVALUATION WHEN NECESSARY AND TO NOTIFY THE DIETARY SERVICES SHIFT SUPERVISOR OF AN ILLNESS.
(HANDWASHING apropiados, para NO MANEJAR ALIMENTO MIENTRAS ENFERMO, BUSCAN LA EVALUACIÓN MÉDICA CUANDO NECESARIO Y NOTIFICAR LOS SERVICIOS ALIMENTICIOS CAMBIAN AL SUPERVISOR DE UNA ENFERMEDAD.)

MEDICAL AUTHORITY: _Stickel_____ DATE: _4.26.09_
(AUTORIDADES MÉDICAS)                                      (FECHA)

I ATTEST THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE.
(Certifico que la susodicha declaración es verdadera al mejor de mi conocimiento.)

PATIENT SIGNATURE: X _Steven mullins_ DATE: _4.26.09_
(FIRMA PACIENTE)                                              (FECHA)

EXPIRATION DATE: (FECHA DE CADUCIDAD) _4.26.10_

| INMATE NAME (LAST, FIRST, MIDDLE) NOMBRE DE PRESIDIARIO (ÚLTIMO, PRIMERO, MEDIO) | SOC.# | D.O.B. (FECHA DE NACIMIENTO) | RACE/SEX (RAZA/SEXO) | FAC. |
|---|---|---|---|---|
| mullins, Steven | ▓▓▓ | ▓▓▓ | w/m | Holman |

White–Medical File     Yellow–Kitchen Supervisor     Pink–Classification Administrator (Inmate)

ADOC AL-70042-CMS Kitchen Clearance Physical Assessment

# ADOC

## DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF NEXT OF KIN

**In the event of a serious injury or illness, I request the following person be notified:**

| | Mother |
|---|---|
| Name | Relationship |

| | |
|---|---|
| Street Address | Phone Number |

| | | |
|---|---|---|
| City | State | Zip Code |

*Steve Mullins*   175255   4/10/08
Inmate Signature   Doc#   S.S.#   Date

*Bridget Weber RN*   4/10/08
Witness   Date

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | RACE/SEX | FAC. |
|---|---|---|---|---|
| Mullins, Steven | 175255 | | W/M | Holman |

AL-70003-CMS Notification of Next of Kin

ADOC000181

# IDENTIFICATION OF SPECIAL NEEDS

NAME (PLEASE PRINT) **Mullins**                **Steven**
                     LAST                       FIRST              MI

DATE OF BIRTH ▉▉▉▉▉▉          ID # **175255**

**Housing Recommendations:**

General Population ✓

Medical Observation Unit _____

Lower Level/Lower Bunk _____

Suicide Precautions _____

Special Watch (15 Minute Checks) _____

Isolation _____

Initiate Universal Precautions _____

**Individual found to be:**

Frail/Elderly _____

Physically Handicapped _____

Developmentally Disabled _____

Drug/Alcohol Withdrawal _____

Special Mental Health Needs _____

Expressed Suicidal Ideation _____

History of Seizures _____

Other ✓

Specify **Calm + cooperative**

Nurse **Bridget Webb RN**          Date **4/10/08**

**ADOC**
**KITCHEN CLEARANCE**
**PHYSICAL ASSESSMENT**

|  | YES | NO |
|---|---|---|
| ANY OPEN SORES OR RASHES ON HANDS, ARMS, FACE & NECK | _____ | _____ |
| TB TEST, CURRENT | _____ | _____ |
| DOES PATIENT SHOW ANY OBVIOUS SIGNS OF ANY OTHER DISEASE? | _____ | _____ |

OTHER: _____

_____

_____

**THIS PATIENT HAS BEEN INFORMED OF THE NEED FOR THE FOLLOWING:**

PROPER HANDWASHING, NOT TO HANDLE FOOD WHILE SICK, SEEK MEDICAL EVALUATION WHEN NECESSARY AND TO NOTIFY THE DIETARY SERVICES SHIFT SUPERVISOR OF AN ILLNESS.

MEDICAL AUTHORITY: _Bridget W-R RN_     DATE: _4 10 08_

I attest that the above statement is true to the best of my knowledge.

PATIENT SIGNATURE: _Bridget W-R RN_     DATE: _4 10 08_

EXPIRATION DATE: _4 10 09_

| INMATE NAME (LAST, FIRST, MIDDLE) | SOC. # | D.O.B. | RACE/SEX | FAC. |
|---|---|---|---|---|
| mullins, Steven | ■■■■■ | | W/m | Holman |

(White - Medical File, Yellow - Kitchen Supervisor, Pink - Classification Administrator [Inmate])

AL-70042-CMS Kitchen Clearance Physical Assessment

ADOC000183

## Alabama Department of Corrections – Office of Health Service
### Classification Data Entry Notification

*Medical Code*

Facility: Holman

Date: 5-5-9

Inmate Name: Mullins, Steven

AIS#: 175255

Code to be entered: (HC 1)    HC 2    HC 3    HC 4    HC 5    HC 6
(Circled by medical provider)

Authorized Provider: *Robert Barnes MD*

Robert Barnes, MD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*\*Provider gives completed form to health services Administrative Assistant.*
*Health services Administrative Assistant gives form to designated ADOC data entry*
*personnel.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Data Entry by: *Kimberly McCants*

Date Entered: MAY 0 6 2009



ADOC – OHS  Form A – 8 – c
082008

ADOC000184

# IDENTIFICATION OF SPECIAL NEEDS

**NAME (PLEASE PRINT)** _Mullins_        _Steven_
                       **LAST**               **FIRST**          **MI**

**DATE OF BIRTH** _███████████_        **ID #** _175255_

**Housing Recommendations:**

        General Population _✓_

        Medical Observation Unit _____

        Lower Level/Lower Bunk _____

        Suicide Precautions _____

        Special Watch (15 Minute Checks) _____

        Isolation _____

        Initiate Universal Precautions _____

**Individual found to be:**

        Frail/Elderly _____

        Physically Handicapped _____

        Developmentally Disabled _____

        Drug/Alcohol Withdrawal _____

        Special Mental Health Needs _____

        Expressed Suicidal Ideation _____

        History of Seizures _____

        Other _✓_

Specify _Calm_

Nurse _Nabb LPN_        Date _5-5-9_

**AL-1005-CMS Identification of Special Needs**    Original/Classification    Second Copy/Booking Staff    Third Copy/Medical Unit

ADOC000185

State of Alabama
Department of Corrections
Montgomery, AL 36130

7 SEPT 99
Date

M E M O R A N D U M

FROM:     Correctional Officer VERA M. CrenSHAW

TO:       Classification Unit _,

RE:       DNA Testing

          Inmate _____ Steven Mullins _____

AIS No. _____ 175255 X _____ was tested this date at Kilby

Correctional Facility.

_Vera M. Crenshaw_
Correctional Officer's Signature

ADOC000186

```
                          ALABAMA DEPARTMENT OF CORRECTIONS
CJP232                    INMATE SUMMARY AS OF 09/05/96                    CODE: CDWO

*****************************************************************************************

  AIS: 00175255    INMATE: MULLINS, STEVEN ERIC              RACE: W  SEX: M

  INSTITUTION: 013 - MONTGOMERY WORK RELEASE               JAIL CR: 00Y00M00D

  DOB:             SSN:                   PREVIOUS AIS: P0106372

  ALIAS: GUY, STEVEN E                        ALIAS: MULLINS, STEVEN E

  ADM DT: 12/17/93    DEAD TIME: 00Y 00M 00D

  ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: SUPERVISED INTENSIVE RESTITUTI

  CURRENT CUST: COM-2   CURRENT CUST DT: 02/26/96      PAROLE REVIEW DATE: -NONE-

  SECURITY LEVEL: (1) ONE

  SERVING UNDER ACT446 LAW IN CLASS I        CURRENT CLASS DATE:   04/25/95
  INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

  COUNTY      SENT DT  CASE NO   CRIME                      JL-CR      TERM
  TALLADEGA   04/22/94N93417.70 BURGLARY III                00150 005Y 00M 00D
              ATTORNEY FEES : $000322     HABITUAL OFFENDER : N
              COURT COSTS  : $0000235    FINES : $0000000    RESTITUTION : $00000
  TALLADEGA   04/25/95N95000124 FORGERY II                  00000 005Y 00M 00D
              COURT COSTS  : $0000205    FINES : $0000200    RESTITUTION : $00000

  TOTAL TERM     MIN REL DT    GOOD TIME BAL    LONG DATE
  005Y 00M 00D   09/28/1996    003Y 04M 25D     04/24/2000

  INMATE LITERAL:
*****************************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

*****************************************************************************************

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

*****************************************************************************************

DISCIPLINARY/CITATION SUMMARY
```

CONTINUED ON NEXT PAGE

ADOC000187

```
                        ALABAMA DEPARTMENT OF CORRECTIONS
CJP232                  INMATE SUMMARY AS OF 09/05/96                    CODE: CDWO
```

```
******************************    CONTINUATION    ******************************
```

```
 AIS: 00175255   INMATE: MULLINS, STEVEN ERIC              RACE: W  SEX: M
```

```
*******************************************************************************
```

DISCIPLINARY/CITATION SUMMARY

```
  >> CITATION: 08/16/96                     CUST FROM COM2 TO COM2
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 013   RULE NUMBER: 90
     RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR

  >> DISCIPLINE: 05/09/96  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
       DISCIPLINE TYPE: MAJOR                AT INST: 013   RULE NUMBER: E8
     RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: VIOLATION OF S-I-R CONTRACT
```

ADOC000188

```
                      ALABAMA DEPARTMENT OF CORRECTIONS            INST:   01
CJP232                INMATE SUMMARY AS OF 09/05/96                CODE: CDWC
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00175255    INMATE: MULLINS, STEVEN ERIC            RACE: W  SEX: M

INSTITUTION: 013 - MONTGOMERY WORK RELEASE              JAIL CR: 00Y00M00D

DOB:                 SSN:                PREVIOUS AIS: P0106372

ALIAS: GUY, STEVEN E                     ALIAS: MULLINS, STEVEN E

ADM DT: 12/17/93   DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF       STAT: SUPERVISED INTENSIVE RESTITUTI

CURRENT CUST: COM-2   CURRENT CUST DT: 02/26/96    PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: (1) ONE

SERVING UNDER ACT446 LAW IN CLASS I           CURRENT CLASS DATE:   04/25/95
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT  CASE NO    CRIME                      JL-CR    TERM
TALLADEGA   04/22/94 N93417.70 BURGLARY III                0015D 005Y 00M 00D C
            ATTORNEY FEES : $000322    HABITUAL OFFENDER : N
            COURT COSTS   : $0000235   FINES : $0000000     RESTITUTION : $000005
TALLADEGA   04/25/95 N95000124 FORGERY II                  0000D 005Y 00M 00D C
            COURT COSTS   : $0000205   FINES : $0000200     RESTITUTION : $000005

 TOTAL TERM      MIN REL DT      GOOD TIME BAL    LONG DATE
 005Y 00M 00D    09/28/1996      003Y 04M 25D     04/24/2000

 INMATE LITERAL:
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

CONTINUED ON NEXT PAGE

ADOC000189

ALABAMA DEPARTMENT OF CORRECTIONS
CJP232                      INMATE SUMMARY AS OF 09/05/96

INST:   01
CODE: CDWC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   CONTINUATION   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00175255    INMATE: MULLINS, STEVEN ERIC              RACE: W  SEX: M

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

  >> CITATION: 08/16/96                          CUST FROM COM2 TO COM2
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 013    RULE NUMBER: 90
      RETAINED DAYS: 0000    SEQ #: 02   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR

  >> DISCIPLINE: 05/09/96  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
      DISCIPLINE TYPE: MAJOR                  AT INST: 013    RULE NUMBER: E8
      RETAINED DAYS: 0000    SEQ #: 01   RULE LIT: VIOLATION OF S I R CONTRACT

ADOC000190