FILED
2025 Jun-12 PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| LAKEISHA EZELL, as representative of the Estate of Terrence Andrews, | ] ] ] ] | |
| Plaintiff, | ] ] | Case No.: 4:20-cv-2058-ACA |
| v. | ] ] | |
| JEFFERSON DUNN, et al., | ] ] | |
| Defendants. | ] | |

| | | |
|---|---|---|
| LORI GUY WILLS, as administrator of the Estate of Steven Mullins, | ] ] ] ] | |
| Plaintiff, | ] ] | Case No.: 4:21-cv-264-ACA |
| v. | ] ] | |
| JEFFERSON DUNN, et al., | ] ] | |
| Defendants. | ] | |

## ORDER TO SHOW CAUSE

All defendants in this case move for summary judgment. Prior to these filings, the court directed the parties to specifically cite the evidence they contend supports the facts proffered. (*Ezell* doc. 125 at 2; *Guy* doc. 96 at 2).

In support of their motions for summary judgment, Defendants Jefferson Dunn, Grantt Culliver,[1] Edward Ellington, and Karla Jones (together, "the Administrative Supervisors") submitted evidence and thereafter filed briefs in which they proffer narrative statements of material, "undisputed facts" along with the citations that they contend support those facts. (*Ezell* docs. 183, 185; *Guy* docs. 160). In response to the Administrative Supervisors' briefs, Plaintiffs in these two cases filed their respective responses disputing some of the facts the Administrative Supervisors represented to be undisputed. (*Ezell* doc. 385; *Guy* doc. 363). Plaintiffs later filed motions to strike the expert opinions upon which all defendants rely in their respective briefs. (*Ezell* doc. 384; *Guy* doc. 368).

The court has reviewed the briefing related to the Administrative (and Facility) Supervisors' motions for summary judgment, the briefing on Plaintiffs' motions to strike, and two expert depositions. The court finds that the Administrative Supervisors' narratives of "undisputed facts" include statements that cite only to the "Factual Background" section of an expert's reports, but the "Factual Background" in that expert's reports cite to materials that the expert did not review. (*See Ezell* doc. 348 at 19–20; *Guy* doc. 351 at 19–20). The court also finds that at least one expert report refers only to select portions of a document it cites and flatly ignores portions

---

[1] The court notes that Associate Commissioner Culliver is a remaining defendant in *Guy*, not *Ezell*.

of the same document that substantially undermine or contradict the expert's opinion. Moreover, that specific document is otherwise included in the Administrative Supervisors' evidentiary submission, which suggests that the decision to cite to the expert report and not the document itself was an intentional decision made for the purpose of misleading the court. In addition, the court identified at least one "undisputed fact" in the Administrative Supervisors' brief for which the court cannot find *any* basis in their evidentiary submission despite its best efforts.

But that is not all. The Administrative Supervisors filed their brief in support of summary judgment before the deposition of one of its experts. At that deposition, the expert repeatedly and unequivocally stated that the basis for one of his opinions was a fact that is—indisputably—incorrect. Despite this, the Administrative (and Facility) Supervisors oppose Plaintiffs' motions to strike because they contend, among other things, that the expert's opinion on this issue "offers reliable and factually sound opinions." (*Guy* doc. 381 at 2; *see also Ezell* doc. 396 at 18).

In light of the foregoing, the court **ORDERS** Defendants to **SHOW CAUSE**, at the hearing set for June 18, 2025 at 10:00 a.m., why the court should not sanction Defendants and/or counsel for Defendants for the misrepresentations discussed above under Federal Rule of Civil Procedure 11, the court's inherent authority, Local

Rule 83.1(f), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact to the court.

The court **ORDERS** all counsel of record for Defendants **TO ATTEND** the hearing. The court **ORDERS** Defendants' expert, Kevin Myers, **TO ATTEND** the hearing.

**DONE** and **ORDERED** this June 12, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE